| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| RICHARD A. MARSHACK, #107291<br>rmarshack@marshackhays.com<br>CHAD V. HAES, #267221<br>chaes@marshackhays.com<br>MARSHACK HAYS LLP<br>870 Roosevelt<br>Irvine, California 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778<br><br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:*  Committee of Unsecured Creditors | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

</div>

| In re:<br><br>RAJYSAN, INC. dba MMD EQUIPMENT, Debtor.<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS of the bankruptcy estate of Rajysan, Inc., dba MMD Equipment, a California Corporation, Plaintiff(s),<br>v.<br>GURPREET SAHANI; GURPREET SAHANI AS TRUSTEE OF THE GREEN ACRES TRUST DATED MAY 10, 2017; RAJINDER SAHANI; AMARJIT SAHANI;<br><div align="right">Debtor(s).</div> | CASE NO.: 9:17-bk-11363-DS<br><br>CHAPTER:11<br><br>Adv. No. 9:18-ap-01040-DS<br><br>**MOTION FOR PROTECTIVE ORDER PURSUANT TO 11 U.S.C. § 107(c) AND FRBP 9037 TO RESTRICT ACCESS TO FILED DOCUMENTS CONTAINING PERSONAL DATA IDENTIFIERS**<br><br><br>[No Hearing Required] |

Movant   Official Committee of Unsecured Creditors   hereby moves this court, pursuant to 11 U.S.C. § 107(c) and FRBP 9037 for a protective order to restrict public access to filed documents containing personal data identifiers for an individual (including but not limited to, an individual's social security number or tax identification number, financial account numbers, birth dates and/or names of minor children).  See also LBR 1002-1(e).  Movant further moves that the court authorize the redaction of personal data identifiers from these documents and direct the clerk of the court to restrict public access to these documents as originally filed, whether electronically or manually, so that the personal data identifiers are not available to public access.

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*November 2014*                    Page 1                    **F 9037-1.1.MOTION.RESTRICT.PERS.ID**

Movant hereby certifies that the documents on the attached list containing personal data identifiers were filed on the dates stated below and that public disclosure of personal data identifiers would create undue risk of identity theft or other unlawful injury to the individual or his/her property.  (List each document separately and provide the date(s) of filing of the document and its assigned docket entry or claim number(s).  You may attach as many continuation pages as necessary.)

I declare under penalty of perjury that the foregoing is true and correct.

| 6/19/20 | Shad Schafer | _Signature_ |
|---|---|---|
| Date | Printed name of Movant | Signature of Movant |

| 06/19/2020 | CHAD V. HAES | /s/ Chad V. Haes |
|---|---|---|
| Date | Printed name of attorney | Signature of attorney for Movant |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*November 2014*                    Page 2                    **F 9037-1.1.MOTION.RESTRICT.PERS.ID**

**ATTACHMENT TO MOTION FOR PROTECTIVE ORDER PURSUANT TO
11 U.S.C. § 107(c) AND FRBP 9037 TO RESTRICT ACCESS TO FILED DOCUMENTS
CONTAINING PERSONAL DATA IDENTIFIERS**

LIST OF DOCUMENTS IDENTIFIED IN MOTION TO BE REDACTED AND PUBLIC ACCESS TO BE RESTRICTED.

| Docket or Claim No. | Date Filed | Name of Document |
|---|---|---|
| 1 | 08/06/2018 | Complaint, Exhibit 4, p. 43 (SSN) |
| 1 | 08/06/2018 | Complaint, Exhibit 5, pp. 45-46 (SSN) |
| 5 | 08/16/2018 | 1st Amended Complaint, Exhibit 4, pp 44-45 (SSN) |
| 5 | 08/16/2018 | 1st Amended Complaint, Exhibit 5, p. 49 (SSN) |
| 55 | 07/17/2019 | 2nd Amended Complaint, Exhibit 4, pp. 45-46 (SSN) |
| 55 | 07/17/2019 | 2nd Amended Complaint, Exhibit 5, p. 50 (SSN) |
| 96 | 10/23/2019 | 3rd Amended Complaint, Exhibit 4, pp. 44-45 (SSN) |
| 96 | 10/23/2019 | 3rd Amended Complaint, Exhibit 5, p. 49 (SSN) |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*November 2014*                    Page 3                    **F 9037-1.1.MOTION.RESTRICT.PERS.ID**

Docket No. 1

1 | RICHARD A. MARSHACK, #107291
rmarshack@marshackhays.com
2 | CHAD V. HAES, #267221
chaes@marshackhays.com
3 | MARSHACK HAYS LLP
870 Roosevelt
4 | Irvine, California 92620
Telephone: (949) 333-7777
5 | Facsimile: (949) 333-7778

6 | Attorneys for
THE OFFICIAL COMMITTEE OF
7 | UNSECURED CREDITORS

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA - SANTA BARBARA DIVISION

10 | In re

11 | RAJYSAN, INC. dba MMD EQUIPMENT, a
California Corporation,

12 |     Debtor and Debtor-In-Possession.

13 |

14 | _____

15 | THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS of the bankruptcy
estate of Rajysan, Inc., dba MMD Equipment, a
16 | California Corporation,

17 |     Plaintiff(s),

18 | v.

19 | GURPREET SAHANI; GURPREET SAHANI
AS TRUSTEE OF THE GREEN ACRES TRUST
20 | DATED MAY 10, 2017; RAJINDER SAHANI;
AMARJIT SAHANI; SHAHEEN SAHANI,

21 |
    Defendant(s).
22 |

Case No. 9:17-bk-11363-DS

Chapter 11

Adv. No. _____

COMPLAINT FOR:
  (1) AVOIDANCE, RECOVERY, AND
     PRESERVATION OF
     PREFERENTIAL TRANSFERS;
  (2) AVOIDANCE, RECOVERY, AND
     PRESERVATION OF
     INTENTIONAL FRAUDULENT
     TRANSFERS;
  (3) AVOIDANCE, RECOVERY, AND
     PRESERVATION OF
     CONSTRUCTIVE FRAUDULENT
     TRANSFERS;
  (4) BREACH OF FIDUCIARY DUTY;
  (5) CONVERSION/
     MISAPPROPRIATION;
  (6) CIVIL LIABILITY UNDER PENAL
     CODE § 496;
  (7) UNFAIR BUSINESS PRACTICES
     (BUSINESS AND PROFESSIONS
     CODE § 17200);
  (8) MISAPPROPRIATION OF TRADE
     SECRETS;
  (9) DECLARATORY RELIEF;
  (10) QUIET TITLE; and
  (11) TURNOVER

[11 U.S.C. §§ 542, 544, 547, 548(A)(1)(A),
550, and 551; California Civil Code §§ 3439
*et seq.*; California Civil Code § 3426.3(A);
California Penal Code § 496]

1
COMPLAINT

TO THE HONORABLE DEBORAH SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEFENDANTS, AND ALL INTERESTED PARTIES:

Plaintiff, The Official Committee of Unsecured Creditors ("Plaintiff" or "Committee") of the Bankruptcy Estate ("Estate") of Rajysan, Inc., dba MMD Equipment, a California Corporation ("Debtor"), files this Complaint against Gurpreet Sahani as Trustee of the Green Acres Trust dated May 10, 2017 and the Debtor's shareholders, officers, and directors, Gurpreet Sahani, Rajinder Sahani, Amarjit Sahani, and Shaheen Sahani (sometimes collectively referred to as the "Defendants"), and alleges as follows:

## Parties

1.      On July 29, 2017 ("Petition Date"), Rajysan, Inc., dba MMD Equipment, a California Corporation ("Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code.

2.      On August 31, 2017, the United States Trustee filed a Notice of Appointment and Appointment of Committee Members to serve on the Committee.

3.      On February 27, 2018, the Court entered an order ("Order") approving a stipulation ("Stipulation") whereby Debtor assigned certain claims against Defendants to the Committee ("Insider Claims"). This complaint contains the Insider Claims assigned to the Committee.

4.      Defendant Gurpreet Sahani ("Gurpreet") is an individual residing in the county of Los Angeles, California, and on the Petition Date was an officer, director and the owner of 16% of the stock of Debtor.

5.      Defendant Gurpreet Sahani as Trustee of the Green Acres Trust dated May 10, 2017 ("Trustee") was and now is the trustee of the Trust.

6.      Defendant Shaheen Sahani, also known as Shaheen Mulla Feroze ("Shaheen"), is an individual residing in the county of Los Angeles, California, and the spouse of Gurpreet.

7.      Defendant Rajinder Sahani ("Rajinder") is an individual residing in the county of Los Angeles, California, and on the Petition Date was an officer, director and the owner of 33% of the stock of Debtor. Rajinder is also the spouse of Amarjit.

8.      Defendant Amarjit Sahani ("Amarjit") is an individual residing in the County of Los Angeles, California, and on the Petition Date was an officer, director and the owner of 33% of the stock of Debtor. Amarjit is also the spouse of Rajinder.

9.      Defendants Gurpreet, Rajinder, Amarjit, and Shaheen ("Insider Defendants") are insiders of the Debtor pursuant to 11 U.S.C. § 101(31).

## Statement of Jurisdiction and Venue

10.     This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate); (F) (proceedings to determine, avoid, or recover preferences); (H) (proceedings to recover fraudulent transfers); and (O) (other proceedings affecting the liquidation of the assets of the estate). To the extent any claim for relief in this complaint is determined to be a *Stern*-claim or not to be a core proceeding, Plaintiff consents to entry of final judgment and orders by the Bankruptcy Court.

11.     Plaintiff has standing to bring this action pursuant to 11 U.S.C. § 323 and the Order approving the Stipulation.

12.     This Court has jurisdiction over the above-captioned adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this civil proceeding arises in, arises under, and relates to the bankruptcy cases pending in the United States Court for the Central District of California, Santa Barbara Division, entitled *In re Rajysan, Inc., dba MMD Equipment, a California Corporation*, and administered under assigned Case No. 9:17-bk-11363-DS.

13.     Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United States Code as provided in 28 U.S.C. §§ 1408 and 1409.

## General Allegations
## Relating to Transfers to Gurpreet

14.     Plaintiff alleges that during the four-year period prior to the Petition Date, and for periods prior to the four-year period as any statutes were tolled: (a) until discovery; (b) under the doctrine of adverse domination; and (c) are extended to ten (10) years as the IRS has filed a proof of claim ("Tolling Period"), Debtor made multiple loans, distributions, and/or transfers of property to

COMPLAINT

1    Gurpreet, or on behalf of Gurpreet in the form of electronic transfers, journal entries, checks, or

2    cashier's checks ("Gurpreet Loan Transfers"). The full extent of the Gurpreet Loan Transfers made

3    by Debtor to Gurpreet will be proven at the time of trial, but are in an amount not less than

4    $788,601.92 as set forth in **Exhibit 1**.

5         15.    Plaintiff alleges that during the four-year period prior to the Petition Date and during

6    the Tolling Period, Debtor made multiple loans, distributions, and transfers of property to Gurpreet,

7    or on behalf of Gurpreet in the form of electronic transfers, journal entries, checks, or cashier's

8    checks ("Gurpreet Distribution Transfers"). The full extent of the Gurpreet Distribution Transfers

9    made by Debtor to Gurpreet will be proven at the time of trial, but are in an amount not less than

10    $15,576.67 as set forth in **Exhibit 2**.

11         16.    Plaintiff alleges that during the four-year period prior to the Petition Date and during

12    the Tolling Period, Debtor made multiple loans, distributions, and transfers of property to Gurpreet,

13    or on behalf of Gurpreet in the form of electronic transfers, journal entries, checks, or cashier's

14    checks ("Gurpreet Cash Transfers"). The full extent of the Gurpreet Cash Transfers made by Debtor

15    to Gurpreet will be proven at the time of trial, but are in an amount not less than $20,858.07 as set

16    forth in **Exhibit 3**.

17         17.    The Gurpreet Loan Transfers, Gurpreet Distribution Transfers, and Gurpreet Cash

18    Transfers may sometimes collectively hereafter be referred to as the "Gurpreet Transfers." Each of

19    the Gurpreet Transfers is a "transfer" as that term is defined in 11 U.S.C. § 101(54).

20         18.    Plaintiff alleges that the Gurpreet Transfers were made on account of personal debt

21    owed by Gurpreet and/or Gurpreet's spouse, Shaheen.

22         19.    Plaintiff alleges that the Debtor did not have sufficient cash assets and/or income to

23    meet its existing obligations at the time the Gurpreet Transfers were made.

24         20.    Plaintiff alleges that Debtor was insolvent at the time the Gurpreet Transfers were

25    made.

26         21.    Plaintiff alleges that during the four-year period prior to the Petition Date and during

27    the Tolling Period, Gurpreet had possession of a 2009 Mercedes Benz E350 automobile ("Gurpreet

28    Auto"). The Kelly Blue Book value of the vehicle is between $8,907-$11,089.

4821-0921-7382, v. 2/1539-001

22.    Plaintiff alleges that the Gurpreet Auto was primarily for Gurpreet's personal use.

23.    Plaintiff alleges that each of the Gurpreet Transfers, Gurpreet's possession of the Gurpreet Auto, and all payments made by Debtor toward the Gurpreet Auto caused general harm to creditors of the Debtor and did not create any damage particular to any of the Debtor's creditors.

## General Allegations

## Relating to Transfers to Amarjit

24.    Plaintiff alleges that during the four-year period prior to the Petition Date, and during the Tolling Period, Debtor made multiple loans, distributions, and transfers of property to Amarjit, or on behalf of Amarjit in the form of electronic transfers, journal entries, checks, or cashier's checks ("Amarjit Loan Transfers"). The full extent of the Amarjit Loan Transfers made by Debtor to Amarjit will be proven at the time of trial, but are in an amount not less than $1,994,294.75 as set forth in **Exhibit 4**.

25.    Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period, Debtor made multiple loans, distributions and transfers of property to Amarjit, or on behalf of Amarjit in the form of electronic transfers, journal entries, checks, or cashier's checks ("Amarjit Distribution Transfers"). The full extent of the Amarjit Distribution Transfers made by Debtor to Amarjit will be proven at the time of trial, but are in an amount not less than $34,159.33 as set forth in **Exhibit 5**.

26.    Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period, Debtor made multiple loans, distributions and transfers of property to Amarjit, or on behalf of Amarjit in the form of electronic transfers, journal entries, checks, or cashier's checks ("Amarjit Cash Transfers"). The full extent of the Amarjit Cash Transfers made by Debtor to Amarjit will be proven at the time of trial, but are in an amount not less than $16,425.67 as set forth in **Exhibit 6**.

27.    The Amarjit Loan Transfers, Amarjit Distribution Transfers, and Amarjit Cash Transfers may sometimes collectively hereafter be referred to as the "Amarjit Transfers." Each of the Amarjit Transfers is a "transfer" as that term is defined in 11 U.S.C. § 101(54).

/ / /

4821-0921-7382, v. 2/1539-001

28.     Plaintiff alleges that the Amarjit Transfers were made on account of personal debt owed by Amarjit and/or Amarjit's spouse, Rajinder.

29.     Plaintiff alleges that the Debtor did not have sufficient cash assets and/or income to meet its existing obligations at the time the Amarjit Transfers were made.

30.     Plaintiff alleges that Debtor was insolvent at the time the Amarjit Transfers were made.

31.     Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period Amarjit had possession of a 2015 BMW 750LI automobile ("Amarjit Auto"). The Kelly Blue Book value of the vehicle is between $34,503-$59,090.

32.     Plaintiff alleges that the Amarjit Auto was primarily for Amarjit's personal use.

33.     Plaintiff alleges that each of the Amarjit Transfers, Amarjit's possession of the Amarjit Auto, and all payments made by Debtor toward the Amarjit Auto caused general harm to creditors of the Debtor and did not create any damage particular to any of the Debtor's creditors.

## General Allegations
## Relating to Transfers to Rajinder

34.     Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period, Debtor made multiple loans, distributions and transfers of property to Rajinder, or on behalf of Rajinder in the form of electronic transfers, journal entries, checks, or cashier's checks ("Rajinder Transfers"). The full extent of the Rajinder Transfers made by Debtor to Rajinder will be proven at the time of trial, but are in an amount not less than $24,992.45 as set forth in **Exhibit 7**.

35.     Each of the Rajinder Transfers is a "transfer" as that term is defined in 11 U.S.C. § 101(54).

36.     Plaintiff alleges that the Rajinder Transfers were made on account of personal debt owed by Defendant Rajinder and/or Rajinder's spouse, Amarjit.

37.     Plaintiff alleges that the Debtor did not have sufficient cash assets and/or income to meet its existing obligations at the time the Rajinder Transfers were made.

/ / /

COMPLAINT

38.     Plaintiff alleges that Debtor was insolvent at the time the Rajinder Transfers were made.

39.     Plaintiff alleges that each of the Rajinder Transfers caused general harm to creditors of the Debtor and did not create any damage particular to any of the Debtor's creditors.

## General Allegations
## Relating to Transfers of All Insider Defendants

40.     Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period, Insider Defendants, and each of them, caused Debtor to incur unsecured debt ("Unsecured Debt") knowing that the Debtor lacked the ability to repay the Unsecured Debt.

41.     Plaintiff alleges that Insider Defendants monetized product inventory at cost to pay down certain secured debt, for which Defendants had personal liability ("Sales at Cost"). The full extent of the Unsecured Debt and the Sales at Cost will be proven at the time of trial.

42.     Plaintiff alleges that the Debtor did not have sufficient cash assets and/or income to meet its existing obligations at the time of the Sales at Cost.

43.     Plaintiff alleges that Debtor was insolvent at the time of the Sales at Cost.

44.     Plaintiff alleges that the Unsecured Debt and the Sales at Cost caused Debtor's insolvency, eliminated Debtor's ability to pay its debts as they came due, resulted in the instant bankruptcy case, and resulted in general unsecured creditor claims against Debtor in excess of $13 million.

45.     Plaintiff alleges that incurring the Unsecured Debt and the Sales at Cost caused general harm to creditors of the Debtor and did not create any damage particular to any of the Debtor's creditors.

## General Allegations
## Relating to Diversion of Business

46.     Plaintiff alleges that on February 5, 2013, Debtor and Red-D-Arc Welderrentals, Inc. ("RDA") entered into a letter of intent ("LOI") wherein RDA agreed to purchase from Debtor approximately $100 million of machinery and equipment, including hundreds of industrial generators with trailers. A true and correct copy of the LOI is attached as **Exhibit 8**.

COMPLAINT

47.     Plaintiff alleges that, despite the LOI, Debtor's revenues declined in 2014 when they should have increased exponentially.

48.     Plaintiff is informed and believes and thereon alleges that Insider Defendants diverted the RDA orders and the LOI to a new entity ("RDA Diversion") to exclude Debtor from realizing any benefit from the RDA orders and to misappropriate Debtor's assets and trade secrets for the new company.

<h2 style="text-align:center">General Allegations</h2>

<h2 style="text-align:center">Relating to Real Property Transactions</h2>

49.     Plaintiff alleges that in November 1996, without Debtor's knowledge or approval, and absent corporate formalities, Amarjit and Rajinder took several hundred thousand dollars out of Debtor's bank account and used the funds as a down payment to purchase the residence located at 5352 Tampa Avenue, Tarzana, California 91356-3023 ("Tampa Property") in Amarjit and Rajinder's Name ("Tampa Purchase"). The Tampa Property is legally described as follows:

Real property in the City of LOS ANGELES, County of Los Angeles, State of California, described as follows:

PARCEL 1:

THAT PORTION OF LOT 15, OF TRACT NO. 2605, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 27 PAGE(S) 55 TO 75 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWEST CORNER OF SAID LOT, THENCE EAST ALONG THE NORTH LINE OF SAID LOT 273.225 FEET, THENCE SOUTH PARALLEL WITH THE EAST LINE OF SAID LOT 516.99 FEET TO THE SOUTH LINE OF SAID LOT, THENCE WEST ALONG THE SOUTH LINE OF SAID LOT, 273.225 FEET TO THE SOUTHWEST CORNER THEREOF; THENCE NORTH ALONG THE WEST LINE OF SAID LOT 516.69 FEET TO THE POINT OF BEGINNING. EXCEPT THEREFROM THE SOUTH 258.495 FEET THEREOF. ALSO EXCEPT THE NORTHERLY 129.495 FEET THEREOF.

PARCEL 2:

AN EASEMENT FOR INGRESS AND EGRESS OVER THE WESTERLY 30 FEET OF LOT 15 OF TRACT NO. 2605, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 27 PAGE(S) 55 TO 75 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

<div style="text-align:center">8</div>
<div style="text-align:center">COMPLAINT</div>

1    EXCEPT THEREFROM THE SOUTH 387.495 FEET THEREOF

2    APN: 2163-011-002

3        50.     Plaintiff alleges that beginning in 2009, without Debtor's knowledge or approval, and

4    absent corporate formalities, Amarjit and Rajinder took in excess of $1 million from Debtor to

5    complete a series of expansive remodeling projects at the Tampa Property ("Tampa Remodel").

6        51.     Plaintiff alleges that in May 2017, Amarjit and Rajinder transferred the Tampa

7    Property to the Trust and/or the Trustee for little or no consideration ("Tampa Transfer") and that

8    title to the Tampa Property is currently held in the name of the Trust and/or Trustee.

9        52.     Plaintiff alleges that in October 1997, without Debtor's knowledge or approval, and

10    absent corporate formalities, Defendants took several hundred thousand dollars from Debtor to

11    purchase a building located at 7651 Densmore Avenue, Van Nuys, California 91604-2043, having

12    Los Angeles County Assessor's parcel number (APN) of: 2206-010-008 ("Densmore Property") in

13    Amarjit's name ("Densmore Purchase").

14        53.     Plaintiff alleges that in July 2016, Amarjit sold the Densmore Property to Densmore

15    One LLC for a net profit of approximately $2 million, none of which was disbursed to Debtor

16    ("Densmore Sale"). The Tampa Purchase, Tampa Remodel, Tampa Transfer, Densmore Purchase,

17    and Densmore Sale shall be referred to collectively herein as the "Property Transactions."

18    <div align="center">**First Claim for Relief**</div>

19    <div align="center">**(Avoidance, Recovery, and Preservation of Preferential Transfers)**</div>

20    <div align="center">**[11 U.S.C. §§ 547, 550, and 551]**</div>

21    <div align="center">**(Against Gurpreet)**</div>

22        54.     Plaintiff realleges and incorporates by this reference, the allegations contained in

23    Paragraphs 1 through 53, inclusive.

24        55.     Plaintiff alleges that during the one-year period prior to the Petition Date, Debtor

25    made at least four (4) transfers to Gurpreet totaling not less than $7,796.84. These transfers are

26    referred to as the "Gurpreet Preferential Transfers." The Gurpreet Preferential Transfers are marked

27    with an asterisk (*) in **Exhibits 1 - 3**.

28    / / /

56.     Plaintiff alleges that each of the Gurpreet Preferential Transfers was a transfer of an interest of the Debtor's property.

57.     Plaintiff alleges that each of the Gurpreet Preferential Transfers was made by the Debtor to Gurpreet.

58.     Plaintiff alleges that each of the Gurpreet Preferential Transfers made to Gurpreet were on account of an antecedent debt owed by the Debtor to the extent that the Court determines Debtor was liable for any underlying debts.

59.     Plaintiff alleges that each of the Gurpreet Preferential Transfers were made while the Debtor was "insolvent," as that term is defined in 11 U.S.C. § 101(32).

60.     Plaintiff alleges that each of the Gurpreet Preferential Transfers made to Gurpreet enabled him to receive more than he would have received in this Chapter 7 case if: (a) such transfers had not been made; and (b) Gurpreet received payment of such debt to the extent provided for by Title 11 of the United States Code.

61.     The Gurpreet Preferential Transfers are avoidable pursuant to 11 U.S.C. § 547. Gurpreet has liability for all avoided transfers under 11 U.S.C. § 550.

62.     To the extent Gurpreet alleges he provided subsequent new value, Gurpreet has failed to produce evidence of such new value or information suggesting that the alleged new value did not constitute an entirely discrete transaction between Gurpreet and Debtor.

63.     Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## Second Claim for Relief

### (Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers)

### [11 U.S.C. §§ 544, 548(a)(1)(A), 550, and 551

### California Civil Code §§ 3439 *et seq.*]

### (Against Gurpreet)

64.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

/ / /

10

COMPLAINT

4821-0921-7382, v. 2/1539-001

65.     During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Gurpreet totaling not less than $825,036.66, including, but not limited to, the Gurpreet Transfers identified in **Exhibits 1 - 3**, with actual intent to hinder, delay, or defraud creditors to which it was indebted at the time of such transfers or to which it became indebted after the date of such transfers. These transfers are referred to as the "Actual Fraudulent Gurpreet Transfers."

66.     The Debtor was insolvent on the date of each of the Actual Fraudulent Gurpreet Transfers or became insolvent as a result of each of the Actual Fraudulent Gurpreet Transfers.

67.     Plaintiff may avoid the Actual Fraudulent Gurpreet Transfers made (a) during the four-year period prior to the Petition Date pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq*.; (b) during the two-year period prior to the Petition Date pursuant to 11 U.S.C. § 548(a)(1)(A); and (c) for dates prior the four-year or two-year periods as the statutes were tolled during the Tolling Period.

68.     Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

69.     Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

### Third Claim for Relief

### (Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)

### [11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551

### California Civil Code §§ 3439 *et seq*.]

### (Against Gurpreet)

70.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

71.     During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Defendant Gurpreet totaling not less than $825,036.66 including, but not limited to, the Gurpreet Transfers identified in

/ / /

COMPLAINT

**Exhibits 1 - 3,** for less than reasonably equivalent value and while insolvent. These transfers are referred to as the "Constructive Gurpreet Fraudulent Transfers."

72.     The Debtor was insolvent on the date of each of the Constructive Gurpreet Fraudulent Transfers or became insolvent as a result of each of the Constructive Gurpreet Fraudulent Transfers, including:

      i.     That at the time of each of the Constructive Gurpreet Fraudulent Transfers, Debtor was engaged in business or in a transaction, or was about to engage in business or in a transaction, for which any property remaining with the Debtor was an unreasonably small capital; and/or;

      ii.     That Debtor intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

73.     Gurpreet knew or should have known that he did not give anything of value to the Debtor in exchange for the Constructive Gurpreet Fraudulent Transfers as the Constructive Gurpreet Fraudulent Transfers were made on account of debt to which Debtor was not a party. Gurpreet therefore did not take the Constructive Fraudulent Transfers for value and in good faith.

74.     Plaintiff may avoid the Constructive Gurpreet Fraudulent Transfers pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*; and (b) pursuant to 11 U.S.C. § 548(a)(1)(B).

75.     Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

76.     Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## Fourth Claim for Relief
## (Breach of Fiduciary Duty)
## (Against Gurpreet)

77.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

78.     As an officer and director of Debtor, Gurpreet owed Debtor a fiduciary duty.

/ / /

COMPLAINT

4821-0921-7382, v. 2/1539-001

79. As a fiduciary of Debtor, Gurpreet had a duty to act with the utmost good faith and in the best interests of Debtor.

80. Gurpreet breached his fiduciary duties as a result of the Gurpreet Transfers, Gurpreet Preferential Transfers, Gurpreet Actual Fraudulent Transfers, Gurpreet Constructive Fraudulent Transfers, Sales at Cost, RDA Diversion, and Property Transactions described above. Gurpreet further breached his fiduciary duty to Debtor by failing and refusing to return the Gurpreet Auto.

81. As a result of Gurpreet's breaches of fiduciary duty, Debtor was harmed.

82. The conduct of Gurpreet was a substantial factor in causing the Debtor's harm.

## Fifth Claim for Relief
## (Conversion/Misappropriation)
## (Against Gurpreet)

83. Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

84. Debtor has the right to possess all funds and benefits derived from the Gurpreet Transfers, Sales at Cost, LOI, Property Transactions, and the Gurpreet Auto in the possession of Gurpreet (collectively "Gurpreet Assets"), in such amount to be proven at trial.

85. Gurpreet intentionally and substantially interfered with Debtor's right to possess the Gurpreet Assets in such amount to be proven at trial, by failing to pay the funds to Debtor.

86. Gurpreet refused to return the Gurpreet Assets in such amount to be proven at trial, after Debtor demanded their return.

87. Debtor did not consent to Gurpreet's possession of the Gurpreet Assets in such amount to be proven at trial.

88. As a result of Gurpreet's wrongful possession of the Gurpreet Assets in such amount to be proven at trial, Debtor has been harmed.

89. Gurpreet's conduct is a substantial factor in causing Debtor's harm.

/ / /

/ / /

/ / /

13
COMPLAINT

4821-0921-7382, v. 2/1539-001

## Sixth Claim for Relief

## (Civil Liability under Penal Code §496)

## (Against Gurpreet)

90.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

91.     Gurpreet, through the conversion of the Gurpreet Assets, received, concealed, disposed of, and/or withheld the Gurpreet Assets from Debtor.

92.     When Gurpreet received, concealed, disposed of, or withheld the Gurpreet Assets, Gurpreet knew that the property was owned by Debtor and Gurpreet had no right to the Gurpreet Assets, or obtained control of the Gurpreet Assets through unlawful means.

93.     As a direct and proximate result of Gurpreet's receipt, concealment, disposition, or withholding of the Gurpreet Assets as alleged herein, Debtor was damaged in an amount in excess of $13 million, or such amount to be proven at trial.

94.     Pursuant to Penal Code § 496 and related law, Plaintiff is entitled to treble damages as a result of the Gurpreet's conduct in violating § 496 and related law.

95.     Gurpreet's violation of § 496 and related law as alleged herein was accomplished with malice, fraud, and/or oppression entitling Plaintiff to punitive damages in pursuant to California Civil Code § 3294 and law relating to punitive damages.

## Seventh Claim for Relief

## (Unfair Business Practices)

## (Against Gurpreet)

96.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

97.     Gurpreet's above-described acts constitute "unlawful, unfair or fraudulent business act[s] or practice[s]" within the meaning of Business and Professions Code § 17200 because Gurpreet's practices are immoral, unethical, oppressive, unscrupulous, and the harm caused by Gurpreet's conduct substantially outweighs any benefits the conduct may have.

/ / /

COMPLAINT

98.     Gurpreet's above-described acts constitute "unlawful" business practices within the meaning of Business and Professions Code § 17200 because of the illegality of the Gurpreet Transfers, Sales at Cost, RDA Diversion, and Property Transactions, as well as Gurpreet's alleged conversion and/or misappropriation.

99.     As a direct, proximate, and foreseeable result of Gurpreet's "unlawful, unfair or fraudulent business act[s] or practice[s]," Debtor was damaged in an amount in excess of $13 million, or such amount to be proven at trial.

100.     Debtor is informed and believes that Gurpreet will continue to do the above-mentioned acts unless the court orders Gurpreet to cease and desist.

## Eighth Claim for Relief

## (Avoidance, Recovery, and Preservation of Preferential Transfers)

## [11 U.S.C. §§ 547, 550, and 551]

## (Against Amarjit)

101.     Plaintiff realleges and incorporates by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

102.     Plaintiff alleges that during the one-year insider period prior to the Petition Date, Debtor made at least three (3) transfers to Amarjit totaling not less than $10,154.50. These transfers are referred to as the "Amarjit Preferential Transfers." The Amarjit Preferential Transfers are marked with an asterisk (*) in **Exhibit 5**.

103.     Plaintiff alleges that each of the Amarjit Preferential Transfers was a transfer of an interest of the Debtor's property.

104.     Plaintiff alleges that each of the Amarjit Preferential Transfers was made by the Debtor to Amarjit.

105.     Plaintiff alleges that each of the Amarjit Preferential Transfers made to Amarjit were on account of an antecedent debt owed by the Debtor to the extent that the Court determines Debtor was liable for any underlying debts.

106.     Plaintiff alleges that each of the Amarjit Preferential Transfers were made while the Debtor was "insolvent," as that term is defined in 11 U.S.C. § 101(32).

15

COMPLAINT

107.     Plaintiff alleges that each of the Amarjit Preferential Transfers made to Amarjit enabled him to receive more than he would have received in this Chapter 7 case if: (a) such transfers had not been made; and (b) Amarjit received payment of such debt to the extent provided for by Title 11 of the United States Code.

108.     The Amarjit Preferential Transfers are avoidable pursuant to 11 U.S.C. § 547. Amarjit has liability for all avoided transfers under 11 U.S.C. § 550.

109.     To the extent Amarjit alleges he provided subsequent new value, Amarjit has failed to produce evidence of such new value or information suggesting that the alleged new value did not constitute an entirely discrete transaction between Amarjit and Debtor.

110.     Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## Ninth Claim for Relief

## (Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers)

## [11 U.S.C. §§ 544, 548(a)(1)(A), 550, and 551

## California Civil Code §§ 3439 *et seq.*]

## (Against Amarjit)

111.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

112.     During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Amarjit totaling not less than $2,045,239.75 including, but not limited to, the transfers identified in **Exhibits 4 - 6**, with actual intent to hinder, delay, or defraud creditors to which it was indebted at the time of such transfer or to which it became indebted after the date of such transfer. These transfers are referred to as the "Actual Fraudulent Amarjit Transfers."

113.     The Debtor was insolvent on the date of each of the Actual Fraudulent Amarjit Transfers or became insolvent as a result of each of the Actual Fraudulent Amarjit Transfers.

114.     Plaintiff may avoid the Actual Fraudulent Amarjit Transfers made (a) during the four-year period prior to the Petition Date pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*;

16

COMPLAINT

1  (b) during the two-year period prior to the Petition Date pursuant to 11 U.S.C. § 548(a)(1)(A); and

2  (c) for dates prior the four-year or two-year periods as the statutes were tolled during the Tolling

3  Period.

4      115.    Plaintiff may recover all avoided transfers or the value of the avoided transfers

5  pursuant to 11 U.S.C. § 550.

6      116.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to

7  11 U.S.C. § 551.

8  <div align="center">**Tenth Claim for Relief**</div>

9  <div align="center">**(Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)**</div>

10  <div align="center">**[11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551**</div>

11  <div align="center">**California Civil Code §§ 3439 *et seq.*]**</div>

12  <div align="center">**(Against Amarjit)**</div>

13      117.    Plaintiff realleges and incorporates herein by this reference, the allegations contained

14  in Paragraphs 1 through 53, inclusive.

15      118.    During the four-year period prior to the Petition Date and during the Tolling Period,

16  Plaintiff alleges that Debtor made transfers of interests in property to Amarjit totaling not less than

17  $825,036.66 including, but not limited to, the transfers identified in **Exhibits 4 - 6**, for less than

18  reasonably equivalent value and while insolvent. These transfers are referred to as the "Constructive

19  Amarjit Fraudulent Transfers."

20      119.    The Debtor was insolvent on the date of each of the Constructive Amarjit Fraudulent

21  Transfers or became insolvent as a result of each of the Constructive Amarjit Fraudulent Transfers,

22  including:

23          i.    That at the time of each of the Constructive Amarjit Fraudulent Transfers,

24  Debtor was engaged in business or in a transaction, or was about to engage in business or in a

25  transaction, for which any property remaining with the Debtor was an unreasonably small

26  capital; and/or;

27          ii.    That Debtor intended to incur, or believed that it would incur, debts that

28  would be beyond the Debtor's ability to pay as such debts matured.

<div align="center">17</div>
<div align="center">COMPLAINT</div>

4821-0921-7382, v. 2/1539-001

120.    Amarjit knew or should have known that he did not give anything of value to the Debtor in exchange for the Constructive Amarjit Fraudulent Transfers as the Constructive Amarjit Fraudulent Transfers were made on account of debt to which Debtor was not a party. Amarjit therefore did not take the Constructive Amarjit Fraudulent Transfers for value and in good faith.

121.    Plaintiff may avoid the Constructive Amarjit Fraudulent Transfers pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*; and (b) pursuant to 11 U.S.C. § 548(a)(1)(B).

122.    Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

123.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

# Eleventh Claim for Relief

## (Breach of Fiduciary Duty)

### (Against Amarjit)

124.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

125.    As an officer and director of Debtor, Amarjit owed Debtor a fiduciary duty.

126.    As a fiduciary of Debtor, Amarjit had a duty to act with the utmost good faith and in the best interests of Debtor.

127.    Amarjit breached his fiduciary duties as a result of the Amarjit Transfers, Amarjit Preferential Transfers, Amarjit Actual Fraudulent Transfers, Amarjit Constructive Fraudulent Transfers, Sales at Cost, RDA Diversion, and Property Transactions described above. Amarjit further breached his fiduciary duty to Debtor by failing and refusing to return the Amarjit Auto.

128.    As a result of Amarjit's breaches of fiduciary duty, Debtor was harmed.

129.    The conduct of Amarjit was a substantial factor in causing the Debtor's harm.

/ / /

/ / /

/ / /

/ / /

COMPLAINT

## Twelfth Claim for Relief

## (Conversion/Misappropriation)

## (Against Amarjit)

130.   Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

131.   Debtor has the right to possess all funds and benefits derived from the Amarjit Transfers, Sales at Cost, LOI, Property Transactions, and the Amarjit Auto in the possession of Amarjit (collectively "Amarjit Assets"), in such amount to be proven at trial.

132.   Amarjit intentionally and substantially interfered with Debtor's right to possess the Amarjit Assets in an amount to be proven at trial, by failing to pay the funds to Debtor.

133.   Amarjit refused to return the Amarjit Assets in such amount to be proven at trial, after Debtor demanded their return.

134.   Debtor did not consent to Amarjit's possession of the Amarjit Assets in such amount to be proven at trial.

135.   As a result of Amarjit's wrongful possession of the Amarjit Assets in such amount to be proven at trial, Debtor has been harmed.

136.   Amarjit's conduct is a substantial factor in causing Debtor's harm.

## Thirteenth Claim for Relief

## (Civil Liability under Penal Code § 496)

## (Against Amarjit)

137.   Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

138.   Amarjit, through the conversion of the Amarjit Assets, received, concealed, disposed of, and/or withheld the Amarjit Assets from Debtor.

139.   When Amarjit received, concealed, disposed of, or withheld the Amarjit Assets, Amarjit knew that the property was owned by Debtor and Amarjit had no right to the Amarjit Assets, or obtained control of the Amarjit Assets through unlawful means.

/ / /

COMPLAINT

4821-0921-7382, v. 2/1539-001

1    140.    As a direct and proximate result of Amarjit's receipt, concealment, disposition, or

2 withholding of the Amarjit Assets as alleged herein, Debtor was damaged in an amount in excess of

3 $13 million, or such amount to be proven at trial.

4    141.    Pursuant to Penal Code § 496 and related law, Plaintiff is entitled to treble damages

5 as a result of the Amarjit's conduct in violating § 496 and related law.

6    142.    Amarjit's violation of § 496 and related law as alleged herein was accomplished with

7 malice, fraud, and/or oppression entitling Plaintiff to punitive damages in pursuant to California

8 Civil Code § 3294 and law relating to punitive damages.

9                              **Fourteenth Claim for Relief**

10                              **(Unfair Business Practices)**

11                              **(Against Amarjit)**

12    143.    Plaintiff realleges and incorporates herein by this reference, the allegations contained

13 in Paragraphs 1 through 53, inclusive.

14    144.    Amarjit's above-described acts constitute "unlawful, unfair or fraudulent business

15 act[s] or practice[s]" within the meaning of Business and Professions Code § 17200 because

16 Amarjit's practices are immoral, unethical, oppressive, unscrupulous, substantially no interest to

17 consumers, and the harm caused by Amarjit's conduct substantially outweighs any benefits the

18 conduct may have.

19    145.    Amarjit's above-described acts constitute "unlawful" business practices within the

20 meaning of Business and Professions Code § 17200 because of the illegality of the Amarjit

21 Transfers, Sales at Cost, RDA Diversion, and Property Transactions, as well as Amarjit's alleged

22 conversion and/or misappropriation.

23    146.    As a direct, proximate, and foreseeable result of Amarjit's "unlawful, unfair or

24 fraudulent business act[s] or practice[s]," Debtor was damaged in an amount of at least $13 million,

25 or such amount to be proven at trial.

26    147.    Debtor is informed and believes that Amarjit will continue to do the above-mentioned

27 acts unless the Court orders Amarjit to cease and desist.

28 / / /

# Fifteenth Claim for Relief

## (Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers)

## [11 U.S.C. §§ 544, 548(a)(1)(A), 550, and 551

## California Civil Code §§ 3439 *et seq.*]

## (Against Rajinder)

148.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

149.    During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Rajinder totaling not less than $24,992.45 including, but not limited to, the transfers identified in **Exhibit 7**, with actual intent to hinder, delay, or defraud creditors to which it was indebted at the time of such transfer or to which it became indebted after the date of such transfer. These transfers are referred to as the "Actual Fraudulent Rajinder Transfers."

150.    The Debtor was insolvent on the date of each of the Actual Fraudulent Rajinder Transfers or became insolvent as a result of each of the Actual Fraudulent Rajinder Transfers.

151.    Plaintiff may avoid the Actual Fraudulent Rajinder Transfers made (a) during the four-year period prior to the Petition Date pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*; (b) during the two-year period prior to the Petition Date pursuant to 11 U.S.C. § 548(a)(1)(A); and (c) for dates prior the four-year or two-year periods as the statutes were tolled during the Tolling Period.

152.    Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

153.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

/ / /

/ / /

/ / /

/ / /

COMPLAINT

4821-0921-7382, v. 2/1539-001

**Sixteenth Claim for Relief**

**(Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)**

**[11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551**

**California Civil Code §§ 3439 *et seq.*]**

**(Against Rajinder)**

154.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

155.    During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Rajinder totaling not less than $24,992.45 including, but not limited to, the transfers identified in **Exhibit 7**, for less than reasonably equivalent value and while insolvent. These transfers are referred to as the "Constructive Rajinder Fraudulent Transfers."

156.    The Debtor was insolvent on the date of each of the Constructive Rajinder Fraudulent Transfers or became insolvent as a result of each of the Constructive Rajinder Fraudulent Transfers, including:

  i.    That at the time of each of the Constructive Rajinder Fraudulent Transfers, Debtor was engaged in business or in a transaction, or was about to engage in business or in a transaction, for which any property remaining with the Debtor was an unreasonably small capital; and/or;

  ii.    That Debtor intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

157.    Rajinder knew or should have known that she did not give anything of value to the Debtor in exchange for the Constructive Rajinder Fraudulent Transfers as the Constructive Rajinder Fraudulent Transfers were made on account of debt to which Debtor was not a party. Rajinder therefore did not take the Constructive Fraudulent Transfers for value and in good faith.

158.    Plaintiff may avoid the Constructive Rajinder Fraudulent Transfers pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*; and (b) pursuant to 11 U.S.C. § 548(a)(1)(B).

/ / /

22

COMPLAINT

159.    Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

160.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## Seventeenth Claim for Relief
## (Breach of Fiduciary Duty)
## (Against Rajinder)

161.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

162.    As an officer and director of Debtor, Rajinder owed Debtor a fiduciary duty.

163.    As a fiduciary of Debtor, Rajinder had a duty to act with the utmost good faith and in the best interests of Debtor.

164.    Defendant Rajinder breached her fiduciary duties as a result of the Rajinder Transfers, Rajinder Actual Fraudulent Transfers, Rajinder Constructive Fraudulent Transfers, RDA Diversion, and Property Transactions described above. As a result of Rajinder's breaches of fiduciary duty, Debtor was harmed.

165.    The conduct of Rajinder was a substantial factor in causing the Debtor's harm.

## Eighteenth Claim for Relief
## (Conversion/Misappropriation)
## (Against Rajinder)

166.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

167.    Debtor has the right to possess all funds and benefits derived from the Rajinder Transfers, Sales at Cost, LOI, and Property Transactions (collectively "Rajinder Assets"), in such amount to be proven at trial.

168.    Rajinder intentionally and substantially interfered with Debtor's right to possess the Rajinder Assets in an amount to be proven at trial, by failing to pay the funds to Debtor.

/ / /

COMPLAINT

169.    Rajinder refused to return the Rajinder Assets in such amount to be proven at trial, after Debtor demanded their return.

170.    Debtor did not consent to Rajinder's possession of the Rajinder Assets in such amount to be proven at trial.

171.    As a result of Rajinder's wrongful possession of the Rajinder Assets in such amount to be proven at trial, Debtor has been harmed.

172.    Rajinder's conduct is a substantial factor in causing Debtor's harm.

## Nineteenth Claim for Relief

## (Civil Liability under Penal Code § 496)

## (Against Rajinder)

173.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

174.    Rajinder, through the conversion of the Rajinder Assets, received, concealed, disposed of, and/or withheld the Rajinder Assets from Debtor.

175.    When Rajinder received, concealed, disposed of, or withheld the Rajinder Assets, Rajinder knew that the property was owned by Debtor and Rajinder had no right to the Rajinder Assets, or obtained control of the Rajinder Assets through unlawful means.

176.    As a direct and proximate result of Rajinder's receipt, concealment, disposition, or withholding of the Rajinder Assets as alleged herein, Debtor was damaged in an amount in excess of $13 million, or such amount to be proven at trial.

177.    Pursuant to Penal Code § 496 and related law, Plaintiff is entitled to treble damages as a result of the Rajinder's conduct in violating § 496 and related law.

178.    Rajinder's violation of § 496 and related law as alleged herein was accomplished with malice, fraud, and/or oppression entitling Plaintiff to punitive damages in pursuant to California Civil Code § 3294 and law relating to punitive damages.

/ / /

/ / /

/ / /

COMPLAINT
4821-0921-7382, v. 2/1539-001

## Twentieth Claim for Relief

## (Unfair Business Practices)

## (Against Rajinder)

179.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

180.    Rajinder's above-described acts constitute "unlawful, unfair or fraudulent business act[s] or practice[s]" within the meaning of Business and Professions Code § 17200 because Rajinder's practices are immoral, unethical, oppressive, unscrupulous, substantially no interest to consumers, and the harm caused by Rajinder's conduct substantially outweighs any benefits the conduct may have.

181.    Rajinder's above-described acts constitute "unlawful" business practices within the meaning of Business and Professions Code § 17200 because of the illegality of the Rajinder Transfers, Sales at Cost, RDA Diversion, and Property Transactions, as well as Rajinder's alleged conversion and/or misappropriation.

182.    As a direct, proximate, and foreseeable result of Rajinder's "unlawful, unfair or fraudulent business act[s] or practice[s]," Debtor was damaged in an amount of at least $13 million, or such amount to be proven at trial.

183.    Debtor is informed and believes that Rajinder will continue to do the above-mentioned acts unless the Court orders Rajinder to cease and desist.

## Twenty-First Claim for Relief

## (Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)

## [11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551

## California Civil Code §§ 3439 *et seq.*]

## (Against Insider Defendants)

184.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

185.    During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Insider Defendants, and each of them, caused Debtor to incur Unsecured Debt

COMPLAINT

4821-0921-7382, v. 2/1539-001

totaling not less than $13 million for the purchase of Inventory which was sold at cost to pay down the secured debt, for which Insider Defendants had personal liability. The sale of the Inventory at cost was for less than reasonably equivalent value and while Debtor was insolvent. These transfers are referred to as the "Constructive Defendant Fraudulent Sales at Cost."

186.    The Debtor was insolvent on the date of each of the Constructive Defendant Fraudulent Sales at Cost or became insolvent as a result of each of the Constructive Defendant Fraudulent Sales at Cost, including:

      i.    That at the time of each of the Constructive Defendant Fraudulent Sales at Cost, Debtor was engaged in business or in a transaction, or was about to engage in business or in a transaction, for which any property remaining with the Debtor was an unreasonably small capital; and/or;

      ii.    That Debtor intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

187.    Insider Defendants knew or should have known that they did not give anything of value to the Debtor in exchange for the Constructive Defendant Fraudulent Sales at Cost, as the Constructive Defendant Fraudulent Sales at Cost were made to pay down secured debt for which Defendants were personally liable, and therefore, the Constructive Defendant Fraudulent Sales at Cost were not made for value and in good faith.

188.    Plaintiff may avoid the Constructive Defendant Fraudulent Sales at Cost pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq*.; and (b) pursuant to 11 U.S.C. § 548(a)(1)(B).

189.    Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

190.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

/ / /

/ / /

/ / /

/ / /

4821-0921-7382, v. 2/1539-001

# Twenty-Second Claim for Relief
## (Misappropriation of Trade Secrets)
## (Against Insider Defendants)

191.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

192.    Debtor's trade secrets include, but are not limited to, its formatting of bids, contracts, customer lists, customer contracts, information regarding its pending transactions, and its proprietary pricing information which was used in the Debtor's business or in the business of any of its affiliates ("Trade Secrets"). The Trade Secrets include, but are not limited to, the LOI attached as **Exhibit 8**.

193.    The Trade Secrets derive independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use. The Trade Secrets are neither generally known nor easily discoverable by Debtor's competitors.

194.    Debtor developed, created and/or obtained its Trade Secrets through substantial time, expense, effort and labor of its employees and had obtained a competitive advantage based upon its Trade Secrets.

195.    Debtor made reasonable efforts to maintain the secrecy of its Trade Secrets.

196.    By committing the RDA Diversion, Insider Defendants engaged in active business operations in direct competition with Debtor and have acquired and are using the Trade Secrets to advance the new entity's competing business and to appropriate Debtor's clients. In so doing, Insider Defendants misappropriated the Trade Secrets and Debtor's otherwise confidential and proprietary information and corporate opportunities.

197.    As a direct and proximate result of Insider Defendants' misappropriation of the Trade Secrets, Insider Defendants have been unjustly enriched and the Estate is entitled to recover that unjust enrichment pursuant to Civil Code § 3426.3(a).

/ / /

/ / /

/ / /

/ / /

COMPLAINT

4821-0921-7382, v. 2/1539-001

**Twenty-Third Claim for Relief**

**(Declaratory Relief)**

**(Against All Defendants)**

198.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

199.    The Tampa Property and the net proceeds from the sale of the Densmore Property (collectively, the "Property Assets") constitute property of this bankruptcy Estate.

200.    Plaintiff alleges that the Debtor has a legal and beneficial interest in the Property Assets and that such property is an asset of this Estate.

201.    An actual and present controversy exists as to the Estate's rights in and to the Property Assets as compared to the rights of one or more competing parties including those of the Defendants.

202.    Upon entry of judgment determining that the Property Assets constitute property of the Estate, Debtor shall be the sole owner of the Property Assets for the benefit of creditors.

203.    Debtor is entitled to declaratory relief and entry of judgment adjudicating the Property Assets to be assets of the Estate pursuant to 11 U.S.C. § 541(a).

**Twenty-Fourth Claim for Relief**

**(Quiet Title)**

**(Against Trustee)**

204.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

205.    An actual controversy exists as between the Estate and the Trustee with regard to the beneficial rights and title to the Tampa Property.

206.    As of the Petition Date, Debtor had an ownership interest in the Tampa Property.

207.    Because the Tampa Property constitutes property of the Estate, Debtor is entitled to entry of judgment quieting title to the Tampa Property and adjudicating the vesting of the legal and beneficial interest to be held in the name of "Rajsyan, Inc."

/ / /

COMPLAINT

## Twenty-Fifth Claim for Relief

## (Turnover)

## (Against All Defendants)

## [11 U.S.C. § 542]

208.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

209.    During a bankruptcy case, any person in possession, custody or control of property that a debtor may use, sell, or lease is required to deliver such property to the debtor and account for such property or the value of such property pursuant to 11 U.S.C. § 542.

210.    Debtor is entitled to an order or judgment compelling the Defendants and any other person to turnover title to and possession of any of the Property Assets that are determined to be property of this Estate.

## Prayer

WHEREFORE, Plaintiff prays that this Court enter Judgment as follows:

## On the First Claim for Relief

1.    That each of the Gurpreet Preferential Transfers be avoided pursuant to 11 U.S.C. § 547(b);

2.    That Plaintiff recover for the Estate each of the avoided Gurpreet Preferential Transfers or a money judgment in an amount equal to the sum of each of the avoided Preferential Transfers pursuant to 11 U.S.C. § 550;

## On the Second Claim for Relief

3.    That each of the Gurpreet Actual Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(A);

4.    That Plaintiff recover for the Estate each of the avoided Gurpreet Actual Fraudulent Transfers or a money judgment in an amount equal to sum of each of the avoided Gurpreet Actual Fraudulent Transfers pursuant to 11 U.S.C. § 550;

/ / /

/ / /

4821-0921-7382, v. 2/1539-001

**On the Third Claim for Relief**

5.     That each of the Gurpreet Constructive Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(B);

6.     That Plaintiff recover for the Estate each of the avoided Gurpreet Constructive Fraudulent Transfers or a money judgment in an amount equal to the sum of each of the avoided Constructive Fraudulent Transfers pursuant to 11 U.S.C. § 550;

**On the Fourth Claim for Relief**

7.     For compensatory, general, special, and punitive damages according to proof at trial;

**On the Fifth Claim for Relief**

8.     For compensatory, general, special, and punitive damages according to proof at trial;

**On the Sixth Claim for Relief**

9.     For compensatory, general, special, and punitive damages according to proof at trial;

10.     For treble damages for violating § 496 and related law;

**On the Seventh Claim for Relief**

11.     For compensatory, general, special, and punitive damages according to proof at trial;

12.     For injunctive relief pursuant to Business and Professions Code section 17203;

**On the Eighth Claim for Relief**

13.     That each of the Amarjit Preferential Transfers be avoided pursuant to 11 U.S.C. § 547(b);

14.     That Plaintiff recover for the Estate each of the avoided Amarjit Preferential Transfers or a money judgment in an amount equal to the sum of each of the avoided Preferential Transfers pursuant to 11 U.S.C. § 550;

**On the Ninth Claim for Relief**

15.     That each of the Amarjit Actual Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(A);

16.     That Plaintiff recover for the Estate each of the avoided Amarjit Actual Fraudulent Transfers or a money judgment in an amount equal to sum of each of the avoided Amarjit Actual Fraudulent Transfers pursuant to 11 U.S.C. § 550;

**On the Tenth Claim for Relief**

    17.    That each of the Amarjit Constructive Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(B);

    18.    That Plaintiff recover for the Estate each of the avoided Amarjit Constructive Fraudulent Transfers or a money judgment in an amount equal to the sum of each of the avoided Constructive Fraudulent Transfers pursuant to 11 U.S.C. § 550;

**On the Eleventh Claim for Relief**

    19.    For compensatory, general, special, and punitive damages according to proof at trial;

**On the Twelfth Claim for Relief**

    20.    For compensatory, general, special, and punitive damages according to proof at trial;

**On the Thirteenth Claim for Relief**

    21.    For compensatory, general, special, and punitive damages according to proof at trial;

    22.    For treble damages for violating § 496 and related law;

**On the Fourteenth Claim for Relief**

    23.    For compensatory, general, special, and punitive damages according to proof at trial;

    24.    For injunctive relief pursuant to Business and Professions Code § 17203;

**On the Fifteenth Claim for Relief**

    25.    That each of the Rajinder Actual Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(A);

    26.    That Plaintiff recover for the Estate each of the avoided Rajinder Actual Fraudulent Transfers or a money judgment in an amount equal to sum of each of the avoided Rajinder Actual Fraudulent Transfers pursuant to 11 U.S.C. § 550;

**On the Sixteenth Claim for Relief**

    27.    That each of the Rajinder Constructive Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(B);

    28.    That Plaintiff recover for the Estate each of the avoided Rajinder Constructive Fraudulent Transfers or a money judgment in an amount equal to the sum of each of the avoided Constructive Fraudulent Transfers pursuant to 11 U.S.C. § 550;

4821-0921-7382, v. 2/1539-001

**On the Seventeenth Claim for Relief**

29.    For compensatory, general, special, and punitive damages according to proof at trial;

**On the Eighteenth Claim for Relief**

30.    For compensatory, general, special, and punitive damages according to proof at trial;

**On the Nineteenth Claim for Relief**

31.    For compensatory, general, special, and punitive damages according to proof at trial;

32.    For treble damages for violating § 496 and related law;

**On the Twentieth Claim for Relief**

33.    For compensatory, general, special, and punitive damages according to proof at trial;

34.    For injunctive relief pursuant to Business and Professions Code § 17203;

**On the Twenty-First Claim for Relief**

35.    That each of the Constructive Defendant Fraudulent Sales at Cost be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(B);

36.    That Plaintiff recover for the Estate each of the avoided Constructive Defendant Fraudulent Sales at Cost or a money judgment in an amount equal to the sum of each of the avoided Constructive Defendant Fraudulent Sales at Cost pursuant to 11 U.S.C. § 550;

**On the Twenty-Second Claim for Relief**

37.    For compensatory, general, special, and punitive damages according to proof at trial;

38.    To the extent neither damages nor unjust enrichment are provable, for payment of a reasonable royalty pursuant to California Civil Code 3426.3(b);

**On the Twenty-Third Claim for Relief**

39.    For entry of judgment that the Debtor's rights in the Property Assets are superior to all competing claims of ownership including any rights claimed by Defendants;

40.    For entry of judgment that the Property Assets constitute property of the bankruptcy Estate pursuant to 11 U.S.C. § 541;

**On the Twenty-Fourth Claim for Relief**

41.    For entry of judgment that the vesting to the Tampa Property be adjudicated to be "Rajysan, Inc.;"

4821-0921-7382, v. 2/1539-001

1

**On the Twenty-Fifth Claim for Relief**

2    42.    For entry of judgment compelling Defendants to turnover title to and possession of the

3  Property Assets to the Debtor;

4  **On all Claims for Relief**

5    43.    That all avoided transfers be preserved pursuant to 11 U.S.C. § 551;

6    44.    For pre-judgment interest at the maximum rate allowed by law;

7    45.    For costs incurred by Plaintiff in prosecuting this action; and

8    46.    For such other and further relief as the Court may deem just and proper.

9

10  DATED: August 6, 2018                    MARSHACK HAYS LLP

11

12                                          By: */s/ Chad V. Haes*
                                               RICHARD A. MARSHACK
13                                             CHAD V. HAES
                                               Attorneys for
14                                             THE OFFICIAL COMMITTEE OF
                                               UNSECURED CREDITORS
15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

4821-0921-7382, v. 2/1539-001

Case 9:18-ap-01040-DS   Doc 1   Filed 08/06/18   Entered 08/06/18 13:58:24   Desc
Main Document    Page 34 of 35

# Exhibit "1"

**Gurpreet Sahani**
**Shareholder Distributions**

| Type | Date | Num | Name | Memo | Class | Split | Amount |
|---|---|---|---|---|---|---|---|
| **3033 · Shareholder Distribution (Pete)** | | | | | | | |
| Check | 10/14/2013 | 7779 | Franchise Tax Board (CA) | Pete Sahani | Rajysan - CA | 1010 · PNC Bank 7255 | 15,576.67 |

Case 9:18-ap-01040-DS    Doc 1    Filed 08/06/18    Entered 08/06/18 13:58:24    Desc
Main Document    Page 30 of 35

Exhibit "2"

Gurpreet Sahani
Loan Payable to Rajysun

## 2550 · Loan from Shareholder Gurpreet

| Type | Date | Num | Name | Memo | Class | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Check | 11/21/2013 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen 06/30- | Rajysun - CA | 1015 · PNC Bank 4138 | 2,600.00 | | -2,600.00 |
| Check | 12/02/2013 | 8307 | State of New Jersey-TGI | Monthly Payments | Rajysun - CA | 1015 · PNC Bank 4138 | 5,104.00 | | -7,704.00 |
| Check | 12/02/2013 | 8308 | State of New Jersey-TGI | Pete and Shaheen Dec. 31,2012 | Rajysun - CA | 1015 · PNC Bank 4138 | 6,990.00 | | -14,694.00 |
| Check | 12/02/2013 | 8309 | State of New Jersey-TGI | Pete and Shaheen Dec. 31, 2011 | Rajysun - CA | 1015 · PNC Bank 4138 | 3,008.00 | | -17,702.00 |
| Check | 12/02/2013 | 8310 | State of New Jersey-TGI | Pete and Sahani 12.31 2010 | Rajysun - CA | 1015 · PNC Bank 4138 | 1,150.00 | | -18,852.00 |
| Check | 12/24/2013 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen 06/30- | Rajysun - CA | 1015 · PNC Bank 4138 | 2,600.00 | | -21,452.00 |
| General Journal | 12/30/2013 | 8558 | Internal Revenue Service | SH loan Gurpreet & Shaheen Sahani | Rajysun - CA | 1015 · PNC Bank 4138 | 55,000.00 | | -76,452.00 |
| General Journal | 12/31/2013 | 13-40 | | JE.40 RecClass Personal Tax Prep | Rajysun - CA | 6710 · Taxes | 1,061.00 | | -77,513.00 |
| General Journal | 12/31/2013 | 13-61 | | JE.61 RecClass to shareholder loans (Pete) | Rajysun - CA | 2532 · Loan from Shareholder | 75.50 | | -77,588.50 |
| General Journal | 12/31/2013 | 013-82 | | JE.82 To reclassify payments to IRS/FTB for personal taxes | Rajysun - CA | Gurmeet/3 3033 · Shareholder Distribution (Pete) | 50,224.27 | | -127,812.77 |
| General Journal | 12/31/2013 | 13-87 | | JE.87 To reclassify payments to IRS for 2011 personal taxes | Rajysun - CA | Amartin#1 2520 · Loan from Shareholder | 45,056.26 | | -172,869.03 |
| General Journal | 12/31/2013 | 13-101 | | JE.101 RecClass Digiparts loan receivable to SH in proportion to their ownership of Digiparts | Rajysun - CA | Gurmeet/3 2532 · Loan from Shareholder | 4,958.00 | | -177,827.03 |
| Check | 01/21/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen 06/30- | Rajysun - CA | 1015 · PNC Bank 4138 | 2,600.00 | | -180,427.03 |
| Check | 02/20/2014 | ACH Debit | Franchise Tax Board (CA) | Monthly Payments | Rajysun - CA | 1015 · PNC Bank 4138 | 2,600.00 | | -183,027.03 |
| Check | 03/20/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen 06/30- | Rajysun - CA | 1015 · PNC Bank 4138 | 2,600.00 | | -185,627.03 |
| Bill | 04/02/2014 | | 2012 Franchise Tax Board-Office Program 1 | Pete ████ 1037 Tax Year 2012 | Rajysun - CA | 2000 · Accounts Payable | 18,889.10 | | -204,516.13 |
| Check | 04/11/2014 | 9750 | Internal Revenue Service | 2014 Form 1040ES Voucher 1 (Pete/Shaheen) | Rajysun - CA | 1021 · California Bank&Trust - OP#1801 | 42,800.00 | | -247,316.13 |
| Check | 04/11/2014 | 9752 | Franchise Tax Board (CA) | 2014 Form 540-ES (Pete/Shaheen) - Voucher 1 | Rajysun - CA | 1021 · California Bank&Trust - OP#1801 | 14,200.00 | | -261,516.13 |
| Check | 04/21/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen 06/30- | Rajysun - CA | 1015 · PNC Bank 4138 | 2,600.00 | | -264,116.13 |
| Check | 06/16/2014 | 426 | United States Treasury - 5100 | Monthly Payments 2014 Form 1040-ES (Gurpreet/Shaneen) - Voucher 2 | Rajysun - CA | 1021 · California Bank&Trust - OP#1801 | 64,000.00 | | -328,116.13 |
| Check | 06/16/2014 | 427 | Franchise Tax Board (CA) | 2014 Form 540-ES (Gurpreet/Shaheen) - Voucher 2 | Rajysun - CA | 1021 · California Bank&Trust - OP#1801 | 29,000.00 | | -357,116.13 |
| Bill | 07/01/2014 | 1154 | Armanino, LLP fka RBZ, LLP | Accounting Services 6/3, 6/4, Original invoice date: 06/03/14 | Rajysun - CA | 2000 · Accounts Payable | 637.00 | | -357,753.13 |
| Bill | 08/24/2014 | 201 | American General Life Insurance | Shaheen M Sahani Life Insurance | Rajysun - CA | 2000 · Accounts Payable | 1,590.00 | | -359,343.13 |
| Bill | 10/10/2014 | 1014 | California Bank & Trust | Cahiers check for IRS | Rajysun - CA | 2000 · Accounts Payable | 98,808.79 | | -458,151.92 |
| Bill | 10/15/2014 | 1514 | Commonwealth of Massachusetts | 2013 Mass Individual Tax Return- Gurpreet Sahani | Rajysun - CA | 2000 · Accounts Payable | 840.00 | | -458,991.92 |
| Bill | 10/15/2014 | 0151 | Franchise Tax Board (CA) | 2013 Tax Payment - Gurpreet Sahani | Rajysun - CA | 2000 · Accounts Payable | 30,000.00 | | -488,991.92 |
| Bill | 12/01/2014 | 3699 | Armanino, LLP fka RBZ, LLP | Client ███ 002 Accounting Services for Period Ending 10/31/2014 Original Invoice Date 10 | Rajysun - CA | 2000 · Accounts Payable | 6,211.00 | | -495,202.92 |
| Bill | 12/10/2014 | 1014 | State of New Jersey TGI | Pete ████ 4286 and 3902 | Rajysun - CA | 2000 · Accounts Payable | 3,000.00 | | -498,202.92 |
| Bill | 12/10/2014 | 1014 | United States Treasury - 5100 | 1040 ES #4 | Rajysun - CA | 2000 · Accounts Payable | 216,000.00 | | -714,202.92 |
| Bill | 12/10/2014 | 1014 | Internal Revenue Service | Gurpreet & Shaheen 4286, Form 1040 2013: Mo Install per Form 9465 | Rajysun - CA | 2000 · Accounts Payable | 23,552.00 | | -737,754.92 |
| Bill | 12/10/2014 | 3967 | New Jersey Gross Income Tax | 3967, Form 1040: 2013 Penalty & Interest DLN Shaheen Sahani | Rajysun - CA | 2000 · Accounts Payable | 130.79 | | -737,885.71 |

**Gurpreet Sahani**
**Loan Payable to Rajysan**

| Type | Date | Num | Name | Memo | Class | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Bill | 12/16/2014 | CKREQ121614 | Franchise Tax Board (CA) | Penalty on Gurpreet and Shabeen 2013 Taxes | | 2000 Accounts Payable | 300.15 | | -738,185.86 |
| General Journal | 12/31/2014 | 4-440 | State of New Jersey TGI | JE 40 ReClass 2013 NJ Individual Income Tax Return- Gurpreet Sahani to reoneer GL code | Rajysan - CA | 2521 Loan from Shareholder Amaria#2 | 1,936.00 | | -740,121.86 |
| Bill | 01/13/2015 | 1315 | United States Treasury OH | Gurpreet & Shabeen Sahani: Form 1040 2013: | | 2000 Accounts Payable | 130,000.00 | | -870,121.86 |
| Bill | 01/13/2015 | 2014 | Franchise Tax Board (CA) | Gurpreet and Shabeen Forms 100, 100S, 100W, 100X EST 2014 | | 2000 Accounts Payable | 35,000.00 | | -905,121.86 |
| Bill | 01/29/2015 | FTB100-Penalty | Franchise Tax Board (CA) | Gurpreet and Shabeen Forms 100, 100S, 100W, 100X EST 2014 Penalty for not efiling | | 2000 Accounts Payable | 181.24 | | -905,303.10 |
| Bill | 02/12/2015 | 1215 | United States Treasury OH | Gurpreet & Shabeen Sahani: Form 1040 2013: | | 2000 Accounts Payable | 137,265.08 | | -1,042,568.18 |
| Bill | 02/13/2015 | 2013 | State of NJ, Div of Taxation - G&S Sal TGI-NR | 12/2013  $S 86/000  Gurpreet and Shabeen Sahani | | 2000 Accounts Payable | 410.74 | | -1,042,978.92 |
| Bill | 04/15/2015 | 515 | Gurpreet Sahani* | Shareholder Loan | Rajysan - CA | 2000 Accounts Payable | 10,000.00 | | -1,052,978.92 |
| Bill | 05/01/2015 | 8028 | Armanino, LLP fka RBZ, LLP | 07/10/15   Retainer - 2015 July | Rajysan - CA | 2000 Accounts Payable | 750.00 | | -1,053,728.92 |
| Bill | 05/01/2015 | 8658 | Armanino, LLP fka RBZ, LLP | Client 9002 002 Accounting Services for Period Ending 02/01/15  OID: 02/01/15 | Rajysan - CA | 2000 Accounts Payable | 750.00 | | -1,054,478.92 |
| Bill | 05/01/2015 | 9551 | Armanino, LLP fka RBZ, LLP | Client 9002 Accounting Services for Period Ending 03/01/15  OID: 03/01/15 | Rajysan - CA | 2000 Accounts Payable | 750.00 | | -1,055,228.92 |
| Bill | 05/01/2015 | 0200 | Armanino, LLP fka RBZ, LLP | Client 049/9002 Accounting Services for Period Ending 04/01/15  OID: 04/01/15 | Rajysan - CA | 2000 Accounts Payable | 750.00 | | -1,055,978.92 |
| Bill | 07/01/2015 | 2263 | Armanino, LLP fka RBZ, LLP | Client 9002 Accounting Services for Period Ending 05/01/15 | Rajysan - CA | 2000 Accounts Payable | 750.00 | | -1,056,728.92 |
| Bill | 07/06/2015 | 20 | Michigan Department of Treasury - DM File No | 19-01-RI Form MI-1040  2010-2013 | Rajysan - CA | 2000 Accounts Payable | 248.00 | | -1,056,976.92 |
| Bill | 08/01/2015 | 3169 | Armanino, LLP fka RBZ, LLP | Client 9002 Accounting Services for Period Ending 08/01/15  Retainer - 2015 August | Rajysan - CA | 2000 Accounts Payable | 750.00 | | -1,057,726.92 |
| Bill | 08/07/2015 | 0807 | American Express | American Express 0807  Hanzelik Horton, MDS | | 2000 Accounts Payable | 322.00 | | -1,058,048.92 |
| Bill | 08/19/2015 | 2013 GS | Internal Revenue Service | Gurpreet & Shabeen Sahani  2013 Form 1040 | | 2000 Accounts Payable | 1,932.00 | | -1,059,980.92 |
| Bill | 08/19/2015 | 2012 GS | Internal Revenue Service | Gurpreet and Shabeen Sahani  2012 Form 1040 | | 2000 Accounts Payable | 536.00 | | -1,060,516.92 |
| Bill | 09/01/2015 | 4298 | Armanino, LLP fka RBZ, LLP | Client 9002 Accounting Services for Period Ending: 09/01/15   Retainer - 2015 September | Rajysan - CA | 2000 Accounts Payable | 750.00 | | -1,061,266.92 |
| Bill | 09/01/2015 | 1343 | Armanino, LLP fka RBZ, LLP | Client 9002 Accounting Services for Period Ending: 06/01/15   Retainer - 2015 June  OID: | Rajysan - CA | 2000 Accounts Payable | 750.00 | | -1,062,016.92 |
| Bill | 12/01/2015 | 7513 | Armanino, LLP fka RBZ, LLP | Client 9002 Accounting Services for Period Ending: 11/30/15   Retainer - 2015 December | Rajysan - CA | 2000 Accounts Payable | 750.00 | | -1,062,766.92 |
| Bill | 01/01/2016 | 8273 | Armanino, LLP fka RBZ, LLP | Client 9002 Accounting Services for Period Ending: 01/31/16   Retainer - 2016 January | Rajysan - CA | 2000 Accounts Payable | 750.00 | | -1,063,516.92 |
| Bill | 01/01/2016 | 6073 | Armanino, LLP fka RBZ, LLP | Client 9002 Accounting Services for Period Ending: 09/30/15   Retainer - 2015 October  O | Rajysan - CA | 2000 Accounts Payable | 750.00 | | -1,064,266.92 |
| Bill | 01/01/2016 | 7267 | Armanino, LLP fka RBZ, LLP | Client 9002 Accounting Services for Period Ending: 10/31/15   Retainer - 2015 November | Rajysan - CA | 2000 Accounts Payable | 750.00 | | -1,065,016.92 |
| Bill | 02/29/2016 | 4938 | Armanino, LLP fka RBZ, LLP | Client 9002 Accounting Services for Period Ending: 02/29/16   Retainer - 2016 February | Rajysan - CA | 2000 Accounts Payable | 750.00 | | -1,065,766.92 |
| Bill | 04/01/2016 | 0994 | Armanino, LLP fka RBZ, LLP | Client 9002 Accounting Services for Period Ending: 03/31/16   Retainer - 2016 March  OID | Rajysan - CA | 2000 Accounts Payable | 750.00 | | -1,066,516.92 |
| Bill | 04/30/2016 | 7504 | Armanino, LLP fka RBZ, LLP | Client 9002 Accounting Services for Period Ending: 04/30/16   Retainer - 2016 April | Rajysan - CA | 2000 Accounts Payable | 750.00 | | -1,067,266.92 |
| Bill | 05/31/2016 | 770 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysan - CA | 2000 Accounts Payable | 4,470.00 | | -1,071,736.92 |
| Deposit | 06/22/2016 | 1382 | Gurpreet Sahani* | Shareholder Loan to Rajysan 2016-06-23 | Rajysan - CA | 1025 Community Bank - 4721 | | 40,000.00 | -1,031,736.92 |

**Garpreet Sahani**
**Loan Payable to Rajysan**

| Type | Date | Num | Name | Memo | Class | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|-------|--------|---------|
| Deposit | 07/18/2016 | 0718 | Gurpreet Sahani* | Shareholder Loan (Deposited to Comm Bank by S/H) | Rajysan - CA | 1025  Community Bank - OP.cx4721 | | 49,970.00 | -981,766.92 |
| Deposit | 07/29/2016 | 1389 | Gurpreet Sahani* | Loan from Shareholder (Check# 1389) | Rajysan - CA | 1025  Community Bank - OP.cx4721 | | 200,000.00 | -781,766.92 |
| Bill | 07/31/2016 | 9144 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysan - CA | 2000  Accounts Payable | 1,500.00 | | -783,266.92 |
| Bill | 10/01/2016 | 6681 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysan - CA | 2000  Accounts Payable | 2,660.00 | | -785,926.92 |
| Bill | 11/01/2016 | 9396 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysan - CA | 2000  Accounts Payable | 2,675.00 | | -788,601.92 |

Case 9:18-ap-01040-DS Doc 1 Filed 08/06/18 Entered 08/06/18 13:58:24 Desc
Main Document Page 40 of 55

# Exhibit "3"

**Gurpreet Sahani**
**Unsupported Payments**

| Date | QB Vendor Name | Type | Num | Account | Amount |
|------|----------------|------|-----|---------|--------|
| 10/10/2013 | Gurpreet Sahani | Check | 7711 | 1010 · PNC Bank 7255 | -3,000.00 |
| 11/27/2013 | Gurpreet Sahani | Bill Pmt -Check | 8287 | 1015 · PNC Bank 4138 | 0.00 |
| 02/06/2014 | Gurpreet Sahani | Bill Pmt -Check | 9208 | 1021 · California Bank&Trust -OP#1801 | -5,000.00 |
| 07/18/2014 | Gurpreet Sahani | Bill Pmt -Check | 20156 | 1024 · California Bank&Trust-OP#5981 | -70.50 |
| 02/27/2015 | Gurpreet Sahani | Bill Pmt -Check | 30524 | 1025 · Community Bank - OPxx4721 | -629.14 |
| 03/13/2015 | Gurpreet Sahani | Bill Pmt -Check | 30675 | 1025 · Community Bank - OPxx4721 | -63.00 |
| 03/20/2015 | Gurpreet Sahani | Bill Pmt -Check | 30776 | 1025 · Community Bank - OPxx4721 | -40.89 |
| 04/15/2015 | Gurpreet Sahani | Bill Pmt -Check | 31049 | 1025 · Community Bank - OPxx4721 | -10,000.00 |
| 06/26/2015 | Gurpreet Sahani | Bill Pmt -Check | 31764 | 1025 · Community Bank - OPxx4721 | 0.00 |
| 07/07/2015 | Gurpreet Sahani | Bill Pmt -Check | ACH DR | 1025 · Community Bank - OPxx4721 | -1,092.70 |
| 11/02/2016 | Gurpreet Sahani | Check | 35172 | 1025 · Community Bank - OPxx4721 | -961.84 |
| | | | | | -20,858.07 |

Case 9:18-ap-01040-DS Doc 1 Filed 08/06/18 Entered 08/06/18 13:58:24 Desc
Main Document Page 42 of 55

# Exhibit "4"

**Amarjit Sahani**
**Shareholder Distributions**

| Type | Date | Num | Name | Memo | Class | Split | Amount |
|------|------|-----|------|------|-------|-------|--------|
| **3031 · Shareholder Distribution (Amarj** | | | | | | | |
| Check | 10/14/2013 | 7780 | Franchise Tax Board (CA) | -0613 ███ | Rajysan - CA | 1010 · PNC Bank 7255 | 34,519.33 |

# Exhibit "5"

**Amarjit Sahani**
**Loan Payable to Rajvsan**

**2521  Loan from Shareholder Amarjit2**

| Type | Date | Num | Name | Memo | Class | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | **2520  Loan from Shareholder Amarjit1 -SPLIT-** | | | |
| General Journal | 12/31/2012 | MWE 65 | | To reclassify 12/21/12 loan from Amarji to L/P Amarjit #3 | | -SPLIT- | | 106,000.00 | 106,000.00 |
| General Journal | 02/05/2013 | MWE 112 | | To reclassify repayment of loans from SIMPLE IRA plan | | -SPLIT- | 106,000.00 | | 0.00 |
| Bill | 01/16/2014 | 088-55 #1 ACH Debit | Los Angeles County Tax Collector | 1st installment-second installment due 4/10/14 | Rajvan - CA | 2000  Accounts Payable | 8,808.43 | | -8,808.43 |
| Check | 01/21/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder OK38 - Monthly Payments | Rajvan - CA | 1015  PNC Bank 4138 | 6,200.00 | | -15,008.43 |
| Check | 02/20/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder OK38 - Monthly Payments | Rajvan - CA | 1015  PNC Bank 4138 | 6,200.00 | | -21,208.43 |
| General Journal | 02/28/2014 | 4-30 | | JE 30 ReClass to O/S loan Tampa mortgage pynts that were chanaoed to paid by Raivsan on behalf of | Rajvan - CA | 2501  Loan - DRM | 5,600.00 | | -26,808.43 |
| Bill | 03/06/2014 | Tax Year 2012 ACH Debit | Department of Treasury | Tax Year (2012) Mr Sahani & Mrs Sahani | Rajvan - CA | 2000  Accounts Payable | 244,997.91 | | -271,806.34 |
| Check | 03/20/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder Monthly Payments | Rajvan - CA | 1015  PNC Bank 4138 | 6,200.00 | | -278,006.34 |
| Bill | 03/25/2014 | -008 -201302 | Los Angeles County Tax Collector | PPTAX 7647 Denamore - 2013 Install #2 | Rajvan - CA | 2000  Accounts Payable | 8,007.66 | | -286,014.00 |
| General Journal | 03/31/2014 | 032014-33 | | JE 33 ReClass to O/S loan Tampa mortgage pynts that were chanaoed to paid by Raivsan on behalf of | Rajvan - CA | 2501  Loan - DRM | 5,600.00 | | -291,614.00 |
| Check | 04/11/2014 | 9751 | Internal Revenue Service | 2014 Form 1040ES Voucher 1 (Amarjit/Rajinder) | Rajvan - CA | 1021  California Bank&Trust OP#1801 | 171,500.00 | | -463,114.00 |
| Check | 04/11/2014 | 9753 | Franchise Tax Board (CA) | 2014 Form 540-ES (Amarjit/Rajinder) - Voucher 1 | Rajvan - CA | 1021  California Bank&Trust OP#1801 | 71,500.00 | | -534,614.00 |
| Check | 04/21/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder OK38 - Monthly Payments | Rajvan - CA | 1015  PNC Bank 4138 | 6,200.00 | | -540,814.00 |
| Bill | 05/12/2014 | 1214 | Franchise Tax Board (CA) | Acct # 26-61 - A - 2012 TAX BALANCE DUE | Rajvan - CA | 2000  Accounts Payable | 715.41 | | -541,529.41 |
| Check | 05/20/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder OK38 - Monthly Payments | Rajvan - CA | 1015  PNC Bank 4138 | 6,200.00 | | -547,729.41 |
| Check | 06/16/2014 | 428 | Franchise Tax Board (CA) | 2014 Form 540-ES (Amarjit/Rajinder) - Voucher 2 | Rajvan - CA | 1021  California Bank&Trust OP#1801 | 139,500.00 | | -687,229.41 |
| Check | 06/16/2014 | 429 | United States Treasury - 5100 | 2014 Form 1040-ES (Amarjit/Rajinder) - Voucher 2 | Rajvan - CA | 1021  California Bank&Trust OP#1801 | 297,500.00 | | -984,729.41 |
| Check | 06/16/2014 | ACH Debit | Franchise Tax Board (CA) | FTB 2014 Estimated Corp Tax CA Form 100-ES | Rajvan - CA | 1021  California Bank&Trust OP#1801 | 4,000.00 | | -988,729.41 |
| Check | 06/20/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder OK38 - Monthly Payments | Rajvan - CA | 1015  PNC Bank 4138 | 6,200.00 | | -994,929.41 |
| General Journal | 06/30/2014 | 14-34 | | JE 34 ReClass NationStar Mortgage Pymt to Loan | Rajvan - CA | 2501  Loan - DRM | | 2,800.00 | -992,129.41 |
| Check | 07/10/2014 | ACH Debit | Franchise Tax Board (CA) | Final FTB - State Inc Tax Amarjit/Rajinder OK38 - Monthly Payments | Rajvan - CA | 1024  California Bank&Trust OP#5981 | 27,666.00 | | ######### |
| Bill | 10/15/2014 | 1514 | State of New Jersey-TGI | 2013 NJ Individual Income Tax Return-Mr & Mrs Sahani | | 2000  Accounts Payable | 9,044.00 | | ######### |
| Bill | 10/15/2014 | 1514 | Commonwealth of Massachusetts-022 | 2013 Mass Individual Tax Return | | 2000  Accounts Payable | 3,538.00 | | ######### |
| Bill | 10/15/2014 | 1514 | State of New Jersey-TGI | 2013 NJ Individual Income Tax Return- Garpreet Sahani | | 2000  Accounts Payable | 1,956.00 | | ######### |
| Bill | 10/15/2014 | 151-I | Franchise Tax Board (CA) | 2013 Tax Payment - Mr & Mrs Sahani | | 2000  Accounts Payable | 100,000.00 | | ######### |
| Bill | 10/31/2014 | 3114 | Clerk, United States Tax Court | 2011 Interest Deduction Correction | | 2000  Accounts Payable | 60.00 | | ######### |
| Bill | 10/31/2014 | 3114 | United States Treasury | CP2000 Tax Year 2012 - Tax Shortage | | 2000  Accounts Payable | 248.00 | | ######### |
| Bill | 12/01/2014 | -002-1 | Los Angeles County Tax Collector | Prop Tax: 5352 Tampa Ave Tarzana -002-1 | Rajvan - CA | 2000  Accounts Payable | 6,330.92 | | ######### |
| Bill | 12/01/2014 | -008 -201401 | Los Angeles County Tax Collector | PPTAX 7647 Denamore - 008 2014 Install #1 | Rajvan - CA | 2000  Accounts Payable | 8,007.31 | | ######### |
| Bill | 12/01/2014 | 3113 | Armanino, LLP fka RBZ, LLP | Client 9004 Accounting Services for Period Ending 09/16/2014  Original Invoice Date: 09/ | Rajvan - CA | 2000  Accounts Payable | 6,950.30 | | ######### |
| Bill | 12/10/2014 | 1014 | State of New Jerse TGI | NJ-1040-ES-V -8121 and -6613 | | 2000  Accounts Payable | 10,000.00 | | ######### |
| Bill | 12/10/2014 | 1014 | Commonwealth of Massachusetts-022 | 2014 Form 1-ES -8121 and -0613 | | 2000  Accounts Payable | 5,000.00 | | ######### |
| Bill | 12/10/2014 | 1014 | Commonwealth of Massachusetts-022 | 2014 Form 1-ES -4286 and -3802 | | 2000  Accounts Payable | 1,500.00 | | ######### |
| Bill | 12/10/2014 | 5382 | Commonwealth of Massachusetts-706 | 2013 Late Filing Fee Penalty and Interest: Tax Id 8121 | | 2000  Accounts Payable | 577.02 | | ######### |
| Bill | 12/10/2014 | 7141 | Commonwealth of Massachusetts-706 | 2013 Late Filing Fee Penalty and Interest: Tax Id 4286 | | 2000  Accounts Payable | 116.69 | | ######### |
| Bill | 12/10/2014 | 1014 | United States Treasury - 5100 | 2014 1040 ES #4 | | 2000  Accounts Payable | 806,000.00 | | ######### |
| Bill | 12/10/2014 | 1014 | Internal Revenue Service | Amarjit & Rajinder Sahani | | 2000  Accounts Payable | 51,036.00 | | ######### |
| Bill | 12/10/2014 | 3384 | New Jersey Gross Income Tax | 3384: Amarjit and Rajinder Sahani  Mo Install per Form 9465  2013 Penalty & Interest D/LN Rajinder Sahani | | 2000  Accounts Payable | 615.32 | | ######### |

**Amarjit Sabani**
**Loan Payable to Rajysan**

**2521 · Loan Payable from Shareholder Amarjit2**

| Type | Date | Num | Name | Memo | Class | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Bill | 12/16/2004 | 614 | United States Treasury | Tax $870 and Penalty $51 91 - 2013 Penalties | | 2000 · Accounts Payable | 921.91 | | ######### |
| Bill | 12/16/2004 | 1614 | Franchise Tax Board (CA) | 2013 Penalty Amarjit and Rajinder Sabani | | 2000 · Accounts Payable | 1,000.49 | | ######### |
| Bill | 12/17/2004 | EK2 | Franchise Tax Board (CA) | ~MULTIPLE~ | | 2000 · Accounts Payable | 35,211.96 | | ######### |
| General Journal | 12/31/2004 | 4-40 | State of New Jerse TGI | JE 40 ReClass 2013 NJ Individual Income Tax Return- Garreen Sabani to proper GL code | Rajysan - CA | 2550 · Loan from Shareholder Garreent | | 1,936.00 | ######### |
| Bill | 01/01/2005 | 940 | Armanino, LLP fka RBZ, LLP | Client 59904 Accounting Services for Period Ending 02/28/2014 Original Invoice Date: 02/28/14 | Rajysan - CA | 2000 · Accounts Payable | 753.50 | | ######### |
| Bill | 01/01/2005 | 0205 | Armanino, LLP fka RBZ, LLP | Client 59904 Accounting Services for Period Ending 03/31/2014 Original Invoice Date: 03/31/14 | Rajysan - CA | 2000 · Accounts Payable | 1,332.00 | | ######### |
| Bill | 01/01/2005 | 2928 | Armanino, LLP fka RBZ, LLP | Client 59904 Accounting Services for Period Ending 05/31/2014 Original Invoice Date: 05/31/14 | Rajysan - CA | 2000 · Accounts Payable | 2,238.00 | | ######### |
| Bill | 01/13/2005 | 1315 | United States Treasury | Amarjit & Rajinder Sabani: Form 1040 2013: | Rajysan - CA | 2000 · Accounts Payable | 600,000.00 | | ######### |
| Bill | 01/13/2005 | 2013 | Franchise Tax Board (CA) | Account 8531 Forms 100, 100S, 100W, 100X 2013 | Rajysan - CA | 2000 · Accounts Payable | 95,000.00 | | ######### |
| Bill | 01/13/2005 | 2014 | Franchise Tax Board (CA) | Account 8531 Forms 100, 100S, 100W, 100X EST 2014 | Rajysan - CA | 2000 · Accounts Payable | 118,000.00 | | ######### |
| Bill | 02/12/2005 | 1215 | United States Treasury | Amarjit & Rajinder Sabani: Form 1040 2013: | Rajysan - CA | 2000 · Accounts Payable | 590,342.16 | | ######### |
| Bill | 02/12/2005 | 013-2 | Franchise Tax Board (CA) | 8531 Forms 100, 100S, 100W, 100X 2013 | Rajysan - CA | 2000 · Accounts Payable | 131,606.24 | | ######### |
| Bill | 02/13/2005 | 2013 | State of NJ, Div of Taxation - A&R Sabani | SS TGI-NR 12/2013 1000 Amarjit S & Rajinder K Sabani | Rajysan - CA | 2000 · Accounts Payable | 2,284.30 | | ######### |
| General Journal | 02/28/2005 | 15-20 | | JE 20 RC Mr/Mrs Sabani Advances from 2014 to Shareholder Loan Acct | Rajysan - CA | -SPLIT- | 29,066.34 | | ######### |
| Bill | 04/01/2005 | 902-2 | Los Angeles County Tax Collector | Prop Tax: 5352 Tampa Ave Tarzana -002-2 (Per Cont. Mrs Sabani to pay directly) | Rajysan - CA | 2000 · Accounts Payable | 0.00 | | ######### |
| Bill | 04/01/2005 | 201f4f2 | Los Angeles County Tax Collector | PPTAX 7647 Densmore - 2014 Install #2 | Rajysan - CA | 2000 · Accounts Payable | 8,007.30 | | ######### |
| Bill | 04/09/2005 | f915 | State of NJ Div of Taxation | -8121 Sabani, Amarjit and 0613 Sabani, Rajinder | Rajysan - CA | 2000 · Accounts Payable | 5,000.00 | | ######### |
| Bill | 04/09/2005 | f915-2 | State of NJ Div of Taxation | -8121 Sabani, Amarjit and 0613 Sabani, Rajinder | | 2000 · Accounts Payable | 60,000.00 | | ######### |
| Bill | 04/17/2005 | 1715 | Rajinder Sabani | Shareholder Loan | | 2000 · Accounts Payable | 10,000.00 | | ######### |
| Bill | 05/01/2005 | f029 | Armanino, LLP fka RBZ, LLP | Client 9904 Accounting Services for Period Ending 02/01/15 OJD: 02/01/15 | Rajysan - CA | 2000 · Accounts Payable | 1,000.00 | | ######### |
| Bill | 05/01/2005 | f659 | Armanino, LLP fka RBZ, LLP | Client 9904 Accounting Services for Period Ending 03/01/15 OJD: 03/01/15 | Rajysan - CA | 2000 · Accounts Payable | 1,000.00 | | ######### |
| Bill | 05/01/2005 | 9552 | Armanino, LLP fka RBZ, LLP | Client 9904 Accounting Services for Period Ending 04/01/15 OJD: 04/01/15 | Rajysan - CA | 2000 · Accounts Payable | 1,000.00 | | ######### |
| Bill | 05/01/2005 | 0201 | Armanino, LLP fka RBZ, LLP | Client 9904 Accounting Services for Period Ending 05/01/15 | Rajysan - CA | 2000 · Accounts Payable | 1,000.00 | | ######### |
| Bill | 08/01/2005 | 3171 | Armanino, LLP fka RBZ, LLP | Client 9904 Accounting Services for Period Ending 08/01/15 | Rajysan - CA | 2000 · Accounts Payable | 1,000.00 | | ######### |
| Bill | 08/19/2005 | 12 AS | Internal Revenue Service | Amarjit S & Rajinder K Sabani 2012 Form 1040 | | 2000 · Accounts Payable | 1,341.00 | | ######### |
| Bill | 08/19/2005 | 13 AS | Internal Revenue Service | Amarjit S & Rajinder K Sabani 2013 Form 1040 | | 2000 · Accounts Payable | 9,087.00 | | ######### |
| Bill | 09/01/2005 | 274 | Armanino, LLP fka RBZ, LLP | Client 59904 Accounting Services for Period Ending: 09/01/15 Retainer - 2015 September | Rajysan - CA | 2000 · Accounts Payable | 1,000.00 | | ######### |
| Bill | 09/01/2005 | 1355 | Armanino, LLP fka RBZ, LLP | Client 9904 Accounting Services for Period Ending: 06/01/15 Retainer - 2015 June OJD: | Rajysan - CA | 2000 · Accounts Payable | 1,000.00 | | ######### |
| Bill | 09/14/2005 | 2015 | United States Treasury | Amarjit & Rajinder Sabani: Form 2011: | Rajysan - CA | 2000 · Accounts Payable | 6,434.33 | | ######### |
| Deposit | 09/23/2015 | 2315 | Wells Fargo Card Services | Amazon | Rajysan - CA | 2000 · Accounts Payable | 706.83 | | ######### |
| Bill | 10/07/2005 | 1186 | Amarjit Sabani | Recovery from Shareholder for Personal charge on company card (OCD: 9/23/2015) | Rajysan - CA | 1025 · Community Bank - OP.xs4721 | | 706.83 | ######### |
| Bill | 10/15/2015 | 2489 | Franchise Tax Board (CA) | Amarjit & Rajinder Sabani 2014 Taxes CA FTB | Rajysan - CA | 2000 · Accounts Payable | 1,940.00 | | ######### |
| Bill | 10/23/2015 | 2315 | Wells Fargo Card Services | Amazon | Rajysan - CA | 2000 · Accounts Payable | 216.29 | | ######### |
| Bill | 10/25/2015 | 1025 | American Express | Paypal *Creativepoy | Rajysan - CA | 2000 · Accounts Payable | 45.00 | | ######### |
| Bill | 11/01/2015 | 2265 | Armanino, LLP fka RBZ, LLP | Client 9904 Accounting Services for Period Ending: 07/01/15 Retainer - 2015 July OJD: | Rajysan - CA | 2000 · Accounts Payable | 1,000.00 | | ######### |
| Deposit | 11/09/2015 | 1040 | United States Treasury | 8121 Amarjit S Sabani 2011 Form 1040 ~MULTIPLE~ | Rajysan - CA | 2000 · Accounts Payable | 36.64 | | ######### |
| Bill | 11/20/2015 | 1054 | Amarjit Sabani | Amazon | Rajysan - CA | 1025 · Community Bank - OP.xs4721 | | 261.29 | ######### |
| Bill | 11/24/2015 | 2415 | Wells Fargo Card Services | Amazon | Rajysan - CA | 2000 · Accounts Payable | 177.81 | | ######### |
| Bill | 11/24/2015 | 2415 | Wells Fargo Card Services | Amazon | Rajysan - CA | 2000 · Accounts Payable | | 128.00 | ######### |

Amarjit Sahani
Loan Payable to Rajsyan

**2521 · Loan from Shareholder:Amarjit2**

| Type | Date | Num | Name | Memo | Class | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|
| General Journal | 11/30/2015 | ■5-31 | Franchise Tax Board (CA) | JE: 31 Correction in Vendor Name on CA Tax Payment from Avril ■15-2) | | 2521 · Loan from Shareholder:Amarjit2 | 60,000.00 | | ######## |
| General Journal | 11/30/2015 | ■5-31 | State of NJ Div of Taxation | JE: 31 Correction in Vendor Name on CA Tax Payment from Avril ■15-2) | | 2521 · Loan from Shareholder:Amarjit2 | | 60,000.00 | ######## |
| Bill | 12/01/2015 | ■7515 | Armanino, LLP fka RBZ, LLP | Client ■9004 Accounting Services for Period Ending: 11/30/15 Retainer - 2015 December | Rajsyan - CA | 2000 · Accounts Payable | 1,000.00 | | ######## |
| Deposit | 12/07/2015 | 1055 | Amarjit Sahani | Repayment of Personal Expense on Company CC | Rajsyan - CA | OPcx4721 | | 49.81 | ######## |
| Bill | 12/23/2015 | ■1223 | Wells Fargo Card Services | Amazon | Rajsyan - CA | 2000 · Accounts Payable | 162.98 | | ######## |
| Bill | 12/25/2015 | ■1225 | American Express | -MULTIPLE- | Rajsyan - CA | 2000 · Accounts Payable | 290.68 | | ######## |
| Bill | 12/31/2015 | ■201581 | Los Angeles County Tax Collector | ID■088 8 2015 Property Tax Installment #1 7647 Densmore Ave | Rajsyan - CA | 2000 · Accounts Payable | 8,751.42 | | ######## |
| General Journal | 12/31/2015 | ■15-31 | Sullivan Curtis Monroe | JE: 31 - ReClass Shareholder Insurance Premium (2015) | Rajsyan - CA | 6240 · Building | 2,248.00 | | ######## |
| General Journal | 12/31/2015 | ■1E13 | | JE: 31 - [1E13 - Shareholder Loan Correction fro MI Treasure firm 07/06/15 | Rajsyan - CA | -SPLIT- | 1,246.00 | | ######## |
| Bill | 01/01/2016 | ■8267 | Armanino, LLP fka RBZ, LLP | Client ■9004 Accounting Services for Period Ending: 01/31/16 Retainer - 2016 January | Rajsyan - CA | 2000 · Accounts Payable | 1,000.00 | | ######## |
| Bill | 01/01/2016 | ■6951 | Armanino, LLP fka RBZ, LLP | Client ■9004 Accounting Services for Period Ending: 09/30/15 Retainer - 2015 October  O | Rajsyan - CA | 2000 · Accounts Payable | 1,000.00 | | ######## |
| Bill | 01/01/2016 | ■7316 | Armanino, LLP fka RBZ, LLP | Client ■9004 Accounting Services for Period Ending: 10/31/15 Retainer - 2015 November | Rajsyan - CA | 2000 · Accounts Payable | 1,000.00 | | ######## |
| Deposit | 01/19/2016 | 1204 | Amarjit Sahani | Repay personal charges on company credit card (Ref: ■1223 and ■1225) | Rajsyan - CA | 1025 · Community Bank - OPcx4721 | | 453.66 | ######## |
| Bill | 01/25/2016 | ■0125 | American Express | Acct ■2004 Statement Date: 01/25/16 Amarjit S Sahani | Rajsyan - CA | 2000 · Accounts Payable | 196.14 | | ######## |
| Deposit | 02/19/2016 | 1209 | Amarjit Sahani | Repay personal charges on company credit card (Ref: ■0125) | Rajsyan - CA | 1025 · Community Bank - OPcx4721 | | 196.14 | ######## |
| Bill | 02/23/2016 | ■0223 | Wells Fargo Card Services | Amazon/Overstock | Rajsyan - CA | 2000 · Accounts Payable | 211.25 | | ######## |
| General Journal | 02/29/2016 | ■16-31 | | JE: 31 Reclass Shareholder Insurance Premium on VN Property (2016-17) | Rajsyan - CA | 1320 · Prepaid Insurance | 2,310.00 | | ######## |
| Bill | 02/29/2016 | 4941 | Armanino, LLP fka RBZ, LLP | Client ■9004 Accounting Services for Period Ending: 02/29/16 Retainer - 2016 February | Rajsyan - CA | 2000 · Accounts Payable | 1,000.00 | | ######## |
| Deposit | 03/17/2016 | 1211 | Amarjit Sahani | Repayment of Personal Charges on Company CC | Rajsyan - CA | 1025 · Community Bank - OPcx4721 | | 211.25 | ######## |
| Deposit | 03/18/2016 | 2999 | Rajinder Sahani | -MULTIPLE- | Rajsyan - CA | 1025 · Community Bank - OPcx4721 | | 250,000.00 | ######## |
| Bill | 03/23/2016 | ■0323 | Wells Fargo Card Services | QMarket/Amazon | Rajsyan - CA | 2000 · Accounts Payable | 415.90 | | ######## |
| Bill | 03/25/2016 | ■201582 | Los Angeles County Tax Collector | ID■088 8 2015 Property Tax Installment #2 7647 Densmore Ave | Rajsyan - CA | 2000 · Accounts Payable | 7,955.84 | | ######## |
| Deposit | 03/28/2016 | 781 | Amarjit Sahani | Property Tax Repayment (Trans dated 3/25/2016) | Rajsyan - CA | 1025 · Community Bank - OPcx4721 | | 7,955.84 | ######## |
| Check | 04/01/2016 | ACH DR | Internal Revenue Service | IRS Form 1040 2012/2013 Tax Payment (Amarjit & Rajinder Sahani) | Rajsyan - CA | 1025 · Community Bank - OPcx4721 | 2,753.00 | | ######## |
| Bill | 04/01/2016 | ■1004 | Armanino, LLP fka RBZ, LLP | Client ■9004 Accounting Services for Period Ending: 03/31/16 Retainer - 2016 March  OID | Rajsyan - CA | 2000 · Accounts Payable | 1,000.00 | | ######## |
| Bill | 04/06/2016 | ■0406 | Citi Cards #3514 Amarjit S Sahani | Acct ending in #3514 Balance as of 04/06/16 | Rajsyan - CA | 2000 · Accounts Payable | 369.06 | | ######## |
| Deposit | 04/20/2016 | 1198 | Amarjit Sahani | Repayment of Personal Charges on Company CC | Rajsyan - CA | 1025 · Community Bank - OPcx4721 | | 784.96 | ######## |
| Bill | 04/25/2016 | ■425 | Wells Fargo Card Services | Cookey Tech | Rajsyan - CA | 2000 · Accounts Payable | 62.44 | | ######## |
| Bill | 04/30/2016 | ■7510 | Armanino, LLP fka RBZ, LLP | Client ■9004 Accounting Services for Period Ending: 04/30/16 Retainer - 2016 April | Rajsyan - CA | 2000 · Accounts Payable | 1,000.00 | | ######## |
| Check | 05/02/2016 | ACH DR | Internal Revenue Service | IRS Form 1040 2012/2013 Tax Payment (Amarjit & Rajinder Sahani) | Rajsyan - CA | 1025 · Community Bank - OPcx4721 | 2,753.00 | | ######## |
| Bill | 05/31/2016 | ■1781 | Armanino, LLP fka RBZ, LLP | IRS Form 1040 2012/2013 Tax Payment (Amarjit & Rajinder Sahani) | Rajsyan - CA | 2000 · Accounts Payable | 7,181.25 | | ######## |
| Check | 06/01/2016 | ACH DR | Internal Revenue Service | IRS Form 1040 2012/2013 Tax Payment (Amarjit & Rajinder Sahani) | Rajsyan - CA | 1025 · Community Bank - OPcx4721 | 2,753.00 | | ######## |
| Deposit | 06/06/2016 | 1379 | Amarjit Sahani | Shareholder Loan# ■0606 ($100K) | Rajsyan - CA | 1025 · Community Bank - OPcx4721 | | 100,000.00 | ######## |

**Amarjit Sahani**
**Loan Payable to Rajysan**

| Type | Date | Num | Name | Memo | Class | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|-------|--------|---------|
| **2521 · Loan from Shareholder Amarjit2** | | | | | | | | | |
| Deposit | 06/10/2016 | 1381 | Rajinder Sahani | Loan from Shareholder 6/10/2016 (Chk# 1381) | Rajysan - CA | 1025 · Community Bank - OPex4721 | | 100,000.00 | ######### |
| Deposit | 06/23/2016 | 9623 | Rajinder Sahani | Loan from Shareholder 6/23/2016 | Rajysan - CA | 1025 · Community Bank - OPex4721 | | 50,000.00 | ######### |
| Deposit | 07/12/2016 | 98 | -MULTIPLE- | -MULTIPLE- | Rajysan - CA | 1025 · Community Bank - OPex4721 | | 50,000.00 | ######### |
| Deposit | 07/28/2016 | 1411 | -MULTIPLE- | Loan From Shareholder A Sahani & R Sahani (Check# 1411) | Rajysan - CA | 1025 · Community Bank - OPex4721 | | 550,000.00 | ######### |
| Bill | 07/31/2016 | 9146 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysan - CA | 2000 · Accounts Payable | 2,000.00 | | ######### |
| Deposit | 08/12/2016 | 1421 | Amarjit Sahani | Loan from Shareholder (Chk# 1421) | Rajysan - CA | 1025 · Community Bank - OPex4721 | | 500,000.00 | ######### |
| Deposit | 09/28/2016 | 232 | Amarjit Sahani | Shareholder Loan to Cover Loader Purchase AHW LLC | Rajysan - CA | 1025 · Community Bank - OPex4721 | | 8,900.00 | ######### |
| Bill | 10/01/2016 | 6735 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysan - CA | 2000 · Accounts Payable | 5,754.50 | | ######### |
| Bill | 11/01/2016 | 9409 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysan - CA | 2000 · Accounts Payable | 2,400.00 | | ######### |
| Credit | 12/28/2016 | 144 R | Airman USA Corporation (AUC) | reverse deposit | Rajysan - CA | 2000 · Accounts Payable | | 190,440.00 | ######### |

Case 9:18-ap-01040-DS Doc 1 Filed 08/06/18 Entered 08/06/18 13:58:24 Desc
Main Document Page 49 of 55

# Exhibit "6"

**Amarjit Sahani**
**Unsupported Payments**

| Date | QB Vendor Name | Type | Num | Account | Amount |
|---|---|---|---|---|---|
| 08/01/2013 | Amarjit Sahani | Check | 7142 | 1010 · PNC Bank 7255 | -1,200.00 |
| 08/29/2013 | Amarjit Sahani | Check | 7419 | 1010 · PNC Bank 7255 | -1,250.00 |
| 09/25/2013 | Amarjit Sahani | Check | 7617 | 1010 · PNC Bank 7255 | -1,250.00 |
| 10/31/2013 | Amarjit Sahani | Check | 8089 | 1015 · PNC Bank 4138 | -1,250.00 |
| 12/02/2013 | Amarjit Sahani | Check | 8299 | 1015 · PNC Bank 4138 | -1,250.00 |
| 01/02/2014 | Amarjit Sahani | Check | 8616 | 1015 · PNC Bank 4138 | -1,250.00 |
| 02/04/2014 | Amarjit Sahani | Check | 9146 | 1021 · California Bank&Trust -OP#1801 | -1,250.00 |
| 02/28/2014 | Amarjit Sahani | Check | 9328 | 1021 · California Bank&Trust -OP#1801 | -1,250.00 |
| 03/07/2014 | Amarjit Sahani | Bill Pmt -Check | 9475 | 1021 · California Bank&Trust -OP#1801 | -1,176.58 |
| 05/19/2014 | Amarjit Sahani | Bill Pmt -Check | 10196 | 1021 · California Bank&Trust -OP#1801 | 0.00 |
| 05/19/2014 | Amarjit Sahani | Bill Pmt -Check | 10197 | 1021 · California Bank&Trust -OP#1801 | -1,200.00 |
| 06/20/2014 | Amarjit Sahani | Bill Pmt -Check | 10439 | 1021 · California Bank&Trust -OP#1801 | -512.30 |
| 11/21/2014 | Amarjit Sahani | Bill Pmt -Check | 21310 | 1024 · California Bank&Trust-OP#5981 | -255.83 |
| 01/14/2015 | Amarjit Sahani | Credit Card Charge | | 2067 · California Bank & Turst -x4801 | -186.25 |
| | | | | | -16,425.67 |

Case 9:18-ap-01040-DS   Doc 1   Filed 08/06/18   Entered 08/06/18 13:58:24   Desc
Main Document    Page 51 of 35

# Exhibit "7"

**Rajinder Sahani**
**Unsupported Payments**

| Date | QB Vendor Name | Type | Num | Account | Amount |
|------|----------------|------|-----|---------|--------|
| 11/01/2013 | Rajinder Sahani | Check | 8175 | 1015 · PNC Bank 4138 | -49.31 |
| 12/13/2013 | Rajinder Sahani | Bill Pmt -Check | 8434 | 1015 · PNC Bank 4138 | -2,494.00 |
| 04/04/2014 | Rajinder Sahani | Bill Pmt -Check | 9723 | 1021 · California Bank&Trust -OP#1801 | -583.00 |
| 07/03/2014 | Rajinder Sahani | Bill Pmt -Check | 20025 | 1024 · California Bank&Trust-OP#5981 | -11,866.14 |
| 04/17/2015 | Rajinder Sahani | Bill Pmt -Check | 31104 | 1025 · Community Bank - OPxx4721 | -10,000.00 |
| | | | | | (24,992.45) |

Case 9:18-ap-01040-DS Doc 1 Filed 08/06/18 Entered 08/06/18 13:58:24 Desc
Main Document Page 53 of 55

# Exhibit "8"

# AJYSAN, INC.

February 5, 2013

Mr. Mitch Imielinski, President.
Red-D-Arc Welderrentals, Inc.
Airgas Inc.
685 Lee Industrial Boulevard
Austell, Georgia 30168.

Ref: LOI for Purchase of Tier 3 Generators.

Dear Mitch,

In keeping with our discussions to date, this document serves as a Letter of Intent for Red-D-Arc Inc. (RDA the "Buyer") to purchase and for Rajysan Inc., a California corporation (Rajysan the "Seller") to sell a combination of SDG65, SDG100, SDG125 and SDG150, Tier 3 based MMD PowerPro Generators.

This Letter of Intent is being given for the purpose of furthering the good faith discussions between parties so that a final definitive written agreement outlining all of the terms of the transaction herein can be negotiated and executed by the parties.

The following are the proposed terms under which Rajysan is willing to commit to sell the generators.

1. Rajysan will sell and RDA will purchase Six Hundred (600) in each of the fiscal years, 2013, 2014 and 2015 for a total of 1800 units. As on February 4, 2013, RDA has already confirmed its orders for 2013 fiscal year in quantities of 95 and 505 units for a total of 600 units.

2. For the balance 1200 units, RDA will determine the product mix of the Generators from a combination of SDG65, SDG100, SDG125 and SDG150. All of the Generators shall be Tier 3 based. Isuzu engines are preferred. Other models may be added to the mix by mutual consent.

3. The unit purchase price for each model for fiscal year 2013 shall be as follows;
   a. SDG65 with trailer.  US$30,600/-.
   b. SDG125 with trailer. US$49,400/-.
   c. SDG150 with trailer. US$58,300/-.

  

Corporate Office: 7700 Densmore Avenue, Van Nuys, California 91406. U.S.A.

# AJYSAN, INC.

4. The prices quoted shall be fixed for the fiscal year 2013. For purchases in 2014 & 2015 the unit purchase price for each model shall be discussed and agreed upon before the orders are confirmed.

5. Our preferred payment terms are an Irrevocable Letter of Credit (L/C) with payment At Sight, to be issued for the benefit of Rajysan Inc or any of its assignees. If other payment terms are sought by either RDA or Rajysan, they will be discussed at time of acceptance of order.

We look forward to working with you to bring this transaction to a successful conclusion. We hope that this is just the beginning of a long and productive relationship.

Please acknowledge your willingness to move forward with this transaction by executing a copy of this letter.

Sincerely,

RAJYSAN, INC.

BY:
Gurmeet Sahani, President.

Agreed to and accepted as of
February 8 , 2013

Red-D-Arc Inc, SUBSIDIARY OF
AIRGAS, INC.
BY:
Mitch Imielinski, President.







Corporate Office: 7700 Densmore Avenue, Van Nuys, California 91406. U.S.A.

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>THE OFFICIAL COMMITTEE OF UNSECURED<br>CREDITORS of the bankruptcy estate of Rajysan, Inc., dba<br>MMD Equipment, a California Corporation | DEFENDANTS<br>GURPREET SAHANI; GURPREET SAHANI AS<br>TRUSTEE; RAJINDER SAHANI; AMARJIT SAHANI;<br>SHAHEEN SAHANI |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Marshack Hays LLP<br>870 Roosevelt, Irvine, CA 92620<br>Telephone: (949) 333-7777 / Facsimile: (949) 333-7778 | ATTORNEYS (If Known)<br>Unknown |

| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT FOR: (1)AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL TRANSFERS;
(2)AVOIDANCE, RECOVERY, AND PRESERVATION OF INTENTIONAL FRAUDULENT TRANSFERS; (3)
AVOIDANCE, RECOVERY, AND PRESERVATION OF CONSTRUCTIVE FRAUDULENT TRANSFERS; (4)
BREACH OF FIDUCIARY DUTY; (5)CONVERSION/ MISAPPROPRIATION; (6)CIVIL LIABILITY UNDER
PENAL CODE § 496; (7)UNFAIR BUSINESS PRACTICES (BUSINESS AND PROFESSIONS CODE § 17200);
AND (8) MISAPPROPRIATION OF TRADE SECRETS; (9) DECLARATORY RELIEF; (10) QUIET TITLE; AND
(11) TURNOVER

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 70 01( 1) – Recovery of Money/Property**
☒ 11-Recovery of money/propert y - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 70 01 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001( 3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4 ) – Objection/ Revocation of Discharge**
☐ 41-Objection/re vocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
   actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 70 01(6) – Dischargeability (continued)**
☐ 61 -Dischargeability - §523(a)(5) , domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
   (other than domestic support)

☐ 6 5 -Dischargeability - other

**FRBP 70 01(7) – Injunctive Relief**
☐ 71 -Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 70 01(8) Subordination of Claim or Interest**
☐ 81 -Subordination of claim or interest

**FRBP 70 01(9) Declaratory Judgment**
☒ 91 -Declaratory judgment

**FRBP 70 01(10) Deter mi nation of Remove d Act ion**
☐ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court
   if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☒ Demand $ $13 million |

Other Relief Sought


American LegalNet, Inc.
www.FormsWorkFlow.com

Adversary Proceeding Cover Sheet Page 2 of 2

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>RAJYSAN, INC. dba MMD EQUIPMENT | BANKRUPTCY CASE NO.<br>9:17-bk-11363-DS | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Santa Barbara | NAME OF JUDGE<br>Honorable Deborah Saltzman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Chad V. Haes | | |
| DATE<br>August 6, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Chad V. Haes | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.


American LegalNet, Inc.
www.FormsWorkFlow.com

Docket No. 5

1   RICHARD A. MARSHACK, #107291
    rmarshack@marshackhays.com
2   CHAD V. HAES, #267221
    chaes@marshackhays.com
3   MARSHACK HAYS LLP
    870 Roosevelt
4   Irvine, California 92620
    Telephone: (949) 333-7777
5   Facsimile: (949) 333-7778

6   Attorneys for
    The Official Committee of Unsecured Creditors
7

8                   UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA - SANTA BARBARA DIVISION

10  In re                                    Case No. 9:17-bk-11363-DS

11  RAJYSAN, INC. dba MMD EQUIPMENT, a       Chapter 11
    California Corporation,
12                                           Adv. No. 9:18-ap-01040-DS
              Debtor and Debtor-In-Possession.
13                                           FIRST AMENDED COMPLAINT FOR:
                                             (1) AVOIDANCE, RECOVERY, AND
14  THE OFFICIAL COMMITTEE OF                     PRESERVATION OF
    UNSECURED CREDITORS of the bankruptcy        PREFERENTIAL TRANSFERS;
15  estate of Rajysan, Inc., dba MMD Equipment, a (2) AVOIDANCE, RECOVERY, AND
    California Corporation,                        PRESERVATION OF
16                                                 INTENTIONAL FRAUDULENT
              Plaintiff(s),                        TRANSFERS;
17                                           (3) AVOIDANCE, RECOVERY, AND
    v.                                            PRESERVATION OF
18                                                 CONSTRUCTIVE FRAUDULENT
    GURPREET SAHANI; GURPREET SAHANI             TRANSFERS;
19  AS TRUSTEE OF THE GREEN ACRES TRUST    (4) BREACH OF FIDUCIARY DUTY;
    DATED MAY 10, 2017; RAJINDER SAHANI;   (5) CONVERSION/
20  AMARJIT SAHANI; SHAHEEN SAHANI,            MISAPPROPRIATION;
                                             (6) CIVIL LIABILITY UNDER PENAL
21            Defendant(s).                      CODE § 496;
                                             (7) UNFAIR BUSINESS PRACTICES
22                                               (BUSINESS AND PROFESSIONS
                                                 CODE § 17200);
23                                           (8) MISAPPROPRIATION OF TRADE
                                                 SECRETS;
24                                           (9) DECLARATORY RELIEF;
                                             (10) QUIET TITLE;
25                                           (11) TURNOVER;
                                             (12) CONSPIRACY; AND
26                                           (13) CONSTRUCTIVE TRUST

27                                           [11 U.S.C. §§ 542, 544, 547, 548(A)(1)(A),
                                             550, and 551; California Civil Code §§ 3439
28                                           *et seq.*; California Civil Code § 3426.3(A);
                                             California Penal Code § 496]

1   TO THE HONORABLE DEBORAH SALTZMAN, UNITED STATES BANKRUPTCY JUDGE,

2   THE OFFICE OF THE UNITED STATES TRUSTEE, DEFENDANTS, AND ALL INTERESTED

3   PARTIES:

4       Plaintiff, The Official Committee of Unsecured Creditors ("Plaintiff" or "Committee") of the

5   Bankruptcy Estate ("Estate") of Rajysan, Inc., dba MMD Equipment, a California Corporation

6   ("Debtor"), files this Complaint against Gurpreet Sahani as Trustee of the Green Acres Trust dated

7   May 10, 2017 and the Debtor's shareholders, officers, and directors, Gurpreet Sahani, Rajinder

8   Sahani, Amarjit Sahani, and Shaheen Sahani (sometimes collectively referred to as the

9   "Defendants"), and alleges as follows:

## Parties

10

11      1.      On July 29, 2017 ("Petition Date"), Rajysan, Inc., dba MMD Equipment, a California

12   Corporation ("Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States

13   Code.

14      2.      On August 31, 2017, the United States Trustee filed a Notice of Appointment and

15   Appointment of Committee Members to serve on the Committee.

16      3.      On February 27, 2018, the Court entered an order ("Order") approving a stipulation

17   ("Stipulation") whereby Debtor assigned certain claims against Defendants to the Committee

18   ("Insider Claims"). This complaint contains the Insider Claims assigned to the Committee.

19      4.      Defendant Gurpreet Sahani ("Gurpreet") is an individual residing in the county of Los

20   Angeles, California, and on the Petition Date was an officer, director and the owner of 16% of the

21   stock of Debtor.

22      5.      Defendant Gurpreet Sahani as Trustee of the Green Acres Trust dated May 10, 2017

23   ("Trustee") was and now is the trustee of the Trust.

24      6.      Defendant Shaheen Sahani, also known as Shaheen Mulla Feroze ("Shaheen"), is an

25   individual residing in the county of Los Angeles, California, and the spouse of Gurpreet.

26      7.      Defendant Rajinder Sahani ("Rajinder") is an individual residing in the county of Los

27   Angeles, California, and on the Petition Date was an officer, director and the owner of 33% of the

28   stock of Debtor. Rajinder is also the spouse of Amarjit.

FIRST AMENDED COMPLAINT
4819-7863-9984, v. 1/1539-001

1    8.    Defendant Amarjit Sahani ("Amarjit") is an individual residing in the County of Los

2  Angeles, California, and on the Petition Date was an officer, director and the owner of 33% of the

3  stock of Debtor. Amarjit is also the spouse of Rajinder.

4    9.    Defendants Gurpreet, Rajinder, Amarjit, and Shaheen ("Insider Defendants") are

5  insiders of the Debtor pursuant to 11 U.S.C. § 101(31).

6  ## Statement of Jurisdiction and Venue

7    10.    This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A)

8  (matters concerning the administration of the estate); (F) (proceedings to determine, avoid, or

9  recover preferences); (H) (proceedings to recover fraudulent transfers); and (O) (other proceedings

10  affecting the liquidation of the assets of the estate). To the extent any claim for relief in this

11  complaint is determined to be a *Stern*-claim or not to be a core proceeding, Plaintiff consents to entry

12  of final judgment and orders by the Bankruptcy Court.

13    11.    Plaintiff has standing to bring this action pursuant to 11 U.S.C. § 323 and the Order

14  approving the Stipulation.

15    12.    This Court has jurisdiction over the above-captioned adversary proceeding pursuant

16  to 28 U.S.C. §§ 157 and 1334 in that this civil proceeding arises in, arises under, and relates to the

17  bankruptcy cases pending in the United States Court for the Central District of California, Santa

18  Barbara Division, entitled *In re Rajysan, Inc., dba MMD Equipment, a California Corporation*, and

19  administered under assigned Case No. 9:17-bk-11363-DS.

20    13.    Venue properly lies in the Central District of California in that this adversary

21  proceeding arises in or is related to a case under Title 11 of the United States Code as provided in

22  28 U.S.C. §§ 1408 and 1409.

23  ## General Allegations

24  ## Relating to Transfers to Gurpreet

25    14.    Plaintiff alleges that during the four-year period prior to the Petition Date, and for

26  periods prior to the four-year period as any statutes were tolled: (a) until discovery; (b) under the

27  doctrine of adverse domination; and (c) are extended to ten (10) years as the IRS has filed a proof of

28  claim ("Tolling Period"), Debtor made multiple loans, distributions, and/or transfers of property to

1  Gurpreet, or on behalf of Gurpreet in the form of electronic transfers, journal entries, checks, or

2  cashier's checks ("Gurpreet Loan Transfers"). The full extent of the Gurpreet Loan Transfers made

3  by Debtor to Gurpreet will be proven at the time of trial, but are in an amount not less than

4  $788,601.92 as set forth in **Exhibit 1**.

5       15.    Plaintiff alleges that during the four-year period prior to the Petition Date and during

6  the Tolling Period, Debtor made multiple loans, distributions, and transfers of property to Gurpreet,

7  or on behalf of Gurpreet in the form of electronic transfers, journal entries, checks, or cashier's

8  checks ("Gurpreet Distribution Transfers"). The full extent of the Gurpreet Distribution Transfers

9  made by Debtor to Gurpreet will be proven at the time of trial, but are in an amount not less than

10 $15,576.67 as set forth in **Exhibit 2**.

11      16.    Plaintiff alleges that during the four-year period prior to the Petition Date and during

12 the Tolling Period, Debtor made multiple loans, distributions, and transfers of property to Gurpreet,

13 or on behalf of Gurpreet in the form of electronic transfers, journal entries, checks, or cashier's

14 checks ("Gurpreet Cash Transfers"). The full extent of the Gurpreet Cash Transfers made by Debtor

15 to Gurpreet will be proven at the time of trial, but are in an amount not less than $20,858.07 as set

16 forth in **Exhibit 3**.

17      17.    The Gurpreet Loan Transfers, Gurpreet Distribution Transfers, and Gurpreet Cash

18 Transfers may sometimes collectively hereafter be referred to as the "Gurpreet Transfers." Each of

19 the Gurpreet Transfers is a "transfer" as that term is defined in 11 U.S.C. § 101(54).

20      18.    Plaintiff alleges that the Gurpreet Transfers were made on account of personal debt

21 owed by Gurpreet and/or Gurpreet's spouse, Shaheen.

22      19.    Plaintiff alleges that the Debtor did not have sufficient cash assets and/or income to

23 meet its existing obligations at the time the Gurpreet Transfers were made.

24      20.    Plaintiff alleges that Debtor was insolvent at the time the Gurpreet Transfers were

25 made.

26      21.    Plaintiff alleges that during the four-year period prior to the Petition Date and during

27 the Tolling Period, Gurpreet had possession of a 2009 Mercedes Benz E350 automobile ("Gurpreet

28 Auto"). The Kelly Blue Book value of the vehicle is between $8,907-$11,089.

4819-7863-9984, v. 1/1539-001

22.     Plaintiff alleges that the Gurpreet Auto was primarily for Gurpreet's personal use.

23.     Plaintiff alleges that each of the Gurpreet Transfers, Gurpreet's possession of the Gurpreet Auto, and all payments made by Debtor toward the Gurpreet Auto caused general harm to creditors of the Debtor and did not create any damage particular to any of the Debtor's creditors.

## General Allegations
## Relating to Transfers to Amarjit

24.     Plaintiff alleges that during the four-year period prior to the Petition Date, and during the Tolling Period, Debtor made multiple loans, distributions, and transfers of property to Amarjit, or on behalf of Amarjit in the form of electronic transfers, journal entries, checks, or cashier's checks ("Amarjit Loan Transfers"). The full extent of the Amarjit Loan Transfers made by Debtor to Amarjit will be proven at the time of trial, but are in an amount not less than $1,994,294.75 as set forth in **Exhibit 4**.

25.     Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period, Debtor made multiple loans, distributions and transfers of property to Amarjit, or on behalf of Amarjit in the form of electronic transfers, journal entries, checks, or cashier's checks ("Amarjit Distribution Transfers"). The full extent of the Amarjit Distribution Transfers made by Debtor to Amarjit will be proven at the time of trial, but are in an amount not less than $34,519.33 as set forth in **Exhibit 5**.

26.     Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period, Debtor made multiple loans, distributions and transfers of property to Amarjit, or on behalf of Amarjit in the form of electronic transfers, journal entries, checks, or cashier's checks ("Amarjit Cash Transfers"). The full extent of the Amarjit Cash Transfers made by Debtor to Amarjit will be proven at the time of trial, but are in an amount not less than $16,425.67 as set forth in **Exhibit 6**.

27.     The Amarjit Loan Transfers, Amarjit Distribution Transfers, and Amarjit Cash Transfers may sometimes collectively hereafter be referred to as the "Amarjit Transfers." Each of the Amarjit Transfers is a "transfer" as that term is defined in 11 U.S.C. § 101(54).

/ / /

4819-7863-9984, v. 1/1539-001

28.     Plaintiff alleges that the Amarjit Transfers were made on account of personal debt owed by Amarjit and/or Amarjit's spouse, Rajinder.

29.     Plaintiff alleges that the Debtor did not have sufficient cash assets and/or income to meet its existing obligations at the time the Amarjit Transfers were made.

30.     Plaintiff alleges that Debtor was insolvent at the time the Amarjit Transfers were made.

31.     Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period Amarjit had possession of a 2015 BMW 750LI automobile ("Amarjit Auto"). The Kelly Blue Book value of the vehicle is between $34,503-$59,090.

32.     Plaintiff alleges that the Amarjit Auto was primarily for Amarjit's personal use.

33.     Plaintiff alleges that each of the Amarjit Transfers, Amarjit's possession of the Amarjit Auto, and all payments made by Debtor toward the Amarjit Auto caused general harm to creditors of the Debtor and did not create any damage particular to any of the Debtor's creditors.

## General Allegations

## Relating to Transfers to Rajinder

34.     Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period, Debtor made multiple loans, distributions and transfers of property to Rajinder, or on behalf of Rajinder in the form of electronic transfers, journal entries, checks, or cashier's checks ("Rajinder Transfers"). The full extent of the Rajinder Transfers made by Debtor to Rajinder will be proven at the time of trial, but are in an amount not less than $24,992.45 as set forth in **Exhibit 7**.

35.     Each of the Rajinder Transfers is a "transfer" as that term is defined in 11 U.S.C. § 101(54).

36.     Plaintiff alleges that the Rajinder Transfers were made on account of personal debt owed by Defendant Rajinder and/or Rajinder's spouse, Amarjit.

37.     Plaintiff alleges that the Debtor did not have sufficient cash assets and/or income to meet its existing obligations at the time the Rajinder Transfers were made.

/ / /

FIRST AMENDED COMPLAINT

38.     Plaintiff alleges that Debtor was insolvent at the time the Rajinder Transfers were made.

39.     Plaintiff alleges that each of the Rajinder Transfers caused general harm to creditors of the Debtor and did not create any damage particular to any of the Debtor's creditors.

## General Allegations

## Relating to Transfers of All Insider Defendants

40.     Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period, Insider Defendants, and each of them, caused Debtor to incur unsecured debt ("Unsecured Debt") knowing that the Debtor lacked the ability to repay the Unsecured Debt.

41.     Plaintiff alleges that Insider Defendants monetized product inventory at cost to pay down certain secured debt, for which Defendants had personal liability ("Sales at Cost"). The full extent of the Unsecured Debt and the Sales at Cost will be proven at the time of trial.

42.     Plaintiff alleges that the Debtor did not have sufficient cash assets and/or income to meet its existing obligations at the time of the Sales at Cost.

43.     Plaintiff alleges that Debtor was insolvent at the time of the Sales at Cost.

44.     Plaintiff alleges that the Unsecured Debt and the Sales at Cost caused Debtor's insolvency, eliminated Debtor's ability to pay its debts as they came due, resulted in the instant bankruptcy case, and resulted in general unsecured creditor claims against Debtor in excess of $13 million.

45.     Plaintiff alleges that incurring the Unsecured Debt and the Sales at Cost caused general harm to creditors of the Debtor and did not create any damage particular to any of the Debtor's creditors.

## General Allegations

## Relating to Diversion of Business

46.     Plaintiff alleges that on February 5, 2013, Debtor and Red-D-Arc Welderrentals, Inc. ("RDA") entered into a letter of intent ("LOI") wherein RDA agreed to purchase from Debtor approximately $100 million of machinery and equipment, including hundreds of industrial generators with trailers. A true and correct copy of the LOI is attached as **Exhibit 8**.

6
4819-7863-9984, v. 1/1539-001

47.     Plaintiff alleges that, despite the LOI, Debtor's revenues declined in 2014 when they should have increased exponentially.

48.     Plaintiff is informed and believes and thereon alleges that Insider Defendants diverted the RDA orders and the LOI to a new entity ("RDA Diversion") to exclude Debtor from realizing any benefit from the RDA orders and to misappropriate Debtor's assets and trade secrets for the new company.

## General Allegations

## Relating to Real Property Transactions

49.     Plaintiff alleges that in November 1996, without Debtor's knowledge or approval, and absent corporate formalities, Amarjit and Rajinder took several hundred thousand dollars out of Debtor's bank account and used the funds as a down payment to purchase the residence located at 5352 Tampa Avenue, Tarzana, California 91356-3023 ("Tampa Property") in Amarjit and Rajinder's Name ("Tampa Purchase"). The Tampa Property is legally described as follows:

Real property in the City of LOS ANGELES, County of Los Angeles, State of California, described as follows:

PARCEL 1:

THAT PORTION OF LOT 15, OF TRACT NO. 2605, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 27 PAGE(S) 55 TO 75 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWEST CORNER OF SAID LOT, THENCE EAST ALONG THE NORTH LINE OF SAID LOT 273.225 FEET, THENCE SOUTH PARALLEL WITH THE EAST LINE OF SAID LOT 516.99 FEET TO THE SOUTH LINE OF SAID LOT, THENCE WEST ALONG THE SOUTH LINE OF SAID LOT, 273.225 FEET TO THE SOUTHWEST CORNER THEREOF; THENCE NORTH ALONG THE WEST LINE OF SAID LOT 516.69 FEET TO THE POINT OF BEGINNING. EXCEPT THEREFROM THE SOUTH 258.495 FEET THEREOF. ALSO EXCEPT THE NORTHERLY 129.495 FEET THEREOF.

PARCEL 2:

AN EASEMENT FOR INGRESS AND EGRESS OVER THE WESTERLY 30 FEET OF LOT 15 OF TRACT NO. 2605, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 27 PAGE(S) 55 TO 75 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

/ / /

FIRST AMENDED COMPLAINT

1    EXCEPT THEREFROM THE SOUTH 387.495 FEET THEREOF

2    APN: 2163-011-002

3    50.    Plaintiff alleges that beginning in 2009, without Debtor's knowledge or approval, and

4    absent corporate formalities, Amarjit and Rajinder took in excess of $1 million from Debtor to

5    complete a series of expansive remodeling projects at the Tampa Property ("Tampa Remodel").

6    51.    Plaintiff alleges that in May 2017, Amarjit and Rajinder transferred the Tampa

7    Property to the Trust and/or the Trustee for little or no consideration ("Tampa Transfer") and that

8    title to the Tampa Property is currently held in the name of the Trust and/or Trustee.

9    52.    Plaintiff alleges that in October 1997, without Debtor's knowledge or approval, and

10   absent corporate formalities, Defendants took several hundred thousand dollars from Debtor to

11   purchase a building located at 7651 Densmore Avenue, Van Nuys, California 91604-2043, having

12   Los Angeles County Assessor's parcel number (APN) of: 2206-010-008 ("Densmore Property") in

13   Amarjit's name ("Densmore Purchase").

14   53.    Plaintiff alleges that in July 2016, Amarjit sold the Densmore Property to Densmore

15   One LLC for a net profit of approximately $2 million, none of which was disbursed to Debtor

16   ("Densmore Sale"). The Tampa Purchase, Tampa Remodel, Tampa Transfer, Densmore Purchase,

17   and Densmore Sale shall be referred to collectively herein as the "Property Transactions."

18                    **First Claim for Relief**

19   **(Avoidance, Recovery, and Preservation of Preferential Transfers)**

20                    **[11 U.S.C. §§ 547, 550, and 551]**

21                        **(Against Gurpreet)**

22   54.    Plaintiff realleges and incorporates by this reference, the allegations contained in

23   Paragraphs 1 through 53, inclusive.

24   55.    Plaintiff alleges that during the one-year period prior to the Petition Date, Debtor

25   made at least four (4) transfers to Gurpreet totaling not less than $7,796.84. These transfers are

26   referred to as the "Gurpreet Preferential Transfers." The Gurpreet Preferential Transfers are marked

27   with an asterisk (*) in **Exhibits 1 - 3**.

28   / / /

FIRST AMENDED COMPLAINT

1     56.    Plaintiff alleges that each of the Gurpreet Preferential Transfers was a transfer of an

2 interest of the Debtor's property.

3     57.    Plaintiff alleges that each of the Gurpreet Preferential Transfers was made by the

4 Debtor to Gurpreet.

5     58.    Plaintiff alleges that each of the Gurpreet Preferential Transfers made to Gurpreet

6 were on account of an antecedent debt owed by the Debtor to the extent that the Court determines

7 Debtor was liable for any underlying debts.

8     59.    Plaintiff alleges that each of the Gurpreet Preferential Transfers were made while the

9 Debtor was "insolvent," as that term is defined in 11 U.S.C. § 101(32).

10    60.    Plaintiff alleges that each of the Gurpreet Preferential Transfers made to Gurpreet

11 enabled him to receive more than he would have received in this Chapter 7 case if: (a) such transfers

12 had not been made; and (b) Gurpreet received payment of such debt to the extent provided for by

13 Title 11 of the United States Code.

14    61.    The Gurpreet Preferential Transfers are avoidable pursuant to 11 U.S.C. § 547.

15 Gurpreet has liability for all avoided transfers under 11 U.S.C. § 550.

16    62.    To the extent Gurpreet alleges he provided subsequent new value, Gurpreet has failed

17 to produce evidence of such new value or information suggesting that the alleged new value did not

18 constitute an entirely discrete transaction between Gurpreet and Debtor.

19    63.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to

20 11 U.S.C. § 551.

21 <center>**Second Claim for Relief**</center>

22 <center>**(Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers)**</center>

23 <center>**[11 U.S.C. §§ 544, 548(a)(1)(A), 550, and 551**</center>

24 <center>**California Civil Code §§ 3439 *et seq.*]**</center>

25 <center>**(Against Gurpreet)**</center>

26    64.    Plaintiff realleges and incorporates herein by this reference, the allegations contained

27 in Paragraphs 1 through 53, inclusive.

28 / / /

<center>9</center>
<center>FIRST AMENDED COMPLAINT</center>

4819-7863-9984, v. 1/1539-001

65.     During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Gurpreet totaling not less than $825,036.66, including, but not limited to, the Gurpreet Transfers identified in **Exhibits 1 - 3**, with actual intent to hinder, delay, or defraud creditors to which it was indebted at the time of such transfers or to which it became indebted after the date of such transfers. These transfers are referred to as the "Actual Fraudulent Gurpreet Transfers."

66.     The Debtor was insolvent on the date of each of the Actual Fraudulent Gurpreet Transfers or became insolvent as a result of each of the Actual Fraudulent Gurpreet Transfers.

67.     Plaintiff may avoid the Actual Fraudulent Gurpreet Transfers made (a) during the four-year period prior to the Petition Date pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*; (b) during the two-year period prior to the Petition Date pursuant to 11 U.S.C. § 548(a)(1)(A); and (c) for dates prior the four-year or two-year periods as the statutes were tolled during the Tolling Period.

68.     Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

69.     Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## Third Claim for Relief

## (Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)

## [11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551

## California Civil Code §§ 3439 *et seq.*]

## (Against Gurpreet)

70.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

71.     During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Defendant Gurpreet totaling not less than $825,036.66 including, but not limited to, the Gurpreet Transfers identified in

/ / /

FIRST AMENDED COMPLAINT

1 **Exhibits 1 - 3,** for less than reasonably equivalent value and while insolvent. These transfers are

2 referred to as the "Constructive Gurpreet Fraudulent Transfers."

3       72.    The Debtor was insolvent on the date of each of the Constructive Gurpreet Fraudulent

4 Transfers or became insolvent as a result of each of the Constructive Gurpreet Fraudulent Transfers,

5 including:

6           i.    That at the time of each of the Constructive Gurpreet Fraudulent Transfers,

7 Debtor was engaged in business or in a transaction, or was about to engage in business or in a

8 transaction, for which any property remaining with the Debtor was an unreasonably small

9 capital; and/or;

10           ii.    That Debtor intended to incur, or believed that it would incur, debts that

11 would be beyond the Debtor's ability to pay as such debts matured.

12       73.    Gurpreet knew or should have known that he did not give anything of value to the

13 Debtor in exchange for the Constructive Gurpreet Fraudulent Transfers as the Constructive Gurpreet

14 Fraudulent Transfers were made on account of debt to which Debtor was not a party. Gurpreet

15 therefore did not take the Constructive Fraudulent Transfers for value and in good faith.

16       74.    Plaintiff may avoid the Constructive Gurpreet Fraudulent Transfers pursuant to

17 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq*.; and (b) pursuant to 11 U.S.C. § 548(a)(1)(B).

18       75.    Plaintiff may recover all avoided transfers or the value of the avoided transfers

19 pursuant to 11 U.S.C. § 550.

20       76.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to

21 11 U.S.C. § 551.

22 <div align="center">**Fourth Claim for Relief**</div>

23 <div align="center">**(Breach of Fiduciary Duty)**</div>

24 <div align="center">**(Against Gurpreet)**</div>

25       77.    Plaintiff realleges and incorporates herein by this reference, the allegations contained

26 in Paragraphs 1 through 53, inclusive.

27       78.    As an officer and director of Debtor, Gurpreet owed Debtor a fiduciary duty.

28 / / /

4819-7863-9984, v. 1/1539-001

79.     As a fiduciary of Debtor, Gurpreet had a duty to act with the utmost good faith and in the best interests of Debtor.

80.     Gurpreet breached his fiduciary duties as a result of the Gurpreet Transfers, Gurpreet Preferential Transfers, Gurpreet Actual Fraudulent Transfers, Gurpreet Constructive Fraudulent Transfers, Sales at Cost, RDA Diversion, and Property Transactions described above. Gurpreet further breached his fiduciary duty to Debtor by failing and refusing to return the Gurpreet Auto.

81.     As a result of Gurpreet's breaches of fiduciary duty, Debtor was harmed.

82.     The conduct of Gurpreet was a substantial factor in causing the Debtor's harm.

<div align="center">

**Fifth Claim for Relief**

**(Conversion/Misappropriation)**

**(Against Gurpreet)**

</div>

83.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

84.     Debtor has the right to possess all funds and benefits derived from the Gurpreet Transfers, Sales at Cost, LOI, Property Transactions, and the Gurpreet Auto in the possession of Gurpreet (collectively "Gurpreet Assets"), in such amount to be proven at trial.

85.     Gurpreet intentionally and substantially interfered with Debtor's right to possess the Gurpreet Assets in such amount to be proven at trial, by failing to pay the funds to Debtor.

86.     Gurpreet refused to return the Gurpreet Assets in such amount to be proven at trial, after Debtor demanded their return.

87.     Debtor did not consent to Gurpreet's possession of the Gurpreet Assets in such amount to be proven at trial.

88.     As a result of Gurpreet's wrongful possession of the Gurpreet Assets in such amount to be proven at trial, Debtor has been harmed.

89.     Gurpreet's conduct is a substantial factor in causing Debtor's harm.

/ / /

/ / /

/ / /

<div align="center">

12

FIRST AMENDED COMPLAINT

</div>

<div align="center">

**Sixth Claim for Relief**

**(Civil Liability under Penal Code §496)**

**(Against Gurpreet)**

</div>

90.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

91.    Gurpreet, through the conversion of the Gurpreet Assets, received, concealed, disposed of, and/or withheld the Gurpreet Assets from Debtor.

92.    When Gurpreet received, concealed, disposed of, or withheld the Gurpreet Assets, Gurpreet knew that the property was owned by Debtor and Gurpreet had no right to the Gurpreet Assets, or obtained control of the Gurpreet Assets through unlawful means.

93.    As a direct and proximate result of Gurpreet's receipt, concealment, disposition, or withholding of the Gurpreet Assets as alleged herein, Debtor was damaged in an amount in excess of $13 million, or such amount to be proven at trial.

94.    Pursuant to Penal Code § 496 and related law, Plaintiff is entitled to treble damages as a result of the Gurpreet's conduct in violating § 496 and related law.

95.    Gurpreet's violation of § 496 and related law as alleged herein was accomplished with malice, fraud, and/or oppression entitling Plaintiff to punitive damages in pursuant to California Civil Code § 3294 and law relating to punitive damages.

<div align="center">

**Seventh Claim for Relief**

**(Unfair Business Practices)**

**(Against Gurpreet)**

</div>

96.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

97.    Gurpreet's above-described acts constitute "unlawful, unfair or fraudulent business act[s] or practice[s]" within the meaning of Business and Professions Code § 17200 because Gurpreet's practices are immoral, unethical, oppressive, unscrupulous, and the harm caused by Gurpreet's conduct substantially outweighs any benefits the conduct may have.

/ / /

<div align="center">

13

FIRST AMENDED COMPLAINT

</div>

4819-7863-9984, v. 1/1539-001

98.     Gurpreet's above-described acts constitute "unlawful" business practices within the meaning of Business and Professions Code § 17200 because of the illegality of the Gurpreet Transfers, Sales at Cost, RDA Diversion, and Property Transactions, as well as Gurpreet's alleged conversion and/or misappropriation.

99.     As a direct, proximate, and foreseeable result of Gurpreet's "unlawful, unfair or fraudulent business act[s] or practice[s]," Debtor was damaged in an amount in excess of $13 million, or such amount to be proven at trial.

100.     Debtor is informed and believes that Gurpreet will continue to do the above-mentioned acts unless the court orders Gurpreet to cease and desist.

## Eighth Claim for Relief

## (Avoidance, Recovery, and Preservation of Preferential Transfers)

## [11 U.S.C. §§ 547, 550, and 551]

## (Against Amarjit)

101.     Plaintiff realleges and incorporates by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

102.     Plaintiff alleges that during the one-year insider period prior to the Petition Date, Debtor made at least three (3) transfers to Amarjit totaling not less than $10,154.50. These transfers are referred to as the "Amarjit Preferential Transfers." The Amarjit Preferential Transfers are marked with an asterisk (*) in **Exhibit 5**.

103.     Plaintiff alleges that each of the Amarjit Preferential Transfers was a transfer of an interest of the Debtor's property.

104.     Plaintiff alleges that each of the Amarjit Preferential Transfers was made by the Debtor to Amarjit.

105.     Plaintiff alleges that each of the Amarjit Preferential Transfers made to Amarjit were on account of an antecedent debt owed by the Debtor to the extent that the Court determines Debtor was liable for any underlying debts.

106.     Plaintiff alleges that each of the Amarjit Preferential Transfers were made while the Debtor was "insolvent," as that term is defined in 11 U.S.C. § 101(32).

FIRST AMENDED COMPLAINT
4819-7863-9984, v. 1/1539-001

107.    Plaintiff alleges that each of the Amarjit Preferential Transfers made to Amarjit enabled him to receive more than he would have received in this Chapter 7 case if: (a) such transfers had not been made; and (b) Amarjit received payment of such debt to the extent provided for by Title 11 of the United States Code.

108.    The Amarjit Preferential Transfers are avoidable pursuant to 11 U.S.C. § 547. Amarjit has liability for all avoided transfers under 11 U.S.C. § 550.

109.    To the extent Amarjit alleges he provided subsequent new value, Amarjit has failed to produce evidence of such new value or information suggesting that the alleged new value did not constitute an entirely discrete transaction between Amarjit and Debtor.

110.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## Ninth Claim for Relief

## (Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers)

## [11 U.S.C. §§ 544, 548(a)(1)(A), 550, and 551

## California Civil Code §§ 3439 *et seq.*]

## (Against Amarjit)

111.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

112.    During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Amarjit totaling not less than $2,045,239.75 including, but not limited to, the transfers identified in **Exhibits 4 - 6**, with actual intent to hinder, delay, or defraud creditors to which it was indebted at the time of such transfer or to which it became indebted after the date of such transfer. These transfers are referred to as the "Actual Fraudulent Amarjit Transfers."

113.    The Debtor was insolvent on the date of each of the Actual Fraudulent Amarjit Transfers or became insolvent as a result of each of the Actual Fraudulent Amarjit Transfers.

114.    Plaintiff may avoid the Actual Fraudulent Amarjit Transfers made (a) during the four-year period prior to the Petition Date pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*;

15

FIRST AMENDED COMPLAINT

(b) during the two-year period prior to the Petition Date pursuant to 11 U.S.C. § 548(a)(1)(A); and (c) for dates prior the four-year or two-year periods as the statutes were tolled during the Tolling Period.

115.     Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

116.     Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

<div align="center">

**Tenth Claim for Relief**

**(Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)**

**[11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551**

**California Civil Code §§ 3439 *et seq*.]**

**(Against Amarjit)**

</div>

117.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

118.     During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Amarjit totaling not less than $825,036.66 including, but not limited to, the transfers identified in **Exhibits 4 - 6**, for less than reasonably equivalent value and while insolvent. These transfers are referred to as the "Constructive Amarjit Fraudulent Transfers."

119.     The Debtor was insolvent on the date of each of the Constructive Amarjit Fraudulent Transfers or became insolvent as a result of each of the Constructive Amarjit Fraudulent Transfers, including:

i.     That at the time of each of the Constructive Amarjit Fraudulent Transfers, Debtor was engaged in business or in a transaction, or was about to engage in business or in a transaction, for which any property remaining with the Debtor was an unreasonably small capital; and/or;

ii.     That Debtor intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

<div align="center">16</div>

4819-7863-9984, v. 1/1539-001

120.     Amarjit knew or should have known that he did not give anything of value to the Debtor in exchange for the Constructive Amarjit Fraudulent Transfers as the Constructive Amarjit Fraudulent Transfers were made on account of debt to which Debtor was not a party. Amarjit therefore did not take the Constructive Amarjit Fraudulent Transfers for value and in good faith.

121.     Plaintiff may avoid the Constructive Amarjit Fraudulent Transfers pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq*.; and (b) pursuant to 11 U.S.C. § 548(a)(1)(B).

122.     Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

123.     Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

# Eleventh Claim for Relief

## (Breach of Fiduciary Duty)

## (Against Amarjit)

124.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

125.     As an officer and director of Debtor, Amarjit owed Debtor a fiduciary duty.

126.     As a fiduciary of Debtor, Amarjit had a duty to act with the utmost good faith and in the best interests of Debtor.

127.     Amarjit breached his fiduciary duties as a result of the Amarjit Transfers, Amarjit Preferential Transfers, Amarjit Actual Fraudulent Transfers, Amarjit Constructive Fraudulent Transfers, Sales at Cost, RDA Diversion, and Property Transactions described above. Amarjit further breached his fiduciary duty to Debtor by failing and refusing to return the Amarjit Auto.

128.     As a result of Amarjit's breaches of fiduciary duty, Debtor was harmed.

129.     The conduct of Amarjit was a substantial factor in causing the Debtor's harm.

/ / /

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT

**Twelfth Claim for Relief**

**(Conversion/Misappropriation)**

**(Against Amarjit)**

130.  Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

131.  Debtor has the right to possess all funds and benefits derived from the Amarjit Transfers, Sales at Cost, LOI, Property Transactions, and the Amarjit Auto in the possession of Amarjit (collectively "Amarjit Assets"), in such amount to be proven at trial.

132.  Amarjit intentionally and substantially interfered with Debtor's right to possess the Amarjit Assets in an amount to be proven at trial, by failing to pay the funds to Debtor.

133.  Amarjit refused to return the Amarjit Assets in such amount to be proven at trial, after Debtor demanded their return.

134.  Debtor did not consent to Amarjit's possession of the Amarjit Assets in such amount to be proven at trial.

135.  As a result of Amarjit's wrongful possession of the Amarjit Assets in such amount to be proven at trial, Debtor has been harmed.

136.  Amarjit's conduct is a substantial factor in causing Debtor's harm.

**Thirteenth Claim for Relief**

**(Civil Liability under Penal Code § 496)**

**(Against Amarjit)**

137.  Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

138.  Amarjit, through the conversion of the Amarjit Assets, received, concealed, disposed of, and/or withheld the Amarjit Assets from Debtor.

139.  When Amarjit received, concealed, disposed of, or withheld the Amarjit Assets, Amarjit knew that the property was owned by Debtor and Amarjit had no right to the Amarjit Assets, or obtained control of the Amarjit Assets through unlawful means.

/ / /

FIRST AMENDED COMPLAINT

4819-7863-9984, v. 1/1539-001

140.    As a direct and proximate result of Amarjit's receipt, concealment, disposition, or withholding of the Amarjit Assets as alleged herein, Debtor was damaged in an amount in excess of $13 million, or such amount to be proven at trial.

141.    Pursuant to Penal Code § 496 and related law, Plaintiff is entitled to treble damages as a result of the Amarjit's conduct in violating § 496 and related law.

142.    Amarjit's violation of § 496 and related law as alleged herein was accomplished with malice, fraud, and/or oppression entitling Plaintiff to punitive damages in pursuant to California Civil Code § 3294 and law relating to punitive damages.

## Fourteenth Claim for Relief
## (Unfair Business Practices)
## (Against Amarjit)

143.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

144.    Amarjit's above-described acts constitute "unlawful, unfair or fraudulent business act[s] or practice[s]" within the meaning of Business and Professions Code § 17200 because Amarjit's practices are immoral, unethical, oppressive, unscrupulous, substantially no interest to consumers, and the harm caused by Amarjit's conduct substantially outweighs any benefits the conduct may have.

145.    Amarjit's above-described acts constitute "unlawful" business practices within the meaning of Business and Professions Code § 17200 because of the illegality of the Amarjit Transfers, Sales at Cost, RDA Diversion, and Property Transactions, as well as Amarjit's alleged conversion and/or misappropriation.

146.    As a direct, proximate, and foreseeable result of Amarjit's "unlawful, unfair or fraudulent business act[s] or practice[s]," Debtor was damaged in an amount of at least $13 million, or such amount to be proven at trial.

147.    Debtor is informed and believes that Amarjit will continue to do the above-mentioned acts unless the Court orders Amarjit to cease and desist.

/ / /

FIRST AMENDED COMPLAINT
4819-7863-9984, v. 1/1539-001

# Fifteenth Claim for Relief

## (Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers)

### [11 U.S.C. §§ 544, 548(a)(1)(A), 550, and 551

### California Civil Code §§ 3439 *et seq.*]

### (Against Rajinder)

148.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

149.    During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Rajinder totaling not less than $24,992.45 including, but not limited to, the transfers identified in **Exhibit 7**, with actual intent to hinder, delay, or defraud creditors to which it was indebted at the time of such transfer or to which it became indebted after the date of such transfer. These transfers are referred to as the "Actual Fraudulent Rajinder Transfers."

150.    The Debtor was insolvent on the date of each of the Actual Fraudulent Rajinder Transfers or became insolvent as a result of each of the Actual Fraudulent Rajinder Transfers.

151.    Plaintiff may avoid the Actual Fraudulent Rajinder Transfers made (a) during the four-year period prior to the Petition Date pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*; (b) during the two-year period prior to the Petition Date pursuant to 11 U.S.C. § 548(a)(1)(A); and (c) for dates prior the four-year or two-year periods as the statutes were tolled during the Tolling Period.

152.    Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

153.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

/ / /

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT

4819-7863-9984, v. 1/1539-001

**Sixteenth Claim for Relief**

**(Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)**

**[11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551**

**California Civil Code §§ 3439 *et seq.*]**

**(Against Rajinder)**

154. Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

155. During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Rajinder totaling not less than $24,992.45 including, but not limited to, the transfers identified in **Exhibit 7**, for less than reasonably equivalent value and while insolvent. These transfers are referred to as the "Constructive Rajinder Fraudulent Transfers."

156. The Debtor was insolvent on the date of each of the Constructive Rajinder Fraudulent Transfers or became insolvent as a result of each of the Constructive Rajinder Fraudulent Transfers, including:

    i. That at the time of each of the Constructive Rajinder Fraudulent Transfers, Debtor was engaged in business or in a transaction, or was about to engage in business or in a transaction, for which any property remaining with the Debtor was an unreasonably small capital; and/or;

    ii. That Debtor intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

157. Rajinder knew or should have known that she did not give anything of value to the Debtor in exchange for the Constructive Rajinder Fraudulent Transfers as the Constructive Rajinder Fraudulent Transfers were made on account of debt to which Debtor was not a party. Rajinder therefore did not take the Constructive Fraudulent Transfers for value and in good faith.

158. Plaintiff may avoid the Constructive Rajinder Fraudulent Transfers pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*; and (b) pursuant to 11 U.S.C. § 548(a)(1)(B).

/ / /

FIRST AMENDED COMPLAINT
4819-7863-9984, v. 1/1539-001

159.    Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

160.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## Seventeenth Claim for Relief
## (Breach of Fiduciary Duty)
## (Against Rajinder)

161.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

162.    As an officer and director of Debtor, Rajinder owed Debtor a fiduciary duty.

163.    As a fiduciary of Debtor, Rajinder had a duty to act with the utmost good faith and in the best interests of Debtor.

164.    Defendant Rajinder breached her fiduciary duties as a result of the Rajinder Transfers, Rajinder Actual Fraudulent Transfers, Rajinder Constructive Fraudulent Transfers, RDA Diversion, and Property Transactions described above. As a result of Rajinder's breaches of fiduciary duty, Debtor was harmed.

165.    The conduct of Rajinder was a substantial factor in causing the Debtor's harm.

## Eighteenth Claim for Relief
## (Conversion/Misappropriation)
## (Against Rajinder)

166.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

167.    Debtor has the right to possess all funds and benefits derived from the Rajinder Transfers, Sales at Cost, LOI, and Property Transactions (collectively "Rajinder Assets"), in such amount to be proven at trial.

168.    Rajinder intentionally and substantially interfered with Debtor's right to possess the Rajinder Assets in an amount to be proven at trial, by failing to pay the funds to Debtor.

/ / /

4819-7863-9984, v. 1/1539-001

169. Rajinder refused to return the Rajinder Assets in such amount to be proven at trial, after Debtor demanded their return.

170. Debtor did not consent to Rajinder's possession of the Rajinder Assets in such amount to be proven at trial.

171. As a result of Rajinder's wrongful possession of the Rajinder Assets in such amount to be proven at trial, Debtor has been harmed.

172. Rajinder's conduct is a substantial factor in causing Debtor's harm.

## Nineteenth Claim for Relief

## (Civil Liability under Penal Code § 496)

## (Against Rajinder)

173. Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

174. Rajinder, through the conversion of the Rajinder Assets, received, concealed, disposed of, and/or withheld the Rajinder Assets from Debtor.

175. When Rajinder received, concealed, disposed of, or withheld the Rajinder Assets, Rajinder knew that the property was owned by Debtor and Rajinder had no right to the Rajinder Assets, or obtained control of the Rajinder Assets through unlawful means.

176. As a direct and proximate result of Rajinder's receipt, concealment, disposition, or withholding of the Rajinder Assets as alleged herein, Debtor was damaged in an amount in excess of $13 million, or such amount to be proven at trial.

177. Pursuant to Penal Code § 496 and related law, Plaintiff is entitled to treble damages as a result of the Rajinder's conduct in violating § 496 and related law.

178. Rajinder's violation of § 496 and related law as alleged herein was accomplished with malice, fraud, and/or oppression entitling Plaintiff to punitive damages in pursuant to California Civil Code § 3294 and law relating to punitive damages.

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT

1 
2 

<h1 style="text-align:center">Twentieth Claim for Relief</h1>

<h2 style="text-align:center">(Unfair Business Practices)</h2>

3 

<h2 style="text-align:center">(Against Rajinder)</h2>

4   179.   Plaintiff realleges and incorporates herein by this reference, the allegations contained

5 in Paragraphs 1 through 53, inclusive.

6   180.   Rajinder's above-described acts constitute "unlawful, unfair or fraudulent business

7 act[s] or practice[s]" within the meaning of Business and Professions Code § 17200 because

8 Rajinder's practices are immoral, unethical, oppressive, unscrupulous, substantially no interest to

9 consumers, and the harm caused by Rajinder's conduct substantially outweighs any benefits the

10 conduct may have.

11   181.   Rajinder's above-described acts constitute "unlawful" business practices within the

12 meaning of Business and Professions Code § 17200 because of the illegality of the Rajinder

13 Transfers, Sales at Cost, RDA Diversion, and Property Transactions, as well as Rajinder's alleged

14 conversion and/or misappropriation.

15   182.   As a direct, proximate, and foreseeable result of Rajinder's "unlawful, unfair or

16 fraudulent business act[s] or practice[s]," Debtor was damaged in an amount of at least $13 million,

17 or such amount to be proven at trial.

18   183.   Debtor is informed and believes that Rajinder will continue to do the above-

19 mentioned acts unless the Court orders Rajinder to cease and desist.

20 

<h1 style="text-align:center">Twenty-First Claim for Relief</h1>

21 

<h2 style="text-align:center">(Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)</h2>

22 

<h2 style="text-align:center">[11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551</h2>

23 

<h2 style="text-align:center">California Civil Code §§ 3439 et seq.]</h2>

24 

<h2 style="text-align:center">(Against Insider Defendants)</h2>

25   184.   Plaintiff realleges and incorporates herein by this reference, the allegations contained

26 in Paragraphs 1 through 53, inclusive.

27   185.   During the four-year period prior to the Petition Date and during the Tolling Period,

28 Plaintiff alleges that Insider Defendants, and each of them, caused Debtor to incur Unsecured Debt

<div style="text-align:center">24</div>

4819-7863-9984, v. 1/1539-001

1  totaling not less than $13 million for the purchase of Inventory which was sold at cost to pay down

2  the secured debt, for which Insider Defendants had personal liability. The sale of the Inventory at

3  cost was for less than reasonably equivalent value and while Debtor was insolvent. These transfers

4  are referred to as the "Constructive Defendant Fraudulent Sales at Cost."

5         186.    The Debtor was insolvent on the date of each of the Constructive Defendant

6  Fraudulent Sales at Cost or became insolvent as a result of each of the Constructive Defendant

7  Fraudulent Sales at Cost, including:

8               i.       That at the time of each of the Constructive Defendant Fraudulent Sales at

9         Cost, Debtor was engaged in business or in a transaction, or was about to engage in business

10        or in a transaction, for which any property remaining with the Debtor was an unreasonably

11        small capital; and/or;

12              ii.      That Debtor intended to incur, or believed that it would incur, debts that

13        would be beyond the Debtor's ability to pay as such debts matured.

14        187.    Insider Defendants knew or should have known that they did not give anything of

15 value to the Debtor in exchange for the Constructive Defendant Fraudulent Sales at Cost, as the

16 Constructive Defendant Fraudulent Sales at Cost were made to pay down secured debt for which

17 Defendants were personally liable, and therefore, the Constructive Defendant Fraudulent Sales at

18 Cost were not made for value and in good faith.

19        188.    Plaintiff may avoid the Constructive Defendant Fraudulent Sales at Cost pursuant to

20 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*; and (b) pursuant to 11 U.S.C. § 548(a)(1)(B).

21        189.    Plaintiff may recover all avoided transfers or the value of the avoided transfers

22 pursuant to 11 U.S.C. § 550.

23        190.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to

24 11 U.S.C. § 551.

25 / / /

26 / / /

27 / / /

28 / / /

FIRST AMENDED COMPLAINT
4819-7863-9984, v. 1/1539-001

# Twenty-Second Claim for Relief
## (Misappropriation of Trade Secrets)
## (Against Insider Defendants)

191.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

192.    Debtor's trade secrets include, but are not limited to, its formatting of bids, contracts, customer lists, customer contracts, information regarding its pending transactions, and its proprietary pricing information which was used in the Debtor's business or in the business of any of its affiliates ("Trade Secrets"). The Trade Secrets include, but are not limited to, the LOI attached as **Exhibit 8**.

193.    The Trade Secrets derive independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use. The Trade Secrets are neither generally known nor easily discoverable by Debtor's competitors.

194.    Debtor developed, created and/or obtained its Trade Secrets through substantial time, expense, effort and labor of its employees and had obtained a competitive advantage based upon its Trade Secrets.

195.    Debtor made reasonable efforts to maintain the secrecy of its Trade Secrets.

196.    By committing the RDA Diversion, Insider Defendants engaged in active business operations in direct competition with Debtor and have acquired and are using the Trade Secrets to advance the new entity's competing business and to appropriate Debtor's clients. In so doing, Insider Defendants misappropriated the Trade Secrets and Debtor's otherwise confidential and proprietary information and corporate opportunities.

197.    As a direct and proximate result of Insider Defendants' misappropriation of the Trade Secrets, Insider Defendants have been unjustly enriched and the Estate is entitled to recover that unjust enrichment pursuant to Civil Code § 3426.3(a).

/ / /

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT

4819-7863-9984, v. 1/1539-001

1

## Twenty-Third Claim for Relief

2

## (Declaratory Relief)

3

## (Against All Defendants)

4      198.    Plaintiff realleges and incorporates herein by this reference, the allegations contained

5 in Paragraphs 1 through 53, inclusive.

6      199.    The Tampa Property and the net proceeds from the sale of the Densmore Property

7 (collectively, the "Property Assets") constitute property of this bankruptcy Estate.

8      200.    Plaintiff alleges that the Debtor has a legal and beneficial interest in the Property

9 Assets and that such property is an asset of this Estate.

10      201.    An actual and present controversy exists as to the Estate's rights in and to the

11 Property Assets as compared to the rights of one or more competing parties including those of the

12 Defendants.

13      202.    Upon entry of judgment determining that the Property Assets constitute property of

14 the Estate, Debtor shall be the sole owner of the Property Assets for the benefit of creditors.

15      203.    Debtor is entitled to declaratory relief and entry of judgment adjudicating the

16 Property Assets to be assets of the Estate pursuant to 11 U.S.C. § 541(a).

17

## Twenty-Fourth Claim for Relief

18

## (Quiet Title)

19

## (Against Trustee)

20      204.    Plaintiff realleges and incorporates herein by this reference, the allegations contained

21 in Paragraphs 1 through 53, inclusive.

22      205.    An actual controversy exists as between the Estate and the Trustee with regard to the

23 beneficial rights and title to the Tampa Property.

24      206.    As of the Petition Date, Debtor had an ownership interest in the Tampa Property.

25      207.    Because the Tampa Property constitutes property of the Estate, Debtor is entitled to

26 entry of judgment quieting title to the Tampa Property and adjudicating the vesting of the legal and

27 beneficial interest to be held in the name of "Rajsyan, Inc."

28 / / /

FIRST AMENDED COMPLAINT

4819-7863-9984, v. 1/1539-001

<div align="center">

**Twenty-Fifth Claim for Relief**

**(Turnover)**

**(Against All Defendants)**

**[11 U.S.C. § 542]**

</div>

208.   Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

209.   During a bankruptcy case, any person in possession, custody or control of property that a debtor may use, sell, or lease is required to deliver such property to the debtor and account for such property or the value of such property pursuant to 11 U.S.C. § 542.

210.   Debtor is entitled to an order or judgment compelling the Defendants and any other person to turnover title to and possession of any of the vehicles and Property Assets that are determined to be property of this Estate.

<div align="center">

**Twenty-Sixth Claim for Relief**

**(Conspiracy)**

**(Against All Defendants)**

</div>

211.   Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

212.   Plaintiff alleges that through the conduct set forth above, Defendants agreed and conspired to engage in a fraudulent scheme to transfer substantially all of Debtors' assets to Defendants, and to third parties for the benefit of Defendants, while knowingly or recklessly disregarding the interests of Debtor or its creditors.

213.   As a proximate result of the conduct of Defendants, Debtor was damaged in an amount to be proven at the time of trial, but not less than $13 million.

<div align="center">

**Twenty-Seventh Claim for Relief**

**(Constructive Trust)**

**(Against All Defendants)**

</div>

214.   Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

<div align="center">

28

FIRST AMENDED COMPLAINT

</div>

4819-7863-9984, v. 1/1539-001

215.     Plaintiff is informed and believes and thereon alleges that the fraudulent conduct of Defendants, as more fully set forth above, has resulted in Defendants taking possession of property belonging to Debtor's bankruptcy estate, including the Tampa Property.  As a result, Plaintiff is entitled to a constructive trust against such property.

## Prayer

WHEREFORE, Plaintiff prays that this Court enter Judgment as follows:

## On the First Claim for Relief

1.     That each of the Gurpreet Preferential Transfers be avoided pursuant to 11 U.S.C. § 547(b);

2.     That Plaintiff recover for the Estate each of the avoided Gurpreet Preferential Transfers or a money judgment in an amount equal to the sum of each of the avoided Preferential Transfers pursuant to 11 U.S.C. § 550;

## On the Second Claim for Relief

3.     That each of the Gurpreet Actual Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(A);

4.     That Plaintiff recover for the Estate each of the avoided Gurpreet Actual Fraudulent Transfers or a money judgment in an amount equal to sum of each of the avoided Gurpreet Actual Fraudulent Transfers pursuant to 11 U.S.C. § 550;

## On the Third Claim for Relief

5.     That each of the Gurpreet Constructive Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(B);

6.     That Plaintiff recover for the Estate each of the avoided Gurpreet Constructive Fraudulent Transfers or a money judgment in an amount equal to the sum of each of the avoided Constructive Fraudulent Transfers pursuant to 11 U.S.C. § 550;

## On the Fourth Claim for Relief

7.     For compensatory, general, special, and punitive damages according to proof at trial;

## On the Fifth Claim for Relief

8.     For compensatory, general, special, and punitive damages according to proof at trial;

FIRST AMENDED COMPLAINT
4819-7863-9984, v. 1/1539-001

1    **On the Sixth Claim for Relief**

2         9.     For compensatory, general, special, and punitive damages according to proof at trial;

3         10.    For treble damages for violating § 496 and related law;

4    **On the Seventh Claim for Relief**

5         11.    For compensatory, general, special, and punitive damages according to proof at trial;

6         12.    For injunctive relief pursuant to Business and Professions Code section 17203;

7    **On the Eighth Claim for Relief**

8         13.    That each of the Amarjit Preferential Transfers be avoided pursuant to 11 U.S.C.

9    § 547(b);

10         14.    That Plaintiff recover for the Estate each of the avoided Amarjit Preferential Transfers

11    or a money judgment in an amount equal to the sum of each of the avoided Preferential Transfers

12    pursuant to 11 U.S.C. § 550;

13    **On the Ninth Claim for Relief**

14         15.    That each of the Amarjit Actual Fraudulent Transfers be avoided pursuant to

15    11 U.S.C. §§ 544 and 548(a)(1)(A);

16         16.    That Plaintiff recover for the Estate each of the avoided Amarjit Actual Fraudulent

17    Transfers or a money judgment in an amount equal to sum of each of the avoided Amarjit Actual

18    Fraudulent Transfers pursuant to 11 U.S.C. § 550;

19    **On the Tenth Claim for Relief**

20         17.    That each of the Amarjit Constructive Fraudulent Transfers be avoided pursuant to

21    11 U.S.C. §§ 544 and 548(a)(1)(B);

22         18.    That Plaintiff recover for the Estate each of the avoided Amarjit Constructive

23    Fraudulent Transfers or a money judgment in an amount equal to the sum of each of the avoided

24    Constructive Fraudulent Transfers pursuant to 11 U.S.C. § 550;

25    **On the Eleventh Claim for Relief**

26         19.    For compensatory, general, special, and punitive damages according to proof at trial;

27    **On the Twelfth Claim for Relief**

28         20.    For compensatory, general, special, and punitive damages according to proof at trial;

FIRST AMENDED COMPLAINT

4819-7863-9984, v. 1/1539-001

**On the Thirteenth Claim for Relief**

21.    For compensatory, general, special, and punitive damages according to proof at trial;

22.    For treble damages for violating § 496 and related law;

**On the Fourteenth Claim for Relief**

23.    For compensatory, general, special, and punitive damages according to proof at trial;

24.    For injunctive relief pursuant to Business and Professions Code § 17203;

**On the Fifteenth Claim for Relief**

25.    That each of the Rajinder Actual Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(A);

26.    That Plaintiff recover for the Estate each of the avoided Rajinder Actual Fraudulent Transfers or a money judgment in an amount equal to sum of each of the avoided Rajinder Actual Fraudulent Transfers pursuant to 11 U.S.C. § 550;

**On the Sixteenth Claim for Relief**

27.    That each of the Rajinder Constructive Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(B);

28.    That Plaintiff recover for the Estate each of the avoided Rajinder Constructive Fraudulent Transfers or a money judgment in an amount equal to the sum of each of the avoided Constructive Fraudulent Transfers pursuant to 11 U.S.C. § 550;

**On the Seventeenth Claim for Relief**

29.    For compensatory, general, special, and punitive damages according to proof at trial;

**On the Eighteenth Claim for Relief**

30.    For compensatory, general, special, and punitive damages according to proof at trial;

**On the Nineteenth Claim for Relief**

31.    For compensatory, general, special, and punitive damages according to proof at trial;

32.    For treble damages for violating § 496 and related law;

**On the Twentieth Claim for Relief**

33.    For compensatory, general, special, and punitive damages according to proof at trial;

34.    For injunctive relief pursuant to Business and Professions Code § 17203;

31

## On the Twenty-First Claim for Relief

35.     That each of the Constructive Defendant Fraudulent Sales at Cost be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(B);

36.     That Plaintiff recover for the Estate each of the avoided Constructive Defendant Fraudulent Sales at Cost or a money judgment in an amount equal to the sum of each of the avoided Constructive Defendant Fraudulent Sales at Cost pursuant to 11 U.S.C. § 550;

## On the Twenty-Second Claim for Relief

37.     For compensatory, general, special, and punitive damages according to proof at trial;

38.     To the extent neither damages nor unjust enrichment are provable, for payment of a reasonable royalty pursuant to California Civil Code 3426.3(b);

## On the Twenty-Third Claim for Relief

39.     For entry of judgment that the Debtor's rights in the Property Assets are superior to all competing claims of ownership including any rights claimed by Defendants;

40.     For entry of judgment that the Property Assets constitute property of the bankruptcy Estate pursuant to 11 U.S.C. § 541;

## On the Twenty-Fourth Claim for Relief

41.     For entry of judgment that the vesting to the Tampa Property be adjudicated to be "Rajysan, Inc.;"

## On the Twenty-Fifth Claim for Relief

42.     For entry of judgment compelling Defendants to turnover title to and possession of the Property Assets to the Debtor;

## On the Twenty-Sixth Claim for Relief

43.     For compensatory, general, special, and punitive damages according to proof at trial;

## On the Twenty-Seventh Claim for Relief

44.     For entry of judgment that all property of Debtor retained by the Defendants, including the Tampa Property, is held by Defendants as constructive trustees for Debtor;

FIRST AMENDED COMPLAINT

4819-7863-9984, v. 1/1539-001

**On all Claims for Relief**

45.    That all avoided transfers be preserved pursuant to 11 U.S.C. § 551;

46.    For pre-judgment interest at the maximum rate allowed by law;

47.    For costs incurred by Plaintiff in prosecuting this action; and

48.    For such other and further relief as the Court may deem just and proper.


DATED: August 16, 2018                    MARSHACK HAYS LLP



                                          By: /s/ Chad V. Haes
                                              RICHARD A. MARSHACK
                                              CHAD V. HAES
                                              Attorneys for
                                              THE OFFICIAL COMMITTEE OF
                                              UNSECURED CREDITORS

FIRST AMENDED COMPLAINT
4819-7863-9984, v. 1/1539-001

Exhibit "1"

Gurpreet Sahani
Loan Payable to Rajysun

**2550 · Loan from Shareholder Gurpreet**

| Type | Date | Num | Name | Memo | Class | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Check | 11/21/2013 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen 06/30 - | Rajysun - CA | 1015 · PNC Bank 4138 | 2,600.00 | | -2,600.00 |
| Check | 12/02/2013 | 8307 | State of New Jersey-TGI | Monthly Payments | Rajysun - CA | 1015 · PNC Bank 4138 | 5,104.00 | | -7,704.00 |
| Check | 12/02/2013 | 8308 | State of New Jersey-TGI | Pete and Shaheen Dec. 31,2012 | Rajysun - CA | 1015 · PNC Bank 4138 | 6,990.00 | | -14,694.00 |
| Check | 12/02/2013 | 8309 | State of New Jersey-TGI | Pete and Shaheen Dec. 31, 2011 | Rajysun - CA | 1015 · PNC Bank 4138 | 3,008.00 | | -17,702.00 |
| Check | 12/02/2013 | 8310 | State of New Jersey-TGI | Pete and Sahani 12.31 2010 | Rajysun - CA | 1015 · PNC Bank 4138 | 1,150.00 | | -18,852.00 |
| Check | 12/24/2013 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen 06/30 - | Rajysun - CA | 1015 · PNC Bank 4138 | 2,600.00 | | -21,452.00 |
| Check | 12/30/2013 | 8558 | Internal Revenue Service | Monthly Payments / SH loan Gurpreet of Shaheen Sahani | Rajysun - CA | 1015 · PNC Bank 4138 | 55,000.00 | | -76,452.00 |
| General Journal | 12/31/2013 | 13-40 | | JE.40 ReClass Personal Tax Prep | Rajysun - CA | 6710 · Taxes | 1,061.00 | | -77,513.00 |
| General Journal | 12/31/2013 | 13-61 | | JE.61 ReClass to shareholder loans (Pete) | Rajysun - CA | 2532 · Loan from Shareholder | 75.50 | | -77,588.50 |
| General Journal | 12/31/2013 | J-82 | Franchise Tax Board (CA) | JE.82 To reclassify payments to IRS/FTB for personal taxes | Rajysun - CA | 3033 · Shareholder Distribution (Pete) | 50,224.27 | | -127,812.77 |
| General Journal | 12/31/2013 | J-87 | | JE.87 To reclassify payments to IRS for 2011 personal taxes | Rajysun - CA | 2520 · Loan from Shareholder Aman(a)f1 | 45,056.26 | | -172,869.03 |
| General Journal | 12/31/2013 | J-101 | | JE.101 ReClass Digiparts loan receivable to SH in proportion to their ownership of Digiparts | Rajysun - CA | 2532 · Loan from Shareholder Gurmeef3 | 4,958.00 | | -177,827.03 |
| Check | 01/21/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen 06/30 - | Rajysun - CA | 1015 · PNC Bank 4138 | 2,600.00 | | -180,427.03 |
| Check | 02/20/2014 | ACH Debit | Franchise Tax Board (CA) | Monthly Payments 06/30 - | Rajysun - CA | 1015 · PNC Bank 4138 | 2,600.00 | | -183,027.03 |
| Check | 03/20/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen 06/30 - | Rajysun - CA | 1015 · PNC Bank 4138 | 2,600.00 | | -185,627.03 |
| Bill | 04/02/2014 | 2012 Franchise Tax Board-Office Program 3 | | Monthly Payments / Pete 10037 Tax Year 2012 | Rajysun - CA | 2000 · Accounts Payable | 18,859.10 | | -204,516.13 |
| Check | 04/11/2014 | 9750 | Internal Revenue Service | 2014 Form 1040ES Voucher 1 (Pete/Shaheen) | Rajysun - CA | 1021 · California Bank&Trust - OP#1801 | 42,800.00 | | -247,316.13 |
| Check | 04/11/2014 | 9752 | Franchise Tax Board (CA) | 2014 Form 540-ES (Pete/Shaheen) - Voucher 1 | Rajysun - CA | 1021 · California Bank&Trust - OP#1801 | 14,200.00 | | -261,516.13 |
| Check | 04/21/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen 06/30 - | Rajysun - CA | 1015 · PNC Bank 4138 | 2,600.00 | | -264,116.13 |
| Check | 06/16/2014 | 0426 | United States Treasury - 5100 | Monthly Payments / 2014 Form 1040-ES (Gurpreet/Shaheen) - Voucher 2 | Rajysun - CA | 1021 · California Bank&Trust - OP#1801 | 64,000.00 | | -328,116.13 |
| Check | 06/16/2014 | 0427 | Franchise Tax Board (CA) | 2014 Form 540-ES (Gurpreet/Shaheen) - Voucher 2 | Rajysun - CA | 1021 · California Bank&Trust - OP#1801 | 29,000.00 | | -357,116.13 |
| Bill | 07/01/2014 | 1154 | Armanino, LLP f/ka RBZ, LLP | Accounting Services 6-3, 6/4, Original invoice date: 06/03/14 | Rajysun - CA | 2000 · Accounts Payable | 637.00 | | -357,753.13 |
| Bill | 08/24/2014 | 4-201 | American General Life Insurance | Shaheen M Sahani Life Insurance | Rajysun - CA | 2000 · Accounts Payable | 1,590.00 | | -359,343.13 |
| Bill | 10/10/2014 | 1014 | California Bank & Trust | Cshiers check for IRS | Rajysun - CA | 2000 · Accounts Payable | 98,808.79 | | -458,151.92 |
| Bill | 10/15/2014 | 1514 | Commonwealth of Massachusetts | 2013 Mass Individual Tax Return- Gurpreet Sahani | Rajysun - CA | 2000 · Accounts Payable | 840.00 | | -458,991.92 |
| Bill | 10/15/2014 | 0151 | Franchise Tax Board (CA) | 2013 Tax Payment - Gurpreet Sahani | Rajysun - CA | 2000 · Accounts Payable | 30,000.00 | | -488,991.92 |
| Bill | 12/01/2014 | 3699 | Armanino, LLP f/ka RBZ, LLP | Client 39002 Accounting Services for Period Ending 10/31/2014 - Original Invoice Date 10 | Rajysun - CA | 2000 · Accounts Payable | 6,211.00 | | -495,202.92 |
| Bill | 12/10/2014 | 1014 | State of New Jersey TGI | 4286 and 3802 | Rajysun - CA | 2000 · Accounts Payable | 3,000.00 | | -498,202.92 |
| Bill | 12/10/2014 | 1014 | United States Treasury - 5100 | 4286, Form 1040 2013: | Rajysun - CA | 2000 · Accounts Payable | 216,000.00 | | -714,202.92 |
| Bill | 12/10/2014 | 1014 | Internal Revenue Service | Gurpreet & Shaheen Sahani / Mo Install per Form 9465 | Rajysun - CA | 2000 · Accounts Payable | 23,552.00 | | -737,754.92 |
| Bill | 12/10/2014 | 3967 | New Jersey Gross Income Tax | 3967, Gurpreet and Shaheen Sahani / 2013 Penalty & Interest DLN | Rajysun - CA | 2000 · Accounts Payable | 130.79 | | -737,885.71 |

**Gurpreet Sahani**
**Loan Payable to Rajysan**

| Type | Date | Num | Name | Memo | Class | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Bill | 12/16/2014 | 1614 | Franchise Tax Board (CA) | Penalty on Gurpreet and Shaheen 2013 Taxes | | 2000 · Accounts Payable | 300.15 | | -738,185.86 |
| General Journal | 12/31/2014 | 14-40 | State of New Jerse TGI | JE 40 ReClass 2013 NJ Individual Income Tax Return- | Rajysan - CA | 2521 · Loan from Shareholder | 1,936.00 | | -740,121.86 |
| | | | | | | Amartis#2 | | | |
| Bill | 01/13/2015 | 1315 | United States Treasury OH | Gurpreet Sahani to preoer GL code | | 2000 · Accounts Payable | 130,000.00 | | -870,121.86 |
| Bill | 01/13/2015 | 2014 | Franchise Tax Board (CA) | Gurpreet & Shaheen Sahani:; Form 1040 2013: | Rajysan - CA | 2000 · Accounts Payable | 35,000.00 | | -905,121.86 |
| Bill | 01/29/2015 | 100-Penalty | Franchise Tax Board (CA) | 2014 Gurpreet and Shaheen Forms 100, 100S, 100W, 100X EST | Rajysan - CA | 2000 · Accounts Payable | 181.24 | | -905,303.10 |
| Bill | 02/12/2015 | 215 | United States Treasury OH | Gurpreet & Shaheen Sahani: Form 1040 2013: 2014 Penalty for not efiling | | 2000 · Accounts Payable | 137,265.08 | | -1,042,568.18 |
| Bill | 02/13/2015 | 2013 | State of NJ, Div of Taxation - Ca... TGI-NR 12/2013 SS | +4286/000 Gurpreet and Shaheen Sahani | | 2000 · Accounts Payable | 410.74 | | -1,042,978.92 |
| Bill | 04/15/2015 | 1515 | Gurpreet Sahani* | Shareholder Loan | Rajysan - CA | 2000 · Accounts Payable | 10,000.00 | | -1,052,978.92 |
| Bill | 05/01/2015 | 8028 | Annamino, LLP fka RBZ, LLP | Client 02/01/15 OJD: 02/01/15 59002 Accounting Services for Period Ending | Rajysan - CA | 2000 · Accounts Payable | 750.00 | | -1,053,728.92 |
| Bill | 05/01/2015 | 8658 | Annamino, LLP fka RBZ, LLP | Client 03/01/15 OJD: 03/01/15 59002 Accounting Services for Period Ending | Rajysan - CA | 2000 · Accounts Payable | 750.00 | | -1,054,478.92 |
| Bill | 05/01/2015 | 9551 | Annamino, LLP fka RBZ, LLP | Client 04/01/15 OJD: 04/01/15 59002 Accounting Services for Period Ending | Rajysan - CA | 2000 · Accounts Payable | 750.00 | | -1,055,228.92 |
| Bill | 05/01/2015 | 0200 | Annamino, LLP fka RBZ, LLP | Client 05/01/15 59002 Accounting Services for Period Ending | Rajysan - CA | 2000 · Accounts Payable | 750.00 | | -1,055,978.92 |
| Bill | 07/01/2015 | 2263 | Annamino, LLP fka RBZ, LLP | Client 07/01/15 Retainer - 2015 July 59002 Accounting Services for Period Ending | Rajysan - CA | 2000 · Accounts Payable | 750.00 | | -1,056,728.92 |
| Bill | 07/06/2015 | 20 | Michigan Department of Treasury - DA | File No 19-01-RI Form MI-1040 2010-2013 | Rajysan - CA | 2000 · Accounts Payable | 248.00 | | -1,056,976.92 |
| Bill | 08/01/2015 | 3169 | Annamino, LLP fka RBZ, LLP | Client 08/01/15 Retainer - 2015 August 59002 Accounting Services for Period Ending | Rajysan - CA | 2000 · Accounts Payable | 750.00 | | -1,057,726.92 |
| Bill | 08/07/2015 | 0807 | American Express | American Express Pit 50807 Hanzelik Horton, MDS | | 2000 · Accounts Payable | 322.00 | | -1,058,048.92 |
| Bill | 08/19/2015 | 2013 GS | Internal Revenue Service | Gurpreet & Shaheen Sahani 2013 Form 1040 | | 2000 · Accounts Payable | 1,932.00 | | -1,059,980.92 |
| Bill | 08/19/2015 | 2012 GS | Internal Revenue Service | Gurpreet & Shaheen Sahani 2012 Form 1040 | | 2000 · Accounts Payable | 536.00 | | -1,060,516.92 |
| Bill | 09/01/2015 | 4298 | Annamino, LLP fka RBZ, LLP | Client 09/01/15 Retainer - 2015 September 59002 Accounting Services for Period Ending: | Rajysan - CA | 2000 · Accounts Payable | 750.00 | | -1,061,266.92 |
| Bill | 09/01/2015 | 1343 | Annamino, LLP fka RBZ, LLP | Client 09/01/15 Retainer - 2015 September 59002 Accounting Services for Period Ending: | Rajysan - CA | 2000 · Accounts Payable | 750.00 | | -1,062,016.92 |
| Bill | 12/01/2015 | 7513 | Annamino, LLP fka RBZ, LLP | Client 06/01/15 Retainer - 2015 June OID: 59002 Accounting Services for Period Ending: | Rajysan - CA | 2000 · Accounts Payable | 750.00 | | -1,062,766.92 |
| Bill | 01/01/2016 | 8273 | Annamino, LLP fka RBZ, LLP | Client 11/30/15 Retainer - 2015 December 59002 Accounting Services for Period Ending: | Rajysan - CA | 2000 · Accounts Payable | 750.00 | | -1,063,516.92 |
| Bill | 01/01/2016 | 6073 | Annamino, LLP fka RBZ, LLP | Client 01/31/16 Retainer - 2016 January 59002 Accounting Services for Period Ending: | Rajysan - CA | 2000 · Accounts Payable | 750.00 | | -1,064,266.92 |
| Bill | 01/01/2016 | 7267 | Annamino, LLP fka RBZ, LLP | Client 09/30/15 Retainer - 2015 October O 59002 Accounting Services for Period Ending: | Rajysan - CA | 2000 · Accounts Payable | 750.00 | | -1,065,016.92 |
| Bill | 02/29/2016 | 4938 | Annamino, LLP fka RBZ, LLP | Client 10/31/15 Retainer - 2015 November 59002 Accounting Services for Period Ending: | Rajysan - CA | 2000 · Accounts Payable | 750.00 | | -1,065,766.92 |
| Bill | 04/01/2016 | 0994 | Annamino, LLP fka RBZ, LLP | Client 02/29/16 Retainer - 2016 February 59002 Accounting Services for Period Ending: | Rajysan - CA | 2000 · Accounts Payable | 750.00 | | -1,066,516.92 |
| Bill | 04/30/2016 | 7504 | Annamino, LLP fka RBZ, LLP | Client 03/31/16 Retainer - 2016 March OID 59002 Accounting Services for Period Ending: | Rajysan - CA | 2000 · Accounts Payable | 750.00 | | -1,067,266.92 |
| Bill | 05/31/2016 | 1770 | Annamino, LLP fka RBZ, LLP | Client 04/30/16 Retainer - 2016 April 59002 Accounting Services for Period Ending: | Rajysan - CA | 2000 · Accounts Payable | 4,470.00 | | -1,071,736.92 |
| Deposit | 06/22/2016 | 1382 | Gurpreet Sahani* | Shareholder Loan to Rajysan 2016-06-23 -MULTIPLE- | Rajysan - CA | 1025 · Community Bank - OP.xx4721 | | 40,000.00 | -1,031,736.92 |

Gurpreet Sahani
Loan Payable to Rajysan

| Type | Date | Num | Name | Memo | Class | Split | Debit | Credit | Balance |
|------|------|-----|------|------|-------|-------|-------|--------|---------|
| Deposit | 07/18/2016 | 0718 | Gurpreet Sahani* | Shareholder Loan (Deposited to Comm Bank by SH) | Rajysan - CA | 1025   Community Bank - OP.cs4721 | | 49,970.00 | -981,766.92 |
| Deposit | 07/29/2016 | 1389 | Gurpreet Sahani* | Loan from Shareholder (Check# 1389) | Rajysan - CA | 1025   Community Bank - OP.cs4721 | | 200,000.00 | -781,766.92 |
| Bill | 07/31/2016 | 9144 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysan - CA | 2000   Accounts Payable | 1,500.00 | | -783,266.92 |
| Bill | 10/01/2016 | 6681 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysan - CA | 2000   Accounts Payable | 2,660.00 | | -785,926.92 |
| Bill | 11/01/2016 | 9396 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysan - CA | 2000   Accounts Payable | 2,675.00 | | -788,601.92 |

Exhibit "1"
Page 36

Exhibit "2"

**Gurpreet Sahani**
**Shareholder Distributions**

| Type | Date | Num | Name | Memo | Class | Split | Amount |
|------|------|-----|------|------|-------|-------|--------|
| **3033 · Shareholder Distribution (Pete)** | | | | | | | |
| Check | 10/14/2013 | 7779 | Franchise Tax Board (CA) | Pete Sahani | Rajysan - CA | 1010 · PNC Bank 7255 | 15,576.67 |

Exhibit "3"

**Gurpreet Sahani**
**Unsupported Payments**

| Date | QB Vendor Name | Type | Num | Account | Amount |
|------|---------------|------|-----|---------|--------|
| 10/10/2013 | Gurpreet Sahani | Check | 7711 | 1010 · PNC Bank 7255 | -3,000.00 |
| 11/27/2013 | Gurpreet Sahani | Bill Pmt -Check | 8287 | 1015 · PNC Bank 4138 | 0.00 |
| 02/06/2014 | Gurpreet Sahani | Bill Pmt -Check | 9208 | 1021 · California Bank&Trust -OP#1801 | -5,000.00 |
| 07/18/2014 | Gurpreet Sahani | Bill Pmt -Check | 20156 | 1024 · California Bank&Trust-OP#5981 | -70.50 |
| 02/27/2015 | Gurpreet Sahani | Bill Pmt -Check | 30524 | 1025 · Community Bank - OPxx4721 | -629.14 |
| 03/13/2015 | Gurpreet Sahani | Bill Pmt -Check | 30675 | 1025 · Community Bank - OPxx4721 | -63.00 |
| 03/20/2015 | Gurpreet Sahani | Bill Pmt -Check | 30776 | 1025 · Community Bank - OPxx4721 | -40.89 |
| 04/15/2015 | Gurpreet Sahani | Bill Pmt -Check | 31049 | 1025 · Community Bank - OPxx4721 | -10,000.00 |
| 06/26/2015 | Gurpreet Sahani | Bill Pmt -Check | 31764 | 1025 · Community Bank - OPxx4721 | 0.00 |
| 07/07/2015 | Gurpreet Sahani | Bill Pmt -Check | ACH DR | 1025 · Community Bank - OPxx4721 | -1,092.70 |
| 11/02/2016 | Gurpreet Sahani | Check | 35172 | 1025 · Community Bank - OPxx4721 | -961.84 |
| | | | | | -20,858.07 |

Exhibit "4"

Amarjit Sahani
Loan Payable to Rajyasm

**2521 · Loan from Shareholder Amarjit2**    E-65    106,000.00

| Type | Date | Num | All | Name | Memo | Class | Clr | Split | Clr | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| General Journal | 12/31/2012 | | ○ | | To reclassify 12/21/12 loan from Amarjit to LP Amarjit #3 | | | 2520 · Loan from Shareholder Amarit#1 -SPLIT- | | 106,000.00 | 106,000.00 | |
| General Journal | 02/05/2013 | E-112 | ○ | | To reclassify repayment of loans from SIMPLE IRA plan | | | | | | | 0.00 |
| Bill | 01/16/2014 | 88-55 #1 | | Los Angeles County Tax Collector | 1st installment-second installment due 4/10/14 | Rajyasm - CA | | 2000 · Accounts Payable | | 8,808.43 | | -8,808.43 |
| Check | 01/21/2014 | ACH Debit | | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder  OKJ8 | Rajyasm - CA | | 1015 · PNC Bank 4138 | | 6,200.00 | | -15,008.43 |
| Check | 02/20/2014 | ACH Debit | | Franchise Tax Board (CA) | Monthly Payments / FTB - State Inc Tax Amarjit/Rajinder  OKJ8 | Rajyasm - CA | | 1015 · PNC Bank 4138 | | 6,200.00 | | -21,208.43 |
| General Journal | 02/28/2014 | 4-30 | | | Monthly Payments / JE 30 ReClass to O/S loan Tampa mortgage pymts that were changed to paid by Rajvian on behalf of | Rajyasm - CA | | 2501 · Loan - DRM | | 5,600.00 | | -26,808.43 |
| Bill | 03/06/2014 | Tax Year 2012 | | Department of Treasury | Tax Year (2012) Mr. Sahani & Mrs. Sahani | Rajyasm - CA | | 2000 · Accounts Payable | | 244,997.91 | | -271,806.34 |
| Check | 03/20/2014 | ACH Debit | | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder  OKJ8 | Rajyasm - CA | | 1015 · PNC Bank 4138 | | 6,200.00 | | -278,006.34 |
| Bill | 03/25/2014 | 2013#2 | | Los Angeles County Tax Collector | Monthly Payments / PPTAX 76#7 Densmore - 2013 Install #2 | Rajyasm - CA | | 2000 · Accounts Payable | | 8,007.66 | | -286,014.00 |
| General Journal | 03/31/2014 | 14-33 | | | JE 33 ReClass to O/S loan Tampa mortgage pymts that were changed to paid by Rajvian on behalf of | Rajyasm - CA | | 2501 · Loan - DRM | | 5,600.00 | | -291,614.00 |
| Check | 04/11/2014 | 9751 | | Internal Revenue Service | 2014 Form 1040ES Voucher 1 (Amarjit/Rajinder) | Rajyasm - CA | | 1021 · California Bank&Trust - OP#1801 | | 171,500.00 | | -463,114.00 |
| Check | 04/11/2014 | 9753 | | Franchise Tax Board (CA) | 2014 Form 540-ES (Amarjit/Rajinder) - Voucher 1 | Rajyasm - CA | | 1021 · California Bank&Trust - OP#1801 | | 71,500.00 | | -534,614.00 |
| Check | 04/21/2014 | ACH Debit | | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder  OKJ8 | Rajyasm - CA | | 1015 · PNC Bank 4138 | | 6,200.00 | | -540,814.00 |
| Bill | 05/12/2014 | 1214 | | Franchise Tax Board (CA) | Monthly Payments / Acct # [ ]-50-61 - 2012 TAX | Rajyasm - CA | | 2000 · Accounts Payable | | 715.41 | | -541,529.41 |
| Check | 05/20/2014 | ACH Debit | | Franchise Tax Board (CA) | BALANCE DUE / FTB - State Inc Tax Amarjit/Rajinder  OKJ8 | Rajyasm - CA | | 1015 · PNC Bank 4138 | | 6,200.00 | | -547,729.41 |
| Check | 06/16/2014 | 0428 | | Franchise Tax Board (CA) | Monthly Payments / 2014 Form 540-ES (Amarjit/Rajinder) - Voucher 2 | Rajyasm - CA | | 1021 · California Bank&Trust - OP#1801 | | 139,500.00 | | -687,229.41 |
| Check | 06/16/2014 | 0429 | | United States Treasury - 5100 | 2014 Form 1040-ES (Amarjit/Rajinder) - Voucher 2 | Rajyasm - CA | | 1021 · California Bank&Trust - OP#1801 | | 297,500.00 | | -984,729.41 |
| Check | 06/16/2014 | ACH Debit | | Franchise Tax Board (CA) | FTB 2014 Estimated Corp Tax CA Form 100-ES | Rajyasm - CA | | 1021 · California Bank&Trust - OP#1801 | | 4,000.00 | | -988,729.41 |
| Check | 06/20/2014 | ACH Debit | | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder  OKJ8 | Rajyasm - CA | | 1015 · PNC Bank 4138 | | 6,200.00 | | -994,929.41 |
| General Journal | 06/30/2014 | 14-34 | | | Monthly Payments / JE 34 ReClass Nation/Star Mortgage Pymt to Loan | Rajyasm - CA | | 2501 · Loan - DRM | | | 2,800.00 | -992,129.41 |
| Check | 07/10/2014 | ACH Debit | | Franchise Tax Board (CA) | Final FTB - State Inc Tax Amarjit/Rajinder OP#5981 | Rajyasm - CA | | 1024 · California Bank&Trust- OP#5981 | | 27,666.00 | | -1,019,795.41 |
| Bill | 10/15/2014 | 1514 | | State of New Jersey-TGI | 2013 NJ Individual Income Tax Return-Mr & Mrs Sahani | | | 2000 · Accounts Payable | | 9,044.00 | | -1,028,839.41 |
| Bill | 10/15/2014 | 1514 | | Commonwealth of Massachusetts | 2013 Mass Individual Tax Return | | | 2000 · Accounts Payable | | 3,538.00 | | -1,032,377.41 |
| Bill | 10/15/2014 | 1514 | | State of New Jersey-TGI | 2013 NJ Individual Income Tax Return- Gurpreet Sahani | | | 2000 · Accounts Payable | | 1,936.00 | | -1,034,313.41 |
| Bill | 10/15/2014 | 1514-1 | | Franchise Tax Board (CA) | 2013 Tax Payment - Mr & Mrs Sahani | | | 2000 · Accounts Payable | | 100,000.00 | | -1,134,313.41 |
| Bill | 10/31/2014 | 3114 | | Clerk, United States Tax Court | 2011 Interest Deduction Correction | | | 2000 · Accounts Payable | | 60.00 | | -1,134,373.41 |
| Bill | 10/31/2014 | 3114 | | United States Treasury | CP2000 Tax Year 2012 - Tax Shortage | | | 2000 · Accounts Payable | | 248.00 | | -1,134,621.41 |
| Bill | 12/01/2014 | -002-1 | | Los Angeles County Tax Collector | Prop Tax: 5352 Tampa Ave Tarzana 4002-1 | Rajyasm - CA | | 2000 · Accounts Payable | | 6,330.92 | | -1,140,952.33 |
| Bill | 12/01/2014 | 2014#1 | | Los Angeles County Tax Collector | PPTAX 76#7 Densmore - 4408 2014 Install #1 | Rajyasm - CA | | 2000 · Accounts Payable | | 8,007.31 | | -1,148,959.64 |
| Bill | 12/01/2014 | 2113 | | Armanino, LLP fka RBZ, LLP | Client # 59004  Accounting Services for Period Ending 09/16/2014  Original Invoice Date 09[ ] | Rajyasm - CA | | 2000 · Accounts Payable | | 6,950.30 | | -1,155,909.94 |
| Bill | 12/10/2014 | 1014 | | State of New Jerse TGI | 2014 Form 1415[ ]4121 and[ ]0613 | | | 2000 · Accounts Payable | | 10,000.00 | | -1,165,909.94 |
| Bill | 12/10/2014 | 1014 | | Commonwealth of Massachusetts-022 | 2014 Form 1415[ ]4121 and[ ]0613 | | | 2000 · Accounts Payable | | 5,000.00 | | -1,170,909.94 |
| Bill | 12/10/2014 | 1014 | | Commonwealth of Massachusetts-022 | 2014 Form 1415[ ]286 and[ ]3802 | | | 2000 · Accounts Payable | | 1,500.00 | | -1,172,409.94 |

Exhibit "4"
Page 39

**Amarjit Sahani**
**Loan Payable to Rajysan**

**2521 · Loan from Shareholder Amarjit#2**

| Type | Date | Num | Name | Memo | Class | Clr | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| Bill | 12/10/2014 | 5382 | Commonwealth of Massachusetts-706 | 2013 Late Filing Fee Penalty and Interest: Tax Id [8121] | | | 2000 · Accounts Payable | 577.02 | | -1,172,986.96 |
| Bill | 12/10/2014 | 7141 | Commonwealth of Massachusetts-706 | 2013 Late Filing Fee Penalty and Interest: Tax Id [8121] | | | 2000 · Accounts Payable | 116.69 | | -1,173,103.65 |
| Bill | 12/10/2014 | 1014 | United States Treasury - 5100 | 4286 / 2014 1040 ES #4 | | | 2000 · Accounts Payable | 806,000.00 | | -1,979,103.65 |
| Bill | 12/10/2014 | 1014 | Internal Revenue Service | Amarjit & Rajinder Sahani [8121; Form 1040 2013:] / Mo Install per Form 9465 | | | 2000 · Accounts Payable | 51,036.00 | | -2,030,139.65 |
| Bill | 12/10/2014 | 3384 | New Jersey Gross Income Tax | 2013 Penalty & Interest DLN [3384; Amarjit and Rajinder Sahani] | | | 2000 · Accounts Payable | 615.32 | | -2,030,754.97 |
| Bill | 12/16/2014 | 1614 | United States Treasury-6010 | Tax $870 and Penalty $51 91 - 2013 Penalties | | | 2000 · Accounts Payable | 921.91 | | -2,031,676.88 |
| Bill | 12/16/2014 | 1614 | Franchise Tax Board (CA) | 2013 Penalty Amarjit and Rajinder Sahani | | | 2000 · Accounts Payable | 1,000.49 | | -2,032,677.37 |
| Bill | 12/17/2014 | ER2 | Franchise Tax Board (CA) | -MULTIPLE- | | | 2000 · Accounts Payable | 35,211.96 | | -2,067,889.33 |
| General Journal | 12/31/2014 | 14-40 | State of New Jersie TGI | JE 40 ReClass 2013 NJ Individual Income Tax Return- | Rajysan - CA | | 2550 · Loan from Shareholder | | 1,936.00 | -2,065,953.33 |
| Bill | 01/01/2015 | 7940 | Armanino, LLP fka RBZ, LLP | Gurneet Sahani to reorder GL code / Client [904] Accounting Services for Period Ending 02/28/2014; Original Invoice Date: 02/28/14 | Rajysan - CA | | 2000 · Accounts Payable | 753.50 | | -2,066,706.83 |
| Bill | 01/01/2015 | 0205 | Armanino, LLP fka RBZ, LLP | Client [5904] Accounting Services for Period Ending 03/31/2014; Original Invoice Date: 03/31/14 | Rajysan - CA | | 2000 · Accounts Payable | 1,332.00 | | -2,068,038.83 |
| Bill | 01/01/2015 | 2928 | Armanino, LLP fka RBZ, LLP | Client [5904] Accounting Services for Period Ending 05/31/2014; Original Invoice Date: 05/31/14 | Rajysan - CA | | 2000 · Accounts Payable | 2,238.00 | | -2,070,276.83 |
| Bill | 01/13/2015 | 1315 | United States Treasury | Amarjit & Rajinder Sahani / Form 1040 2013: | Rajysan - CA | | 2000 · Accounts Payable | 600,000.00 | | -2,670,276.83 |
| Bill | 01/13/2015 | 2013 | Franchise Tax Board (CA) | Account [8531 Forms 100, 100S, 100W, 100X 2013] | Rajysan - CA | | 2000 · Accounts Payable | 95,000.00 | | -2,765,276.83 |
| Bill | 01/13/2015 | 2014 | Franchise Tax Board (CA) | Account [8531 Forms 100, 100S, 100W, 100X EST 2014] | Rajysan - CA | | 2000 · Accounts Payable | 118,000.00 | | -2,883,276.83 |
| Bill | 02/12/2015 | 1215 | United States Treasury | Amarjit & Rajinder Sahani / Form 1040 2013: | Rajysan - CA | | 2000 · Accounts Payable | 590,342.16 | | -3,473,618.99 |
| Bill | 02/12/2015 | 013-2 | Franchise Tax Board (CA) | Account [8531 Forms 100, 100S, 100W, 100X 2013] | Rajysan - CA | | 2000 · Accounts Payable | 131,606.24 | | -3,605,225.23 |
| Bill | 02/13/2015 | 2013 | State of NJ, Div of Taxation - A&R Sa | TGI-NR 122013 S[ ...-8121/000 Amarjit S &] / Rajinder K Sahani | Rajysan - CA | | 2000 · Accounts Payable | 2,284.30 | | -3,607,509.53 |
| General Journal | 02/28/2015 | 15-20 | Los Angeles County Tax Collector | JE 20 RC Mr/Mrs Sahani Advances from 2014 to | Rajysan - CA | | -SPLIT- | 29,066.34 | | -3,636,575.87 |
| Bill | 04/01/2015 | 002-2 | Los Angeles County Tax Collector | Shareholder Loan Acct / Prop Tax: 5352 Tampa Ave Tarzana [ ...-002-2 (Per | Rajysan - CA | O | 2000 · Accounts Payable | 0.00 | | -3,636,575.87 |
| Bill | 04/01/2015 | 201#2 | Los Angeles County Tax Collector | Curt, Mrs. Sahani to pay directly) / PPTAX 7647 Densmore [ ...; 2014 Install #2 | Rajysan - CA | | 2000 · Accounts Payable | 8,007.30 | | -3,644,583.17 |
| Bill | 04/09/2015 | 1915 | State of NJ Div of Taxation | [ ...-8121 Sahani, Amarjit] | Rajysan - CA | | 2000 · Accounts Payable | 5,000.00 | | -3,649,583.17 |
| Bill | 04/09/2015 | 1915-2 | State of NJ Div of Taxation | 0613 Sahani, Rajinder [ ...-8121 Sahani, Amarjit and | Rajysan - CA | | 2000 · Accounts Payable | 60,000.00 | | -3,709,583.17 |
| Bill | 04/17/2015 | 1715 | Rajinder Sahani | 0613 Sahani, Rajinder / Shareholder Loan | Rajysan - CA | | 2000 · Accounts Payable | 10,000.00 | | -3,719,583.17 |
| Bill | 05/01/2015 | 8029 | Armanino, LLP fka RBZ, LLP | Client [9004] Accounting Services for Period Ending 02/01/15; OID: 02/01/15 | Rajysan - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,720,583.17 |
| Bill | 05/01/2015 | 8659 | Armanino, LLP fka RBZ, LLP | Client [9004] Accounting Services for Period Ending 03/01/15; OID: 03/01/15 | Rajysan - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,721,583.17 |
| Bill | 05/01/2015 | 5552 | Armanino, LLP fka RBZ, LLP | Client [5904] Accounting Services for Period Ending 04/01/15; OID: 04/01/15 | Rajysan - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,722,583.17 |
| Bill | 05/01/2015 | 0201 | Armanino, LLP fka RBZ, LLP | Client [9004] Accounting Services for Period Ending 05/01/15 | Rajysan - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,723,583.17 |
| Bill | 08/01/2015 | 3171 | Armanino, LLP fka RBZ, LLP | Client [9004] Accounting Services for Period Ending 08/01/15 | Rajysan - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,724,583.17 |
| Bill | 08/19/2015 | 12 AS | Internal Revenue Service | Amarjit S & Rajinder K Sahani  2012 Form 1040 | Rajysan - CA | | 2000 · Accounts Payable | 1,341.00 | | -3,725,924.17 |
| Bill | 08/19/2015 | 13 AS | Internal Revenue Service | Amarjit S & Rajinder K Sahani  2013 Form 1040 | Rajysan - CA | | 2000 · Accounts Payable | 9,087.00 | | -3,735,011.17 |

Exhibit "4"
Page 40

**Amarjit Sahani**
**Loan Payable to Rajysan**

**2521 · Loan from Shareholder Amarjit#2**

| Type | Date | Num | Name | Memo | Class | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Bill | 09/01/2015 | 4274 | Armanino, LLP fka RBZ, LLP | Client █ 9004  Accounting Services for Period Ending: 09/01/15  Retainer - 2015 September | Rajysan - CA | 2000 · Accounts Payable | 1,000.00 | | -3,736,011 17 |
| Bill | 09/01/2015 | 1355 | Armanino, LLP fka RBZ, LLP | Client █ 9004  Accounting for Period Ending: 06/01/15  Retainer - 2015 June   OID: | Rajysan - CA | 2000 · Accounts Payable | 1,000.00 | | -3,737,011 17 |
| Bill | 09/14/2015 | 015 | United States Treasury | Amarjit & Rajinder Sahani Form 1040 2011 : | Rajysan - CA | 2000 · Accounts Payable | 6,434 33 | | -3,743,445 50 |
| Bill | 09/23/2015 | 2315 | Wells Fargo Card Services | Amazon | Rajysan - CA | 2000 · Accounts Payable | 706 83 | | -3,744,152 33 |
| Deposit | 10/07/2015 | 1186 | Amarjit Sahani | Recovery from Shareholder for Personal charge on company card (OCD: 9/23/2015) | Rajysan - CA | 1025 · Community Bank - OPxx4721 | | 706 83 | -3,743,445 50 |
| Bill | 10/15/2015 | 2489 | Franchise Tax Board (CA) | Amarjit & Rajinder Sahani 2014 Taxes CA FTB | Rajysan - CA | 2000 · Accounts Payable | 1,940 00 | | -3,745,385 50 |
| Bill | 10/23/2015 | 2315 | Wells Fargo Card Services | Amazon | Rajysan - CA | 2000 · Accounts Payable | 216 29 | | -3,745,601 79 |
| Bill | 10/25/2015 | 1025 | American Express | Paypal *Crestinopay | Rajysan - CA | 2000 · Accounts Payable | 45 00 | | -3,745,646 79 |
| Bill | 11/01/2015 | 2265 | Armanino, LLP fka RBZ, LLP | Client █ 9004  Accounting Services for Period Ending: 07/01/15  Retainer - 2015 July   OID: | Rajysan - CA | 2000 · Accounts Payable | 1,000.00 | | -3,746,646 79 |
| Bill | 11/09/2015 | 1040 | United States Treasury | #█ 4121  Amarjit S Sahani  2011 Form 1040 | Rajysan - CA | 2000 · Accounts Payable | 36 64 | | -3,746,683 43 |
| Deposit | 11/20/2015 | 1054 | Amarjit Sahani | #█ 4121  Amarjit S Sahani  2011 Form 1040 -MULTIPLE- | Rajysan - CA | 1025 · Community Bank - OPxx4721 | | 261 29 | -3,746,422 14 |
| Bill | 11/24/2015 | 415 | Wells Fargo Card Services | Amazon | Rajysan - CA | 2000 · Accounts Payable | 177 81 | | -3,746,599 95 |
| Bill | 11/24/2015 | 415 | Wells Fargo Card Services | Amazon | Rajysan - CA | 2000 · Accounts Payable | 128 00 | | -3,746,471 95 |
| General Journal | 11/30/2015 | 15-31 | Franchise Tax Board (CA) | JE 31 Correction to Vendor Name on CA Tax Payment from Avril (Ref █ 15-2) | Rajysan - CA | 2521 · Loan from Shareholder Amarjit#2 | 60,000.00 | | -3,806,471 95 |
| General Journal | 11/30/2015 | 15-31 | State of NJ Div of Taxation | JE 31 Correction to Vendor Name on CA Tax Payment from Avril (Ref █ 15-2) | Rajysan - CA | 2521 · Loan from Shareholder Amarjit#2 | | 60,000.00 | -3,746,471 95 |
| Bill | 12/01/2015 | 7515 | Armanino, LLP fka RBZ, LLP | Client █ 9004  Accounting Services for Period Ending: 11/30/15  Retainer - 2015 December | Rajysan - CA | 2000 · Accounts Payable | 1,000.00 | | -3,747,471 95 |
| Deposit | 12/07/2015 | 1055 | Amarjit Sahani | Repayment of Personal Expense on Company CC | Rajysan - CA | 1025 · Community Bank - OPxx4721 | | 49 81 | -3,747,422 14 |
| Bill | 12/23/2015 | 223 | Wells Fargo Card Services | Amazon -MULTIPLE- | Rajysan - CA | 2000 · Accounts Payable | 162 98 | | -3,747,585 12 |
| Bill | 12/25/2015 | 1225 | American Express | ID █ 008 8   2015 Property Tax Installment #1 | Rajysan - CA | 2000 · Accounts Payable | 290 68 | | -3,747,875 80 |
| Bill | 12/31/2015 | 1201561 | Los Angeles County Tax Collector | 7647 Denomore Ave | Rajysan - CA | 2000 · Accounts Payable | 8,751 42 | | -3,756,627 22 |
| General Journal | 12/31/2015 | 15-31 | Sullivan Curtis Monroe | JE 31 - Reclass Shareholder Insurance Premium (2015) | Rajysan - CA | 6240 · Building | 2,248 00 | | -3,758,875 22 |
| General Journal | 12/31/2015 | 1E13 | 0 | JE13 - Shareholder Loan Correction fro MI | Rajysan - CA | -SPLIT- | 1,246 00 | | -3,760,121 22 |
| Bill | 01/01/2016 | 8267 | Armanino, LLP fka RBZ, LLP | Treasury from 07/06/15 Client █ 9004  Accounting Services for Period Ending: 01/31/16  Retainer - 2016 January | Rajysan - CA | 2000 · Accounts Payable | 1,000.00 | | -3,761,121 22 |
| Bill | 01/01/2016 | 6051 | Armanino, LLP fka RBZ, LLP | Client █ 9004  Accounting Services for Period Ending: 09/30/15  Retainer - 2015 October   0 | Rajysan - CA | 2000 · Accounts Payable | 1,000.00 | | -3,762,121 22 |
| Bill | 01/01/2016 | 7316 | Armanino, LLP fka RBZ, LLP | Client █ 9004  Accounting Services for Period Ending: 10/31/15  Retainer - 2015 November | Rajysan - CA | 2000 · Accounts Payable | 1,000.00 | | -3,763,121 22 |
| Deposit | 01/19/2016 | 1204 | Amarjit Sahani | Repay personal charges on company credit card (Ref █ 225) | Rajysan - CA | 1025 · Community Bank - OPxx4721 | | 453 66 | -3,762,667 56 |
| Bill | 01/25/2016 | 0125 | American Express | Acct #1-12004  Statement Date: 01/25/16  Amarjit S Sahani | Rajysan - CA | 2000 · Accounts Payable | 196 14 | | -3,762,863 70 |
| Deposit | 02/19/2016 | 1209 | Amarjit Sahani | Repay personal charges on company credit card (Ref █ 0125) | Rajysan - CA | 1025 · Community Bank - OPxx4721 | | 196 14 | -3,762,667 56 |
| Bill | 02/23/2016 | 0223 | Wells Fargo Card Services | AmazonOverstock | Rajysan - CA | 2000 · Accounts Payable | 211 25 | | -3,762,878 81 |
| General Journal | 02/29/2016 | 16-31 | 0 | JE 31 Reclass Shareholder Insurance Premium on VN Property (2016-17) | Rajysan - CA | 1320 · Prepaid Insurance | 2,310 00 | | -3,765,188 81 |
| Bill | 02/29/2016 | 4941 | Armanino, LLP fka RBZ, LLP | Client █ 9004  Accounting Services for Period Ending: 02/29/16  Retainer - 2016 February | Rajysan - CA | 2000 · Accounts Payable | 1,000.00 | | -3,766,188 81 |

**Amarjit Sahani**
**Loan Payable to Rajysun**

**2521 · Loan from Shareholder Amarjit#2**

| Type | Date | Num | Name | Memo | Class | Clr | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| Deposit | 03/17/2016 | 1211 | Amarjit Sahani | Repayment of Personal Charges on Company CC | | | 1025 · Community Bank - OPxx0721 | | 211.25 | -3,765,977.56 |
| Deposit | 03/18/2016 | 2999 | Rajinder Sahani | -MULTIPLE- | Rajysun - CA | | 1025 · Community Bank - OPxx0721 | | 250,000.00 | -3,515,977.56 |
| Bill | 03/23/2016 | 0323 | Wells Fargo Card Services | Q Market/Amazon | Rajysun - CA | | 2000 · Accounts Payable | 415.90 | | -3,516,393.46 |
| Bill | 03/25/2016 | 201582 | Los Angeles County Tax Collector | ID ...008 8  2015 Property Tax Installment #2 / 7647 Denemore Ave | Rajysun - CA | | 2000 · Accounts Payable | 7,955.84 | | -3,524,349.30 |
| Deposit | 03/28/2016 | 781 | Amarjit Sahani | Property Tax Repayment (Trans dated 3/25/2016) | Rajysun - CA | | 1025 · Community Bank - OPxx0721 | | 7,955.84 | -3,516,393.46 |
| Check | 04/01/2016 | ACH DR | Internal Revenue Service | IRS Form 1040 2012/2013 Tax Payment (Amarjit & Rajinder Sahani) | Rajysun - CA | | 1025 · Community Bank - OPxx0721 | 2,753.00 | | -3,519,146.46 |
| Bill | 04/01/2016 | 1004 | Armanino, LLP fka RBZ, LLP | Client ...9004  Accounting Services for Period Ending: 03/31/16  Retainer - 2016 March OID | Rajysun - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,520,146.46 |
| Bill | 04/06/2016 | ...406 | Citi Cards #3514 Amarjit S Sahani | Acct ending in #3514 Balance as of 04/06/16 | Rajysun - CA | | 2000 · Accounts Payable | 369.06 | | -3,520,515.52 |
| Deposit | 04/20/2016 | 1198 | Amarjit Sahani | Repayment of Personal Charges on Company CC | Rajysun - CA | | 1025 · Community Bank - OPxx0721 | | 784.96 | -3,519,730.56 |
| Bill | 04/25/2016 | ...0425 | Wells Fargo Card Services | Coakley Tech | Rajysun - CA | | 2000 · Accounts Payable | 62.44 | | -3,519,793.00 |
| Bill | 04/30/2016 | 7510 | Armanino, LLP fka RBZ, LLP | Client ...9004  Accounting Services for Period Ending: 04/30/16  Retainer - 2016 April | Rajysun - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,520,793.00 |
| Check | 05/02/2016 | ACH DR | Internal Revenue Service | IRS Form 1040 2012/2013 Tax Payment (Amarjit & Rajinder Sahani) | Rajysun - CA | | 1025 · Community Bank - OPxx0721 | 2,753.00 | | -3,523,546.00 |
| Bill | 05/31/2016 | 1781 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysun - CA | | 2000 · Accounts Payable | 7,181.25 | | -3,530,727.25 |
| Check | 06/01/2016 | ACH DR | Internal Revenue Service | IRS Form 1040 2012/2013 Tax Payment (Amarjit & Rajinder Sahani) | Rajysun - CA | | 1025 · Community Bank - OPxx0721 | 2,753.00 | | -3,533,480.25 |
| Deposit | 06/06/2016 | 1379 | Amarjit Sahani | Shareholder Loan# ...0606 ($100K) | Rajysun - CA | | 1025 · Community Bank - OPxx0721 | | 100,000.00 | -3,433,480.25 |
| Deposit | 06/10/2016 | 1381 | Rajinder Sahani | Loan From Shareholder 6/10/2016 (Chk# 1381) | Rajysun - CA | | 1025 · Community Bank - OPxx0721 | | 100,000.00 | -3,333,480.25 |
| Deposit | 06/23/2016 | 0623 | Rajinder Sahani | Loan from Shareholder 6/23/2016 | Rajysun - CA | | 1025 · Community Bank - OPxx0721 | | 50,000.00 | -3,283,480.25 |
| Deposit | 07/12/2016 | 98 | -MULTIPLE- | -MULTIPLE- | Rajysun - CA | | 1025 · Community Bank - OPxx0721 | | 50,000.00 | -3,233,480.25 |
| Deposit | 07/28/2016 | 1411 | -MULTIPLE- | Loan From Shareholder A Sahani & R Sahani (Check# 1411) | Rajysun - CA | | 1025 · Community Bank - OPxx0721 | | 550,000.00 | -2,683,480.25 |
| Bill | 07/31/2016 | 9146 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysun - CA | | 2000 · Accounts Payable | 2,000.00 | | -2,685,480.25 |
| Deposit | 08/12/2016 | 1421 | Amarjit Sahani | Loan from Shareholder (Chk# 1421) | Rajysun - CA | | 1025 · Community Bank - OPxx0721 | | 500,000.00 | -2,185,480.25 |
| Deposit | 09/28/2016 | 0232 | Amarjit Sahani | Shareholder Loan to Cover Lender Purchase AHW LLC | Rajysun - CA | | 1025 · Community Bank - OPxx0721 | | 8,900.00 | -2,176,580.25 |
| Bill | 10/01/201 | 6735 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysun - CA | | 2000 · Accounts Payable | 5,754.50 | | -2,182,334.75 |
| Bill | 11/01/2016 | 9409 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysun - CA | | 2000 · Accounts Payable | 2,400.00 | | -2,184,734.75 |
| Credit | 12/28/2016 | ...0144 R | Altman USA Corporation (AUC) | reverse deposit | | | 2000 · Accounts Payable | | 190,440.00 | -1,994,294.75 |

# Exhibit "5"

**Amarjit Sahani**
**Shareholder Distributions**

| Type | Date | Num | Name | Memo | Class | Split | Amount |
|---|---|---|---|---|---|---|---|
| **3031 · Shareholder Distribution (Amarj)** | | | | | | | |
| Check | 10/14/2013 | 7780 | Franchise Tax Board (CA) | -0613 | Rajysan - CA | 1010 · PNC Bank 7255 | 34,519.33 |

# Exhibit "6"

**Amarjit Sahani**
**Unsupported Payments**

| Date | QB Vendor Name | Type | Num | Account | Amount |
|------|---------------|------|-----|---------|--------|
| 08/01/2013 | Amarjit Sahani | Check | 7142 | 1010 · PNC Bank 7255 | -1,200.00 |
| 08/29/2013 | Amarjit Sahani | Check | 7419 | 1010 · PNC Bank 7255 | -1,250.00 |
| 09/25/2013 | Amarjit Sahani | Check | 7617 | 1010 · PNC Bank 7255 | -1,250.00 |
| 10/31/2013 | Amarjit Sahani | Check | 8089 | 1015 · PNC Bank 4138 | -1,250.00 |
| 12/02/2013 | Amarjit Sahani | Check | 8299 | 1015 · PNC Bank 4138 | -1,250.00 |
| 01/02/2014 | Amarjit Sahani | Check | 8616 | 1015 · PNC Bank 4138 | -1,250.00 |
| 02/04/2014 | Amarjit Sahani | Check | 9146 | 1021 · California Bank&Trust -OP#1801 | -1,250.00 |
| 02/28/2014 | Amarjit Sahani | Check | 9328 | 1021 · California Bank&Trust -OP#1801 | -1,250.00 |
| 03/07/2014 | Amarjit Sahani | Bill Pmt -Check | 9475 | 1021 · California Bank&Trust -OP#1801 | -1,176.58 |
| 05/19/2014 | Amarjit Sahani | Bill Pmt -Check | 10196 | 1021 · California Bank&Trust -OP#1801 | 0.00 |
| 05/19/2014 | Amarjit Sahani | Bill Pmt -Check | 10197 | 1021 · California Bank&Trust -OP#1801 | -1,200.00 |
| 06/20/2014 | Amarjit Sahani | Bill Pmt -Check | 10439 | 1021 · California Bank&Trust -OP#1801 | -512.30 |
| 11/21/2014 | Amarjit Sahani | Bill Pmt -Check | 21310 | 1024 · California Bank&Trust-OP#5981 | -255.83 |
| 01/14/2015 | Amarjit Sahani | Credit Card Charge | | 2067 · California Bank & Turst -x4801 | -186.25 |
| | | | | | -16,425.67 |

Exhibit "7"

**Rajinder Sahani**
**Unsupported Payments**

| Date | QB Vendor Name | Type | Num | Account | Amount |
|---|---|---|---|---|---|
| 11/01/2013 | Rajinder Sahani | Check | 8175 | 1015 · PNC Bank 4138 | -49.31 |
| 12/13/2013 | Rajinder Sahani | Bill Pmt -Check | 8434 | 1015 · PNC Bank 4138 | -2,494.00 |
| 04/04/2014 | Rajinder Sahani | Bill Pmt -Check | 9723 | 1021 · California Bank&Trust -OP#1801 | -583.00 |
| 07/03/2014 | Rajinder Sahani | Bill Pmt -Check | 20025 | 1024 · California Bank&Trust-OP#5981 | -11,866.14 |
| 04/17/2015 | Rajinder Sahani | Bill Pmt -Check | 31104 | 1025 · Community Bank - OPxx4721 | -10,000.00 |
| | | | | | (24,992.45) |

Exhibit "8"

# AJYSAN, INC.

February 5, 2013

Mr. Mitch Imielinski, President.
Red-D-Arc Welderrentals, Inc.
Airgas Inc.
685 Lee Industrial Boulevard
Austell, Georgia 30168.

Ref: LOI for Purchase of Tier 3 Generators.

Dear Mitch,

In keeping with our discussions to date, this document serves as a Letter of Intent for Red-D-Arc Inc. (RDA the "Buyer") to purchase and for Rajysan Inc., a California corporation (Rajysan the "Seller") to sell a combination of SDG65, SDG100, SDG125 and SDG150, Tier 3 based MMD PowerPro Generators.

This Letter of Intent is being given for the purpose of furthering the good faith discussions between parties so that a final definitive written agreement outlining all of the terms of the transaction herein can be negotiated and executed by the parties.

The following are the proposed terms under which Rajysan is willing to commit to sell the generators.

1. Rajysan will sell and RDA will purchase Six Hundred (600) in each of the fiscal years, 2013, 2014 and 2015 for a total of 1800 units. As on February 4, 2013, RDA has already confirmed its orders for 2013 fiscal year in quantities of 95 and 505 units for a total of 600 units.

2. For the balance 1200 units, RDA will determine the product mix of the Generators from a combination of SDG65, SDG100, SDG125 and SDG150. All of the Generators shall be Tier 3 based. Isuzu engines are preferred. Other models may be added to the mix by mutual consent.

3. The unit purchase price for each model for fiscal year 2013 shall be as follows;
   a. SDG65 with trailer.   US$30,600/-.
   b. SDG125 with trailer.  US$49,400/-.
   c. SDG150 with trailer.  US$58,300/-.

  

Corporate Office: 7700 Densmore Avenue, Van Nuys, California 91406. U.S.A.

# AJYSAN, INC.

4. The prices quoted shall be fixed for the fiscal year 2013. For purchases in 2014 & 2015 the unit purchase price for each model shall be discussed and agreed upon before the orders are confirmed.

5. Our preferred payment terms are an Irrevocable Letter of Credit (L/C) with payment At Sight, to be issued for the benefit of Rajysan Inc or any of its assignees. If other payment terms are sought by either RDA or Rajysan, they will be discussed at time of acceptance of order.

We look forward to working with you to bring this transaction to a successful conclusion. We hope that this is just the beginning of a long and productive relationship.

Please acknowledge your willingness to move forward with this transaction by executing a copy of this letter.

Sincerely,

RAJYSAN, INC.

BY:

Gurmeet Sahani, President.

Agreed to and accepted as of
February 8, 2013

Red-D-Arc Inc, SUBSIDIARY OF
AIRGAS, INC.

BY:
Mitch Imielinski, President.





Corporate Office: 7700 Densmore Avenue, Van Nuys, California 91406. U.S.A.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): FIRST AMENDED COMPLAINT FOR: (1) AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL TRANSFERS; (2) AVOIDANCE, RECOVERY, AND PRESERVATION OF INTENTIONAL FRAUDULENT TRANSFERS; (3) AVOIDANCE, RECOVERY, AND PRESERVATION OF CONSTRUCTIVE FRAUDULENT TRANSFERS; (4) BREACH OF FIDUCIARY DUTY; (5) CONVERSION/ MISAPPROPRIATION; (6) CIVIL LIABILITY UNDER PENAL CODE § 496; (7) UNFAIR BUSINESS PRACTICES (BUSINESS AND PROFESSIONS CODE § 17200); (8) MISAPPROPRIATION OF TRADE SECRETS; (9) DECLARATORY RELIEF; (10) QUIET TITLE; (11) TURNOVER; (12) CONSPIRACY; AND (13) CONSTRUCTIVE TRUST
will be served or was served **(a) on the judge in chambers** in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 16, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- ATTORNEYS FOR PLAINTIFF: Chad V Haes    chaes@marshackhays.com,
  8649808420@filings.docketbird.com
- U.S. TRUSTEE: United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
  
  ☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **August 16, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 16, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Via Personal Delivery
PRESIDING JUDGE'S COPY
Bankruptcy Judge Deborah J. Saltzman
United States Bankruptcy Court, Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634 / Courtroom 1639
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 16, 2018 | Chanel Mendoza | /s/ Chanel Mendoza |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
4841-3978-8399, v. 1/1539-001

**F 9013-3.1.PROOF.SERVICE**

## 2. SERVED BY UNITED STATES MAIL: con't

| | |
|---|---|
| **Defendant**<br>Gurpreet Sahani<br>3825 Gleneagles Drive<br>Tarzana, CA 91356-5624 | **Defendant**<br>Rajinder Sahani<br>5352 Tampa Avenue<br>Tarzana, CA 91356-3023 |
| **Defendant**<br>Amarjit Sahani<br>5352 Tampa Avenue<br>Tarzana, CA 91356-3023 | **Defendant**<br>Shaheen Sahani<br>3825 Gleneagles Drive<br>Tarzana, CA 91356-5624 |
| **Defendant**<br>Gurpreet Sahani as Trustee of The Green Acres Trust<br>Dated May 10, 2017<br>3825 Gleneagles Drive<br>Tarzana, CA 91356-5624 | **Courtesy Copy to:**<br>**Attorneys for Gurmeet Sahani in the Bankruptcy Proceeding**<br>Jeremy W. Faith, Esq.<br>Monsi Morales, Esq.<br>MARGULIES FAITH LLP<br>16030 Ventura Blvd., Suite 470<br>Encino, CA 91436 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>THE OFFICIAL COMMITTEE OF UNSECURED<br>CREDITORS of the bankruptcy estate of Rajsyan, Inc., dba<br>MMD Equipment, a California Corporation | DEFENDANTS<br>GURPREET SAHANI; GURPREET SAHANI AS<br>TRUSTEE; RAJINDER SAHANI; AMARJIT SAHANI;<br>SHAHEEN SAHANI |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Marshack Hays LLP<br>870 Roosevelt, Irvine, CA 92620<br>Telephone: (949) 333-7777 / Facsimile: (949) 333-7778 | ATTORNEYS (If Known)<br>Unknown |
| PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

First Amended Complaint for: (1) Avoidance, Recovery, and Preservation of Preferential Transfers; (2) Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers; (3) Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers; (4) Breach of Fiduciary Duty; (5) Conversion/ Misappropriation; (6) Civil Liability Under Penal Code § 496; (7) Unfair Business Practices (Business and Professions Code § 17200); (8) Misappropriation of Trade Secrets; (9) Declaratory Relief; (10) Quiet Title; (11) Turnover; (12) Conspiracy; and (13) Constructive Trust

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/ Revocation of Discharge**
☐ 41-Objection/re vocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 -Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
      (other than domestic support)
☐ 65 -Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 -Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 -Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91 -Declaratory judgment

**FRBP 7001(10) Deter mi nation of Remove d Act ion**
☐ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court
      if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☒ Demand $ $13 million |
| Other Relief Sought | |



B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>RAJYSAN, INC. dba MMD EQUIPMENT | BANKRUPTCY CASE NO.<br>9:17-bk-11363-DS | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Santa Barbara | NAME OF JUDGE<br>Honorable Deborah Saltzman |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Chad V. Haes | | |
| DATE<br>August 16, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Chad V. Haes | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.


American LegalNet, Inc.
www.FormsWorkFlow.com

Docket No. 55

1  RICHARD A. MARSHACK, #107291
   rmarshack@marshackhays.com
2  CHAD V. HAES, #267221
   chaes@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for
   The Official Committee of Unsecured Creditors

7

8              UNITED STATES BANKRUPTCY COURT

9     CENTRAL DISTRICT OF CALIFORNIA - SANTA BARBARA DIVISION

10  In re                          Case No. 9:17-bk-11363-DS

11  RAJYSAN, INC. dba MMD EQUIPMENT, a   Chapter 11
    California Corporation,
12                                  Adv. No. 9:18-ap-01040-DS
          Debtor and Debtor-In-Possession.
13                                  SECOND AMENDED COMPLAINT FOR:
                                      (1) AVOIDANCE, RECOVERY, AND
14                                         PRESERVATION OF PREFERENTIAL
                                           TRANSFERS;
15  THE OFFICIAL COMMITTEE OF          (2) AVOIDANCE, RECOVERY, AND
    UNSECURED CREDITORS of the bankruptcy     PRESERVATION OF INTENTIONAL
16  estate of Rajysan, Inc., dba MMD Equipment, a   FRAUDULENT TRANSFERS;
    California Corporation,            (3) AVOIDANCE, RECOVERY, AND
17                                         PRESERVATION OF CONSTRUCTIVE
          Plaintiff(s),                    FRAUDULENT TRANSFERS;
18                                    (4) BREACH OF FIDUCIARY DUTY;
    v.                                (5) CONVERSION/ MISAPPROPRIATION;
19                                    (6) CIVIL LIABILITY UNDER PENAL
    GURPREET SAHANI; GURPREET SAHANI        CODE § 496;
20  AS TRUSTEE OF THE GREEN ACRES TRUST   (7) UNFAIR BUSINESS PRACTICES
    DATED MAY 10, 2017; RAJINDER SAHANI;     (BUSINESS AND PROFESSIONS CODE
21  AMARJIT SAHANI; SHAHEEN SAHANI,         § 17200);
                                      (8) MISAPPROPRIATION OF TRADE
22        Defendant(s).                    SECRETS;
                                      (9) DECLARATORY RELIEF;
23                                    (10) QUIET TITLE;
                                      (11) TURNOVER;
24                                    (12) CONSPIRACY;
                                      (13) CONSTRUCTIVE TRUST; AND
25                                    (14) AVOIDANCE, RECOVERY, AND
                                           PRESERVATION OF TRILATERAL
26                                         PREFERENTIAL TRANSFERS

27                                   [11 U.S.C. §§ 542, 544, 547, 548(A)(1)(A), 550,
                                     and 551; California Civil Code §§ 3439 *et seq.*
28                                   and 3426.3(A); California Penal Code § 496]

TO THE HONORABLE DEBORAH SALTZMAN, UNITED STATES BANKRUPTCY JUDGE,
THE OFFICE OF THE UNITED STATES TRUSTEE, DEFENDANTS, AND ALL INTERESTED
PARTIES:

Plaintiff, The Official Committee of Unsecured Creditors ("Plaintiff" or "Committee") of the
Bankruptcy Estate ("Estate") of Rajysan, Inc., dba MMD Equipment, a California Corporation
("Debtor"), files this Second[1] Amended Complaint against Gurpreet Sahani as Trustee of the Green
Acres Trust dated May 10, 2017 and the Debtor's shareholders, officers, and directors, Gurpreet
Sahani, Rajinder Sahani, Amarjit Sahani, and Shaheen Sahani (sometimes collectively referred to as
the "Defendants"), and alleges as follows:

## Parties

1.      On July 29, 2017 ("Petition Date"), Rajysan, Inc., dba MMD Equipment, a California
Corporation ("Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States
Code.

2.      On August 31, 2017, the United States Trustee filed a Notice of Appointment and
Appointment of Committee Members to serve on the Committee.

3.      On February 27, 2018, the Court entered an order ("Order") approving a stipulation
("Stipulation") whereby Debtor assigned certain claims against Defendants to the Committee
("Insider Claims"). This complaint contains the Insider Claims assigned to the Committee.

4.      Defendant Gurpreet Sahani ("Gurpreet") is an individual residing in the county of Los
Angeles, California, and on the Petition Date was an officer, director and the owner of 16% of the
stock of Debtor.

5.      Defendant Gurpreet Sahani as Trustee of the Green Acres Trust dated May 10, 2017
("Trustee") was and now is the trustee of the Trust.

6.      Defendant Shaheen Sahani, also known as Shaheen Mulla Feroze ("Shaheen"), is an
individual residing in the county of Los Angeles, California, and the spouse of Gurpreet.

---

[1] Complaint originally filed on August 6, 2018. First Amended Complaint filed on August 16, 2018. Per
stipulation filed on December 6, 2018, and order approving such stipulation entered on December 10, 2018,
Plaintiff may file a second amended complaint within twenty days after conclusion of mediation. Mediation
was concluded by formal written notice on July 17, 2019.

7.   Defendant Rajinder Sahani ("Rajinder") is an individual residing in the county of Los Angeles, California, and on the Petition Date was an officer, director and the owner of 33% of the stock of Debtor. Rajinder is also the spouse of Amarjit.

8.   Defendant Amarjit Sahani ("Amarjit") is an individual residing in the County of Los Angeles, California, and on the Petition Date was an officer, director and the owner of 33% of the stock of Debtor. Amarjit is also the spouse of Rajinder.

9.   Defendants Gurpreet, Rajinder, Amarjit, and Shaheen ("Insider Defendants") are insiders of the Debtor pursuant to 11 U.S.C. § 101(31).

## Statement of Jurisdiction and Venue

10.   This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate); (F) (proceedings to determine, avoid, or recover preferences); (H) (proceedings to recover fraudulent transfers); and (O) (other proceedings affecting the liquidation of the assets of the estate). To the extent any claim for relief in this complaint is determined to be a *Stern*-claim or not to be a core proceeding, Plaintiff consents to entry of final judgment and orders by the Bankruptcy Court.

11.   Plaintiff has standing to bring this action pursuant to 11 U.S.C. § 323 and the Order approving the Stipulation.

12.   This Court has jurisdiction over the above-captioned adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this civil proceeding arises in, arises under, and relates to the bankruptcy cases pending in the United States Court for the Central District of California, Santa Barbara Division, entitled *In re Rajysan, Inc., dba MMD Equipment, a California Corporation*, and administered under assigned Case No. 9:17-bk-11363-DS.

13.   Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United States Code as provided in 28 U.S.C. §§ 1408 and 1409.

/ / /

/ / /

/ / /

SECOND AMENDED COMPLAINT
4814-4822-7228, v. 1/1539-001

## General Allegations

## Relating to Transfers to Gurpreet

14.    Plaintiff alleges that during the four-year period prior to the Petition Date, and for periods prior to the four-year period as any statutes were tolled: (a) until discovery; (b) under the doctrine of adverse domination; and (c) are extended to ten (10) years as the IRS has filed a proof of claim ("Tolling Period"), Debtor made multiple loans, distributions, and/or transfers of property to Gurpreet, or on behalf of Gurpreet in the form of electronic transfers, journal entries, checks, or cashier's checks ("Gurpreet Loan Transfers"). The full extent of the Gurpreet Loan Transfers made by Debtor to Gurpreet will be proven at the time of trial, but are in an amount not less than $788,601.92 as set forth in **Exhibit 1**.

15.    Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period, Debtor made multiple loans, distributions, and transfers of property to Gurpreet, or on behalf of Gurpreet in the form of electronic transfers, journal entries, checks, or cashier's checks ("Gurpreet Distribution Transfers"). The full extent of the Gurpreet Distribution Transfers made by Debtor to Gurpreet will be proven at the time of trial, but are in an amount not less than $15,576.67 as set forth in **Exhibit 2**.

16.    Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period, Debtor made multiple loans, distributions, and transfers of property to Gurpreet, or on behalf of Gurpreet in the form of electronic transfers, journal entries, checks, or cashier's checks ("Gurpreet Cash Transfers"). The full extent of the Gurpreet Cash Transfers made by Debtor to Gurpreet will be proven at the time of trial, but are in an amount not less than $20,858.07 as set forth in **Exhibit 3**.

17.    The Gurpreet Loan Transfers, Gurpreet Distribution Transfers, and Gurpreet Cash Transfers may sometimes collectively hereafter be referred to as the "Gurpreet Transfers." Each of the Gurpreet Transfers is a "transfer" as that term is defined in 11 U.S.C. § 101(54).

18.    Plaintiff alleges that the Gurpreet Transfers were made on account of personal debt owed by Gurpreet and/or Gurpreet's spouse, Shaheen.

/ / /

SECOND AMENDED COMPLAINT

19. Plaintiff alleges that the Debtor did not have sufficient cash assets and/or income to meet its existing obligations at the time the Gurpreet Transfers were made.

20. Plaintiff alleges that Debtor was insolvent at the time the Gurpreet Transfers were made.

21. Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period, Gurpreet had possession of a 2009 Mercedes Benz E350 automobile ("Gurpreet Auto"). The Kelly Blue Book value of the vehicle is between $8,907-$11,089.

22. Plaintiff alleges that the Gurpreet Auto was primarily for Gurpreet's personal use.

23. Plaintiff alleges that each of the Gurpreet Transfers, Gurpreet's possession of the Gurpreet Auto, and all payments made by Debtor toward the Gurpreet Auto caused general harm to creditors of the Debtor and did not create any damage particular to any of the Debtor's creditors.

## General Allegations
## Relating to Transfers to Amarjit

24. Plaintiff alleges that during the four-year period prior to the Petition Date, and during the Tolling Period, Debtor made multiple loans, distributions, and transfers of property to Amarjit, or on behalf of Amarjit in the form of electronic transfers, journal entries, checks, or cashier's checks ("Amarjit Loan Transfers"). The full extent of the Amarjit Loan Transfers made by Debtor to Amarjit will be proven at the time of trial, but are in an amount not less than $1,994,294.75 as set forth in **Exhibit 4**.

25. Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period, Debtor made multiple loans, distributions and transfers of property to Amarjit, or on behalf of Amarjit in the form of electronic transfers, journal entries, checks, or cashier's checks ("Amarjit Distribution Transfers"). The full extent of the Amarjit Distribution Transfers made by Debtor to Amarjit will be proven at the time of trial, but are in an amount not less than $34,519.33 as set forth in **Exhibit 5**.

26. Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period, Debtor made multiple loans, distributions and transfers of property to Amarjit, or on behalf of Amarjit in the form of electronic transfers, journal entries, checks, or cashier's checks

4

("Amarjit Cash Transfers"). The full extent of the Amarjit Cash Transfers made by Debtor to Amarjit will be proven at the time of trial, but are in an amount not less than $16,425.67 as set forth in **Exhibit 6**.

27.    The Amarjit Loan Transfers, Amarjit Distribution Transfers, and Amarjit Cash Transfers may sometimes collectively hereafter be referred to as the "Amarjit Transfers." Each of the Amarjit Transfers is a "transfer" as that term is defined in 11 U.S.C. § 101(54).

28.    Plaintiff alleges that the Amarjit Transfers were made on account of personal debt owed by Amarjit and/or Amarjit's spouse, Rajinder.

29.    Plaintiff alleges that the Debtor did not have sufficient cash assets and/or income to meet its existing obligations at the time the Amarjit Transfers were made.

30.    Plaintiff alleges that Debtor was insolvent at the time the Amarjit Transfers were made.

31.    Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period Amarjit had possession of a 2015 BMW 750LI automobile ("Amarjit Auto"). The Kelly Blue Book value of the vehicle is between $34,503-$59,090.

32.    Plaintiff alleges that the Amarjit Auto was primarily for Amarjit's personal use.

33.    Plaintiff alleges that each of the Amarjit Transfers, Amarjit's possession of the Amarjit Auto, and all payments made by Debtor toward the Amarjit Auto caused general harm to creditors of the Debtor and did not create any damage particular to any of the Debtor's creditors.

<div align="center">

**General Allegations**

**Relating to Transfers to Rajinder**

</div>

34.    Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period, Debtor made multiple loans, distributions and transfers of property to Rajinder, or on behalf of Rajinder in the form of electronic transfers, journal entries, checks, or cashier's checks ("Rajinder Transfers"). The full extent of the Rajinder Transfers made by Debtor to Rajinder will be proven at the time of trial, but are in an amount not less than $24,992.45 as set forth in **Exhibit 7**.

/ / /

<div align="center">

5

SECOND AMENDED COMPLAINT

</div>

35.     Each of the Rajinder Transfers is a "transfer" as that term is defined in 11 U.S.C. § 101(54).

36.     Plaintiff alleges that the Rajinder Transfers were made on account of personal debt owed by Defendant Rajinder and/or Rajinder's spouse, Amarjit.

37.     Plaintiff alleges that the Debtor did not have sufficient cash assets and/or income to meet its existing obligations at the time the Rajinder Transfers were made.

38.     Plaintiff alleges that Debtor was insolvent at the time the Rajinder Transfers were made.

39.     Plaintiff alleges that each of the Rajinder Transfers caused general harm to creditors of the Debtor and did not create any damage particular to any of the Debtor's creditors.

## General Allegations

## Relating to Transfers of All Insider Defendants

40.     Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period, Insider Defendants, and each of them, caused Debtor to incur unsecured debt ("Unsecured Debt") knowing that the Debtor lacked the ability to repay the Unsecured Debt.

41.     Plaintiff alleges that Insider Defendants monetized product inventory at cost to pay down certain secured debt, for which Defendants had personal liability ("Sales at Cost"). The full extent of the Unsecured Debt and the Sales at Cost will be proven at the time of trial.

42.     Plaintiff alleges that the Debtor did not have sufficient cash assets and/or income to meet its existing obligations at the time of the Sales at Cost.

43.     Plaintiff alleges that Debtor was insolvent at the time of the Sales at Cost.

44.     Plaintiff alleges that the Unsecured Debt and the Sales at Cost caused Debtor's insolvency, eliminated Debtor's ability to pay its debts as they came due, resulted in the instant bankruptcy case, and resulted in general unsecured creditor claims against Debtor in excess of $13 million.

45.     Plaintiff alleges that incurring the Unsecured Debt and the Sales at Cost caused general harm to creditors of the Debtor and did not create any damage particular to any of the Debtor's creditors.

SECOND AMENDED COMPLAINT

**General Allegations**

**Relating to Diversion of Business**

46.     Plaintiff alleges that on February 5, 2013, Debtor and Red-D-Arc Welderrentals, Inc. ("RDA") entered into a letter of intent ("LOI") wherein RDA agreed to purchase from Debtor approximately $100 million of machinery and equipment, including hundreds of industrial generators with trailers. A true and correct copy of the LOI is attached as **Exhibit 8**.

47.     Plaintiff alleges that, despite the LOI, Debtor's revenues declined in 2014 when they should have increased exponentially.

48.     Plaintiff is informed and believes and thereon alleges that Insider Defendants diverted the RDA orders and the LOI to a new entity ("RDA Diversion") to exclude Debtor from realizing any benefit from the RDA orders and to misappropriate Debtor's assets and trade secrets for the new company.

**General Allegations**

**Relating to Real Property Transactions**

49.     Plaintiff alleges that in November 1996, without Debtor's knowledge or approval, and absent corporate formalities, Amarjit and Rajinder took several hundred thousand dollars out of Debtor's bank account and used the funds as a down payment to purchase the residence located at 5352 Tampa Avenue, Tarzana, California 91356-3023 ("Tampa Property") in Amarjit and Rajinder's Name ("Tampa Purchase"). The Tampa Property is legally described as follows:

Real property in the City of LOS ANGELES, County of Los Angeles, State of California, described as follows:

PARCEL 1:

THAT PORTION OF LOT 15, OF TRACT NO. 2605, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 27 PAGE(S) 55 TO 75 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWEST CORNER OF SAID LOT, THENCE EAST ALONG THE NORTH LINE OF SAID LOT 273.225 FEET, THENCE SOUTH PARALLEL WITH THE EAST LINE OF SAID LOT 516.99 FEET TO THE SOUTH LINE OF SAID LOT, THENCE WEST ALONG THE SOUTH LINE OF SAID LOT, 273.225 FEET TO THE SOUTHWEST CORNER THEREOF; THENCE NORTH ALONG THE WEST LINE OF SAID LOT 516.69 FEET TO THE POINT OF

7

4814-4822-7228, v. 1/1539-001

1  BEGINNING. EXCEPT THEREFROM THE SOUTH 258.495 FEET THEREOF.
   ALSO EXCEPT THE NORTHERLY 129.495 FEET THEREOF.

2  PARCEL 2:

3  AN EASEMENT FOR INGRESS AND EGRESS OVER THE WESTERLY 30 FEET
   OF LOT 15 OF TRACT NO. 2605, IN THE CITY OF LOS ANGELES, COUNTY
4  OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN
   BOOK 27 PAGE(S) 55 TO 75 OF MAPS, IN THE OFFICE OF THE COUNTY
5  RECORDER OF SAID COUNTY.

6  EXCEPT THEREFROM THE SOUTH 387.495 FEET THEREOF

7  APN: 2163-011-002

8      50.    Plaintiff alleges that beginning in 2009, without Debtor's knowledge or approval, and

9  absent corporate formalities, Amarjit and Rajinder took in excess of $1 million from Debtor to

10 complete a series of expansive remodeling projects at the Tampa Property ("Tampa Remodel").

11     51.    Plaintiff alleges that in May 2017, Amarjit and Rajinder transferred the Tampa

12 Property to the Trust and/or the Trustee for little or no consideration ("Tampa Transfer") and that

13 title to the Tampa Property is currently held in the name of the Trust and/or Trustee.

14     52.    Plaintiff alleges that in October 1997, without Debtor's knowledge or approval, and

15 absent corporate formalities, Defendants took several hundred thousand dollars from Debtor to

16 purchase a building located at 7651 Densmore Avenue, Van Nuys, California 91604-2043, having

17 Los Angeles County Assessor's parcel number (APN) of: 2206-010-008 ("Densmore Property") in

18 Amarjit's name ("Densmore Purchase").

19     53.    Plaintiff alleges that in July 2016, Amarjit sold the Densmore Property to Densmore

20 One LLC for a net profit of approximately $2 million, none of which was disbursed to Debtor

21 ("Densmore Sale"). The Tampa Purchase, Tampa Remodel, Tampa Transfer, Densmore Purchase,

22 and Densmore Sale shall be referred to collectively herein as the "Property Transactions."

23              **First Claim for Relief**

24  **(Avoidance, Recovery, and Preservation of Preferential Transfers)**

25              **[11 U.S.C. §§ 547, 550, and 551]**

26                   **(Against Gurpreet)**

27     54.    Plaintiff realleges and incorporates by this reference, the allegations contained in

28 Paragraphs 1 through 53, inclusive.

4814-4822-7228, v. 1/1539-001

55.     Plaintiff alleges that during the one-year period prior to the Petition Date, Debtor made at least four (4) transfers to Gurpreet totaling not less than $7,796.84. These transfers are referred to as the "Gurpreet Preferential Transfers." The Gurpreet Preferential Transfers are marked with an asterisk (*) in **Exhibits 1 - 3**.

56.     Plaintiff alleges that each of the Gurpreet Preferential Transfers was a transfer of an interest of the Debtor's property.

57.     Plaintiff alleges that each of the Gurpreet Preferential Transfers was made by the Debtor to Gurpreet.

58.     Plaintiff alleges that each of the Gurpreet Preferential Transfers made to Gurpreet were on account of an antecedent debt owed by the Debtor to the extent that the Court determines Debtor was liable for any underlying debts.

59.     Plaintiff alleges that each of the Gurpreet Preferential Transfers were made while the Debtor was "insolvent," as that term is defined in 11 U.S.C. § 101(32).

60.     Plaintiff alleges that each of the Gurpreet Preferential Transfers made to Gurpreet enabled him to receive more than he would have received in this Chapter 7 case if: (a) such transfers had not been made; and (b) Gurpreet received payment of such debt to the extent provided for by Title 11 of the United States Code.

61.     The Gurpreet Preferential Transfers are avoidable pursuant to 11 U.S.C. § 547. Gurpreet has liability for all avoided transfers under 11 U.S.C. § 550.

62.     To the extent Gurpreet alleges he provided subsequent new value, Gurpreet has failed to produce evidence of such new value or information suggesting that the alleged new value did not constitute an entirely discrete transaction between Gurpreet and Debtor.

63.     Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

/ / /

/ / /

/ / /

/ / /

9

SECOND AMENDED COMPLAINT

**Second Claim for Relief**

**(Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers)**

**[11 U.S.C. §§ 544, 548(a)(1)(A), 550, and 551**

**California Civil Code §§ 3439 *et seq.*]**

**(Against Gurpreet)**

64.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

65.    During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Gurpreet totaling not less than $825,036.66, including, but not limited to, the Gurpreet Transfers identified in **Exhibits 1 - 3**, with actual intent to hinder, delay, or defraud creditors to which it was indebted at the time of such transfers or to which it became indebted after the date of such transfers. These transfers are referred to as the "Actual Fraudulent Gurpreet Transfers."

66.    The Debtor was insolvent on the date of each of the Actual Fraudulent Gurpreet Transfers or became insolvent as a result of each of the Actual Fraudulent Gurpreet Transfers.

67.    Plaintiff may avoid the Actual Fraudulent Gurpreet Transfers made (a) during the four-year period prior to the Petition Date pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*; (b) during the two-year period prior to the Petition Date pursuant to 11 U.S.C. § 548(a)(1)(A); and (c) for dates prior the four-year or two-year periods as the statutes were tolled during the Tolling Period.

68.    Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

69.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

/ / /

/ / /

/ / /

/ / /

SECOND AMENDED COMPLAINT

4814-4822-7228, v. 1/1539-001

**Third Claim for Relief**

**(Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)**

**[11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551**

**California Civil Code §§ 3439 *et seq.*]**

**(Against Gurpreet)**

70.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

71.     During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Defendant Gurpreet totaling not less than $825,036.66 including, but not limited to, the Gurpreet Transfers identified in **Exhibits 1 - 3**, for less than reasonably equivalent value and while insolvent. These transfers are referred to as the "Constructive Gurpreet Fraudulent Transfers."

72.     The Debtor was insolvent on the date of each of the Constructive Gurpreet Fraudulent Transfers or became insolvent as a result of each of the Constructive Gurpreet Fraudulent Transfers, including:

i.     That at the time of each of the Constructive Gurpreet Fraudulent Transfers, Debtor was engaged in business or in a transaction, or was about to engage in business or in a transaction, for which any property remaining with the Debtor was an unreasonably small capital; and/or;

ii.     That Debtor intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

73.     Gurpreet knew or should have known that he did not give anything of value to the Debtor in exchange for the Constructive Gurpreet Fraudulent Transfers as the Constructive Gurpreet Fraudulent Transfers were made on account of debt to which Debtor was not a party. Gurpreet therefore did not take the Constructive Fraudulent Transfers for value and in good faith.

74.     Plaintiff may avoid the Constructive Gurpreet Fraudulent Transfers pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*; and (b) pursuant to 11 U.S.C. § 548(a)(1)(B).

/ / /

4814-4822-7228, v. 1/1539-001

75.     Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

76.     Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## Fourth Claim for Relief

## (Breach of Fiduciary Duty)

## (Against Gurpreet)

77.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

78.     As an officer and director of Debtor, Gurpreet owed Debtor a fiduciary duty.

79.     As a fiduciary of Debtor, Gurpreet had a duty to act with the utmost good faith and in the best interests of Debtor.

80.     Gurpreet breached his fiduciary duties as a result of the Gurpreet Transfers, Gurpreet Preferential Transfers, Gurpreet Actual Fraudulent Transfers, Gurpreet Constructive Fraudulent Transfers, Sales at Cost, RDA Diversion, and Property Transactions described above. Gurpreet further breached his fiduciary duty to Debtor by failing and refusing to return the Gurpreet Auto.

81.     As a result of Gurpreet's breaches of fiduciary duty, Debtor was harmed.

82.     The conduct of Gurpreet was a substantial factor in causing the Debtor's harm.

## Fifth Claim for Relief

## (Conversion/Misappropriation)

## (Against Gurpreet)

83.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

84.     Debtor has the right to possess all funds and benefits derived from the Gurpreet Transfers, Sales at Cost, LOI, Property Transactions, and the Gurpreet Auto in the possession of Gurpreet (collectively "Gurpreet Assets"), in such amount to be proven at trial.

85.     Gurpreet intentionally and substantially interfered with Debtor's right to possess the Gurpreet Assets in such amount to be proven at trial, by failing to pay the funds to Debtor.

12

SECOND AMENDED COMPLAINT

86. Gurpreet refused to return the Gurpreet Assets in such amount to be proven at trial, after Debtor demanded their return.

87. Debtor did not consent to Gurpreet's possession of the Gurpreet Assets in such amount to be proven at trial.

88. As a result of Gurpreet's wrongful possession of the Gurpreet Assets in such amount to be proven at trial, Debtor has been harmed.

89. Gurpreet's conduct is a substantial factor in causing Debtor's harm.

## Sixth Claim for Relief

## (Civil Liability under Penal Code §496)

## (Against Gurpreet)

90. Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

91. Gurpreet, through the conversion of the Gurpreet Assets, received, concealed, disposed of, and/or withheld the Gurpreet Assets from Debtor.

92. When Gurpreet received, concealed, disposed of, or withheld the Gurpreet Assets, Gurpreet knew that the property was owned by Debtor and Gurpreet had no right to the Gurpreet Assets, or obtained control of the Gurpreet Assets through unlawful means.

93. As a direct and proximate result of Gurpreet's receipt, concealment, disposition, or withholding of the Gurpreet Assets as alleged herein, Debtor was damaged in an amount in excess of $13 million, or such amount to be proven at trial.

94. Pursuant to Penal Code § 496 and related law, Plaintiff is entitled to treble damages as a result of the Gurpreet's conduct in violating § 496 and related law.

95. Gurpreet's violation of § 496 and related law as alleged herein was accomplished with malice, fraud, and/or oppression entitling Plaintiff to punitive damages in pursuant to California Civil Code § 3294 and law relating to punitive damages.

/ / /

/ / /

/ / /

SECOND AMENDED COMPLAINT

4814-4822-7228, v. 1/1539-001

<div align="center">

**Seventh Claim for Relief**

**(Unfair Business Practices)**

**(Against Gurpreet)**

</div>

96.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

97.     Gurpreet's above-described acts constitute "unlawful, unfair or fraudulent business act[s] or practice[s]" within the meaning of Business and Professions Code § 17200 because Gurpreet's practices are immoral, unethical, oppressive, unscrupulous, and the harm caused by Gurpreet's conduct substantially outweighs any benefits the conduct may have.

98.     Gurpreet's above-described acts constitute "unlawful" business practices within the meaning of Business and Professions Code § 17200 because of the illegality of the Gurpreet Transfers, Sales at Cost, RDA Diversion, and Property Transactions, as well as Gurpreet's alleged conversion and/or misappropriation.

99.     As a direct, proximate, and foreseeable result of Gurpreet's "unlawful, unfair or fraudulent business act[s] or practice[s]," Debtor was damaged in an amount in excess of $13 million, or such amount to be proven at trial.

100.     Debtor is informed and believes that Gurpreet will continue to do the above-mentioned acts unless the court orders Gurpreet to cease and desist.

<div align="center">

**Eighth Claim for Relief**

**(Avoidance, Recovery, and Preservation of Preferential Transfers)**

**[11 U.S.C. §§ 547, 550, and 551]**

**(Against Amarjit)**

</div>

101.     Plaintiff realleges and incorporates by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

102.     Plaintiff alleges that during the one-year insider period prior to the Petition Date, Debtor made at least three (3) transfers to Amarjit totaling not less than $10,154.50. These transfers are referred to as the "Amarjit Preferential Transfers." The Amarjit Preferential Transfers are marked with an asterisk (*) in **Exhibit 5**.

<div align="center">

14

SECOND AMENDED COMPLAINT

</div>

103. Plaintiff alleges that each of the Amarjit Preferential Transfers was a transfer of an interest of the Debtor's property.

104. Plaintiff alleges that each of the Amarjit Preferential Transfers was made by the Debtor to Amarjit.

105. Plaintiff alleges that each of the Amarjit Preferential Transfers made to Amarjit were on account of an antecedent debt owed by the Debtor to the extent that the Court determines Debtor was liable for any underlying debts.

106. Plaintiff alleges that each of the Amarjit Preferential Transfers were made while the Debtor was "insolvent," as that term is defined in 11 U.S.C. § 101(32).

107. Plaintiff alleges that each of the Amarjit Preferential Transfers made to Amarjit enabled him to receive more than he would have received in this Chapter 7 case if: (a) such transfers had not been made; and (b) Amarjit received payment of such debt to the extent provided for by Title 11 of the United States Code.

108. The Amarjit Preferential Transfers are avoidable pursuant to 11 U.S.C. § 547. Amarjit has liability for all avoided transfers under 11 U.S.C. § 550.

109. To the extent Amarjit alleges he provided subsequent new value, Amarjit has failed to produce evidence of such new value or information suggesting that the alleged new value did not constitute an entirely discrete transaction between Amarjit and Debtor.

110. Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## Ninth Claim for Relief

### (Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers)

### [11 U.S.C. §§ 544, 548(a)(1)(A), 550, and 551

### California Civil Code §§ 3439 *et seq.*]

### (Against Amarjit)

111. Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

/ / /

SECOND AMENDED COMPLAINT

4814-4822-7228, v. 1/1539-001

112.    During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Amarjit totaling not less than $2,045,239.75 including, but not limited to, the transfers identified in **Exhibits 4 - 6**, with actual intent to hinder, delay, or defraud creditors to which it was indebted at the time of such transfer or to which it became indebted after the date of such transfer. These transfers are referred to as the "Actual Fraudulent Amarjit Transfers."

113.    The Debtor was insolvent on the date of each of the Actual Fraudulent Amarjit Transfers or became insolvent as a result of each of the Actual Fraudulent Amarjit Transfers.

114.    Plaintiff may avoid the Actual Fraudulent Amarjit Transfers made (a) during the four-year period prior to the Petition Date pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq*.; (b) during the two-year period prior to the Petition Date pursuant to 11 U.S.C. § 548(a)(1)(A); and (c) for dates prior the four-year or two-year periods as the statutes were tolled during the Tolling Period.

115.    Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

116.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## Tenth Claim for Relief

### (Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)
### [11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551
### California Civil Code §§ 3439 *et seq*.]
### (Against Amarjit)

117.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

118.    During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Amarjit totaling not less than $825,036.66 including, but not limited to, the transfers identified in **Exhibits 4 - 6**, for less than

/ / /

16

4814-4822-7228, v. 1/1539-001

1 reasonably equivalent value and while insolvent. These transfers are referred to as the "Constructive

2 Amarjit Fraudulent Transfers."

3      119.    The Debtor was insolvent on the date of each of the Constructive Amarjit Fraudulent

4 Transfers or became insolvent as a result of each of the Constructive Amarjit Fraudulent Transfers,

5 including:

6         i.     That at the time of each of the Constructive Amarjit Fraudulent Transfers,

7      Debtor was engaged in business or in a transaction, or was about to engage in business or in a

8      transaction, for which any property remaining with the Debtor was an unreasonably small

9      capital; and/or;

10         ii.    That Debtor intended to incur, or believed that it would incur, debts that

11      would be beyond the Debtor's ability to pay as such debts matured.

12      120.    Amarjit knew or should have known that he did not give anything of value to the

13 Debtor in exchange for the Constructive Amarjit Fraudulent Transfers as the Constructive Amarjit

14 Fraudulent Transfers were made on account of debt to which Debtor was not a party. Amarjit

15 therefore did not take the Constructive Amarjit Fraudulent Transfers for value and in good faith.

16      121.    Plaintiff may avoid the Constructive Amarjit Fraudulent Transfers pursuant to

17 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq*.; and (b) pursuant to 11 U.S.C. § 548(a)(1)(B).

18      122.    Plaintiff may recover all avoided transfers or the value of the avoided transfers

19 pursuant to 11 U.S.C. § 550.

20      123.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to

21 11 U.S.C. § 551.

## Eleventh Claim for Relief

## (Breach of Fiduciary Duty)

## (Against Amarjit)

25      124.    Plaintiff realleges and incorporates herein by this reference, the allegations contained

26 in Paragraphs 1 through 53, inclusive.

27      125.    As an officer and director of Debtor, Amarjit owed Debtor a fiduciary duty.

28 / / /

SECOND AMENDED COMPLAINT

126. As a fiduciary of Debtor, Amarjit had a duty to act with the utmost good faith and in the best interests of Debtor.

127. Amarjit breached his fiduciary duties as a result of the Amarjit Transfers, Amarjit Preferential Transfers, Amarjit Actual Fraudulent Transfers, Amarjit Constructive Fraudulent Transfers, Sales at Cost, RDA Diversion, and Property Transactions described above. Amarjit further breached his fiduciary duty to Debtor by failing and refusing to return the Amarjit Auto.

128. As a result of Amarjit's breaches of fiduciary duty, Debtor was harmed.

129. The conduct of Amarjit was a substantial factor in causing the Debtor's harm.

## Twelfth Claim for Relief
## (Conversion/Misappropriation)
## (Against Amarjit)

130. Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

131. Debtor has the right to possess all funds and benefits derived from the Amarjit Transfers, Sales at Cost, LOI, Property Transactions, and the Amarjit Auto in the possession of Amarjit (collectively "Amarjit Assets"), in such amount to be proven at trial.

132. Amarjit intentionally and substantially interfered with Debtor's right to possess the Amarjit Assets in an amount to be proven at trial, by failing to pay the funds to Debtor.

133. Amarjit refused to return the Amarjit Assets in such amount to be proven at trial, after Debtor demanded their return.

134. Debtor did not consent to Amarjit's possession of the Amarjit Assets in such amount to be proven at trial.

135. As a result of Amarjit's wrongful possession of the Amarjit Assets in such amount to be proven at trial, Debtor has been harmed.

136. Amarjit's conduct is a substantial factor in causing Debtor's harm.

/ / /

/ / /

/ / /

4814-4822-7228, v. 1/1539-001

## Thirteenth Claim for Relief

## (Civil Liability under Penal Code § 496)

## (Against Amarjit)

137.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

138.    Amarjit, through the conversion of the Amarjit Assets, received, concealed, disposed of, and/or withheld the Amarjit Assets from Debtor.

139.    When Amarjit received, concealed, disposed of, or withheld the Amarjit Assets, Amarjit knew that the property was owned by Debtor and Amarjit had no right to the Amarjit Assets, or obtained control of the Amarjit Assets through unlawful means.

140.    As a direct and proximate result of Amarjit's receipt, concealment, disposition, or withholding of the Amarjit Assets as alleged herein, Debtor was damaged in an amount in excess of $13 million, or such amount to be proven at trial.

141.    Pursuant to Penal Code § 496 and related law, Plaintiff is entitled to treble damages as a result of the Amarjit's conduct in violating § 496 and related law.

142.    Amarjit's violation of § 496 and related law as alleged herein was accomplished with malice, fraud, and/or oppression entitling Plaintiff to punitive damages in pursuant to California Civil Code § 3294 and law relating to punitive damages.

## Fourteenth Claim for Relief

## (Unfair Business Practices)

## (Against Amarjit)

143.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

144.    Amarjit's above-described acts constitute "unlawful, unfair or fraudulent business act[s] or practice[s]" within the meaning of Business and Professions Code § 17200 because Amarjit's practices are immoral, unethical, oppressive, unscrupulous, substantially no interest to consumers, and the harm caused by Amarjit's conduct substantially outweighs any benefits the conduct may have.

19

SECOND AMENDED COMPLAINT

4814-4822-7228, v. 1/1539-001

145.     Amarjit's above-described acts constitute "unlawful" business practices within the meaning of Business and Professions Code § 17200 because of the illegality of the Amarjit Transfers, Sales at Cost, RDA Diversion, and Property Transactions, as well as Amarjit's alleged conversion and/or misappropriation.

146.     As a direct, proximate, and foreseeable result of Amarjit's "unlawful, unfair or fraudulent business act[s] or practice[s]," Debtor was damaged in an amount of at least $13 million, or such amount to be proven at trial.

147.     Debtor is informed and believes that Amarjit will continue to do the above-mentioned acts unless the Court orders Amarjit to cease and desist.

## Fifteenth Claim for Relief

## (Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers)

## [11 U.S.C. §§ 544, 548(a)(1)(A), 550, and 551

## California Civil Code §§ 3439 *et seq.*]

## (Against Rajinder)

148.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

149.     During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Rajinder totaling not less than $24,992.45 including, but not limited to, the transfers identified in **Exhibit 7**, with actual intent to hinder, delay, or defraud creditors to which it was indebted at the time of such transfer or to which it became indebted after the date of such transfer. These transfers are referred to as the "Actual Fraudulent Rajinder Transfers."

150.     The Debtor was insolvent on the date of each of the Actual Fraudulent Rajinder Transfers or became insolvent as a result of each of the Actual Fraudulent Rajinder Transfers.

151.     Plaintiff may avoid the Actual Fraudulent Rajinder Transfers made (a) during the four-year period prior to the Petition Date pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*; (b) during the two-year period prior to the Petition Date pursuant to 11 U.S.C. § 548(a)(1)(A);

/ / /

SECOND AMENDED COMPLAINT

4814-4822-7228, v. 1/1539-001

1  and (c) for dates prior the four-year or two-year periods as the statutes were tolled during the Tolling

2  Period.

3     152.    Plaintiff may recover all avoided transfers or the value of the avoided transfers

4  pursuant to 11 U.S.C. § 550.

5     153.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to

6  11 U.S.C. § 551.

7                    **Sixteenth Claim for Relief**

8   **(Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)**

9         **[11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551**

10          **California Civil Code §§ 3439 *et seq.*]**

11                    **(Against Rajinder)**

12     154.    Plaintiff realleges and incorporates herein by this reference, the allegations contained

13  in Paragraphs 1 through 53, inclusive.

14     155.    During the four-year period prior to the Petition Date and during the Tolling Period,

15  Plaintiff alleges that Debtor made transfers of interests in property to Rajinder totaling not less than

16  $24,992.45 including, but not limited to, the transfers identified in **Exhibit 7**, for less than

17  reasonably equivalent value and while insolvent. These transfers are referred to as the "Constructive

18  Rajinder Fraudulent Transfers."

19     156.    The Debtor was insolvent on the date of each of the Constructive Rajinder Fraudulent

20  Transfers or became insolvent as a result of each of the Constructive Rajinder Fraudulent Transfers,

21  including:

22         i.    That at the time of each of the Constructive Rajinder Fraudulent Transfers,

23  Debtor was engaged in business or in a transaction, or was about to engage in business or in a

24  transaction, for which any property remaining with the Debtor was an unreasonably small

25  capital; and/or;

26         ii.    That Debtor intended to incur, or believed that it would incur, debts that

27  would be beyond the Debtor's ability to pay as such debts matured.

28  / / /

SECOND AMENDED COMPLAINT

157.   Rajinder knew or should have known that she did not give anything of value to the Debtor in exchange for the Constructive Rajinder Fraudulent Transfers as the Constructive Rajinder Fraudulent Transfers were made on account of debt to which Debtor was not a party. Rajinder therefore did not take the Constructive Fraudulent Transfers for value and in good faith.

158.   Plaintiff may avoid the Constructive Rajinder Fraudulent Transfers pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq*.; and (b) pursuant to 11 U.S.C. § 548(a)(1)(B).

159.   Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

160.   Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## Seventeenth Claim for Relief
## (Breach of Fiduciary Duty)
## (Against Rajinder)

161.   Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

162.   As an officer and director of Debtor, Rajinder owed Debtor a fiduciary duty.

163.   As a fiduciary of Debtor, Rajinder had a duty to act with the utmost good faith and in the best interests of Debtor.

164.   Defendant Rajinder breached her fiduciary duties as a result of the Rajinder Transfers, Rajinder Actual Fraudulent Transfers, Rajinder Constructive Fraudulent Transfers, RDA Diversion, and Property Transactions described above. As a result of Rajinder's breaches of fiduciary duty, Debtor was harmed.

165.   The conduct of Rajinder was a substantial factor in causing the Debtor's harm.

## Eighteenth Claim for Relief
## (Conversion/Misappropriation)
## (Against Rajinder)

166.   Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

SECOND AMENDED COMPLAINT
4814-4822-7228, v. 1/1539-001

167.    Debtor has the right to possess all funds and benefits derived from the Rajinder

Transfers, Sales at Cost, LOI, and Property Transactions (collectively "Rajinder Assets"), in such

amount to be proven at trial.

168.    Rajinder intentionally and substantially interfered with Debtor's right to possess the

Rajinder Assets in an amount to be proven at trial, by failing to pay the funds to Debtor.

169.    Rajinder refused to return the Rajinder Assets in such amount to be proven at trial,

after Debtor demanded their return.

170.    Debtor did not consent to Rajinder's possession of the Rajinder Assets in such

amount to be proven at trial.

171.    As a result of Rajinder's wrongful possession of the Rajinder Assets in such amount

to be proven at trial, Debtor has been harmed.

172.    Rajinder's conduct is a substantial factor in causing Debtor's harm.

<div align="center">

**Nineteenth Claim for Relief**

**(Civil Liability under Penal Code § 496)**

**(Against Rajinder)**

</div>

173.    Plaintiff realleges and incorporates herein by this reference, the allegations contained

in Paragraphs 1 through 53, inclusive.

174.    Rajinder, through the conversion of the Rajinder Assets, received, concealed,

disposed of, and/or withheld the Rajinder Assets from Debtor.

175.    When Rajinder received, concealed, disposed of, or withheld the Rajinder Assets,

Rajinder knew that the property was owned by Debtor and Rajinder had no right to the Rajinder

Assets, or obtained control of the Rajinder Assets through unlawful means.

176.    As a direct and proximate result of Rajinder's receipt, concealment, disposition, or

withholding of the Rajinder Assets as alleged herein, Debtor was damaged in an amount in excess of

$13 million, or such amount to be proven at trial.

177.    Pursuant to Penal Code § 496 and related law, Plaintiff is entitled to treble damages

as a result of the Rajinder's conduct in violating § 496 and related law.

/ / /

<div align="center">

23

SECOND AMENDED COMPLAINT

</div>

178.    Rajinder's violation of § 496 and related law as alleged herein was accomplished with malice, fraud, and/or oppression entitling Plaintiff to punitive damages in pursuant to California Civil Code § 3294 and law relating to punitive damages.

<div align="center">

**Twentieth Claim for Relief**

**(Unfair Business Practices)**

**(Against Rajinder)**

</div>

179.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

180.    Rajinder's above-described acts constitute "unlawful, unfair or fraudulent business act[s] or practice[s]" within the meaning of Business and Professions Code § 17200 because Rajinder's practices are immoral, unethical, oppressive, unscrupulous, substantially no interest to consumers, and the harm caused by Rajinder's conduct substantially outweighs any benefits the conduct may have.

181.    Rajinder's above-described acts constitute "unlawful" business practices within the meaning of Business and Professions Code § 17200 because of the illegality of the Rajinder Transfers, Sales at Cost, RDA Diversion, and Property Transactions, as well as Rajinder's alleged conversion and/or misappropriation.

182.    As a direct, proximate, and foreseeable result of Rajinder's "unlawful, unfair or fraudulent business act[s] or practice[s]," Debtor was damaged in an amount of at least $13 million, or such amount to be proven at trial.

183.    Debtor is informed and believes that Rajinder will continue to do the above-mentioned acts unless the Court orders Rajinder to cease and desist.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

<div align="center">

24

SECOND AMENDED COMPLAINT

</div>

1

<div align="center">

**Twenty-First Claim for Relief**

**(Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)**

**[11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551**

**California Civil Code §§ 3439 *et seq*.]**

**(Against Insider Defendants)**

</div>

184.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

185.    During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Insider Defendants, and each of them, caused Debtor to incur Unsecured Debt totaling not less than $13 million for the purchase of Inventory which was sold at cost to pay down the secured debt, for which Insider Defendants had personal liability. The sale of the Inventory at cost was for less than reasonably equivalent value and while Debtor was insolvent. These transfers are referred to as the "Constructive Defendant Fraudulent Sales at Cost."

186.    The Debtor was insolvent on the date of each of the Constructive Defendant Fraudulent Sales at Cost or became insolvent as a result of each of the Constructive Defendant Fraudulent Sales at Cost, including:

      i.    That at the time of each of the Constructive Defendant Fraudulent Sales at Cost, Debtor was engaged in business or in a transaction, or was about to engage in business or in a transaction, for which any property remaining with the Debtor was an unreasonably small capital; and/or;

      ii.    That Debtor intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

187.    Insider Defendants knew or should have known that they did not give anything of value to the Debtor in exchange for the Constructive Defendant Fraudulent Sales at Cost, as the Constructive Defendant Fraudulent Sales at Cost were made to pay down secured debt for which Defendants were personally liable, and therefore, the Constructive Defendant Fraudulent Sales at Cost were not made for value and in good faith.

/ / /

<div align="center">

25

SECOND AMENDED COMPLAINT

</div>

4814-4822-7228, v. 1/1539-001

188.    Plaintiff may avoid the Constructive Defendant Fraudulent Sales at Cost pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq*.; and (b) pursuant to 11 U.S.C. § 548(a)(1)(B).

189.    Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

190.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## Twenty-Second Claim for Relief
## (Misappropriation of Trade Secrets)
## (Against Insider Defendants)

191.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

192.    Debtor's trade secrets include, but are not limited to, its formatting of bids, contracts, customer lists, customer contracts, information regarding its pending transactions, and its proprietary pricing information which was used in the Debtor's business or in the business of any of its affiliates ("Trade Secrets"). The Trade Secrets include, but are not limited to, the LOI attached as **Exhibit 8**.

193.    The Trade Secrets derive independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use. The Trade Secrets are neither generally known nor easily discoverable by Debtor's competitors.

194.    Debtor developed, created and/or obtained its Trade Secrets through substantial time, expense, effort and labor of its employees and had obtained a competitive advantage based upon its Trade Secrets.

195.    Debtor made reasonable efforts to maintain the secrecy of its Trade Secrets.

196.    By committing the RDA Diversion, Insider Defendants engaged in active business operations in direct competition with Debtor and have acquired and are using the Trade Secrets to advance the new entity's competing business and to appropriate Debtor's clients. In so doing, Insider Defendants misappropriated the Trade Secrets and Debtor's otherwise confidential and proprietary information and corporate opportunities.

/ / /

SECOND AMENDED COMPLAINT
4814-4822-7228, v. 1/1539-001

197.    As a direct and proximate result of Insider Defendants' misappropriation of the Trade Secrets, Insider Defendants have been unjustly enriched and the Estate is entitled to recover that unjust enrichment pursuant to Civil Code § 3426.3(a).

## Twenty-Third Claim for Relief
## (Declaratory Relief)
## (Against All Defendants)

198.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

199.    The Tampa Property and the net proceeds from the sale of the Densmore Property (collectively, the "Property Assets") constitute property of this bankruptcy Estate.

200.    Plaintiff alleges that the Debtor has a legal and beneficial interest in the Property Assets and that such property is an asset of this Estate.

201.    An actual and present controversy exists as to the Estate's rights in and to the Property Assets as compared to the rights of one or more competing parties including those of the Defendants.

202.    Upon entry of judgment determining that the Property Assets constitute property of the Estate, Debtor shall be the sole owner of the Property Assets for the benefit of creditors.

203.    Debtor is entitled to declaratory relief and entry of judgment adjudicating the Property Assets to be assets of the Estate pursuant to 11 U.S.C. § 541(a).

## Twenty-Fourth Claim for Relief
## (Quiet Title)
## (Against Trustee)

204.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

205.    An actual controversy exists as between the Estate and the Trustee with regard to the beneficial rights and title to the Tampa Property.

206.    As of the Petition Date, Debtor had an ownership interest in the Tampa Property.

/ / /

SECOND AMENDED COMPLAINT

207. Because the Tampa Property constitutes property of the Estate, Debtor is entitled to entry of judgment quieting title to the Tampa Property and adjudicating the vesting of the legal and beneficial interest to be held in the name of "Rajysan, Inc."

### Twenty-Fifth Claim for Relief

### (Turnover)

### (Against All Defendants)

### [11 U.S.C. § 542]

208. Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

209. During a bankruptcy case, any person in possession, custody or control of property that a debtor may use, sell, or lease is required to deliver such property to the debtor and account for such property or the value of such property pursuant to 11 U.S.C. § 542.

210. Debtor is entitled to an order or judgment compelling the Defendants and any other person to turnover title to and possession of any of the vehicles and Property Assets that are determined to be property of this Estate.

### Twenty-Sixth Claim for Relief

### (Conspiracy)

### (Against All Defendants)

211. Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

212. Plaintiff alleges that through the conduct set forth above, Defendants agreed and conspired to engage in a fraudulent scheme to transfer substantially all of Debtors' assets to Defendants, and to third parties for the benefit of Defendants, while knowingly or recklessly disregarding the interests of Debtor or its creditors.

213. As a proximate result of the conduct of Defendants, Debtor was damaged in an amount to be proven at the time of trial, but not less than $13 million.

/ / /

/ / /

SECOND AMENDED COMPLAINT

4814-4822-7228, v. 1/1539-001

## Twenty-Seventh Claim for Relief

## (Constructive Trust)

## (Against All Defendants)

214.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

215.    Plaintiff is informed and believes and thereon alleges that the fraudulent conduct of Defendants, as more fully set forth above, has resulted in Defendants taking possession of property belonging to Debtor's bankruptcy estate, including the Tampa Property.  As a result, Plaintiff is entitled to a constructive trust against such property.

## Twenty-Eighth Claim for Relief

## (Avoidance, Recovery, and Preservation of Trilateral Preferential Transfers)

## [11 U.S.C. §§ 547, 550, and 551]

## (Against All Defendants)

216.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 53, inclusive.

217.    Defendants personally guaranteed loans owed by the Debtor.

218.    The Sales at Cost were made to reduce the outstanding balance of loans which were personally guaranteed by Defendants.

219.    Within the one-year period prior to the Petition Date, transfers were made by the Debtor to outside creditors for which Defendants had personally guaranteed the loans ("Trilateral[2] Preferential Transfers").

220.    The Trilateral Preferential Transfers were made to a creditor, and for the benefit of Defendants.

221.    The Trilateral Preferential Transfers were made on account of an antecedent debt owed by the Debtor before such transfers were made;

/ / /

[2] *Cf. Official Unsecured Creditors Committee v. United States National Bank (In re Suffola, Inc.)*, 2 F.3d 977, 978 (9th Cir. 1993).

222.    The Trilateral Preferential Transfers were made while the Debtor was insolvent;

223.    The Trilateral Preferential Transfers were made within the one year period prior to the Petition Date;

224.    The Trilateral Preferential Transfers enabled Defendants to reduce their personal liability on account of their guarantees and therefore allowed Defendants to receive more than they would otherwise receive;

225.    Accordingly, the Trilateral Preferential Transfers are avoidable under 11 U.S.C. § 547 and *In re Suffola, Inc.*, 2 F.3d 977 (9th Cir. 1993).

## Prayer

WHEREFORE, Plaintiff prays that this Court enter Judgment as follows:

## On the First Claim for Relief

1.    That each of the Gurpreet Preferential Transfers be avoided pursuant to 11 U.S.C. § 547(b);

2.    That Plaintiff recover for the Estate each of the avoided Gurpreet Preferential Transfers or a money judgment in an amount equal to the sum of each of the avoided Preferential Transfers pursuant to 11 U.S.C. § 550;

## On the Second Claim for Relief

3.    That each of the Gurpreet Actual Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(A);

4.    That Plaintiff recover for the Estate each of the avoided Gurpreet Actual Fraudulent Transfers or a money judgment in an amount equal to sum of each of the avoided Gurpreet Actual Fraudulent Transfers pursuant to 11 U.S.C. § 550;

## On the Third Claim for Relief

5.    That each of the Gurpreet Constructive Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(B);

6.    That Plaintiff recover for the Estate each of the avoided Gurpreet Constructive Fraudulent Transfers or a money judgment in an amount equal to the sum of each of the avoided Constructive Fraudulent Transfers pursuant to 11 U.S.C. § 550;

30

SECOND AMENDED COMPLAINT

**On the Fourth Claim for Relief**

      7.     For compensatory, general, special, and punitive damages according to proof at trial;

**On the Fifth Claim for Relief**

      8.     For compensatory, general, special, and punitive damages according to proof at trial;

**On the Sixth Claim for Relief**

      9.     For compensatory, general, special, and punitive damages according to proof at trial;

      10.    For treble damages for violating § 496 and related law;

**On the Seventh Claim for Relief**

      11.    For compensatory, general, special, and punitive damages according to proof at trial;

      12.    For injunctive relief pursuant to Business and Professions Code section 17203;

**On the Eighth Claim for Relief**

      13.    That each of the Amarjit Preferential Transfers be avoided pursuant to 11 U.S.C. § 547(b);

      14.    That Plaintiff recover for the Estate each of the avoided Amarjit Preferential Transfers or a money judgment in an amount equal to the sum of each of the avoided Preferential Transfers pursuant to 11 U.S.C. § 550;

**On the Ninth Claim for Relief**

      15.    That each of the Amarjit Actual Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(A);

      16.    That Plaintiff recover for the Estate each of the avoided Amarjit Actual Fraudulent Transfers or a money judgment in an amount equal to sum of each of the avoided Amarjit Actual Fraudulent Transfers pursuant to 11 U.S.C. § 550;

**On the Tenth Claim for Relief**

      17.    That each of the Amarjit Constructive Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(B);

      18.    That Plaintiff recover for the Estate each of the avoided Amarjit Constructive Fraudulent Transfers or a money judgment in an amount equal to the sum of each of the avoided Constructive Fraudulent Transfers pursuant to 11 U.S.C. § 550;

SECOND AMENDED COMPLAINT

**On the Eleventh Claim for Relief**

    19.    For compensatory, general, special, and punitive damages according to proof at trial;

**On the Twelfth Claim for Relief**

    20.    For compensatory, general, special, and punitive damages according to proof at trial;

**On the Thirteenth Claim for Relief**

    21.    For compensatory, general, special, and punitive damages according to proof at trial;

    22.    For treble damages for violating § 496 and related law;

**On the Fourteenth Claim for Relief**

    23.    For compensatory, general, special, and punitive damages according to proof at trial;

    24.    For injunctive relief pursuant to Business and Professions Code § 17203;

**On the Fifteenth Claim for Relief**

    25.    That each of the Rajinder Actual Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(A);

    26.    That Plaintiff recover for the Estate each of the avoided Rajinder Actual Fraudulent Transfers or a money judgment in an amount equal to sum of each of the avoided Rajinder Actual Fraudulent Transfers pursuant to 11 U.S.C. § 550;

**On the Sixteenth Claim for Relief**

    27.    That each of the Rajinder Constructive Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(B);

    28.    That Plaintiff recover for the Estate each of the avoided Rajinder Constructive Fraudulent Transfers or a money judgment in an amount equal to the sum of each of the avoided Constructive Fraudulent Transfers pursuant to 11 U.S.C. § 550;

**On the Seventeenth Claim for Relief**

    29.    For compensatory, general, special, and punitive damages according to proof at trial;

**On the Eighteenth Claim for Relief**

    30.    For compensatory, general, special, and punitive damages according to proof at trial;

**On the Nineteenth Claim for Relief**

    31.    For compensatory, general, special, and punitive damages according to proof at trial;

SECOND AMENDED COMPLAINT

32.     For treble damages for violating § 496 and related law;

**On the Twentieth Claim for Relief**

33.     For compensatory, general, special, and punitive damages according to proof at trial;

34.     For injunctive relief pursuant to Business and Professions Code § 17203;

**On the Twenty-First Claim for Relief**

35.     That each of the Constructive Defendant Fraudulent Sales at Cost be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(B);

36.     That Plaintiff recover for the Estate each of the avoided Constructive Defendant Fraudulent Sales at Cost or a money judgment in an amount equal to the sum of each of the avoided Constructive Defendant Fraudulent Sales at Cost pursuant to 11 U.S.C. § 550;

**On the Twenty-Second Claim for Relief**

37.     For compensatory, general, special, and punitive damages according to proof at trial;

38.     To the extent neither damages nor unjust enrichment are provable, for payment of a reasonable royalty pursuant to California Civil Code 3426.3(b);

**On the Twenty-Third Claim for Relief**

39.     For entry of judgment that the Debtor's rights in the Property Assets are superior to all competing claims of ownership including any rights claimed by Defendants;

40.     For entry of judgment that the Property Assets constitute property of the bankruptcy Estate pursuant to 11 U.S.C. § 541;

**On the Twenty-Fourth Claim for Relief**

41.     For entry of judgment that the vesting to the Tampa Property be adjudicated to be "Rajysan, Inc.;"

**On the Twenty-Fifth Claim for Relief**

42.     For entry of judgment compelling Defendants to turnover title to and possession of the Property Assets to the Debtor;

**On the Twenty-Sixth Claim for Relief**

43.     For compensatory, general, special, and punitive damages according to proof at trial;

/ / /

## On the Twenty-Seventh Claim for Relief

44.     For entry of judgment that all property of Debtor retained by the Defendants, including the Tampa Property, is held by Defendants as constructive trustees for Debtor;

## On the Twenty-Eighth Claim for Relief

45.     That each of the Trilateral Preferential Transfers in an amount according to proof at trial be avoided pursuant to 11 U.S.C. § 547;

46.     That Plaintiff recover for the Estate each of the avoided Trilateral Preferential Transfers or a money judgment in an amount equal to the sum of each of the avoided Trilateral Preferential Transfers pursuant to 11 U.S.C. § 550;

47.     That all recovery for this Claim for Relief be from Defendants under 11 U.S.C. § 550(c);

## On all Claims for Relief

48.     That Plaintiff only recover a single satisfaction of all avoided transfers under
11 U.S.C. § 550(d);

49.     That all avoided transfers be preserved pursuant to 11 U.S.C. § 551;

50.     For pre-judgment interest at the maximum rate allowed by law;

51.     For costs incurred by Plaintiff in prosecuting this action; and

52.     For such other and further relief as the Court may deem just and proper.


DATED: July 17, 2019                          MARSHACK HAYS LLP


                                              By: /s/ Chad V. Haes
                                                  RICHARD A. MARSHACK
                                                  CHAD V. HAES
                                                  Attorneys for
                                                  THE OFFICIAL COMMITTEE OF
                                                  UNSECURED CREDITORS

SECOND AMENDED COMPLAINT
4814-4822-7228, v. 1/1539-001

Exhibit "1"

Gurpreet Sahani
Loan Payable to Rajysan

**2550 · Loan from Shareholder Gurpreet**

| Type | Date | Num | Name | Memo | Class | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Check | 11/21/2013 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen 06,10 - Monthly Payments | Rajysan - CA | 1015 PNC Bank 4138 | 2,600.00 | | -2,600.00 |
| Check | 12/02/2013 | 8307 | State of New Jersey-TGI | Pete and Shaheen Dec. 31,2012 | Rajysan - CA | 1015 PNC Bank 4138 | 5,104.00 | | -7,704.00 |
| Check | 12/02/2013 | 8308 | State of New Jersey-TGI | Pete and Shaheen Dec. 31, 2011 | Rajysan - CA | 1015 PNC Bank 4138 | 6,990.00 | | -14,694.00 |
| Check | 12/02/2013 | 8309 | State of New Jersey-TGI | Pete and Sahani 12,31 2010 | Rajysan - CA | 1015 PNC Bank 4138 | 3,008.00 | | -17,702.00 |
| Check | 12/02/2013 | 8310 | State of New Jersey-TGI | Pete and Shaheen Dec. 31, 2009 | Rajysan - CA | 1015 PNC Bank 4138 | 1,150.00 | | -18,852.00 |
| Check | 12/24/2013 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen 06,10 - Monthly Payments | Rajysan - CA | 1015 PNC Bank 4138 | 2,600.00 | | -21,452.00 |
| General Journal | 12/30/2013 | 8558 | Internal Revenue Service | 5013 loan Gurpreet & Shaheen Sahani | Rajysan - CA | 1015 PNC Bank 4138 | 55,000.00 | | -76,452.00 |
| General Journal | 12/31/2013 | 3-40 | | JE 40 ReClass Personal Tax Prep | Rajysan - CA | 6710 Taxes | 1,061.00 | | -77,513.00 |
| General Journal | 12/31/2013 | 13-61 | | JE 61 ReClass to shareholder loans (Pete) | Rajysan - CA | 2532 Loan from Shareholder Gurmeet#3 | 75.50 | | -77,588.50 |
| General Journal | 12/31/2013 | 3-82 | | JE 82 To reclassify payments to IRS/FTB for personal taxes | Rajysan - CA | 3033 Shareholder Distribution (Pete) | 50,224.27 | | -127,812.77 |
| General Journal | 12/31/2013 | 3-87 | | JE 87 To reclassify payments to IRS for 2011 personal taxes | Rajysan - CA | 2520 Loan from Shareholder Amarjit#1 | 45,056.26 | | -172,869.03 |
| General Journal | 12/31/2013 | 101 | | JE 101 ReClass Digipurts loan receivable to S/H in proportion to their ownership of Dinimets | Rajysan - CA | 2532 Loan from Shareholder Gurmeet#3 | 4,958.00 | | -177,827.03 |
| Check | 01/21/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen 06,10 - Monthly Payments | Rajysan - CA | 1015 PNC Bank 4138 | 2,600.00 | | -180,427.03 |
| Check | 02/20/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen 06,10 - Monthly Payments | Rajysan - CA | 1015 PNC Bank 4138 | 2,600.00 | | -183,027.03 |
| Check | 03/20/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen 06,10 - Monthly Payments | Rajysan - CA | 1015 PNC Bank 4138 | 2,600.00 | | -185,627.03 |
| Bill | 04/02/2014 | | Franchise Tax Board-Offset Program | -2012 A Pete - 9037 Tax Year 2012 | Rajysan - CA | 2000 Accounts Payable | 18,889.10 | | -204,516.13 |
| Check | 04/11/2014 | 9750 | Internal Revenue Service | 2014 Form 1040ES Voucher 1 (Pete/Shaheen) | Rajysan - CA | 1021 California Bank&Trust - OP#1801 | 42,800.00 | | -247,316.13 |
| Check | 04/11/2014 | 9752 | Franchise Tax Board (CA) | 2014 Form 540-ES (Pete/Shaheen) - Voucher 1 | Rajysan - CA | 1021 California Bank&Trust - OP#1801 | 14,200.00 | | -261,516.13 |
| Check | 04/21/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen 06,10 - Monthly Payments | Rajysan - CA | 1015 PNC Bank 4138 | 2,600.00 | | -264,116.13 |
| Check | 06/16/2014 | 0426 | United States Treasury - 5100 | 2014 Form 1040-ES (Gurpreet/Shaheen) - Voucher 2 | Rajysan - CA | 1021 California Bank&Trust - OP#1801 | 64,000.00 | | -328,116.13 |
| Check | 06/16/2014 | 0427 | Franchise Tax Board (CA) | 2014 Form 540-ES (Gurpreet/Shaheen) - Voucher 2 | Rajysan - CA | 1021 California Bank&Trust - OP#1801 | 29,000.00 | | -357,116.13 |
| Bill | 07/01/2014 | 1154 | Armanino, LLP fka RBZ, LLP | Accounting Services 6/3, 6/4, Original invoice date: 06/03/14 | Rajysan - CA | 2000 Accounts Payable | 637.00 | | -357,753.13 |
| Bill | 08/24/2014 | -201 | American General Life Insurance | Shaheen M Sahani Life Insurance | Rajysan - CA | 2000 Accounts Payable | 1,590.00 | | -359,343.13 |
| Bill | 10/10/2014 | 1014 | California Bank & Trust | Cohens check for IRS | Rajysan - CA | 2000 Accounts Payable | 98,808.79 | | -458,151.92 |
| Bill | 10/15/2014 | 1514 | Commonwealth of Massachusetts | 2013 Mass Individual Tax Return- Gurpreet Sahani | Rajysan - CA | 2000 Accounts Payable | 840.00 | | -458,991.92 |
| Bill | 10/15/2014 | 151 | Franchise Tax Board (CA) | 2013 Tax Payment - Gurpreet Sahani | Rajysan - CA | 2000 Accounts Payable | 30,000.00 | | -488,991.92 |
| Bill | 12/01/2014 | 3699 | Armanino, LLP fka RBZ, LLP | Client 9002 Accounting Services for Period Ending 10/31/2014 Original Invoice Date 10... | Rajysan - CA | 2000 Accounts Payable | 6,211.00 | | -495,202.92 |
| Bill | 12/10/2014 | 1014 | State of New Jersey TGI | 4286 and 3802 | Rajysan - CA | 2000 Accounts Payable | 3,000.00 | | -498,202.92 |
| Bill | 12/10/2014 | 1014 | United States Treasury - 5100 | 040 ES #4 | Rajysan - CA | 2000 Accounts Payable | 216,000.00 | | -714,202.92 |
| Bill | 12/10/2014 | 1014 | Internal Revenue Service | Gurpreet & Shaheen Sahani 4286; Form 1040 2013: | Rajysan - CA | 2000 Accounts Payable | 23,552.00 | | -737,754.92 |
| Bill | 12/10/2014 | 9967 | New Jersey Gross Income Tax | Mo Install per Form 9465 2013 Penalty & Interest DLN 3967; Gurpreet and Shaheen Sahani | Rajysan - CA | 2000 Accounts Payable | 130.79 | | -737,885.71 |

**Gurpreet Sahani**
**Loan Payable to Rajysan**

| Type | Date | Num | Name | Memo | Class | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Bill | 12/16/2014 | 1614 | Franchise Tax Board (CA) | Penalty on Gurpreet and Shabeen 2013 Taxes | | 2000  Accounts Payable | 300.15 | | -738,185.86 |
| General Journal | 12/31/2014 | 14-440 | State of New Jersey TGI | JE 40 ReClass 2013 NJ Individual Income Tax Return- Gurpreet Sahani to reover GL code  Amariat2 | Rajysan - CA | 2521  Loan from Shareholder | 1,936.00 | | -740,121.86 |
| Bill | 01/13/2015 | 1315 | United States Treasury OH | Gurpreet & Shabeen Sahani: Form 1040 2013: | Rajysan - CA | 2000  Accounts Payable | 130,000.00 | | -870,121.86 |
| Bill | 01/13/2015 | 2014 | Franchise Tax Board (CA) | Gurpreet and Shabeen Forms 100, 100S, 100W, 100X EST 2014 | Rajysan - CA | 2000  Accounts Payable | 35,000.00 | | -905,121.86 |
| Bill | 01/29/2015 | FTB100-Penalty | Franchise Tax Board (CA) | Gurpreet and Shabeen Forms 100, 100S, 100W, 100X EST 2014 Penalty for not efiling | Rajysan - CA | 2000  Accounts Payable | 181.24 | | -905,303.10 |
| Bill | 02/12/2015 | 1215 | United States Treasury OH | Gurpreet & Shabeen Sahani: Form 1040 2013: | | 2000  Accounts Payable | 137,265.08 | | -1,042,568.18 |
| Bill | 02/13/2015 | 2013 | State of NJ, Div of Taxation - G&S Sal TGI-NR 12/2013 SB | 286/000  Gurpreet and Shabeen Sahani | | 2000  Accounts Payable | 410.74 | | -1,042,978.92 |
| Bill | 04/15/2015 | 1515 | Gurpreet Sahani* | Shareholder Loan | Rajysan - CA | 2000  Accounts Payable | 10,000.00 | | -1,052,978.92 |
| Bill | 05/01/2015 | 8028 | Armanino, LLP fka RBZ, LLP | Client  9002 Accounting Services for Period Ending 07/10/15 - Retainer - 2015 July | Rajysan - CA | 2000  Accounts Payable | 750.00 | | -1,053,728.92 |
| Bill | 05/01/2015 | 8658 | Armanino, LLP fka RBZ, LLP | 02/01/15  QID-02/01/15 / Client  9002 Accounting Services for Period Ending | Rajysan - CA | 2000  Accounts Payable | 750.00 | | -1,054,478.92 |
| Bill | 05/01/2015 | 9551 | Armanino, LLP fka RBZ, LLP | 03/01/15  QID-03/01/15 / Client  9002 Accounting Services for Period Ending | Rajysan - CA | 2000  Accounts Payable | 750.00 | | -1,055,228.92 |
| Bill | 05/01/2015 | 0200 | Armanino, LLP fka RBZ, LLP | 04/01/15  QID-04/01/15 / Client  9002 Accounting Services for Period Ending | Rajysan - CA | 2000  Accounts Payable | 750.00 | | -1,055,978.92 |
| Bill | 07/01/2015 | 2263 | Armanino, LLP fka RBZ, LLP | 05/01/15 / Client #  9002 Accounting Services for Period Ending 07/10/15 - Retainer - 2015 July | Rajysan - CA | 2000  Accounts Payable | 750.00 | | -1,056,728.92 |
| Bill | 07/06/2015 | -20 | Michigan Department of Treasury - DM File No | 401-RI  Form MI-1040  2010-2013 | Rajysan - CA | 2000  Accounts Payable | 248.00 | | -1,056,976.92 |
| Bill | 08/01/2015 | 3169 | Armanino, LLP fka RBZ, LLP | Client  9002 Accounting Services for Period Ending 08/01/15 - Retainer - 2015 August | Rajysan - CA | 2000  Accounts Payable | 750.00 | | -1,057,726.92 |
| Bill | 08/07/2015 | 0807 | American Express | American Express PE 0807  Hanzelik Horton, MDS | | 2000  Accounts Payable | 322.00 | | -1,058,048.92 |
| Bill | 08/19/2015 | 2013 GS | Internal Revenue Service | Gurpreet & Shabeen Sahani  2013 Form 1040 | | 2000  Accounts Payable | 1,932.00 | | -1,059,980.92 |
| Bill | 08/19/2015 | 2012 GS | Internal Revenue Service | Gurpreet & Shabeen Sahani  2012 Form 1040 | | 2000  Accounts Payable | 536.00 | | -1,060,516.92 |
| Bill | 09/01/2015 | 4298 | Armanino, LLP fka RBZ, LLP | Client  9002 Accounting Services for Period Ending: 09/01/15 - Retainer - 2015 September | Rajysan - CA | 2000  Accounts Payable | 750.00 | | -1,061,266.92 |
| Bill | 09/01/2015 | 1343 | Armanino, LLP fka RBZ, LLP | Client  9002 Accounting Services for Period Ending: 06/01/15 - Retainer - 2015 June  OID: | Rajysan - CA | 2000  Accounts Payable | 750.00 | | -1,062,016.92 |
| Bill | 12/01/2015 | 7513 | Armanino, LLP fka RBZ, LLP | Client  9002 Accounting Services for Period Ending: 11/30/15 - Retainer - 2015 December | Rajysan - CA | 2000  Accounts Payable | 750.00 | | -1,062,766.92 |
| Bill | 01/01/2016 | 8273 | Armanino, LLP fka RBZ, LLP | Client  9002 Accounting Services for Period Ending: 01/31/16 - Retainer - 2016 January | Rajysan - CA | 2000  Accounts Payable | 750.00 | | -1,063,516.92 |
| Bill | 01/01/2016 | 6073 | Armanino, LLP fka RBZ, LLP | Client  9002 Accounting Services for Period Ending: 09/30/15 - Retainer - 2015 October  O | Rajysan - CA | 2000  Accounts Payable | 750.00 | | -1,064,266.92 |
| Bill | 01/01/2016 | 7267 | Armanino, LLP fka RBZ, LLP | Client  9002 Accounting Services for Period Ending: 10/31/15 - Retainer - 2015 November | Rajysan - CA | 2000  Accounts Payable | 750.00 | | -1,065,016.92 |
| Bill | 02/29/2016 | 4938 | Armanino, LLP fka RBZ, LLP | Client  9002 Accounting Services for Period Ending: 02/29/16 - Retainer - 2016 February | Rajysan - CA | 2000  Accounts Payable | 750.00 | | -1,065,766.92 |
| Bill | 04/01/2016 | 994 | Armanino, LLP fka RBZ, LLP | Client  9002 Accounting Services for Period Ending: 03/31/16 - Retainer - 2016 March  OID | Rajysan - CA | 2000  Accounts Payable | 750.00 | | -1,066,516.92 |
| Bill | 04/30/2016 | 7504 | Armanino, LLP fka RBZ, LLP | Client  9002 Accounting Services for Period Ending: 04/30/16 - Retainer - 2016 April | Rajysan - CA | 2000  Accounts Payable | 750.00 | | -1,067,266.92 |
| Bill | 05/31/2016 | 1770 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysan - CA | 2000  Accounts Payable | 4,470.00 | | -1,071,736.92 |
| Deposit | 06/22/2016 | 1382 | Gurpreet Sahani* | Shareholder Loan to Rajysan 2016-06-23 | Rajysan - CA | 1025  Community Bank - OPcs4721 | | 40,000.00 | -1,031,736.92 |

Exhibit "1."
Page 36



## Gurpreet Sahani
### Loan Payable to Rajysan

| Type | Date | Num | Name | Memo | Class | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Deposit | 07/18/2016 | 9718 | Gurpreet Sahani* | Shareholder Loan (Deposited to Comm Bank by S/H) | Rajysan - CA | 1025 · Community Bank - | | 49,970.00 | -981,766.92 |
| Deposit | 07/29/2016 | 1389 | Gurpreet Sahani* | Loan from Shareholder (Check# 1389) | Rajysan - CA | 1025 · Community Bank - OPxx4721 | | 200,000.00 | -781,766.92 |
| Bill | 07/31/2016 | 9144 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysan - CA | 2000 · Accounts Payable OPxx4721 | 1,500.00 | | -783,266.92 |
| Bill | 10/01/2016 | 6681 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysan - CA | 2000 · Accounts Payable | 2,660.00 | | -785,926.92 |
| Bill | 11/01/2016 | 9396 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysan - CA | 2000 · Accounts Payable | 2,675.00 | | -788,601.92 |

# Exhibit "2"

**Gurpreet Sahani**
**Shareholder Distributions**

| Type | Date | Num | Name | Memo | Class | Split | Amount |
|------|------|-----|------|------|-------|-------|--------|
| **3033 · Shareholder Distribution (Pete)** | | | | | | | |
| Check | 10/14/2013 | 7779 | Franchise Tax Board (CA) | Pete Sahani | Rajysan - CA | 1010 · PNC Bank 7255 | 15,576.67 |

Exhibit "3"

**Gurpreet Sahani**
**Unsupported Payments**

| Date | QB Vendor Name | Type | Num | Account | Amount |
|------|----------------|------|-----|---------|--------|
| 10/10/2013 | Gurpreet Sahani | Check | 7711 | 1010 · PNC Bank 7255 | -3,000.00 |
| 11/27/2013 | Gurpreet Sahani | Bill Pmt -Check | 8287 | 1015 · PNC Bank 4138 | 0.00 |
| 02/06/2014 | Gurpreet Sahani | Bill Pmt -Check | 9208 | 1021 · California Bank&Trust -OP#1801 | -5,000.00 |
| 07/18/2014 | Gurpreet Sahani | Bill Pmt -Check | 20156 | 1024 · California Bank&Trust-OP#5981 | -70.50 |
| 02/27/2015 | Gurpreet Sahani | Bill Pmt -Check | 30524 | 1025 · Community Bank - OPxx4721 | -629.14 |
| 03/13/2015 | Gurpreet Sahani | Bill Pmt -Check | 30675 | 1025 · Community Bank - OPxx4721 | -63.00 |
| 03/20/2015 | Gurpreet Sahani | Bill Pmt -Check | 30776 | 1025 · Community Bank - OPxx4721 | -40.89 |
| 04/15/2015 | Gurpreet Sahani | Bill Pmt -Check | 31049 | 1025 · Community Bank - OPxx4721 | -10,000.00 |
| 06/26/2015 | Gurpreet Sahani | Bill Pmt -Check | 31764 | 1025 · Community Bank - OPxx4721 | 0.00 |
| 07/07/2015 | Gurpreet Sahani | Bill Pmt -Check | ACH DR | 1025 · Community Bank - OPxx4721 | -1,092.70 |
| 11/02/2016 | Gurpreet Sahani | Check | 35172 | 1025 · Community Bank - OPxx4721 | -961.84 |
| | | | | | -20,858.07 |

Exhibit "4"

Amarjit Sahani
Loan Payable to Rajysan

**2521 · Loan from Shareholder Amarjit #2**

| Type | Date | Num | Adj | Name | Memo | Clr | Split | Class | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|
| General Journal | 12/31/2012 | E 65 | ◊ | | To reclassify 12/21/12 loan from Amarjit to L/P Amarjit #3 | | 2520 · Loan from Shareholder Amarit #1 -SPLIT- | | | 106,000 00 | 106,000 00 |
| General Journal | 02/05/2013 | E 112 | ◊ | | To reclassify repayment of loans from SIMPLE IRA plan | | Amarit#1 | | | | 0 00 |
| Bill | 01/16/2014 | E-55 #1 | | Los Angeles County Tax Collector | 1st installment-second installment due 4/10/14 | | 2000 · Accounts Payable | Rajysan - CA | | 8,808 43 | -8,808 43 |
| Check | 01/21/2014 | ACH Debit | | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder OK38 | | 1015 · PNC Bank 4138 | Rajysan - CA | 6,200 00 | | -15,008 43 |
| Check | 02/20/2014 | ACH Debit | | Franchise Tax Board (CA) | Monthly Payments / FTB - State Inc Tax Amarjit/Rajinder OK38 | | 1015 · PNC Bank 4138 | Rajysan - CA | 6,200 00 | | -21,208 43 |
| General Journal | 02/28/2014 | I4-30 | | | Monthly Payments / JE 30 ReClass to OS loan Tampa mortgage pymts that were chanaed to naid bv Raivian on behalf of | | 2501 · Loan - DRM | Rajysan - CA | 5,600 00 | | -26,808 43 |
| Bill | 03/06/2014 | Tax Year 2012 | | Department of Treasury | Tax Year (2012) Mr Sahani & Mrs Sahani | | 2000 · Accounts Payable | Rajysan - CA | | 244,997 91 | -271,806 34 |
| Check | 03/20/2014 | ACH Debit | | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder OK38 | | 1015 · PNC Bank 4138 | Rajysan - CA | 6,200 00 | | -278,006 34 |
| Bill | 03/25/2014 | 013#2 | | Los Angeles County Tax Collector | Monthly Payments / JE 33 ReClass to OS loan Tampa mortgage pymts that 2013 Install #2 | | 2000 · Accounts Payable | Rajysan - CA | | 8,007 66 | -286,014 00 |
| General Journal | 03/31/2014 | I4-33 | | | were chanaed to naid bv Raivian on behalf of / 2014 Form 1040ES Voucher 1 (Amarjit/Rajinder) | | 2501 · Loan - DRM | Rajysan - CA | 5,600 00 | | -291,614 00 |
| Check | 04/11/2014 | 9751 | | Internal Revenue Service | | | 1021 · California Bank& Trust - OP#1801 | Rajysan - CA | 171,500 00 | | -463,114 00 |
| Check | 04/11/2014 | 9753 | | Franchise Tax Board (CA) | 2014 Form 540-ES (Amarjit/Rajinder) - Voucher 1 | | 1021 · California Bank& Trust - OP#1801 | Rajysan - CA | 71,500 00 | | -534,614 00 |
| Check | 04/21/2014 | ACH Debit | | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder OK38 | | 1015 · PNC Bank 4138 | Rajysan - CA | 6,200 00 | | -540,814 00 |
| Bill | 05/12/2014 | I214 | | Franchise Tax Board (CA) | Monthly Payments / Acct # - 2012 TAX | | 2000 · Accounts Payable | Rajysan - CA | 715 41 | | -541,529 41 |
| Check | 05/20/2014 | ACH Debit | | Franchise Tax Board (CA) | BALANCE DUE / FTB - State Inc Tax Amarjit/Rajinder OK38 | | 1015 · PNC Bank 4138 | Rajysan - CA | 6,200 00 | | -547,729 41 |
| Check | 06/16/2014 | 0428 | | Franchise Tax Board (CA) | Monthly Payments / 2014 Form 540-ES (Amarjit/Rajinder) - Voucher 2 | | 1021 · California Bank& Trust - OP#1801 | Rajysan - CA | 139,500 00 | | -687,229 41 |
| Check | 06/16/2014 | 0429 | | United States Treasury - 5100 | 2014 Form 1040-ES (Amarjit/Rajinder) - Voucher 2 | | 1021 · California Bank& Trust - OP#1801 | Rajysan - CA | 297,500 00 | | -984,729 41 |
| Check | 06/16/2014 | ACH Debit | | Franchise Tax Board (CA) | FTB 2014 Estimated Corp Tax CA Form 100-ES | | 1021 · California Bank& Trust - OP#1801 | Rajysan - CA | 4,000 00 | | -988,729 41 |
| Check | 06/20/2014 | ACH Debit | | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder OK38 | | 1015 · PNC Bank 4138 | Rajysan - CA | 6,200 00 | | -994,929 41 |
| General Journal | 06/30/2014 | I4-34 | | | Monthly Payments / JE 34 ReClass NationStar Mortgage Pymt to Loan | | 2501 · Loan - DRM | Rajysan - CA | | 2,800 00 | -992,129 41 |
| Check | 07/10/2014 | ACH Debit | | Franchise Tax Board (CA) | Final FTB - State Inc Tax Amarjit/Rajinder | | 1024 · California Bank& Trust- OP#5981 | Rajysan - CA | 27,666 00 | | -1,019,795 41 |
| Bill | 10/15/2014 | 1514 | | State of New Jersey-TGI | 2013 NJ Individual Income Tax Return-Mr & Mrs Sahani | | 2000 · Accounts Payable | | 9,044 00 | | -1,028,839 41 |
| Bill | 10/15/2014 | 1514 | | Commonwealth of Massachusetts | 2013 Mass Individual Tax Return | | 2000 · Accounts Payable | | 3,538 00 | | -1,032,377 41 |
| Bill | 10/15/2014 | 1514 | | State of New Jersey-TGI | 2013 NJ Individual Income Tax Return- Gurpreet Sahani | | 2000 · Accounts Payable | | 1,936 00 | | -1,034,313 41 |
| Bill | 10/15/2014 | 1514-1 | | Franchise Tax Board (CA) | 2013 Tax Payment - Mr & Mrs Sahani | | 2000 · Accounts Payable | | 100,000 00 | | -1,134,313 41 |
| Bill | 10/31/2014 | 3114 | | Clerk, United States Tax Court | 2011 Interest Deduction Correction | | 2000 · Accounts Payable | | 60 00 | | -1,134,373 41 |
| Bill | 10/31/2014 | 3114 | | United States Treasury | CP2000 Tax Year 2012 - Tax Shortage | | 2000 · Accounts Payable | | 248 00 | | -1,134,621 41 |
| Bill | 12/01/2014 | 002-1 | | Los Angeles County Tax Collector | Prep Tax 5352 Tampa Ave Tarzana -002-1 | | 2000 · Accounts Payable | Rajysan - CA | 6,330 92 | | -1,140,952 33 |
| Bill | 12/01/2014 | I4#1 | | Los Angeles County Tax Collector | PPTAX 7647 Densmore -I4#1 2014 Install #1 | | 2000 · Accounts Payable | Rajysan - CA | 8,007 31 | | -1,148,959 64 |
| Bill | 12/01/2014 | 2113 | | Amanino, LLP fka RBZ, LLP | Client # 9004 Accounting Services for Period Ending 09/16/2014 Original Invoice Date 09 | | 2000 · Accounts Payable | Rajysan - CA | 6,950 30 | | -1,155,909 94 |
| Bill | 12/10/2014 | 1014 | | State of New Jerse TGI | -0613 | | 2000 · Accounts Payable | | 10,000 00 | | -1,165,909 94 |
| Bill | 12/10/2014 | 1014 | | Commonwealth of Massachusetts-022 | 2014 Form 1-ES -8121 and -0613 | | 2000 · Accounts Payable | | 5,000 00 | | -1,170,909 94 |
| Bill | 12/10/2014 | 1014 | | Commonwealth of Massachusetts-022 | 2014 Form 1-ES -4286 and -3802 | | 2000 · Accounts Payable | | 1,500 00 | | -1,172,409 94 |

**Amarjit Sahani**
**Loan Payable to Rajysun**

### 2521 · Loan from Shareholder Amarjit#2

| Type | Date | Num | Name | Memo | Class | Clr | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| Bill | 12/10/2014 | 5382 | Commonwealth of Massachusetts-706 | 2013 Late Filing Fee Penalty and Interest: Tax Id | | | 2000 · Accounts Payable | 577 02 | | -1,172,986 96 |
| Bill | 12/10/2014 | 7141 | Commonwealth of Massachusetts-706 | 2013 Late Filing Fee Penalty and Interest: Tax Id 8121 | | | 2000 · Accounts Payable | 116 69 | | -1,173,103 65 |
| Bill | 12/10/2014 | 1014 | United States Treasury - 5100 | 4286 / 2014 1040 ES #4 | | | 2000 · Accounts Payable | 806,000 00 | | -1,979,103 65 |
| Bill | 12/10/2014 | 1014 | Internal Revenue Service | Amarjit & Rajinder Sahani 8121; form 1040 2013: | | | 2000 · Accounts Payable | 51,036 00 | | -2,030,139 65 |
| Bill | 12/10/2014 | 3384 | New Jersey Gross Income Tax | Mo Install per Form 9465 / 2013 Penalty & Interest DUE N 3384; Amarjit and | | | 2000 · Accounts Payable | 615 32 | | -2,030,754 97 |
| Bill | 12/16/2014 | 614 | United States Treasury-0010 | Rajinder Sahani / Tax $870 and Penalty $51 91 - 2013 Penalties | | | 2000 · Accounts Payable | 921 91 | | -2,031,676 88 |
| Bill | 12/16/2014 | 1614 | Franchise Tax Board (CA) | 2013 Penalty Amarjit and Rajinder Sahani | | | 2000 · Accounts Payable | 1,000 49 | | -2,032,677 37 |
| Bill | 12/17/2014 | HK2 | Franchise Tax Board (CA) | -MULTIPLE- | | | 2000 · Accounts Payable | 35,211 96 | | -2,067,889 33 |
| General Journal | 12/31/2014 | 14-40 | State of New Jersee TGI | JE 40 ReClass 2013 NJ Individual Income Tax Return- | Rajysun - CA | | 2550 · Loan from Shareholder | | 1,936 00 | -2,065,953 33 |
| Bill | 01/01/2015 | 7940 | Armanino, LLP fka RBZ, LLP | Gurreen Sahani to recoer GL code / Client 904  Accounting Services for Period Ending | Rajysun - CA | Gurreen | 2000 · Accounts Payable | 753 50 | | -2,066,706 83 |
| Bill | 01/01/2015 | 0205 | Armanino, LLP fka RBZ, LLP | 02/28/2014 - Original Invoice Date: 02/28/14 / Client 904  Accounting Services for Period Ending | Rajysun - CA | | 2000 · Accounts Payable | 1,332 00 | | -2,068,038 83 |
| Bill | 01/01/2015 | 928 | Armanino, LLP fka RBZ, LLP | 03/31/2014 - Original Invoice Date: 03/31/14 / Client 904  Accounting Services for Period Ending | Rajysun - CA | | 2000 · Accounts Payable | 2,238 00 | | -2,070,276 83 |
| Bill | 01/13/2015 | 315 | United States Treasury | 05/31/2014 - Original Invoice Date: 05/31/14 / Amarjit & Rajinder Sahani Form 1040 2013: | | | 2000 · Accounts Payable | 600,000 00 | | -2,670,276 83 |
| Bill | 01/13/2015 | 2013 | Franchise Tax Board (CA) | Account 8531 Forms 100, 100S, 100W, 100X 2013 | Rajysun - CA | | 2000 · Accounts Payable | 95,000 00 | | -2,765,276 83 |
| Bill | 01/13/2015 | 2014 | Franchise Tax Board (CA) | Account 8531 Forms 100, 100S, 100W, 100X EST 2014 | Rajysun - CA | | 2000 · Accounts Payable | 118,000 00 | | -2,883,276 83 |
| Bill | 02/12/2015 | 1215 | United States Treasury | Amarjit & Rajinder Sahani Form 1040 2013: | | | 2000 · Accounts Payable | 590,342 16 | | -3,473,618 99 |
| Bill | 02/12/2015 | 013-2 | Franchise Tax Board (CA) | Account 8531 Forms 100, 100S, 100W, 100X 2013 | Rajysun - CA | | 2000 · Accounts Payable | 131,606 24 | | -3,605,225 23 |
| Bill | 02/13/2015 | 2013 | State of NJ, Div of Taxation - A&R Sa | TGI-NR 122013 'SS -8121/000  Amarjit S & | Rajysun - CA | | 2000 · Accounts Payable | 2,284 30 | | -3,607,509 53 |
| General Journal | 02/28/2015 | 15-20 | Rajinder K Sahani | JE 20 RC Mr/Mrs Sahani Advances from 2014 to | Rajysun - CA | | -SPLIT- | | | -3,636,575 87 |
| Bill | 04/01/2015 | -002-2 | Los Angeles County Tax Collector | Shareholder Loan Acct / Prop Tax: 5352 Tampa Ave Tarzana 02-2 (Per Curt. Mo. Sahani to pay directly) | Rajysun - CA | O | 2000 · Accounts Payable | 0 00 | | -3,636,575 87 |
| Bill | 04/01/2015 | 014#2 | Los Angeles County Tax Collector | 1647 Densmore -008 2014 Install #2 | Rajysun - CA | | 2000 · Accounts Payable | 8,007 30 | | -3,644,583 17 |
| Bill | 04/09/2015 | 0915 | State of NJ Div of Taxation | 8121 Sahani, Amarjit and | Rajysun - CA | | 2000 · Accounts Payable | 5,000 00 | | -3,649,583 17 |
| Bill | 04/09/2015 | 015-2 | State of NJ Div of Taxation | 0613 Sahani, Rajinder / 8121 Sahani, Amarjit and | Rajysun - CA | | 2000 · Accounts Payable | 60,000 00 | | -3,709,583 17 |
| Bill | 04/17/2015 | 1715 | Rajinder Sahani | 0613 Sahani, Rajinder / Shareholder Loan | Rajysun - CA | | 2000 · Accounts Payable | 10,000 00 | | -3,719,583 17 |
| Bill | 05/01/2015 | 8029 | Armanino, LLP fka RBZ, LLP | Client 9004  Accounting Services for Period Ending | Rajysun - CA | | 2000 · Accounts Payable | 1,000 00 | | -3,720,583 17 |
| Bill | 05/01/2015 | 8659 | Armanino, LLP fka RBZ, LLP | 02/01/15 - OID: 02/01/15 / Client 9004  Accounting Services for Period Ending | Rajysun - CA | | 2000 · Accounts Payable | 1,000 00 | | -3,721,583 17 |
| Bill | 05/01/2015 | 9552 | Armanino, LLP fka RBZ, LLP | 03/01/15 - OID: 03/01/15 / Client 9004  Accounting Services for Period Ending | Rajysun - CA | | 2000 · Accounts Payable | 1,000 00 | | -3,722,583 17 |
| Bill | 05/01/2015 | 201 | Armanino, LLP fka RBZ, LLP | 04/01/15 - OID: 04/01/15 / Client 9004  Accounting Services for Period Ending | Rajysun - CA | | 2000 · Accounts Payable | 1,000 00 | | -3,723,583 17 |
| Bill | 08/01/2015 | 3171 | Armanino, LLP fka RBZ, LLP | 05/01/15 / Client 9004  Accounting Services for Period Ending | Rajysun - CA | | 2000 · Accounts Payable | 1,000 00 | | -3,724,583 17 |
| Bill | 08/19/2015 | 2012 AS | Internal Revenue Service | 08/01/15 / Amarjit S & Rajinder K Sahani  2012 Form 1040 | Rajysun - CA | | 2000 · Accounts Payable | 1,341 00 | | -3,725,924 17 |
| Bill | 08/19/2015 | 2013 AS | Internal Revenue Service | Amarjit S & Rajinder K Sahani  2013 Form 1040 | Rajysun - CA | | 2000 · Accounts Payable | 9,087 00 | | -3,735,011 17 |

**Amarjit Sahani**
Loan Payable to Rajysan

**2521 · Loan from Shareholder Amarjit#2**

| Type | Date | Num | All | Name | Memo | Class | Clr | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bill | 09/01/2015 | 4274 | | Ammarino, LLP fka RBZ, LLP | Client █ 9004 Accounting Services for Period Ending: | Rajysan - CA | | 2000 Accounts Payable | 1,000.00 | | -3,736,011 17 |
| Bill | 09/01/2015 | 1355 | | Ammarino, LLP fka RBZ, LLP | 09/01/15 Retainer - 2015 September / Client █ 9004 Accounting Services for Period Ending: | Rajysan - CA | | 2000 Accounts Payable | 1,000.00 | | -3,737,011 17 |
| Bill | 09/14/2015 | 42015 | | United States Treasury | 06/01/15 Retainer - 2015 June OID: / Amarjit & Rajinder Sahani Form 1040 2011: | Rajysan - CA | | 2000 Accounts Payable | 6,434.33 | | -3,743,445 50 |
| Bill | 09/23/2015 | 2315 | | Wells Fargo Card Services | Amazon | Rajysan - CA | | 2000 Accounts Payable | 706.83 | | -3,744,152 33 |
| Deposit | 10/07/2015 | 1186 | | Amarjit Sahani | Recovery from Shareholder for Personal charge on company card (OCD: 9/23/2015) | Rajysan - CA | | 1025 Community Bank - OPxx4721 | | 706.83 | -3,743,445 50 |
| Bill | 10/15/2015 | 2489 | | Franchise Tax Board (CA) | Amarjit & Rajinder Sahani 2014 Taxes CA FTB | Rajysan - CA | | 2000 Accounts Payable | 1,940.00 | | -3,745,385 50 |
| Bill | 10/23/2015 | 2315 | | Wells Fargo Card Services | Amazon | Rajysan - CA | | 2000 Accounts Payable | 216.29 | | -3,745,601 79 |
| Bill | 10/25/2015 | 1025 | | American Express | Paypal *Creatinopay | Rajysan - CA | | 2000 Accounts Payable | 45.00 | | -3,745,646 79 |
| Bill | 11/01/2015 | 2265 | | Ammarino, LLP fka RBZ, LLP | Client █ 9004 Accounting Services for Period Ending: | Rajysan - CA | | 2000 Accounts Payable | 1,000.00 | | -3,746,646 79 |
| Bill | 11/09/2015 | 1040 | | United States Treasury | 07/01/15 Retainer - 2015 July OID: / Amarjit S Sahani 2011 Form 1040 | Rajysan - CA | | 2000 Accounts Payable | 36.64 | | -3,746,683 43 |
| Deposit | 11/20/2015 | 1054 | | Amarjit Sahani | -MULTIPLE- | Rajysan - CA | | 1025 Community Bank - OPxx4721 | | 261.29 | -3,746,422 14 |
| Bill | 11/24/2015 | 2415 | | Wells Fargo Card Services | Amazon | Rajysan - CA | | 2000 Accounts Payable | 177.81 | | -3,746,599 95 |
| Bill | 11/24/2015 | 2415 | | Wells Fargo Card Services | Amazon | Rajysan - CA | | 2000 Accounts Payable | | 128.00 | -3,746,471 95 |
| General Journal | 11/30/2015 | 15-31 | | Franchise Tax Board (CA) | JE 31 Correction to Vendor Name on CA Tax Payment / from Averi (Ref █915-2) | Rajysan - CA | | 2521 Loan from Shareholder Amarjit2 | 60,000.00 | | -3,806,471 95 |
| General Journal | 11/30/2015 | 15-31 | | State of NJ Div of Taxation | JE 31 Correction to Vendor Name on CA Tax Payment / from Averi (Ref █915-2) | Rajysan - CA | | 2521 Loan from Shareholder Amarjit2 | | 60,000.00 | -3,746,471 95 |
| Bill | 12/01/2015 | 7515 | | Ammarino, LLP fka RBZ, LLP | Client █ 9004 Accounting Services for Period Ending: / 11/30/15 Retainer - 2015 December | Rajysan - CA | | 2000 Accounts Payable | 1,000.00 | | -3,747,471 95 |
| Deposit | 12/07/2015 | 1055 | | Amarjit Sahani | Repayment of Personal Expense on Company CC | Rajysan - CA | | 1025 Community Bank - OPxx4721 | | 49.81 | -3,747,422 14 |
| Bill | 12/23/2015 | 1223 | | Wells Fargo Card Services | Amazon | Rajysan - CA | | 2000 Accounts Payable | 162.98 | | -3,747,585 12 |
| Bill | 12/25/2015 | 1225 | | American Express | -MULTIPLE- | Rajysan - CA | | 2000 Accounts Payable | 290.68 | | -3,747,875 80 |
| Bill | 12/31/2015 | 1201561 | | Los Angeles County Tax Collector | ID █ 2015 Property Tax Installment #1 | Rajysan - CA | | 2000 Accounts Payable | 8,751.42 | | -3,756,627 22 |
| General Journal | 12/31/2015 | 15-31 | | Sullivan Curtis Monroe | 7647 Dennison Ave / JE 31 - Reclass Shareholder Insurance Premium (2015) | Rajysan - CA | | 6240 Building | 2,248.00 | | -3,758,875 22 |
| General Journal | 12/31/2015 | E13 | O | | JE13 - Shareholder Loan Correction fro MI | Rajysan - CA | | -SPLIT- | 1,246.00 | | -3,760,121 22 |
| Bill | 01/01/2016 | 8267 | | Ammarino, LLP fka RBZ, LLP | Treasury from 07/00/615 / Client █ 9004 Accounting Services for Period Ending: | Rajysan - CA | | 2000 Accounts Payable | 1,000.00 | | -3,761,121 22 |
| Bill | 01/01/2016 | 6051 | | Ammarino, LLP fka RBZ, LLP | 01/31/16 Retainer - 2016 January / Client █ 9004 Accounting Services for Period Ending: | Rajysan - CA | | 2000 Accounts Payable | 1,000.00 | | -3,762,121 22 |
| Bill | 01/01/2016 | 7316 | | Ammarino, LLP fka RBZ, LLP | 09/30/15 Retainer - 2015 October O / Client █ 9004 Accounting Services for Period Ending: | Rajysan - CA | | 2000 Accounts Payable | 1,000.00 | | -3,763,121 22 |
| Deposit | 01/19/2016 | 1204 | | Amarjit Sahani | 10/31/15 Retainer - 2015 November / Repay personal charges on company credit card (Ref █23-a) | Rajysan - CA | | 1025 Community Bank - OPxx4721 | | 453.66 | -3,762,667 56 |
| Bill | 01/25/2016 | 0125 | | American Express | Acct █004 Statement Date: 01/25/16 Amarjit S Sahani | Rajysan - CA | | 2000 Accounts Payable | 196.14 | | -3,762,863 70 |
| Deposit | 02/19/2016 | 1209 | | Amarjit Sahani | Repay personal charges on company credit card (Ref █0125 | Rajysan - CA | | 1025 Community Bank - OPxx4721 | | 196.14 | -3,762,667 56 |
| Bill | 02/23/2016 | 0223 | | Wells Fargo Card Services | AmazonMktpstock | Rajysan - CA | | 2000 Accounts Payable | 211.25 | | -3,762,878 81 |
| General Journal | 02/29/2016 | 6-31 | O | | JE 31 Reclass Shareholder Insurance Premium on VN | Rajysan - CA | | 1320 Prepaid Insurance | 2,310.00 | | -3,765,188 81 |
| Bill | 02/29/2016 | 4941 | | Ammarino, LLP fka RBZ, LLP | Property (2016-17) / Client █ 9004 Accounting Services for Period Ending: / 02/29/16 Retainer - 2016 February | Rajysan - CA | | 2000 Accounts Payable | 1,000.00 | | -3,766,188 81 |

**Amarjit Sahani**
**Loan Payable to Rajyun**

**2521 · Loan from Shareholder Amarjit#2**

| Type | Date | Num | Adj | Name | Memo | Class | Clr | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Deposit | 03/17/2016 | 1211 | | Amarjit Sahani | Repayment of Personal Charges on Company CC | | | 1025 · Community Bank - OP.xxf721 | | 211.25 | -3,765,977.56 |
| Deposit | 03/18/2016 | 2999 | | Rajinder Sahani | -MULTIPLE- | Rajyun - CA | | 1025 · Community Bank - OP.xxf721 | | 250,000.00 | -3,515,977.56 |
| Bill | 03/23/2016 | 0323 | | Wells Fargo Card Services | Q Market/Amazon | Rajyun - CA | | 2000 · Accounts Payable | 415.90 | | -3,516,393.46 |
| Bill | 03/25/2016 | 201582 | | Los Angeles County Tax Collector | ID 008 8  2015 Property Tax Installment #2  7647 Densmore Ave | Rajyun - CA | | 2000 · Accounts Payable | 7,955.84 | | -3,524,349.30 |
| Deposit | 03/28/2016 | 781 | | Amarjit Sahani | Property Tax Repayment (Trans dated 3/25/2016) | Rajyun - CA | | 1025 · Community Bank - OP.xxf721 | | 7,955.84 | -3,516,393.46 |
| Check | 04/01/2016 | ACH DR | | Internal Revenue Service | IRS Form 1040 2012/2013 Tax Payment (Amarjit & Rajinder Sahani) | Rajyun - CA | | 1025 · Community Bank - OP.xxf721 | 2,753.00 | | -3,519,146.46 |
| Bill | 04/01/2016 | 1004 | | Armanino, LLP fka RBZ, LLP | Client 9004  Accounting Services for Period Ending: 03/31/16  Retainer - 2016 March  OID | Rajyun - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,520,146.46 |
| Bill | 04/06/2016 | 406 | | Citi Cards #3514  Amarjit S Sahani | Acct ending in #3514  Balance as of 04/06/16 | Rajyun - CA | | 2000 · Accounts Payable | 369.06 | | -3,520,515.52 |
| Deposit | 04/20/2016 | 1198 | | Amarjit Sahani | Repayment of Personal Charges on Company CC | Rajyun - CA | | 1025 · Community Bank - OP.xxf721 | | 784.96 | -3,519,730.56 |
| Bill | 04/25/2016 | 60425 | | Wells Fargo Card Services | Coakley Tech | Rajyun - CA | | 2000 · Accounts Payable | 62.44 | | -3,519,793.00 |
| Bill | 04/30/2016 | 7510 | | Armanino, LLP fka RBZ, LLP | Client 9004  Accounting Services for Period Ending: 04/30/16  Retainer - 2016 April | Rajyun - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,520,793.00 |
| Check | 05/02/2016 | ACH DR | | Internal Revenue Service | IRS Form 1040 2012/2013 Tax Payment (Amarjit & Rajinder Sahani) | Rajyun - CA | | 1025 · Community Bank - OP.xxf721 | 2,753.00 | | -3,523,546.00 |
| Bill | 05/31/2016 | 1781 | | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajyun - CA | | 2000 · Accounts Payable | 7,181.25 | | -3,530,727.25 |
| Check | 06/01/2016 | ACH DR | | Internal Revenue Service | IRS Form 1040 2012/2013 Tax Payment (Amarjit & Rajinder Sahani) | Rajyun - CA | | 1025 · Community Bank - OP.xxf721 | 2,753.00 | | -3,533,480.25 |
| Deposit | 06/06/2016 | 1379 | | Amarjit Sahani | Shareholder Loan 0606 ($100K) | Rajyun - CA | | 1025 · Community Bank - OP.xxf721 | | 100,000.00 | -3,433,480.25 |
| Deposit | 06/10/2016 | 1381 | | Rajinder Sahani | Loan From Shareholder 6/10/2016 (Chk# 1381) | Rajyun - CA | | 1025 · Community Bank - OP.xxf721 | | 100,000.00 | -3,333,480.25 |
| Deposit | 06/23/2016 | 60623 | | Rajinder Sahani | Loan from Shareholder 6/23/2016 | Rajyun - CA | | 1025 · Community Bank - OP.xxf721 | | 50,000.00 | -3,283,480.25 |
| Deposit | 07/12/2016 | 98 | | -MULTIPLE- | -MULTIPLE- | Rajyun - CA | | 1025 · Community Bank - OP.xxf721 | | 50,000.00 | -3,233,480.25 |
| Deposit | 07/28/2016 | 1411 | | -MULTIPLE- | Loan From Shareholder A Sahani & R Sahani (Check# 1411) | Rajyun - CA | | 1025 · Community Bank - OP.xxf721 | | 550,000.00 | -2,683,480.25 |
| Bill | 07/31/2016 | 9146 | | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajyun - CA | | 2000 · Accounts Payable | 2,000.00 | | -2,685,480.25 |
| Deposit | 08/12/2016 | 1421 | | Amarjit Sahani | Loan from Shareholder (Chk# 1421) | Rajyun - CA | | 1025 · Community Bank - OP.xxf721 | | 500,000.00 | -2,185,480.25 |
| Deposit | 09/28/2016 | 0232 | | Amarjit Sahani | Shareholder Loan to Cover Lender Purchase  AHW LLC | Rajyun - CA | | 1025 · Community Bank - OP.xxf721 | | 8,900.00 | -2,176,580.25 |
| Bill | 10/01/2016 | 6735 | | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajyun - CA | | 2000 · Accounts Payable | 5,754.50 | | -2,182,334.75 |
| Bill | 11/01/2016 | 9409 | | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajyun - CA | | 2000 · Accounts Payable | 2,400.00 | | -2,184,734.75 |
| Credit | 12/28/2016 | 144 R | | Altman USA Corporation (AUC) | reverse deposit | Rajyun - CA | | 2000 · Accounts Payable | | 190,440.00 | -1,994,294.75 |

# Exhibit "5"

**Amarjit Sahani**
**Shareholder Distributions**

| Type | Date | Num | Name | Memo | Class | Split | Amount |
|------|------|-----|------|------|-------|-------|--------|
| **3031 · Shareholder Distribution (Amarj** | | | | | | | |
| Check | 10/14/2013 | 7780 | Franchise Tax Board (CA) | -0613 | Rajysan - CA | 1010 · PNC Bank 7255 | 34,519.33 |

Exhibit "6"

**Amarjit Sahani**
**Unsupported Payments**

| Date | QB Vendor Name | Type | Num | Account | Amount |
|------|----------------|------|-----|---------|--------|
| 08/01/2013 | Amarjit Sahani | Check | 7142 | 1010 · PNC Bank 7255 | -1,200.00 |
| 08/29/2013 | Amarjit Sahani | Check | 7419 | 1010 · PNC Bank 7255 | -1,250.00 |
| 09/25/2013 | Amarjit Sahani | Check | 7617 | 1010 · PNC Bank 7255 | -1,250.00 |
| 10/31/2013 | Amarjit Sahani | Check | 8089 | 1015 · PNC Bank 4138 | -1,250.00 |
| 12/02/2013 | Amarjit Sahani | Check | 8299 | 1015 · PNC Bank 4138 | -1,250.00 |
| 01/02/2014 | Amarjit Sahani | Check | 8616 | 1015 · PNC Bank 4138 | -1,250.00 |
| 02/04/2014 | Amarjit Sahani | Check | 9146 | 1021 · California Bank&Trust -OP#1801 | -1,250.00 |
| 02/28/2014 | Amarjit Sahani | Check | 9328 | 1021 · California Bank&Trust -OP#1801 | -1,250.00 |
| 03/07/2014 | Amarjit Sahani | Bill Pmt -Check | 9475 | 1021 · California Bank&Trust -OP#1801 | -1,176.58 |
| 05/19/2014 | Amarjit Sahani | Bill Pmt -Check | 10196 | 1021 · California Bank&Trust -OP#1801 | 0.00 |
| 05/19/2014 | Amarjit Sahani | Bill Pmt -Check | 10197 | 1021 · California Bank&Trust -OP#1801 | -1,200.00 |
| 06/20/2014 | Amarjit Sahani | Bill Pmt -Check | 10439 | 1021 · California Bank&Trust -OP#1801 | -512.30 |
| 11/21/2014 | Amarjit Sahani | Bill Pmt -Check | 21310 | 1024 · California Bank&Trust-OP#5981 | -255.83 |
| 01/14/2015 | Amarjit Sahani | Credit Card Charge | | 2067 · California Bank & Turst -x4801 | -186.25 |
| | | | | | -16,425.67 |

# Exhibit "7"

**Rajinder Sahani**
**Unsupported Payments**

| Date | QB Vendor Name | Type | Num | Account | Amount |
|------|----------------|------|-----|---------|--------|
| 11/01/2013 | Rajinder Sahani | Check | 8175 | 1015 · PNC Bank 4138 | -49.31 |
| 12/13/2013 | Rajinder Sahani | Bill Pmt -Check | 8434 | 1015 · PNC Bank 4138 | -2,494.00 |
| 04/04/2014 | Rajinder Sahani | Bill Pmt -Check | 9723 | 1021 · California Bank&Trust -OP#1801 | -583.00 |
| 07/03/2014 | Rajinder Sahani | Bill Pmt -Check | 20025 | 1024 · California Bank&Trust-OP#5981 | -11,866.14 |
| 04/17/2015 | Rajinder Sahani | Bill Pmt -Check | 31104 | 1025 · Community Bank - OPxx4721 | -10,000.00 |
| | | | | | (24,992.45) |

Exhibit "8"



# AJYSAN, INC.

February 5, 2013

Mr. Mitch Imielinski, President.
Red-D-Arc Welderrentals, Inc.
Airgas Inc.
685 Lee Industrial Boulevard
Austell, Georgia 30168.

Ref: LOI for Purchase of Tier 3 Generators.

Dear Mitch,

In keeping with our discussions to date, this document serves as a Letter of Intent for Red-D-Arc Inc. (RDA the "Buyer") to purchase and for Rajysan Inc., a California corporation (Rajysan the "Seller") to sell a combination of SDG65, SDG100, SDG125 and SDG150, Tier 3 based MMD PowerPro Generators.

This Letter of Intent is being given for the purpose of furthering the good faith discussions between parties so that a final definitive written agreement outlining all of the terms of the transaction herein can be negotiated and executed by the parties.

The following are the proposed terms under which Rajysan is willing to commit to sell the generators.

1. Rajysan will sell and RDA will purchase Six Hundred (600) in each of the fiscal years, 2013, 2014 and 2015 for a total of 1800 units. As on February 4, 2013, RDA has already confirmed its orders for 2013 fiscal year in quantities of 95 and 505 units for a total of 600 units.

2. For the balance 1200 units, RDA will determine the product mix of the Generators from a combination of SDG65, SDG100, SDG125 and SDG150. All of the Generators shall be Tier 3 based. Isuzu engines are preferred. Other models may be added to the mix by mutual consent.

3. The unit purchase price for each model for fiscal year 2013 shall be as follows;
   a. SDG65 with trailer.   US$30,600/-.
   b. SDG125 with trailer.  US$49,400/-.
   c. SDG150 with trailer.  US$58,300/-.







Corporate Office: 7700 Densmore Avenue, Van Nuys, California 91406. U.S.A.



# RAJYSAN, INC.

4. The prices quoted shall be fixed for the fiscal year 2013. For purchases in 2014 & 2015 the unit purchase price for each model shall be discussed and agreed upon before the orders are confirmed.

5. Our preferred payment terms are an Irrevocable Letter of Credit (L/C) with payment At Sight, to be issued for the benefit of Rajysan Inc or any of its assignees. If other payment terms are sought by either RDA or Rajysan, they will be discussed at time of acceptance of order.

We look forward to working with you to bring this transaction to a successful conclusion. We hope that this is just the beginning of a long and productive relationship.

Please acknowledge your willingness to move forward with this transaction by executing a copy of this letter.

Sincerely,

RAJYSAN, INC.

BY:
Gurmeet Sahani, President.

Agreed to and accepted as of
February 8, 2013

Red-D-Arc Inc, SUBSIDIARY OF
AIRGAS, INC.

BY:
Mitch Imielinski, President.







Corporate Office: 7700 Densmore Avenue, Van Nuys, California 91406. U.S.A.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*):
**SECOND AMENDED COMPLAINT FOR:**
**(1)   AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL TRANSFERS;**
**(2)   AVOIDANCE, RECOVERY, AND PRESERVATION OF INTENTIONAL FRAUDULENT TRANSFERS;**
**(3)   AVOIDANCE, RECOVERY, AND PRESERVATION OF CONSTRUCTIVE FRAUDULENT TRANSFERS;**
**(4)   BREACH OF FIDUCIARY DUTY;**
**(5)   CONVERSION/ MISAPPROPRIATION;**
**(6)   CIVIL LIABILITY UNDER PENAL CODE § 496;**
**(7)   UNFAIR BUSINESS PRACTICES (BUSINESS AND PROFESSIONS CODE § 17200);**
**(8)   MISAPPROPRIATION OF TRADE SECRETS;**
**(9)   DECLARATORY RELIEF;**
**(10) QUIET TITLE;**
**(11) TURNOVER;**
**(12) CONSPIRACY;**
**(13) CONSTRUCTIVE TRUST; AND**
**(14) AVOIDANCE, RECOVERY, AND PRESERVATION OF TRILATERAL PREFERENTIAL TRANSFERS**
will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in
the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**July 17, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On (*date*) **July 17, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **July 17, 2019**, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.
Via Personal Delivery
PRESIDING JUDGE'S COPY
Bankruptcy Judge Deborah J. Saltzman
United States Bankruptcy Court, Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634 / Courtroom 1639
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 17, 2019 | Chanel Mendoza | /s/ Chanel Mendoza |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
4841-3978-8399, v. 1/1539-001                                     **F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: CON'T

- INTERESTED PARTY: Jacquelyn H Choi    jchoi@swesq.com
- INTERESTED PARTY: Jeremy Faith    eremy@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com;David@MarguliesFaithLaw.com;Victoria@MarguliesFaithlaw.com;Noreen@Marg
  uliesFaithlaw.com;Dana@marguliesfaithl
- ATTORNEYS FOR PLAINTIFF: Chad V Haes    chaes@marshackhays.com,
  8649808420@filings.docketbird.com
- ATTORNEYS FOR PLAINTIFF: D Edward Hays    ehays@marshackhays.com,
  8649808420@filings.docketbird.com
- ATTORNEYS FOR DEFENDANTS GURPREET SAHANI AS TRUSTEE OF THE GREEN ACRES TRUST
  DATED MAY 10, 2017, AMARJIT SAHANI, GURPREET SAHANI, RAJINDER SAHANI, SHAHEEN SAHANI,
  AND INTERESTED PARTY: Lewis R Landau    Lew@Landaunet.com
- U.S. TRUSTEE: United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
- INTERESTED PARTY: Timothy J Yoo    tjy@lnbyb.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
4841-3978-8399, v. 1/1539-001

**F 9013-3.1.PROOF.SERVICE**

Docket No. 96

1   RICHARD A. MARSHACK, #107291
    rmarshack@marshackhays.com
2   CHAD V. HAES, #267221
    chaes@marshackhays.com
3   MARSHACK HAYS LLP
    870 Roosevelt
4   Irvine, California 92620
    Telephone: (949) 333-7777
5   Facsimile: (949) 333-7778

6   Attorneys for
    The Official Committee of Unsecured Creditors

7

8                   UNITED STATES BANKRUPTCY COURT

9         CENTRAL DISTRICT OF CALIFORNIA - SANTA BARBARA DIVISION

10  In re                                    Case No. 9:17-bk-11363-DS

11  RAJYSAN, INC. dba MMD EQUIPMENT, a       Chapter 11
    California Corporation,
12                                           Adv. No. 9:18-ap-01040-DS
                 Debtor.
13                                           THIRD AMENDED AND VERIFIED
                                             COMPLAINT FOR:
14  ─────────────────────────────           (1) AVOIDANCE, RECOVERY, AND
                                                 PRESERVATION OF PREFERENTIAL
15  THE OFFICIAL COMMITTEE OF                    TRANSFERS;
    UNSECURED CREDITORS of the bankruptcy    (2) AVOIDANCE, RECOVERY, AND
16  estate of Rajysan, Inc., dba MMD Equipment, a    PRESERVATION OF INTENTIONAL
    California Corporation,                      FRAUDULENT TRANSFERS;
17                                           (3) AVOIDANCE, RECOVERY, AND
                 Plaintiff(s),                   PRESERVATION OF CONSTRUCTIVE
18                                               FRAUDULENT TRANSFERS;
    v.                                       (4) MISAPPROPRIATION OF TRADE
19                                               SECRETS;
    GURPREET SAHANI; GURPREET SAHANI       (5) AVOIDANCE, RECOVERY, AND
20  AS TRUSTEE OF THE GREEN ACRES TRUST         PRESERVATION OF TRILATERAL
    DATED MAY 10, 2017; RAJINDER SAHANI;        PREFERENTIAL TRANSFERS;
21  AMARJIT SAHANI; AND SHAHEEN            (6) CIVIL LIABILITY UNDER PENAL
    SAHANI,                                      CODE § 496;
22                                           (7) DECLARATORY RELIEF;
                 Defendant(s).               (8) QUIET TITLE; AND
23                                           (9) UNJUST ENRICHMENT.

24                                           [11 U.S.C. §§ 542, 544, 547, 548(A)(1)(A), 550,
                                             and 551; California Civil Code §§ 3439 *et seq.*
25                                           and 3426.3(A); California Penal Code § 496]

26

27

28

TO THE HONORABLE DEBORAH SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEFENDANTS, AND ALL INTERESTED PARTIES:

Plaintiff, The Official Committee of Unsecured Creditors ("Plaintiff" or "Committee") of the Bankruptcy Estate ("Estate") of Rajysan, Inc., dba MMD Equipment, a California Corporation ("Debtor"), files this Third[1] Amended and Verified Complaint against Gurpreet Sahani as Trustee of the Green Acres Trust dated May 10, 2017 and the Debtor's shareholders, officers, and directors, Gurpreet Sahani, Rajinder Sahani, Amarjit Sahani, and Shaheen Sahani (sometimes collectively referred to as the "Defendants"), and alleges as follows:

## Parties

1.     On July 29, 2017 ("Petition Date"), Rajysan, Inc., dba MMD Equipment, a California Corporation ("Debtor") filed a voluntary petition under Chapter 11 of Title 11 of the United States Code.

2.     On August 31, 2017, the United States Trustee filed a Notice of Appointment and Appointment of Committee Members to serve on the Committee.

3.     On February 27, 2018, the Court entered an order ("Order") approving a stipulation ("Stipulation") whereby Debtor assigned certain claims against Defendants to the Committee ("Insider Claims"). This complaint contains the Insider Claims assigned to the Committee.

4.     Defendant Gurpreet Sahani ("Gurpreet") is an individual residing in the county of Los Angeles, California, and on the Petition Date was an officer, director and the owner of 16% of the stock of Debtor.

5.     Defendant Gurpreet Sahani as Trustee of the Green Acres Trust dated May 10, 2017 ("Trustee"), was and now is the trustee of the Trust.

6.     Defendant Shaheen Sahani, also known as Shaheen Mulla Feroze ("Shaheen"), is an individual residing in the county of Los Angeles, California, and the spouse of Gurpreet.

---

[1] Complaint originally filed on August 6, 2018. First Amended Complaint filed on August 16, 2018. Second Amended Complaint filed on July 17, 2019. Per order entered on September 24, 2019, as Dk. No. 86, Plaintiff may file a third amended complaint within thirty days of entry of the September 24, 2019 order.

THIRD AMENDED AND VERIFIED COMPLAINT

1        7.     Defendant Rajinder Sahani ("Rajinder") is an individual residing in the county of

2  Los Angeles, California, and on the Petition Date was an officer, director and the owner of 33% of

3  the stock of Debtor. Rajinder is also the spouse of Amarjit.

4        8.     Defendant Amarjit Sahani ("Amarjit") is an individual residing in the County of

5  Los Angeles, California, and on the Petition Date was an officer, director and the owner of 33% of

6  the stock of Debtor. Amarjit is also the spouse of Rajinder.

7        9.     Defendants Gurpreet, Rajinder, Amarjit, and Shaheen ("Insider Defendants") are

8  insiders of the Debtor pursuant to 11 U.S.C. § 101(31).

9  <div align="center">**Statement of Jurisdiction and Venue**</div>

10        10.    This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A)

11  (matters concerning the administration of the estate); (F) (proceedings to determine, avoid, or

12  recover preferences); (H) (proceedings to recover fraudulent transfers); and (O) (other proceedings

13  affecting the liquidation of the assets of the estate). To the extent any claim for relief in this

14  complaint is determined to be a *Stern*-claim or not to be a core proceeding, Plaintiff consents to entry

15  of final judgment and orders by the Bankruptcy Court.

16        11.    Plaintiff has standing to bring this action pursuant to 11 U.S.C. § 323 and the Order

17  approving the Stipulation.

18        12.    This Court has jurisdiction over the above-captioned adversary proceeding pursuant

19  to 28 U.S.C. §§ 157 and 1334 in that this civil proceeding arises in, arises under, and relates to the

20  bankruptcy cases pending in the United States Court for the Central District of California, Santa

21  Barbara Division, entitled *In re Rajysan, Inc., dba MMD Equipment, a California Corporation*, and

22  administered under assigned Case No. 9:17-bk-11363-DS.

23        13.    Venue properly lies in the Central District of California in that this adversary

24  proceeding arises in or is related to a case under Title 11 of the United States Code as provided in

25  28 U.S.C. §§ 1408 and 1409.

26  / / /

27  / / /

28  / / /

<div align="center">2
THE THIRD AMENDED AND VERIFIED COMPLAINT</div>

4814-7198-1993, v. 1/1539-001

## General Allegations

## Relating to Transfers to Gurpreet

14.     Gurpreet was a shareholder and member of the board of directors of the Debtor when it was incorporated and has always remained a shareholder and member of the board of directors of the Debtor.

15.     On the Petition Date, Gurpreet was an officer of the Debtor, who signed the Debtor's bankruptcy petition as the Debtor's "President."

16.     Plaintiff alleges that Debtor made multiple loans, distributions, and/or transfers of property to Gurpreet, or on behalf of Gurpreet in the form of electronic transfers, journal entries, checks, or cashier's checks ("Gurpreet Loan Transfers"). The full extent of the Gurpreet Loan Transfers made by Debtor to Gurpreet will be proven at the time of trial, but are in an amount not less than $788,601.92 as set forth in **Exhibit 1**.

17.     Plaintiff alleges that Debtor made multiple loans, distributions, and transfers of property to Gurpreet, or on behalf of Gurpreet in the form of electronic transfers, journal entries, checks, or cashier's checks ("Gurpreet Distribution Transfers"). The full extent of the Gurpreet Distribution Transfers made by Debtor to Gurpreet will be proven at the time of trial, but are in an amount not less than $15,576.67 as set forth in **Exhibit 2**.

18.     Plaintiff alleges that Debtor made multiple loans, distributions, and transfers of property to Gurpreet, or on behalf of Gurpreet in the form of electronic transfers, journal entries, checks, or cashier's checks ("Gurpreet Cash Transfers"). The full extent of the Gurpreet Cash Transfers made by Debtor to Gurpreet will be proven at the time of trial, but are in an amount not less than $20,858.07 as set forth in **Exhibit 3**.

19.     The Gurpreet Loan Transfers, Gurpreet Distribution Transfers, and Gurpreet Cash Transfers may sometimes collectively hereafter be referred to as the "Gurpreet Transfers." Each of the Gurpreet Transfers is a "transfer" as that term is defined in 11 U.S.C. § 101(54).

20.     Plaintiff alleges that the Gurpreet Transfers were made on account of personal debt owed by Gurpreet and/or Gurpreet's spouse, Shaheen.

/ / /

THIRD AMENDED AND VERIFIED COMPLAINT
4814-7198-1993, v. 1/1539-001

21.    Plaintiff alleges that the Debtor did not have sufficient cash assets and/or income to meet its existing obligations at the time some or all of the Gurpreet Transfers were made.

22.    Plaintiff alleges that Debtor was insolvent at the time some or all of the Gurpreet Transfers were made.

23.    Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period, Gurpreet had possession of a 2009 Mercedes Benz E350 automobile ("Gurpreet Auto"). The Kelley Blue Book value of the vehicle is between $8,907 - $11,089.

24.    Plaintiff alleges that the Gurpreet Auto was primarily for Gurpreet's personal use.

25.    Plaintiff alleges that each of the Gurpreet Transfers, Gurpreet's possession of the Gurpreet Auto, and all payments made by Debtor toward the Gurpreet Auto caused general harm to creditors of the Debtor and did not create any damage particular to any of the Debtor's creditors.

## General Allegations
## Relating to Transfers to Amarjit

26.    Amarjit was president of the Debtor when it was incorporated and has always remained the president of the Debtor.

27.    Plaintiff alleges that Debtor made multiple loans, distributions, and transfers of property to Amarjit, or on behalf of Amarjit in the form of electronic transfers, journal entries, checks, or cashier's checks ("Amarjit Loan Transfers"). The full extent of the Amarjit Loan Transfers made by Debtor to Amarjit will be proven at the time of trial, but are in an amount not less than $1,994,294.75 as set forth in **Exhibit 4**.

28.    Plaintiff alleges that Debtor made multiple loans, distributions and transfers of property to Amarjit, or on behalf of Amarjit in the form of electronic transfers, journal entries, checks, or cashier's checks ("Amarjit Distribution Transfers"). The full extent of the Amarjit Distribution Transfers made by Debtor to Amarjit will be proven at the time of trial, but are in an amount not less than $34,519.33 as set forth in **Exhibit 5**.

29.    Plaintiff alleges that Debtor made multiple loans, distributions and transfers of property to Amarjit, or on behalf of Amarjit in the form of electronic transfers, journal entries, checks, or cashier's checks ("Amarjit Cash Transfers"). The full extent of the Amarjit Cash

THIRD AMENDED AND VERIFIED COMPLAINT

Transfers made by Debtor to Amarjit will be proven at the time of trial, but are in an amount not less than $16,425.67 as set forth in **Exhibit 6**.

30.    The Amarjit Loan Transfers, Amarjit Distribution Transfers, and Amarjit Cash Transfers may sometimes collectively hereafter be referred to as the "Amarjit Transfers." Each of the Amarjit Transfers is a "transfer" as that term is defined in 11 U.S.C. § 101(54).

31.    Plaintiff alleges that the Amarjit Transfers were made on account of personal debt owed by Amarjit and/or Amarjit's spouse, Rajinder.

32.    Plaintiff alleges that the Debtor did not have sufficient cash assets and/or income to meet its existing obligations at the time some or all of the Amarjit Transfers were made.

33.    Plaintiff alleges that Debtor was insolvent at the time some or all of the Amarjit Transfers were made.

34.    Plaintiff alleges that during the four-year period prior to the Petition Date and during the Tolling Period Amarjit had possession of a 2015 BMW 750LI automobile ("Amarjit Auto"). The Kelley Blue Book value of the vehicle is between $34,503 - $59,090.

35.    Plaintiff alleges that the Amarjit Auto was primarily for Amarjit's personal use.

36.    Plaintiff alleges that each of the Amarjit Transfers, Amarjit's possession of the Amarjit Auto, and all payments made by Debtor toward the Amarjit Auto caused general harm to creditors of the Debtor and did not create any damage particular to any of the Debtor's creditors.

## General Allegations
## Relating to Transfers to Rajinder

37.    Rajinder was corporate secretary from the date that the Debtor was incorporated and there was never any other corporate secretary of the Debtor.

38.    As the corporate secretary, Rajinder was responsible for determining whether particular expenses charged to the Debtor were for personal or business expenses.

39.    Plaintiff alleges that Debtor made multiple loans, distributions and transfers of property to Rajinder, or on behalf of Rajinder in the form of electronic transfers, journal entries, checks, or cashier's checks ("Rajinder Transfers"). The full extent of the Rajinder Transfers made by

/ / /

THIRD AMENDED AND VERIFIED COMPLAINT

1 | Debtor to Rajinder will be proven at the time of trial, but are in an amount not less than $24,992.45

2 | as set forth in **Exhibit 7**.

3 |      40.     Each of the Rajinder Transfers is a "transfer" as that term is defined in 11 U.S.C.

4 | § 101(54).

5 |      41.     Plaintiff alleges that the Rajinder Transfers were made on account of personal debt

6 | owed by Defendant Rajinder and/or Rajinder's spouse, Amarjit.

7 |      42.     Plaintiff alleges that the Debtor did not have sufficient cash assets and/or income to

8 | meet its existing obligations at the time some or all of the Rajinder Transfers were made.

9 |      43.     Plaintiff alleges that Debtor was insolvent at the time some or all of the Rajinder

10 | Transfers were made.

11 |      44.     Plaintiff alleges that each of the Rajinder Transfers caused general harm to creditors

12 | of the Debtor and did not create any damage particular to any of the Debtor's creditors.

13 | <div align="center">**General Allegations**</div>

14 | <div align="center">**Relating to Transfers of All Insider Defendants**</div>

15 |      45.     Debtor was a close corporation in which shareholders repeatedly took money out of

16 | the corporation, for business and nonbusiness purposes, without the formality of minutes reflecting

17 | shareholders' consent.

18 |      46.     Loans to the corporation by the Insider Defendants were not documented.

19 |      47.     There were unexplained distributions from the Debtor to the Insider Defendants.

20 |      48.     Insider Defendants used numerous credit card accounts for personal expenses and had

21 | Debtor pay the credit card bills.

22 |      49.     Insider Defendants were on an honor system to reimburse the Debtor for personal

23 | expenses.

24 |      50.     Insider Defendants caused the Debtor to pay travel expenses for their own personal

25 | family vacations.

26 |      51.     Over the years, the Debtor paid no less than $619,425 in personal, non-business-

27 | related credit card charges for the Debtor's insiders, and the business purpose of those charges could

28 | not be substantiated.

THIRD AMENDED AND VERIFIED COMPLAINT

52.     Insider Defendants reported varying percentage interests in the Debtor over the years on their K-1 tax forms submitted to the Internal Revenue Service in order to minimize their individual tax liabilities.

53.     Insider Defendants caused the Debtor to pay, on behalf of the Insider Defendants, whatever individual state and federal taxes were due.

54.     Debtor was a subchapter S corporation and the Insider Defendants were individually liable for income taxes based on their income from the Debtor.

55.     Plaintiff alleges that the Insider Defendants, and each of them, caused Debtor to incur unsecured debt ("Unsecured Debt") knowing that the Debtor lacked the ability to repay the Unsecured Debt.

56.     Plaintiff alleges that Insider Defendants monetized product inventory at cost to pay down certain secured debt, for which Defendants had personal liability ("Sales at Cost"). The full extent of the Unsecured Debt and the Sales at Cost will be proven at the time of trial.

57.     Plaintiff alleges that the Debtor did not have sufficient cash assets and/or income to meet its existing obligations at the time of the Sales at Cost.

58.     Plaintiff alleges that Debtor was insolvent at the time of the Sales at Cost.

59.     Plaintiff alleges that the Unsecured Debt and the Sales at Cost caused Debtor's insolvency, eliminated Debtor's ability to pay its debts as they came due, resulted in the instant bankruptcy case, and resulted in general unsecured creditor claims against Debtor in excess of $13 million.

60.     Plaintiff alleges that incurring the Unsecured Debt and the Sales at Cost caused general harm to creditors of the Debtor and did not create any damage particular to any of the Debtor's creditors.

## General Allegations

## Relating to Diversion of Business

61.     Plaintiff alleges that on February 5, 2013, Debtor and Red-D-Arc Welderrentals, Inc. ("RDA") entered into a letter of intent ("LOI") wherein RDA agreed to purchase from Debtor

/ / /

THIRD AMENDED AND VERIFIED COMPLAINT
4814-7198-1993, v. 1/1539-001

1  approximately $100 million of machinery and equipment, including hundreds of industrial

2  generators with trailers. A true and correct copy of the LOI is attached as **Exhibit 8**.

3      62.      Plaintiff alleges that, despite the LOI, Debtor's revenues declined in 2014 when they

4  should have increased exponentially.

5      63.      Plaintiff is informed and believes and thereon alleges that Insider Defendants diverted

6  the RDA orders and the LOI to a new entity ("RDA Diversion") to exclude Debtor from realizing

7  any benefit from the RDA orders and to misappropriate Debtor's assets and trade secrets for the new

8  company.

9                              **General Allegations**

10                    **Relating to Real Property Transactions**

11      64.      Plaintiff alleges that in November 1996, without Debtor's corporate consent, and

12  absent corporate formalities, Amarjit and Rajinder took several hundred thousand dollars out of

13  Debtor's bank account and used the funds as a down payment to purchase the residence located at

14  5352 Tampa Avenue, Tarzana, California 91356-3023 ("Tampa Property") in Amarjit and Rajinder's

15  name ("Tampa Purchase").

16      65.      Amarjit and Rajinder used the Debtor's corporate funds for the Tampa Purchase in a

17  breach of their fiduciary duties to the Debtor.

18      66.      After the Tampa Purchase, the Insider Defendants used the Debtor's corporate funds to

19  pay for the mortgage on the Tampa Property without corporate consent, corporate formalities, or

20  business justification.

21      67.      The Tampa Property is legally described as follows:

22

23  Real property in the City of LOS ANGELES, County of Los Angeles, State of
    California, described as follows:

24  PARCEL 1:

25  THAT PORTION OF LOT 15, OF TRACT NO. 2605, IN THE CITY OF LOS
    ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER
26  MAP RECORDED IN BOOK 27 PAGE(S) 55 TO 75 OF MAPS, IN THE OFFICE
    OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

27
    BEGINNING AT THE NORTHWEST CORNER OF SAID LOT, THENCE EAST
28  ALONG THE NORTH LINE OF SAID LOT 273.225 FEET, THENCE SOUTH

                                        8
4814-7198-1993, v. 1/1539-001

1  PARALLEL WITH THE EAST LINE OF SAID LOT 516.99 FEET TO THE SOUTH
   LINE OF SAID LOT, THENCE WEST ALONG THE SOUTH LINE OF SAID LOT,
2  273.225 FEET TO THE SOUTHWEST CORNER THEREOF; THENCE NORTH
   ALONG THE WEST LINE OF SAID LOT 516.69 FEET TO THE POINT OF
3  BEGINNING. EXCEPT THEREFROM THE SOUTH 258.495 FEET THEREOF.
   ALSO EXCEPT THE NORTHERLY 129.495 FEET THEREOF.

4  PARCEL 2:

5  AN EASEMENT FOR INGRESS AND EGRESS OVER THE WESTERLY 30 FEET
   OF LOT 15 OF TRACT NO. 2605, IN THE CITY OF LOS ANGELES, COUNTY
6  OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN
   BOOK 27 PAGE(S) 55 TO 75 OF MAPS, IN THE OFFICE OF THE COUNTY
7  RECORDER OF SAID COUNTY.

8  EXCEPT THEREFROM THE SOUTH 387.495 FEET THEREOF

9  APN: 2163-011-002

10  68.    Without Debtor's corporate consent, and absent corporate formalities, no less than

11  $500,492 in the Debtor's funds was used for construction or remodeling of the Tampa Property in a

12  breach of the Debtor's insiders' fiduciary duties, for which the Debtor has never been reimbursed.

13  69.    At all relevant times, the Insider Defendants were the owners of the Tampa Property,

14  whether in the title of Amarjit, Rajinder, Gurpreet, the Trust, or the Trustee.

15  70.    Plaintiff alleges that in May 2017, Amarjit and Rajinder transferred the Tampa

16  Property to the Trust and/or the Trustee for little or no consideration ("Tampa Transfer") and that

17  title to the Tampa Property is currently held in the name of the Trust and/or Trustee.

18  71.    Plaintiff alleges that in October 1997, without Debtor's corporate consent, and absent

19  corporate formalities, Defendants took several hundred thousand dollars from Debtor to purchase a

20  building located at 7651 Densmore Avenue, Van Nuys, California 91604-2043, having Los Angeles

21  County Assessor's parcel number (APN) of: 2206-010-008 ("Densmore Property") in Amarjit's

22  name ("Densmore Purchase").

23  72.    Plaintiff alleges that in July 2016, Amarjit sold the Densmore Property to Densmore

24  One LLC for a net profit of approximately $2 million, none of which was disbursed to Debtor

25  ("Densmore Sale"). The Tampa Purchase, Tampa Remodel, Tampa Transfer, Densmore Purchase,

26  and Densmore Sale shall be referred to collectively herein as the "Property Transactions."

27  / / /

28  / / /

9

THIRD AMENDED AND VERIFIED COMPLAINT

## General Allegations

## Relating to Insider Defendants' Fiduciary Duties

73.     At the time Debtor was formed, to the present date, Amarjit was president and chief financial officer of the Debtor, in addition to being a shareholder and member of the board of directors.

74.     At the time Debtor was formed, to the present date, Rajinder was secretary of the Debtor, in addition to being a shareholder and member of the board of directors.

75.     At the time Debtor was formed, to the present date, Gurpreet was a shareholder and member of the board of directors of the Debtor. On the Petition Date, Gurpreet signed the Debtor's bankruptcy petition as its "President."

76.     At the time Debtor was formed, to the present date, the Insider Defendants, and each of them, were members of the board of directors of the Debtor.

77.     The Insider Defendants never resigned from the board of directors of the Debtor.

78.     As a director and officer of the Debtor, Amarjit owed fiduciary duties to the Debtor.

79.     As a director and officer of the Debtor, Rajinder owed fiduciary duties to the Debtor.

80.     As a director and officer of the Debtor, Gurpreet owed fiduciary duties to the Debtor.

81.     Although the Debtor was a closely held corporation, the Insider Defendants still owed fiduciary duties to the Debtor at all relevant times.

## General Allegations

## Relating to Tolling of Statutes of Limitations[2]

## (Adverse Domination)

82.     The claims alleged in this complaint arose from the Debtor's director's defalcation and breach of their fiduciary duties.

83.     Because the Debtor was a closely held corporation and its insiders were all family members, discovery of the Insider Defendants' defalcation was impossible until the Petition Date and the appointment of the Committee to investigate the Debtor's financial affairs.

---

[2] Together, the extended period of time under each of the tolling theories contained in paragraphs 82-95 shall be referred to as the "Tolling Period."

THIRD AMENDED AND VERIFIED COMPLAINT

84.     Because the Insider Defendants were collectively controlling shareholders of the Debtor, the Insider Defendants were in full, complete, and exclusive control of the Debtor.

85.     Because the Insider Defendants, along with Gurmeet Sahani for a time, were the only shareholders, officers, and directors of the Debtor at all relevant times, their control negated the possibility that an informed stockholder or director could have induced the corporation to sue.

86.     Thus, the doctrine of adverse domination tolls any statutes of limitations for the claims for relief alleged below.

<div align="center">

### General Allegations

### Relating to Tolling of Statutes of Limitations

### (Discovery Rule)

</div>

87.     The discovery rule applies to causes of action for breach of fiduciary duty. *April Enterprises v. KTTV*, 147 Cal.App.3d 805, 826-28 (1983).

88.     The Insider Defendants' breaches of fiduciary duty were not discovered and could not have been discovered until the Petition Date, and the Committee's appointment to investigate the financial affairs of the Debtor.

89.     Thus, the discovery rule tolls any applicable statutes of limitations for alleged breaches of fiduciary duty asserted by the Debtor against the Insider Defendants to the date of the Committee's appointment.

<div align="center">

### General Allegations

### Relating to Tolling of Statutes of Limitations

### (11 U.S.C. § 544(b) & Federal Debt Collection Procedures Act)

</div>

90.     The United States of America and Internal Revenue Service were each a creditor of the Debtor as of the Petition Date.

91.     By assignment, Plaintiff may exercise all of the rights of a trustee, including rights under 11 U.S.C. § 544(b).

/ / /

/ / /

/ / /

THIRD AMENDED AND VERIFIED COMPLAINT

92.     The United States of America may avoid an actual fraudulent transfer as defined by 28 U.S.C. § 3304(b)(1)(A) within six years after the transfer was made or the obligation was incurred, or, if later, within 2 years after the transfer or obligation was or could reasonably have been discovered by the United States of America. 28 U.S.C. § 3306(b)(1).

93.     The United States of America may avoid a constructive fraudulent transfer as defined by 28 U.S.C. § 3304(a)(1) or (b)(1)(B) within six years after the transfer was made.

94.     The Internal Revenue Service may recover a fraudulent transfer of a taxpayer for ten years after the date of assessment. *Mukamal v. Citibank N.A. (In re Kipnis)*, 555 B.R. 877, 881 (Bankr. S.D. Fla. 2016); 26 U.S.C. § 6901(a); 26 U.S.C. § 6502(a)(1).

95.     Plaintiff may elect to step into the shoes of either the United States of America or the Internal Revenue Service to recover a fraudulent transfer.

## General Allegations

## Relating to Application of Cal. Penal Code § 496

96.     The Defendants' continuing conduct of willful and systematic misappropriation of the Debtor's funds constitutes a violation of Cal. Penal Code § 496(a).

97.     The Defendants, and each of them, received funds or the benefit of such funds which had been misappropriated from the Debtor.

98.     The misappropriation of the Debtor's funds through the Defendants' breaches of fiduciary duty constituted theft within the meaning of Cal. Penal Code § 496(a).

99.     When the Defendants received the misappropriated funds or the benefit of such misappropriated funds, they knew that the funds had been misappropriated.

100.     Plaintiff is entitled to recover treble damages and costs of suit, including attorneys' fees, from the Defendants under California Penal Code § 496(c). *See Switzer v. Wood*, 35 Cal.App.5th 116, 126-27 (2019).

/ / /

/ / /

/ / /

/ / /

12

THIRD AMENDED AND VERIFIED COMPLAINT

# First Claim for Relief

## (Avoidance, Recovery, and Preservation of Preferential Transfers)

## [11 U.S.C. §§ 547, 550, and 551]

## (Against Gurpreet)

101.     Plaintiff realleges and incorporates by this reference, the allegations contained in Paragraphs 1 through 100, inclusive.

102.     Plaintiff alleges that during the one-year period prior to the Petition Date, Debtor made at least four (4) transfers to Gurpreet totaling not less than $7,796.84. These transfers are referred to as the "Gurpreet Preferential Transfers." The Gurpreet Preferential Transfers are marked with an asterisk (*) in **Exhibits 1 - 3**.

103.     Plaintiff alleges that each of the Gurpreet Preferential Transfers was a transfer of an interest of the Debtor's property.

104.     Plaintiff alleges that each of the Gurpreet Preferential Transfers was made by the Debtor to Gurpreet.

105.     Plaintiff alleges that each of the Gurpreet Preferential Transfers made to Gurpreet were on account of an antecedent debt owed by the Debtor to the extent that the Court determines Debtor was liable for any underlying debts.

106.     Plaintiff alleges that each of the Gurpreet Preferential Transfers were made while the Debtor was "insolvent," as that term is defined in 11 U.S.C. § 101(32).

107.     Plaintiff alleges that each of the Gurpreet Preferential Transfers made to Gurpreet enabled him to receive more than he would have received in this Chapter 7 case if: (a) such transfers had not been made; and (b) Gurpreet received payment of such debt to the extent provided for by Title 11 of the United States Code.

108.     The Gurpreet Preferential Transfers are avoidable pursuant to 11 U.S.C. § 547. Gurpreet has liability for all avoided transfers under 11 U.S.C. § 550.

109.     To the extent Gurpreet alleges he provided subsequent new value, Gurpreet has failed to produce evidence of such new value or information suggesting that the alleged new value did not constitute an entirely discrete transaction between Gurpreet and Debtor.

13

THIRD AMENDED AND VERIFIED COMPLAINT

110.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## Second Claim for Relief

## (Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers)

## [11 U.S.C. §§ 544, 548(a)(1)(A), 550, and 551

## California Civil Code §§ 3439 *et seq.*]

## (Against Gurpreet)

111.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 100, inclusive.

112.    During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Gurpreet totaling not less than $825,036.66, including, but not limited to, the Gurpreet Transfers identified in **Exhibits 1 - 3**, with actual intent to hinder, delay, or defraud creditors to which it was indebted at the time of such transfers or to which it became indebted after the date of such transfers. These transfers are referred to as the "Actual Fraudulent Gurpreet Transfers."

113.    The Debtor was insolvent on the date of each of the Actual Fraudulent Gurpreet Transfers or became insolvent as a result of each of the Actual Fraudulent Gurpreet Transfers.

114.    Plaintiff may avoid the Actual Fraudulent Gurpreet Transfers made (a) during the four-year period prior to the Petition Date pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*; (b) during the two-year period prior to the Petition Date pursuant to 11 U.S.C. § 548(a)(1)(A); and (c) for dates prior the four-year or two-year periods as the statutes were tolled during the Tolling Period.

115.    Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

116.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

/ / /

/ / /

THIRD AMENDED AND VERIFIED COMPLAINT
4814-7198-1993, v. 1/1539-001

**Third Claim for Relief**

**(Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)**

**[11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551**

**California Civil Code §§ 3439 *et seq*.]**

**(Against Gurpreet)**

117.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 100, inclusive.

118.     During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Defendant Gurpreet totaling not less than $825,036.66 including, but not limited to, the Gurpreet Transfers identified in **Exhibits 1 - 3**, for less than reasonably equivalent value and while insolvent. These transfers are referred to as the "Constructive Gurpreet Fraudulent Transfers."

119.     The Debtor was insolvent on the date of each of the Constructive Gurpreet Fraudulent Transfers or became insolvent as a result of each of the Constructive Gurpreet Fraudulent Transfers, including:

i.     That at the time of each of the Constructive Gurpreet Fraudulent Transfers, Debtor was engaged in business or in a transaction, or was about to engage in business or in a transaction, for which any property remaining with the Debtor was an unreasonably small capital; and/or;

ii.     That Debtor intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

120.     Gurpreet knew or should have known that he did not give anything of value to the Debtor in exchange for the Constructive Gurpreet Fraudulent Transfers as the Constructive Gurpreet Fraudulent Transfers were made on account of debt to which Debtor was not a party. Gurpreet therefore did not take the Constructive Fraudulent Transfers for value and in good faith.

121.     Plaintiff may avoid the Constructive Gurpreet Fraudulent Transfers pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq*.; and (b) pursuant to 11 U.S.C. § 548(a)(1)(B).

/ / /

122.    Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

123.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## Fourth Claim for Relief (Formerly Eighth)

## (Avoidance, Recovery, and Preservation of Preferential Transfers)

## [11 U.S.C. §§ 547, 550, and 551]

## (Against Amarjit)

124.    Plaintiff realleges and incorporates by this reference, the allegations contained in Paragraphs 1 through 100, inclusive.

125.    Plaintiff alleges that during the one-year insider period prior to the Petition Date, Debtor made at least three (3) transfers to Amarjit totaling not less than $10,154.50. These transfers are referred to as the "Amarjit Preferential Transfers." The Amarjit Preferential Transfers are marked with an asterisk (*) in **Exhibit 5**.

126.    Plaintiff alleges that each of the Amarjit Preferential Transfers was a transfer of an interest of the Debtor's property.

127.    Plaintiff alleges that each of the Amarjit Preferential Transfers was made by the Debtor to Amarjit.

128.    Plaintiff alleges that each of the Amarjit Preferential Transfers made to Amarjit were on account of an antecedent debt owed by the Debtor to the extent that the Court determines Debtor was liable for any underlying debts.

129.    Plaintiff alleges that each of the Amarjit Preferential Transfers were made while the Debtor was "insolvent," as that term is defined in 11 U.S.C. § 101(32).

130.    Plaintiff alleges that each of the Amarjit Preferential Transfers made to Amarjit enabled him to receive more than he would have received in this Chapter 7 case if: (a) such transfers had not been made; and (b) Amarjit received payment of such debt to the extent provided for by Title 11 of the United States Code.

/ / /

THIRD AMENDED AND VERIFIED COMPLAINT
4814-7198-1993, v. 1/1539-001

131.    The Amarjit Preferential Transfers are avoidable pursuant to 11 U.S.C. § 547. Amarjit has liability for all avoided transfers under 11 U.S.C. § 550.

132.    To the extent Amarjit alleges he provided subsequent new value, Amarjit has failed to produce evidence of such new value or information suggesting that the alleged new value did not constitute an entirely discrete transaction between Amarjit and Debtor.

133.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## Fifth Claim for Relief (Formerly Ninth)

## (Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers)

## [11 U.S.C. §§ 544, 548(a)(1)(A), 550, and 551

## California Civil Code §§ 3439 *et seq.*]

## (Against Amarjit)

134.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 100, inclusive.

135.    During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Amarjit totaling not less than $2,045,239.75 including, but not limited to, the transfers identified in **Exhibits 4 - 6**, with actual intent to hinder, delay, or defraud creditors to which it was indebted at the time of such transfer or to which it became indebted after the date of such transfer. These transfers are referred to as the "Actual Fraudulent Amarjit Transfers."

136.    The Debtor was insolvent on the date of each of the Actual Fraudulent Amarjit Transfers or became insolvent as a result of each of the Actual Fraudulent Amarjit Transfers.

137.    Plaintiff may avoid the Actual Fraudulent Amarjit Transfers made (a) during the four-year period prior to the Petition Date pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*; (b) during the two-year period prior to the Petition Date pursuant to 11 U.S.C. § 548(a)(1)(A); and (c) for dates prior the four-year or two-year periods as the statutes were tolled during the Tolling Period.

/ / /

THIRD AMENDED AND VERIFIED COMPLAINT

138.    Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

139.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## Sixth Claim for Relief (Formerly Tenth)

## (Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)

## [11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551

## California Civil Code §§ 3439 *et seq*.]

## (Against Amarjit)

140.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 100, inclusive.

141.    During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Amarjit totaling not less than $825,036.66 including, but not limited to, the transfers identified in **Exhibits 4 - 6**, for less than reasonably equivalent value and while insolvent. These transfers are referred to as the "Constructive Amarjit Fraudulent Transfers."

142.    The Debtor was insolvent on the date of each of the Constructive Amarjit Fraudulent Transfers or became insolvent as a result of each of the Constructive Amarjit Fraudulent Transfers, including:

      i.      That at the time of each of the Constructive Amarjit Fraudulent Transfers, Debtor was engaged in business or in a transaction, or was about to engage in business or in a transaction, for which any property remaining with the Debtor was an unreasonably small capital; and/or;

      ii.     That Debtor intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

/ / /

/ / /

/ / /

THIRD AMENDED AND VERIFIED COMPLAINT
4814-7198-1993, v. 1/1539-001

143. Amarjit knew or should have known that he did not give anything of value to the Debtor in exchange for the Constructive Amarjit Fraudulent Transfers as the Constructive Amarjit Fraudulent Transfers were made on account of debt to which Debtor was not a party. Amarjit therefore did not take the Constructive Amarjit Fraudulent Transfers for value and in good faith.

144. Plaintiff may avoid the Constructive Amarjit Fraudulent Transfers pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq*.; and (b) pursuant to 11 U.S.C. § 548(a)(1)(B).

145. Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

146. Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## Seventh Claim for Relief (Formerly Fifteenth)

## (Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers)

## [11 U.S.C. §§ 544, 548(a)(1)(A), 550, and 551

## California Civil Code §§ 3439 *et seq*.]

## (Against Rajinder)

147. Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 100, inclusive.

148. During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Debtor made transfers of interests in property to Rajinder totaling not less than $24,992.45 including, but not limited to, the transfers identified in **Exhibit 7**, with actual intent to hinder, delay, or defraud creditors to which it was indebted at the time of such transfer or to which it became indebted after the date of such transfer. These transfers are referred to as the "Actual Fraudulent Rajinder Transfers."

149. The Debtor was insolvent on the date of each of the Actual Fraudulent Rajinder Transfers or became insolvent as a result of each of the Actual Fraudulent Rajinder Transfers.

150. Plaintiff may avoid the Actual Fraudulent Rajinder Transfers made (a) during the four-year period prior to the Petition Date pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq*.; (b) during the two-year period prior to the Petition Date pursuant to 11 U.S.C. § 548(a)(1)(A);

19

4814-7198-1993, v. 1/1539-001

1 and (c) for dates prior the four-year or two-year periods as the statutes were tolled during the Tolling
2 Period.

3     151.    Plaintiff may recover all avoided transfers or the value of the avoided transfers
4 pursuant to 11 U.S.C. § 550.

5     152.    Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to
6 11 U.S.C. § 551.

<div align="center">

7 **Eighth Claim for Relief (Formerly Sixteenth)**

8 **(Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)**

9 **[11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551**

10 **California Civil Code §§ 3439 *et seq.*]**

11 **(Against Rajinder)**

</div>

12     153.    Plaintiff realleges and incorporates herein by this reference, the allegations contained
13 in Paragraphs 1 through 100, inclusive.

14     154.    During the four-year period prior to the Petition Date and during the Tolling Period,
15 Plaintiff alleges that Debtor made transfers of interests in property to Rajinder totaling not less than
16 $24,992.45 including, but not limited to, the transfers identified in **Exhibit 7**, for less than
17 reasonably equivalent value and while insolvent. These transfers are referred to as the "Constructive
18 Rajinder Fraudulent Transfers."

19     155.    The Debtor was insolvent on the date of each of the Constructive Rajinder Fraudulent
20 Transfers or became insolvent as a result of each of the Constructive Rajinder Fraudulent Transfers,
21 including:

22     i.    That at the time of each of the Constructive Rajinder Fraudulent Transfers,
23 Debtor was engaged in business or in a transaction, or was about to engage in business or in a
24 transaction, for which any property remaining with the Debtor was an unreasonably small
25 capital; and/or;

26     ii.    That Debtor intended to incur, or believed that it would incur, debts that
27 would be beyond the Debtor's ability to pay as such debts matured.

28 / / /

<div align="center">

20

THIRD AMENDED AND VERIFIED COMPLAINT

</div>

4814-7198-1993, v. 1/1539-001

156.     Rajinder knew or should have known that she did not give anything of value to the Debtor in exchange for the Constructive Rajinder Fraudulent Transfers as the Constructive Rajinder Fraudulent Transfers were made on account of debt to which Debtor was not a party. Rajinder therefore did not take the Constructive Fraudulent Transfers for value and in good faith.

157.     Plaintiff may avoid the Constructive Rajinder Fraudulent Transfers pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq*.; and (b) pursuant to 11 U.S.C. § 548(a)(1)(B).

158.     Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

159.     Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

<div align="center">

**Ninth Claim for Relief (Formerly Twenty-First)**

**(Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)**

**[11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551**

**California Civil Code §§ 3439 *et seq*.]**

**(Against Insider Defendants)**

</div>

160.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 100, inclusive.

161.     During the four-year period prior to the Petition Date and during the Tolling Period, Plaintiff alleges that Insider Defendants, and each of them, caused Debtor to incur Unsecured Debt totaling not less than $13 million for the purchase of Inventory which was sold at cost to pay down the secured debt, for which Insider Defendants had personal liability. The sale of the Inventory at cost was for less than reasonably equivalent value and while Debtor was insolvent. These transfers are referred to as the "Constructive Defendant Fraudulent Sales at Cost."

162.     The Debtor was insolvent on the date of each of the Constructive Defendant Fraudulent Sales at Cost or became insolvent as a result of each of the Constructive Defendant Fraudulent Sales at Cost, including:

/ / /

/ / /

THIRD AMENDED AND VERIFIED COMPLAINT

1       i.     That at the time of each of the Constructive Defendant Fraudulent Sales at

2 Cost, Debtor was engaged in business or in a transaction, or was about to engage in business

3 or in a transaction, for which any property remaining with the Debtor was an unreasonably

4 small capital; and/or;

5       ii.    That Debtor intended to incur, or believed that it would incur, debts that

6 would be beyond the Debtor's ability to pay as such debts matured.

7      163.   Insider Defendants knew or should have known that they did not give anything of

8 value to the Debtor in exchange for the Constructive Defendant Fraudulent Sales at Cost, as the

9 Constructive Defendant Fraudulent Sales at Cost were made to pay down secured debt for which

10 Defendants were personally liable, and therefore, the Constructive Defendant Fraudulent Sales at

11 Cost were not made for value and in good faith.

12    164.   Plaintiff may avoid the Constructive Defendant Fraudulent Sales at Cost pursuant to

13 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq*.; and (b) pursuant to 11 U.S.C. § 548(a)(1)(B).

14    165.   Plaintiff may recover all avoided transfers or the value of the avoided transfers

15 pursuant to 11 U.S.C. § 550.

16    166.   Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to

17 11 U.S.C. § 551.

<div align="center">

**Tenth Claim for Relief (Formerly Twenty-Second)**

**(Misappropriation of Trade Secrets)**

**(Against Insider Defendants)**
</div>

21    167.   Plaintiff realleges and incorporates herein by this reference, the allegations contained

22 in Paragraphs 1 through 100, inclusive.

23    168.   Debtor's trade secrets include, but are not limited to, its formatting of bids, contracts,

24 customer lists, customer contracts, information regarding its pending transactions, and its proprietary

25 pricing information which was used in the Debtor's business or in the business of any of its affiliates

26 ("Trade Secrets"). The Trade Secrets include, but are not limited to, the LOI attached as **Exhibit 8**.

27 / / /

28 / / /

<div align="center">22</div>

169.    The Trade Secrets derive independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use. The Trade Secrets are neither generally known nor easily discoverable by Debtor's competitors.

170.    Debtor developed, created and/or obtained its Trade Secrets through substantial time, expense, effort and labor of its employees and had obtained a competitive advantage based upon its Trade Secrets.

171.    Debtor made reasonable efforts to maintain the secrecy of its Trade Secrets.

172.    By committing the RDA Diversion, Insider Defendants engaged in active business operations in direct competition with Debtor and have acquired and are using the Trade Secrets to advance the new entity's competing business and to appropriate Debtor's clients. In so doing, Insider Defendants misappropriated the Trade Secrets and Debtor's otherwise confidential and proprietary information and corporate opportunities.

173.    As a direct and proximate result of Insider Defendants' misappropriation of the Trade Secrets, Insider Defendants have been unjustly enriched and the Estate is entitled to recover that unjust enrichment pursuant to Civil Code § 3426.3(a).

## Eleventh Claim for Relief

## (Avoidance, Recovery, and Preservation of Trilateral Preferential Transfers)

## [11 U.S.C. §§ 547, 550, and 551]

## (Against All Defendants)

174.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 100, inclusive.

175.    Insider Defendants personally guaranteed certain loans owed by the Debtor, including and especially GemCap Lending I, LLC ("GemCap"). The Defendants' personal guarantees of the loan to GemCap are collectively attached as **Exhibit 9**.

176.    As personal guarantors of loans owed by the Debtor, Insider Defendants were contingent creditors of the Debtor who would be liable for the balance of the Debtor's loans in the event of a default.

/ / /

THIRD AMENDED AND VERIFIED COMPLAINT
4814-7198-1993, v. 1/1539-001

177.    To reduce the outstanding balance of personally guaranteed loans, the Insider Defendants directed the Debtor to make payments principally on those personally guaranteed loans.

178.    Within the one-year period prior to the Petition Date, transfers were made by the Debtor to outside creditors for which Defendants had personally guaranteed the loans ("Trilateral[3] Preferential Transfers"). The Trilateral Preferential Transfers are exemplified by the table attached as **Exhibit 10**.

179.    The Trilateral Preferential Transfers were made to and for the benefit of a creditor as set forth in **Exhibit 10**, and for the secondary intended indirect benefit of Defendants.

180.    The Trilateral Preferential Transfers were made on account of an antecedent debt owed by the Debtor before such transfers were made;

181.    The Trilateral Preferential Transfers were made while the Debtor was insolvent;

182.    The Trilateral Preferential Transfers, in the total amount of $21,082,166.57 were made within the one year period prior to the Petition Date, for the benefit of the Debtor's insiders;

183.    The Trilateral Preferential Transfers enabled Defendants to reduce their personal liability on account of their guarantees of the Debtor's loans and therefore allowed Defendants to receive more than they would otherwise receive in a liquidation;

184.    Accordingly, the Trilateral Preferential Transfers are avoidable under 11 U.S.C. § 547 and *In re Suffola, Inc.*, 2 F.3d 977 (9th Cir. 1993).

185.    Plaintiff may recover the value of the Trilateral Preferential Transfers from the Insider Defendants pursuant to 11 U.S.C. § 550(c).

## Twelfth Claim for Relief

## Breach of Fiduciary Duty

## (Against All Defendants)

186.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 185, inclusive.

/ / /

---

[3] *Cf. Official Unsecured Creditors Committee v. United States National Bank (In re Suffola, Inc.)*, 2 F.3d 977, 978 (9th Cir. 1993).

THIRD AMENDED AND VERIFIED COMPLAINT

4814-7198-1993, v. 1/1539-001

187.    As set forth in paragraphs 73-81, inclusive, the Insider Defendants, and each of them, owed fiduciary duties to the Debtor by virtue of their positions as directors and officers of the Debtor.

188.    Insider Defendants breached their fiduciary duties owed to the Debtor by billing personal, non-business expenses to the Debtor and receiving reimbursement for personal, non-business expenses over the years, in an amount and extent to be proved at trial.

189.    Insider Defendants breached their fiduciary duties owed to the Debtor by taking distributions from the Debtor without any business justification and treating the Debtor as their own personal bank account.

190.    Insider Defendants breached their fiduciary duties owed to the Debtor by making the Sales at Cost, including the Constructive Defendant Fraudulent Sales at Cost.

191.    Insider Defendants breached their fiduciary duties owed to the Debtor by causing the Debtor to make direct payments for the individual tax liabilities of the Insider Defendants even though the Debtor was a subchapter S corporation which was not responsible for the personal tax liabilities of the Insider Defendants.

192.    Insider Defendants breached their fiduciary duties to the Debtor by using the Debtor's corporate credit cards for personal expenses without reimbursement to the Debtor for non-business expenses.

193.    Insider Defendants breached their fiduciary duties to the Debtor by misappropriating the Debtor's corporate funds without business justification for the Densmore Purchase in the name of Amarjit and for the benefit of Amarjit. Thereafter, Insider Defendants breached their fiduciary duties to the Debtor through the Densmore Sale and the exclusion of the Debtor in receiving any proceeds of the Densmore Sale.

194.    Insider Defendants breached their fiduciary duties to the Debtor by misappropriating the Debtor's Trade Secrets and using them for their own benefit, as alleged in paragraphs 167-173.

195.    Insider Defendants breached their fiduciary duties to the Debtor by retroactively issuing promissory notes with a below-fair-market-value interest rate to the Debtor in the approximate amounts of their improper distributions which they never intended to repay.

THIRD AMENDED AND VERIFIED COMPLAINT

196.    Insider Defendants breached their fiduciary duties to the Debtor by failing to make payments which were due on the promissory notes issued at below fair market value interest rates.

197.    Insider Defendants breached their fiduciary duties to the Debtor by embroiling the Debtor in contentious litigation amongst the Insider Defendants and Gurmeet Sahani for corporate control of the Debtor rather than ensuring that the Debtor's business operations would continue.

198.    Insider Defendants breached their fiduciary duties to the Debtor by executing the Trilateral Preferential Transfers to reduce their own personal liability and the extent of the Debtor's ability to seek indemnity or contribution from the Insider Defendants on account of their personal guarantees.

199.    As a result of the Insider Defendants' breaches of fiduciary duty, the Debtor was damaged in an amount to be proven at trial.

<div align="center">

**Thirteenth Claim for Relief**

**Civil Liability for Breaches of Fiduciary Duty**

**(Cal. Pen. Code § 496)**

</div>

200.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 199, inclusive.

201.    Of the funds improperly misappropriated by the Insider Defendants in breach of their fiduciary duties, the Insider Defendants knowingly received those funds and knew or should have known that the funds were misappropriated.

202.    Under *Switzer v. Wood*, *supra*, no criminal conviction is necessary for a finding of civil liability under Cal. Penal Code § 496(a).

203.    The Insider Defendants are liable for treble damages and reasonable fees and costs under Cal. Penal Code § 496(c) for their knowing receipt of misappropriated funds, based on the total aggregate amount of the funds misappropriated by the Insider Defendants over the Tolling Period.

/ / /

/ / /

/ / /

THIRD AMENDED AND VERIFIED COMPLAINT

<div align="center">

**Fourteenth Claim for Relief**

**Breach of Fiduciary Duty**

**(Regarding Tampa Property)**

</div>

204. Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 100, inclusive.

205. Insider Defendants breached their fiduciary duties to the Debtor when they (specifically, on information and belief, Amarjit and Rajinder) improperly used the Debtor's corporate funds for the Tampa Purchase in 1996 during the Tolling Period.

206. Specifically, the nature of the funds used for the Tampa Purchase could not have been discovered by any disinterested shareholder, director, or officer at the time of the Tampa Purchase until the time of the appointment of the Committee.

207. Insider Defendants breached their fiduciary duties to the Debtor when they caused the title of the Tampa Property to be held in the name of the Insider Defendants, the Trust, or the Trustee, even though the Tampa Purchase was made with the Debtor's corporate funds in an original breach of the Insider Defendants' fiduciary duties.

208. The Debtor has been damaged and continues to be damaged by the Insider Defendants' breach of fiduciary duty regarding the Tampa Purchase and the continued possession of the Tampa Property by the Insider Defendants.

209. Because of the Insider Defendants' breaches of fiduciary duties, the Debtor is entitled to any remedy available to it by law or equity.

<div align="center">

**Fifteenth Claim for Relief**

**Declaratory Judgment**

**(Regarding Tampa Property)**

</div>

210. Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 100, and 205-209, inclusive.

211. Defendants received title to the Tampa Property and received the benefit of the improvements made to the Tampa Property in a breach of the Debtor's officers' fiduciary duties.

/ / /

<div align="center">

27

THIRD AMENDED AND VERIFIED COMPLAINT

</div>

4814-7198-1993, v. 1/1539-001

212.    Because the Tampa Property was purchased with the Debtor's funds in a breach of Defendants' fiduciary duties to the Debtor, the Debtor was always and still remains the beneficial owner of the Tampa Property.

213.    As the Debtor is the beneficial (i.e. equitable) owner of the Tampa Property, the Tampa Property is the property of the Estate, which includes all legal **and equitable** interests of the Debtor in property under 11 U.S.C. § 541.

214.    This Court has jurisdiction and authority to enter a declaratory judgment regarding the property of the Estate.

## Sixteenth Claim for Relief

## Quiet Title

## (Regarding Tampa Property)

215.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 100, and 205-214, inclusive.

216.    An actual controversy exists as between the Estate and Defendants regarding the right and title to the Tampa Property.

217.    As of the Petition Date, the Debtor had a beneficial ownership interest in the Tampa Property, which was purchased with the Debtor's funds in a breach of the Defendants' fiduciary duties.

218.    As alleged in this complaint, the Debtor is and always was the beneficial owner of the Tampa Property.

219.    Because the Tampa Property is property of the Estate, the Debtor is entitled to entry of a judgment quieting title to the Tampa Property and adjudicating the vesting of the legal and beneficial interest in the Tampa Property to be held in the name of "Rajysan, Inc."

## Seventeenth Claim for Relief

## Unjust Enrichment

## (Regarding Tampa Property)

220.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 100, and 205-209, inclusive.

THIRD AMENDED AND VERIFIED COMPLAINT

221.     Gurmeet Sahani, a shareholder and member of the board of directors of the Debtor, and former acting president of the Debtor, breached his fiduciary duties to the Debtor by causing the Debtor's funds to be used to remodel and expand the Tampa Property in an amount no less than $500,492, as set forth in paragraph 68 above.

222.     Defendants owned the Tampa Property during all relevant times through the Tolling Period, whether in the name of Gurpreet, Rajinder, Amarjit, the Trust, or the Trustee.

223.     Defendants, as owners of the Tampa Property, were unjustly enriched by Gurmeet Sahani's breach of fiduciary duty to the Debtor, which increased the value of the Tampa Property by no less than $500,492.

224.     The Debtor is entitled to any remedy available by law or equity to remedy Gurmeet Sahani's breach of fiduciary duty, including the imposition of a constructive trust or equitable lien on the Tampa Property in the amount of the unjust enrichment to the Defendants.

## Prayer

WHEREFORE, Plaintiff prays that this Court enter Judgment as follows:

**On the First Claim for Relief**

1.     That each of the Gurpreet Preferential Transfers be avoided pursuant to 11 U.S.C. § 547(b);

2.     That Plaintiff recover for the Estate each of the avoided Gurpreet Preferential Transfers or a money judgment in an amount equal to the sum of each of the avoided Preferential Transfers pursuant to 11 U.S.C. § 550;

**On the Second Claim for Relief**

3.     That each of the Gurpreet Actual Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(A);

4.     That Plaintiff recover for the Estate each of the avoided Gurpreet Actual Fraudulent Transfers or a money judgment in an amount equal to sum of each of the avoided Gurpreet Actual Fraudulent Transfers pursuant to 11 U.S.C. § 550;

/ / /

/ / /

THIRD AMENDED AND VERIFIED COMPLAINT

## On the Third Claim for Relief

5.    That each of the Gurpreet Constructive Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(B);

6.    That Plaintiff recover for the Estate each of the avoided Gurpreet Constructive Fraudulent Transfers or a money judgment in an amount equal to the sum of each of the avoided Constructive Fraudulent Transfers pursuant to 11 U.S.C. § 550;

## On the Fourth Claim for Relief

7.    That each of the Amarjit Preferential Transfers be avoided pursuant to 11 U.S.C. § 547(b);

8.    That Plaintiff recover for the Estate each of the avoided Amarjit Preferential Transfers or a money judgment in an amount equal to the sum of each of the avoided Preferential Transfers pursuant to 11 U.S.C. § 550;

## On the Fifth Claim for Relief

9.    That each of the Amarjit Actual Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(A);

10.    That Plaintiff recover for the Estate each of the avoided Amarjit Actual Fraudulent Transfers or a money judgment in an amount equal to sum of each of the avoided Amarjit Actual Fraudulent Transfers pursuant to 11 U.S.C. § 550;

## On the Sixth Claim for Relief

11.    That each of the Amarjit Constructive Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(B);

12.    That Plaintiff recover for the Estate each of the avoided Amarjit Constructive Fraudulent Transfers or a money judgment in an amount equal to the sum of each of the avoided Constructive Fraudulent Transfers pursuant to 11 U.S.C. § 550;

## On the Seventh Claim for Relief

13.    That each of the Rajinder Actual Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(A);

/ / /

THIRD AMENDED AND VERIFIED COMPLAINT

4814-7198-1993, v. 1/1539-001

14.     That Plaintiff recover for the Estate each of the avoided Rajinder Actual Fraudulent Transfers or a money judgment in an amount equal to sum of each of the avoided Rajinder Actual Fraudulent Transfers pursuant to 11 U.S.C. § 550;

## On the Eighth Claim for Relief

15.     That each of the Rajinder Constructive Fraudulent Transfers be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(B);

16.     That Plaintiff recover for the Estate each of the avoided Rajinder Constructive Fraudulent Transfers or a money judgment in an amount equal to the sum of each of the avoided Constructive Fraudulent Transfers pursuant to 11 U.S.C. § 550;

## On the Ninth Claim for Relief

17.     That each of the Constructive Defendant Fraudulent Sales at Cost be avoided pursuant to 11 U.S.C. §§ 544 and 548(a)(1)(B);

18.     That Plaintiff recover for the Estate each of the avoided Constructive Defendant Fraudulent Sales at Cost or a money judgment in an amount equal to the sum of each of the avoided Constructive Defendant Fraudulent Sales at Cost pursuant to 11 U.S.C. § 550;

## On the Tenth Claim for Relief

19.     For compensatory, general, special, and punitive damages according to proof at trial;

20.     To the extent neither damages nor unjust enrichment are provable, for payment of a reasonable royalty pursuant to California Civil Code 3426.3(b);

## On the Eleventh Claim for Relief

21.     That the benefit of each of the Trilateral Preferential Transfers in an amount according to proof at trial be avoided pursuant to 11 U.S.C. § 547;

22.     That Plaintiff recover for the Estate each of the avoided Trilateral Preferential Transfers or a money judgment in an amount equal to the sum of each of the avoided Trilateral Preferential Transfers pursuant to 11 U.S.C. § 550;

23.     That all recovery for this Claim for Relief be from Defendants under 11 U.S.C. § 550(c);

THIRD AMENDED AND VERIFIED COMPLAINT

**On the Twelfth Claim for Relief**

24.     For a determination and judgment that the Insider Defendants breached their fiduciary duties to the Debtor for the conduct alleged;

25.     For compensatory, general, special, and punitive damages according to proof at trial;

**On the Thirteenth Claim for Relief**

26.     For a finding that the Insider Defendants' conduct violated Cal. Penal Code § 496(a);

27.     For treble damages for the Insider Defendants' receipt of misappropriated property in an amount according to proof;

28.     For reasonable attorneys' fees and costs incurred in the course of prosecuting these claims under Cal. Penal Code § 496(c);

**On the Fourteenth Claim for Relief**

29.     For a determination and judgment that the Insider Defendants breached their fiduciary duties to the Debtor for the Tampa Purchase;

**On the Fifteenth Claim for Relief**

30.     For a declaratory judgment that the Tampa Property is property of the Debtor and therefore property of the bankruptcy estate;

**On the Sixteenth Claim for Relief**

31.     For entry of judgment that the Debtor's rights in the Tampa Property and in the proceeds from the Densmore Sale are superior to all competing claims for ownership including any rights claimed by Defendants;

32.     For the imposition of a constructive trust over the Tampa Property;

33.     For the entry of an order compelling the Defendants to turn over title to and possession of the Tampa Property to the Chapter 11 trustee or her successor (if any);

**On the Seventeenth Claim for Relief**

34.     For entry of a monetary judgment against Defendants or Trustee in the total amount of the unjust enrichment of the Defendants and/or Trustee; or

35.     For imposition of an equitable lien on the Tampa Property in an amount according to proof.

THIRD AMENDED AND VERIFIED COMPLAINT

1  **On all Claims for Relief**

2      1.      That Plaintiff only recover a single satisfaction of all avoided transfers under

3              11 U.S.C. § 550(d);

4      2.      That all avoided transfers be preserved pursuant to 11 U.S.C. § 551;

5      3.      For pre-judgment interest at the maximum rate allowed by law;

6      4.      For costs incurred by Plaintiff in prosecuting this action; and

7      5.      For such other and further relief as the Court may deem just and proper.

8

9  DATED: October 23, 2019             MARSHACK HAYS LLP

10

11                           By: */s/ Chad V. Haes*
                             RICHARD A. MARSHACK

12                               CHAD V. HAES
                             TINHO MANG

13                               Attorneys for
                             THE OFFICIAL COMMITTEE OF

14                               UNSECURED CREDITORS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIRD AMENDED AND VERIFIED COMPLAINT
4814-7198-1993, v. 1/1539-001

Exhibit "1"

**Gurpreet Sahani**
**Loan Payable to Rajysan**

### 2550 · Loan from Shareholder Gurpreet

| Type | Date | Num | Name | Memo | Class | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Check | 11/21/2013 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen [OK,0 -] Monthly Payments | Rajysan - CA | 1015 · PNC Bank 4138 | 2,600.00 | | -2,600.00 |
| Check | 12/02/2013 | 8307 | State of New Jersey-TGI | Pete and Shaheen Dec. 31,2012 | Rajysan - CA | 1015 · PNC Bank 4138 | 5,104.00 | | -7,704.00 |
| Check | 12/02/2013 | 8308 | State of New Jersey-TGI | Pete and Shaheen Dec. 31, 2011 | Rajysan - CA | 1015 · PNC Bank 4138 | 6,990.00 | | -14,694.00 |
| Check | 12/02/2013 | 8309 | State of New Jersey-TGI | Pete and Sahani 12.31.2010 | Rajysan - CA | 1015 · PNC Bank 4138 | 3,008.00 | | -17,702.00 |
| Check | 12/02/2013 | 8310 | State of New Jersey-TGI | Pete and Shaheen Dec 31, 2009 | Rajysan - CA | 1015 · PNC Bank 4138 | 1,150.00 | | -18,852.00 |
| Check | 12/24/2013 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen [OK,0 -] Monthly Payments | Rajysan - CA | 1015 · PNC Bank 4138 | 2,600.00 | | -21,452.00 |
| Check | 12/30/2013 | 8558 | Internal Revenue Service | SH loan Gurpreet & Shaheen Sahani | Rajysan - CA | 1015 · PNC Bank 4138 | 55,000.00 | | -76,452.00 |
| General Journal | 12/31/2013 | 13-40 | | JE 40 ReClass Personal Tax Prep | Rajysan - CA | 6710 · Taxes | 1,061.00 | | -77,513.00 |
| General Journal | 12/31/2013 | 13-61 | | JE 61 ReClass to shareholder loans (Pete) | Rajysan - CA | 2532 · Loan from Shareholder Gurmeet#3 | 75.50 | | -77,588.50 |
| General Journal | 12/31/2013 | 13-82 | | JE 82 To reclassify payments to IRS/FTB for personal taxes | Rajysan - CA | 3033 · Shareholder Distribution (Pete) | 50,224.27 | | -127,812.77 |
| General Journal | 12/31/2013 | 013-87 | | JE 87 To reclassify payments to IRS for 2011 personal taxes | Rajysan - CA | 2520 · Loan from Shareholder Amarjit#1 | 45,056.26 | | -172,869.03 |
| General Journal | 12/31/2013 | 13-101 | | JE 101 ReClass Digiparts loan receivable to S/H in proportion to their ownership of Digiparts | Rajysan - CA | 2532 · Loan from Shareholder Gurmeet#3 | 4,958.00 | | -177,827.03 |
| Check | 01/21/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen [OK,0 -] Monthly Payments | Rajysan - CA | 1015 · PNC Bank 4138 | 2,600.00 | | -180,427.03 |
| Check | 02/20/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen [OK,0 -] Monthly Payments | Rajysan - CA | 1015 · PNC Bank 4138 | 2,600.00 | | -183,027.03 |
| Check | 03/20/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen [OK,0 -] Monthly Payments | Rajysan - CA | 1015 · PNC Bank 4138 | 2,600.00 | | -185,627.03 |
| Bill | 04/02/2014 | | 2012 Franchise Tax Board-Offset Program A Pete - | 0037 Tax Year 2012 | Rajysan - CA | 2000 · Accounts Payable | 18,889.10 | | -204,516.13 |
| Check | 04/11/2014 | 9750 | Internal Revenue Service | 2014 Form 1040ES Voucher 1 (Pete/Shaheen) | Rajysan - CA | 1021 · California Bank&Trust - OP#1801 | 42,800.00 | | -247,316.13 |
| Check | 04/11/2014 | 9752 | Franchise Tax Board (CA) | 2014 Form 540-ES (Pete/Shaheen) - Voucher 1 | Rajysan - CA | 1021 · California Bank&Trust - OP#1801 | 14,200.00 | | -261,516.13 |
| Check | 04/21/2014 | ACH Debit | Franchise Tax Board (CA) | FTB - State Inc Tax Gurpreet/Shaheen # [OK,0 -] Monthly Payments | Rajysan - CA | 1015 · PNC Bank 4138 | 2,600.00 | | -264,116.13 |
| Check | 06/16/2014 | 0426 | United States Treasury - 5100 | 2014 Form 1040-ES (Gurpreet/Shaheen) - Voucher 2 | Rajysan - CA | 1021 · California Bank&Trust - OP#1801 | 64,000.00 | | -328,116.13 |
| Check | 06/16/2014 | 0427 | Franchise Tax Board (CA) | 2014 Form 540-ES (Gurpreet/Shaheen) - Voucher 2 | Rajysan - CA | 1021 · California Bank&Trust - OP#1801 | 29,000.00 | | -357,116.13 |
| Bill | 07/01/2014 | 1154 | Armanino, LLP fka RBZ, LLP | Accounting Services 6/3, 6/4, Original invoice date: 06/03/14 | Rajysan - CA | 2000 · Accounts Payable | 637.00 | | -357,753.13 |
| Bill | 08/24/2014 | | 201 American General Life Insurance | Shaheen M Sahani Life Insurance | Rajysan - CA | 2000 · Accounts Payable | 1,590.00 | | -359,343.13 |
| Bill | 10/10/2014 | 1014 | California Bank & Trust | Cohen's check for IRS | | 2000 · Accounts Payable | 98,808.79 | | -458,151.92 |
| Bill | 10/15/2014 | 1514 | Commonwealth of Massachusetts | 2013 Mass Individual Tax Return- Gurpreet Sahani | | 2000 · Accounts Payable | 840.00 | | -458,991.92 |
| Bill | 10/15/2014 | 0151 | Franchise Tax Board (CA) | 2013 Tax Payment - Gurpreet Sahani | | 2000 · Accounts Payable | 30,000.00 | | -488,991.92 |
| Bill | 12/01/2014 | 3699 | Armanino, LLP fka RBZ, LLP | Client Rsch 9002 Accounting Services for Period Ending 10/31/2014 Original Invoice Date | Rajysan - CA | 2000 · Accounts Payable | 6,211.00 | | -495,202.92 |
| Bill | 12/10/2014 | 1014 | State of New Jerse TGI | 4286 and 3802 | | 2000 · Accounts Payable | 3,000.00 | | -498,202.92 |
| Bill | 12/10/2014 | 1014 | United States Treasury - 5100 | ES #4 | | 2000 · Accounts Payable | 216,000.00 | | -714,202.92 |
| Bill | 12/10/2014 | 21014 | Internal Revenue Service | Gurpreet & Shaheen Sahani 4286; Form 1040 2013: | | 2000 · Accounts Payable | 23,552.00 | | -737,754.92 |
| Bill | 12/10/2014 | 3967 | New Jersey Gross Income Tax | Mo Install per Form 9465 2013 Penalty & Interest DLN 3967; Gurpreet and Shaheen Sahani | | 2000 · Accounts Payable | 130.79 | | -737,885.71 |

**Gurpret Sahani**
**Loan Payable to Rajysan**

| Type | Date | Num | Name | Memo | Class | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Bill | 12/16/2014 | 614 | Franchise Tax Board (CA) | Penalty on Gurpret and Shaheen 2013 Taxes | Rajysan - CA | 2000 · Accounts Payable | 300 15 | | -738,185 86 |
| General Journal | 12/31/2014 | 14-40 | State of New Jerse TGI | JE 40 ReClass 2013 NJ Individual Income Tax Return- | Rajysan - CA | 2521 · Loan from Shareholder | 1,936 00 | | -740,121 86 |
| | | | | Garreret Sahani to preoer GL code | | Amartin#2 | | | |
| Bill | 01/13/2015 | 1315 | United States Treasury OH | Gurpreet & Shaheen Sahani:: Form 1040 2013: | Rajysan - CA | 2000 · Accounts Payable | 130,000 00 | | -870,121 86 |
| Bill | 01/13/2015 | 2014 | Franchise Tax Board (CA) | Gurpreet and Shaheen Forms 100, 100S, 100W, 100X EST 2014 | Rajysan - CA | 2000 · Accounts Payable | 35,000 00 | | -905,121 86 |
| Bill | 01/29/2015 | FTB100-Penalty | Franchise Tax Board (CA) | Gurpreet and Shaheen Forms 100, 100S, 100W, 100X EST 2014 Penalty for not eofiling | Rajysan - CA | 2000 · Accounts Payable | 181 24 | | -905,303 10 |
| Bill | 02/12/2015 | 1215 | United States Treasury OH | Gurpreet & Shaheen Sahani: Form 1040 2013: | | 2000 · Accounts Payable | 137,265 08 | | -1,042,568 18 |
| Bill | 02/13/2015 | 2013 | State of NJ, Div of Taxation - Co | S Sal TGI-NR 12/2013 SS 286,000 Gurpreet and Shaheen Sahani Shareholder Loan | | 2000 · Accounts Payable | 410 74 | | -1,042,978 92 |
| Bill | 04/15/2015 | 515 | Gurpreet Sahani* | Client 59002 Accounting Services for Period Ending 2015 July | Rajysan - CA | 2000 · Accounts Payable | 10,000 00 | | -1,052,978 92 |
| Bill | 05/01/2015 | 8028 | Armanino, LLP fka RBZ, LLP | Client 59002 Accounting Services for Period Ending 02/01/15 QID: 02/01/15 | Rajysan - CA | 2000 · Accounts Payable | 750 00 | | -1,053,728 92 |
| Bill | 05/01/2015 | 8658 | Armanino, LLP fka RBZ, LLP | Client 59002 Accounting Services for Period Ending 03/01/15 QID: 03/01/15 | Rajysan - CA | 2000 · Accounts Payable | 750 00 | | -1,054,478 92 |
| Bill | 05/01/2015 | 9551 | Armanino, LLP fka RBZ, LLP | Client 59002 Accounting Services for Period Ending 04/01/15 QID: 04/01/15 | Rajysan - CA | 2000 · Accounts Payable | 750 00 | | -1,055,228 92 |
| Bill | 05/01/2015 | 0200 | Armanino, LLP fka RBZ, LLP | Client 59002 Accounting Services for Period Ending 05/01/15 | Rajysan - CA | 2000 · Accounts Payable | 750 00 | | -1,055,978 92 |
| Bill | 07/01/2015 | 2263 | Armanino, LLP fka RBZ, LLP | Client 59002 Accounting Services for Period Ending 07/01/15 Retainer - 2015 July | Rajysan - CA | 2000 · Accounts Payable | 750 00 | | -1,056,728 92 |
| Bill | 07/06/2015 | 2010-20 | Michigan Department of Treasury - DA | 19-01-RI Form MI-1040 2010-2013 File No | Rajysan - CA | 2000 · Accounts Payable | 248 00 | | -1,056,976 92 |
| Bill | 08/01/2015 | 3169 | Armanino, LLP fka RBZ, LLP | Client 59002 Accounting Services for Period Ending 08/01/15 Retainer - 2015 August | Rajysan - CA | 2000 · Accounts Payable | 750 00 | | -1,057,726 92 |
| Bill | 08/07/2015 | 0807 | American Express | American Express PE 0807 Hanzelik Horton, MDS | | 2000 · Accounts Payable | 322 00 | | -1,058,048 92 |
| Bill | 08/19/2015 | 13 GS | Internal Revenue Service | Gurpreet & Shaheen Sahani 2013 Form 1040 | | 2000 · Accounts Payable | 1,932 00 | | -1,059,980 92 |
| Bill | 08/19/2015 | 012 GS | Internal Revenue Service | Gurpreet & Shaheen Sahani 2012 Form 1040 | | 2000 · Accounts Payable | 536 00 | | -1,060,516 92 |
| Bill | 09/01/2015 | 4298 | Armanino, LLP fka RBZ, LLP | Client 59002 Accounting Services for Period Ending: 09/01/15 Retainer - 2015 September | Rajysan - CA | 2000 · Accounts Payable | 750 00 | | -1,061,266 92 |
| Bill | 09/01/2015 | 343 | Armanino, LLP fka RBZ, LLP | Client 59002 Accounting Services for Period Ending: 06/01/15 Retainer - 2015 June OID: | Rajysan - CA | 2000 · Accounts Payable | 750 00 | | -1,062,016 92 |
| Bill | 12/01/2015 | 7513 | Armanino, LLP fka RBZ, LLP | Client 59002 Accounting Services for Period Ending: 11/30/15 Retainer - 2015 December | Rajysan - CA | 2000 · Accounts Payable | 750 00 | | -1,062,766 92 |
| Bill | 01/01/2016 | 273 | Armanino, LLP fka RBZ, LLP | Client 59002 Accounting Services for Period Ending: 01/31/16 Retainer - 2016 January | Rajysan - CA | 2000 · Accounts Payable | 750 00 | | -1,063,516 92 |
| Bill | 01/01/2016 | 6073 | Armanino, LLP fka RBZ, LLP | Client 59002 Accounting Services for Period Ending: 09/30/15 Retainer - 2015 October O | Rajysan - CA | 2000 · Accounts Payable | 750 00 | | -1,064,266 92 |
| Bill | 01/01/2016 | 7267 | Armanino, LLP fka RBZ, LLP | Client 59002 Accounting Services for Period Ending: 10/31/15 Retainer - 2015 November | Rajysan - CA | 2000 · Accounts Payable | 750 00 | | -1,065,016 92 |
| Bill | 02/29/2016 | 938 | Armanino, LLP fka RBZ, LLP | Client 59002 Accounting Services for Period Ending: 02/29/16 Retainer - 2016 February | Rajysan - CA | 2000 · Accounts Payable | 750 00 | | -1,065,766 92 |
| Bill | 04/01/2016 | 0994 | Armanino, LLP fka RBZ, LLP | Client 59002 Accounting Services for Period Ending: 03/31/16 Retainer - 2016 March OID | Rajysan - CA | 2000 · Accounts Payable | 750 00 | | -1,066,516 92 |
| Bill | 04/30/2016 | 7504 | Armanino, LLP fka RBZ, LLP | Client 59002 Accounting Services for Period Ending: 04/30/16 Retainer - 2016 April | Rajysan - CA | 2000 · Accounts Payable | 750 00 | | -1,067,266 92 |
| Bill | 05/31/2016 | 1770 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysan - CA | 2000 · Accounts Payable | 4,470 00 | | -1,071,736 92 |
| Deposit | 06/22/2016 | 1382 | Gurpreet Sahani* | Shareholder Loan to Rajysan 2016-06-23 | Rajysan - CA | 1025 · Community Bank - OP.xx#721 | | 40,000 00 | -1,031,736 92 |

**Gurpreet Sahani**
**Loan Payable to Rajyan**

| Type | Date | Num | Name | Memo | Class | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Deposit | 07/18/2016 | 20160718 | Gurpreet Sahani* | Shareholder Loan (Deposited to Comm Bank by SH) | Rajyan - CA | 1025    Community Bank - OP.xx4721 | | 49,970.00 | -981,766.92 |
| Deposit | 07/29/2016 | 1389 | Gurpreet Sahani* | Loan from Shareholder (Check# 1389) | Rajyan - CA | 1025    Community Bank - OP.xx4721 | | 200,000.00 | -781,766.92 |
| Bill | 07/31/2016 | 309144 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajyan - CA | 2000    Accounts Payable | 1,500.00 | | -783,266.92 |
| Bill | 10/01/2016 | 316681 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajyan - CA | 2000    Accounts Payable | 2,660.00 | | -785,926.92 |
| Bill | 11/01/2016 | 319396 | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajyan - CA | 2000    Accounts Payable | 2,675.00 | | -788,601.92 |

Exhibit "2"

**Gurpreet Sahani**
**Shareholder Distributions**

| Type | Date | Num | Name | Memo | Class | Split | Amount |
|------|------|-----|------|------|-------|-------|--------|
| **3033 · Shareholder Distribution (Pete)** | | | | | | | |
| Check | 10/14/2013 | 7779 | Franchise Tax Board (CA) | Pete Sahani | Rajysan - CA | 1010 · PNC Bank 7255 | 15,576.67 |

Exhibit "2"
Page 37

Exhibit "3"

**Gurpreet Sahani**
**Unsupported Payments**

| Date | QB Vendor Name | Type | Num | Account | Amount |
|------|---------------|------|-----|---------|--------|
| 10/10/2013 | Gurpreet Sahani | Check | 7711 | 1010 · PNC Bank 7255 | -3,000.00 |
| 11/27/2013 | Gurpreet Sahani | Bill Pmt -Check | 8287 | 1015 · PNC Bank 4138 | 0.00 |
| 02/06/2014 | Gurpreet Sahani | Bill Pmt -Check | 9208 | 1021 · California Bank&Trust -OP#1801 | -5,000.00 |
| 07/18/2014 | Gurpreet Sahani | Bill Pmt -Check | 20156 | 1024 · California Bank&Trust-OP#5981 | -70.50 |
| 02/27/2015 | Gurpreet Sahani | Bill Pmt -Check | 30524 | 1025 · Community Bank - OPxx4721 | -629.14 |
| 03/13/2015 | Gurpreet Sahani | Bill Pmt -Check | 30675 | 1025 · Community Bank - OPxx4721 | -63.00 |
| 03/20/2015 | Gurpreet Sahani | Bill Pmt -Check | 30776 | 1025 · Community Bank - OPxx4721 | -40.89 |
| 04/15/2015 | Gurpreet Sahani | Bill Pmt -Check | 31049 | 1025 · Community Bank - OPxx4721 | -10,000.00 |
| 06/26/2015 | Gurpreet Sahani | Bill Pmt -Check | 31764 | 1025 · Community Bank - OPxx4721 | 0.00 |
| 07/07/2015 | Gurpreet Sahani | Bill Pmt -Check | ACH DR | 1025 · Community Bank - OPxx4721 | -1,092.70 |
| 11/02/2016 | Gurpreet Sahani | Check | 35172 | 1025 · Community Bank - OPxx4721 | -961.84 |
| | | | | | -20,858.07 |

Exhibit "4"

**Amarjit Sahani**
**Loan Payable to Rajysan**

**2521 · Loan from Shareholder Amarjit2**

| Type | Date | Num | Adj | Name | Memo | Class | Clr | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | 106,000.00 |
| General Journal | 12/31/2012 | WE 65 | | | To reclassify 12/21/12 loan from Amarjit to L/P Amarjit #3 | | | 2520 · Loan from Shareholder | | 106,000.00 | 0.00 |
| | | | | | | | | Amarjit1 | | | |
| | | | | | | | | -SPLIT- | | | |
| General Journal | 02/05/2013 | | ◇ | | | | | Amarjit1 | | | 0.00 |
| Bill | 01/16/2014 | 88-85 #1 | ◇ | Los Angeles County Tax Collector | | Rajysan - CA | | 2000 · Accounts Payable | 8,808.43 | | -8,808.43 |
| Check | 01/21/2014 | ACH Debit | | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder | Rajysan - CA | | 1015 · PNC Bank 4138 | 6,200.00 | | -15,008.43 |
| | | | | | Monthly Payments | | OK88 · | | | | |
| Check | 02/20/2014 | ACH Debit | | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder | Rajysan - CA | | 1015 · PNC Bank 4138 | 6,200.00 | | -21,208.43 |
| | | | | | Monthly Payments | | OK88 · | | | | |
| General Journal | 02/28/2014 | 14-30 | | | JE 30 ReClass to OS loan Tampa mortgage pymts that | Rajysan - CA | | 2501 · Loan - DRM | 5,600.00 | | -26,808.43 |
| | | | | | were charged to paid by Rajysan on behalf of | | | | | | |
| Bill | 03/06/2014 | Tax Year 2012 | | Department of Treasury | Tax Year (2012) Mr. Sahani & Mrs. Sahani | Rajysan - CA | | 2000 · Accounts Payable | 244,997.91 | | -271,806.34 |
| Check | 03/20/2014 | ACH Debit | | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder | Rajysan - CA | | 1015 · PNC Bank 4138 | 6,200.00 | | -278,006.34 |
| | | | | | Monthly Payments | | OK88 · | | | | |
| Bill | 03/25/2014 | 2013#2 | | Los Angeles County Tax Collector | 2013 Install #2 | Rajysan - CA | | 2000 · Accounts Payable | 8,007.66 | | -286,014.00 |
| General Journal | 03/31/2014 | 14-33 | | | JE 33 ReClass to OS loan Tampa mortgage pymts that | Rajysan - CA | | 2501 · Loan - DRM | 5,600.00 | | -291,614.00 |
| | | | | | were charged to said by Rajysan on behalf of | | | | | | |
| Check | 04/11/2014 | 9751 | | Internal Revenue Service | 2014 Form 1040ES Voucher 1 (Amarjit/Rajinder) | Rajysan - CA | | 1021 · California Bank&Trust - | 171,500.00 | | -463,114.00 |
| | | | | | | | | OP#1801 | | | |
| Check | 04/11/2014 | 9753 | | Franchise Tax Board (CA) | 2014 Form 540-ES (Amarjit/Rajinder) - Voucher 1 | Rajysan - CA | | 1021 · California Bank&Trust - | 71,500.00 | | -534,614.00 |
| | | | | | | | | OP#1801 | | | |
| Check | 04/21/2014 | ACH Debit | | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder | Rajysan - CA | | 1015 · PNC Bank 4138 | 6,200.00 | | -540,814.00 |
| | | | | | Monthly Payments | | OK88 · | | | | |
| Bill | 05/12/2014 | 1214 | | Franchise Tax Board (CA) | Acct # 140-DA - 2012 TAX | Rajysan - CA | | 2000 · Accounts Payable | 715.41 | | -541,529.41 |
| | | | | | 26-61 - BALANCE DUE | | | | | | |
| Check | 05/20/2014 | ACH Debit | | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder | Rajysan - CA | | 1015 · PNC Bank 4138 | 6,200.00 | | -547,729.41 |
| | | | | | Monthly Payments | | OK88 · | | | | |
| Check | 06/16/2014 | 0428 | | Franchise Tax Board (CA) | 2014 Form 540-ES (Amarjit/Rajinder) - Voucher 2 | Rajysan - CA | | 1021 · California Bank&Trust - | 139,500.00 | | -687,229.41 |
| | | | | | | | | OP#1801 | | | |
| Check | 06/16/2014 | 0429 | | United States Treasury - 5100 | 2014 Form 1040-ES (Amarjit/Rajinder) - Voucher 2 | Rajysan - CA | | 1021 · California Bank&Trust - | 297,500.00 | | -984,729.41 |
| | | | | | | | | OP#1801 | | | |
| Check | 06/16/2014 | ACH Debit | | Franchise Tax Board (CA) | FTB 2014 Estimated Corp Tax CA Form 100-ES | Rajysan - CA | | 1021 · California Bank&Trust - | 4,000.00 | | -988,729.41 |
| | | | | | | | | OP#1801 | | | |
| Check | 06/20/2014 | ACH Debit | | Franchise Tax Board (CA) | FTB - State Inc Tax Amarjit/Rajinder | Rajysan - CA | | 1015 · PNC Bank 4138 | 6,200.00 | | -994,929.41 |
| | | | | | Monthly Payments | | OK88 · | | | | |
| General Journal | 06/30/2014 | 14-34 | | | JE 34 ReClass NationsStar Mortgage Pymt to Loan | Rajysan - CA | | 2501 · Loan - DRM | | 2,800.00 | -992,129.41 |
| Check | 07/10/2014 | ACH Debit | | Franchise Tax Board (CA) | Final FTB - State Inc Tax Amarjit/Rajinder | Rajysan - CA | | 1024 · California Bank&Trust- | 27,666.00 | | -1,019,795.41 |
| | | | | | Monthly Payments | | OP#5981 | | | |
| Bill | 10/15/2014 | 1514 | | State of New Jersey-TGI | 2013 NJ Individual Income Tax Return-Mr & Mrs. Sahani | | | 2000 · Accounts Payable | 9,044.00 | | -1,028,839.41 |
| Bill | 10/15/2014 | 1514 | | Commonwealth of Massachusetts | 2013 Mass Individual Tax Return | | | 2000 · Accounts Payable | 3,538.00 | | -1,032,377.41 |
| Bill | 10/15/2014 | 1514 | | State of New Jersey-TGI | 2013 NJ Individual Income Tax Return- Gurpreet Sahani | | | 2000 · Accounts Payable | 1,936.00 | | -1,034,313.41 |
| Bill | 10/15/2014 | 1514-1 | | State of New Jersey-TGI | 2013 NJ Payment - Mr & Mrs Sahani | | | 2000 · Accounts Payable | 100,000.00 | | -1,134,313.41 |
| Bill | 10/31/2014 | 3114 | | Clerk, United States Tax Court | 2011 Interest Deduction Correction | | | 2000 · Accounts Payable | 60.00 | | -1,134,373.41 |
| Bill | 10/31/2014 | 3114 | | United States Treasury | CP2000 Tax Year 2012 - Tax Shortage | | | 2000 · Accounts Payable | 248.00 | | -1,134,621.41 |
| Bill | 12/01/2014 | 4002-1 | | Los Angeles County Tax Collector | Prop Tax 5152 Tampa Ave / Tarzana | | | 2000 · Accounts Payable | 6,330.92 | | -1,140,952.33 |
| Bill | 12/01/2014 | #1 | | Los Angeles County Tax Collector | 2014 Install #1 | Rajysan - CA | | 2000 · Accounts Payable | 8,007.31 | | -1,148,959.64 |
| Bill | 12/01/2014 | 2113 | | Armanino, LLP fka RBZ, LLP | Desmone - Accounting Services for Period Ending | Rajysan - CA | | 2000 · Accounts Payable | 6,950.30 | | -1,155,909.94 |
| | | | | | Client - 9004 · Original Invoice Date 09/ | | | | | | |
| | | | | | 09/16/2014 · Original Invoice Date 09/ | | | | | | |
| Bill | 12/10/2014 | 1014 | | State of New Jersey TGI | 3121 and 0613 | | | 2000 · Accounts Payable | 10,000.00 | | -1,165,909.94 |
| Bill | 12/10/2014 | 1014 | | Commonwealth of Massachusetts-022 | 2014 Form 1-ES 8121 and 4613 | | | 2000 · Accounts Payable | 5,000.00 | | -1,170,909.94 |
| Bill | 12/10/2014 | 31014 | | Commonwealth of Massachusetts-022 | 2014 Form 1-ES 4286 and 3802 | | | 2000 · Accounts Payable | 1,500.00 | | -1,172,409.94 |

Amarjit Sahani
Loan Payable to Rajyasn

2521 · Loan from Shareholder Amarjit#2

| Type | Date | Num | Name | All | Memo | Class | Clr | Split | Debit | Credit | Balance |
|------|------|-----|------|-----|------|-------|-----|-------|-------|--------|---------|
| Bill | 12/10/2014 | 5382 | Commonwealth of Massachusetts-706 | | 2013 Late Filing Fee Penalty and Interest: Tax Id 8121 | | | 2000 · Accounts Payable | 577.02 | | -1,172,986.96 |
| Bill | 12/10/2014 | 07141 | Commonwealth of Massachusetts-706 | | 2013 Late Filing Fee Penalty and Interest: Tax Id 4286 | | | 2000 · Accounts Payable | 116.69 | | -1,173,103.65 |
| Bill | 12/10/2014 | 21014 | United States Treasury - 5100 | | 1040 ES #4 | | | 2000 · Accounts Payable | 806,000.00 | | -1,979,103.65 |
| Bill | 12/10/2014 | CKRF0212014 | Internal Revenue Service | | Amarjit & Rajinder Sahani 8121; Form 1040 2013: | | | 2000 · Accounts Payable | 51,036.00 | | -2,030,139.65 |
| Bill | 12/10/2014 | 3384 | New Jersey Gross Income Tax | | Mo Install per Form 9465 2013 Penalty & Interest DUN 3384; Amarjit and Rajinder Sahani | | | 2000 · Accounts Payable | 615.32 | | -2,030,754.97 |
| Bill | 12/16/2014 | 1614 | United States Treasury-6010 | | Tax $870 and Penalty $51 91 - 2013 Penalties | | | 2000 · Accounts Payable | 921.91 | | -2,031,676.88 |
| Bill | 12/16/2014 | 1614 | Franchise Tax Board (CA) | | 2013 Penalty Amarjit and Rajinder Sahani | | | 2000 · Accounts Payable | 1,000.49 | | -2,032,677.37 |
| Bill | 12/17/2014 | HR82 | Franchise Tax Board (CA) | | -MULTIPLE- | | | 2000 · Accounts Payable | 35,211.96 | | -2,067,889.33 |
| General Journal | 12/31/2014 | -40 | State of New Jersey TGI | | JE 40 ReClass 2013 NJ Individual Income Tax Return- | Rajysun - CA | | 2550 · Loan from Shareholder Gurneet | | 1,936.00 | -2,065,953.33 |
| Bill | 01/01/2015 | 940 | Armanino, LLP fka RBZ, LLP | | Gurneet Sahani to recover GL code Client 5904  Accounting Services for Period Ending 02/28/2014  Original Invoice Date: 02/28/14 | Rajysun - CA | | 2000 · Accounts Payable | 753.50 | | -2,066,706.83 |
| Bill | 01/01/2015 | 0205 | Armanino, LLP fka RBZ, LLP | | Client 95904  Accounting Services for Period Ending 03/31/2014  Original Invoice Date: 03/31/14 | Rajysun - CA | | 2000 · Accounts Payable | 1,332.00 | | -2,068,038.83 |
| Bill | 01/01/2015 | 2928 | Armanino, LLP fka RBZ, LLP | | Client 5904  Accounting Services for Period Ending 05/31/2014  Original Invoice Date: 05/31/14 | Rajysun - CA | | 2000 · Accounts Payable | 2,238.00 | | -2,070,276.83 |
| Bill | 01/13/2015 | 1315 | United States Treasury | | Amarjit & Rajinder Sahani Form 1040 2013: | Rajysun - CA | | 2000 · Accounts Payable | 600,000.00 | | -2,670,276.83 |
| Bill | 01/13/2015 | -2013 | Franchise Tax Board (CA) | | Account 8531 Forms 100, 100S, 100W, 100X 2013 | Rajysun - CA | | 2000 · Accounts Payable | 95,000.00 | | -2,765,276.83 |
| Bill | 01/13/2015 | 2014 | Franchise Tax Board (CA) | | Account 8531 Forms 100, 100S, 100W, 100X EST 2014 | Rajysun - CA | | 2000 · Accounts Payable | 118,000.00 | | -2,883,276.83 |
| Bill | 02/12/2015 | 1215 | United States Treasury | | Amarjit & Rajinder Sahani Form 1040 2013: | | | 2000 · Accounts Payable | 590,342.16 | | -3,473,618.99 |
| Bill | 02/12/2015 | 013-2 | Franchise Tax Board (CA) | | Account 8531 Forms 100, 100S, 100W, 100X 2013 | Rajysun - CA | | 2000 · Accounts Payable | 131,606.24 | | -3,605,225.23 |
| Bill | 02/13/2015 | 2013 | State of NJ, Div of Taxation - A&R Sahani | | TGI-NR 122013  SS -8121000  Amarjit S & Rajinder K Sahani | | | 2000 · Accounts Payable | 2,284.30 | | -3,607,509.53 |
| General Journal | 02/28/2015 | 15-20 | | | JE 20 RC Mr/Mrs Sahani Advances from 2014 to Shareholder Loan Acct | Rajysun - CA | -SPLIT- | | 29,066.34 | | -3,636,575.87 |
| Bill | 04/01/2015 | 002-2 | Los Angeles County Tax Collector | | Prop Tax: 5352 Tampa Ave Tarzana -002-2 (Per Curt. Mrs. Sahani to pay directly) | Rajysun - CA | O | 2000 · Accounts Payable | 0.00 | | -3,636,575.87 |
| Bill | 04/01/2015 | 0l4#2 | Los Angeles County Tax Collector | | Densmore 2014 Install #2 | Rajysun - CA | | 2000 · Accounts Payable | 8,007.30 | | -3,644,583.17 |
| Bill | 04/09/2015 | 40915 | State of NJ Div of Taxation | | 8121 Sahani, Amarjit and | Rajysun - CA | | 2000 · Accounts Payable | 5,000.00 | | -3,649,583.17 |
| Bill | 04/09/2015 | 915-2 | State of NJ Div of Taxation | | 0613 Sahani, Rajinder 8121 Sahani, Amarjit and | Rajysun - CA | | 2000 · Accounts Payable | 60,000.00 | | -3,709,583.17 |
| Bill | 04/17/2015 | 1715 | Rajinder Sahani | | 0613 Sahani, Rajinder Shareholder Loan | Rajysun - CA | | 2000 · Accounts Payable | 10,000.00 | | -3,719,583.17 |
| Bill | 05/01/2015 | 08029 | Armanino, LLP fka RBZ, LLP | | Client 9004  Accounting Services for Period Ending 02/01/15  OD# 02/01/15 | Rajysun - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,720,583.17 |
| Bill | 05/01/2015 | 08659 | Armanino, LLP fka RBZ, LLP | | Client 9004  Accounting Services for Period Ending 03/01/15  OD# 03/01/15 | Rajysun - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,721,583.17 |
| Bill | 05/01/2015 | 9552 | Armanino, LLP fka RBZ, LLP | | Client 9004  Accounting Services for Period Ending 04/01/15  OD# 04/01/15 | Rajysun - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,722,583.17 |
| Bill | 05/01/2015 | 10201 | Armanino, LLP fka RBZ, LLP | | Client 9004  Accounting Services for Period Ending 05/01/15 | Rajysun - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,723,583.17 |
| Bill | 08/01/2015 | 3171 | Armanino, LLP fka RBZ, LLP | | Client 9004  Accounting Services for Period Ending 08/01/15 | Rajysun - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,724,583.17 |
| Bill | 08/19/2015 | 012 AS | Internal Revenue Service | | Amarjit S & Rajinder K Sahani 2012 Form 1040 | | | 2000 · Accounts Payable | 1,341.00 | | -3,725,924.17 |
| Bill | 08/19/2015 | 3 AS | Internal Revenue Service | | Amarjit S & Rajinder K Sahani 2013 Form 1040 | | | 2000 · Accounts Payable | 9,087.00 | | -3,735,011.17 |

Amarjit Suhani
Loan Payable to Rajyan

**2521 · Loan from Shareholder:Amarjit2**

| Type | Date | Num | Adj | Name | Memo | Class | Clr | Split | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Bill | 09/01/2015 | 4274 | | Armanino, LLP fka RBZ, LLP | Client 9004 · Accounting Services for Period Ending: | Rajyan - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,736,011.17 |
| Bill | 09/01/2015 | 1355 | | Armanino, LLP fka RBZ, LLP | 09/01/15 · Retainer - 2015 September | Rajyan - CA | | 2000 · Accounts Payable | | | -3,737,011.17 |
| Bill | 09/14/2015 | 2015 | | United States Treasury | 06/01/15 · Retainer - 2015 June · OID: | Rajyan - CA | | 2000 · Accounts Payable | 6,434.33 | | -3,743,445.50 |
| Bill | 09/23/2015 | 2315 | | Wells Fargo Card Services | Amarjit & Rajinder Sahani Form 1040 2011: | Rajyan - CA | | 2000 · Accounts Payable | 706.83 | | -3,744,152.33 |
| Deposit | 10/07/2015 | 1186 | | Amarjit Sahani | Amazon | Rajyan - CA | | 1025 · Community Bank - | | 706.83 | -3,743,445.50 |
| | | | | | Recovery from Shareholder for Personal charge on company card (OCD: 9/23/2015) | | | OP/xs4721 | | | |
| Bill | 10/15/2015 | 2489 | | Franchise Tax Board (CA) | Amarjit & Rajinder Sahani 2014 Taxes CA FTB | Rajyan - CA | | 2000 · Accounts Payable | 1,940.00 | | -3,745,385.50 |
| Bill | 10/23/2015 | 2315 | | Wells Fargo Card Services | Amazon 0125/kkl | Rajyan - CA | | 2000 · Accounts Payable | 216.29 | | -3,745,601.79 |
| Bill | 10/25/2015 | 1025 | | American Express | Paypal *Crestinoppy | Rajyan - CA | | 2000 · Accounts Payable | 45.00 | | -3,745,646.79 |
| Bill | 11/01/2015 | 2265 | | Armanino, LLP fka RBZ, LLP | Client 9004 · Accounting Services for Period Ending: | Rajyan - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,746,646.79 |
| Bill | 11/09/2015 | 1040 | | United States Treasury | 07/01/15 · Retainer - 2015 July · OID: | Rajyan - CA | | 2000 · Accounts Payable | 36.64 | | -3,746,683.43 |
| Deposit | 11/20/2015 | 1054 | | Amarjit Sahani | 11/20/15 · Amarjit S Sahani · 2011 Form 1040 | Rajyan - CA | | 1025 · Community Bank - | | 261.29 | -3,746,422.14 |
| | | | | | -MULTIPLE- | | | OP/xs4721 | | | |
| Bill | 11/24/2015 | 2415 | | Wells Fargo Card Services | Amazon | Rajyan - CA | | 2000 · Accounts Payable | 177.81 | | -3,746,599.95 |
| Bill | 11/24/2015 | 2415 | | Wells Fargo Card Services | Amazon | Rajyan - CA | | 2000 · Accounts Payable | | 128.00 | -3,746,471.95 |
| General Journal | 11/30/2015 | 15-31 | | Franchise Tax Board (CA) | JE 31 Correction to Vendor Name on CA Tax Payment from Amrji (Ref 0915-2) | Rajyan - CA | | 2521 · Loan from Shareholder | 60,000.00 | | -3,806,471.95 |
| | | | | | Amarijt2 | | | Amarijt2 | | | |
| General Journal | 11/30/2015 | 15-31 | | State of NJ Div of Taxation | JE 31 Correction to Vendor Name on CA Tax Payment from Amrji (Ref | Rajyan - CA | | 2521 · Loan from Shareholder | | 60,000.00 | -3,746,471.95 |
| | | | | | | | | Amarijt2 | | | |
| Bill | 12/01/2015 | 7515 | | Armanino, LLP fka RBZ, LLP | Client 9004 · Accounting Services for Period Ending: | Rajyan - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,747,471.95 |
| Deposit | 12/07/2015 | 1055 | | Amarjit Sahani | 11/30/15 · Retainer - 2015 December Repayment of Personal Expense on Company CC | Rajyan - CA | | 1025 · Community Bank - | | 49.81 | -3,747,422.14 |
| | | | | | | | | OP/xs4721 | | | |
| Bill | 12/23/2015 | 1223 | | Wells Fargo Card Services | Amazon | Rajyan - CA | | 2000 · Accounts Payable | 162.98 | | -3,747,585.12 |
| Bill | 12/25/2015 | 1225 | | American Express | -MULTIPLE- | Rajyan - CA | | 2000 · Accounts Payable | 289.68 | | -3,747,875.80 |
| Bill | 12/31/2015 | 1201561 | | Los Angeles County Tax Collector | ID 698 8 · 2015 Property Tax Installment #1 | Rajyan - CA | | 2000 · Accounts Payable | 8,751.42 | | -3,756,627.22 |
| | | | | | 7647 Densmore Ave | | | | | | |
| General Journal | 12/31/2015 | 15-31 | | Sullivan Curtis Monroe | JE 31 - ReClass Shareholder Insurance Premium (2015) | Rajyan - CA | | 6240 · Building | 2,248.00 | | -3,758,875.22 |
| General Journal | 12/31/2015 | JE13 | O | | YE2015AJE13 - Shareholder Loan Correction fro MI | Rajyan - CA | | -SPLIT- | 1,246.00 | | -3,760,121.22 |
| | | | | | Treasury from 07/06/15 | | | | | | |
| Bill | 01/01/2016 | 8267 | | Armanino, LLP fka RBZ, LLP | Client 9004 · Accounting Services for Period Ending: | Rajyan - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,761,121.22 |
| Bill | 01/01/2016 | 6051 | | Armanino, LLP fka RBZ, LLP | 01/31/16 · Retainer - 2016 January | Rajyan - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,762,121.22 |
| Bill | 01/01/2016 | 7316 | | Armanino, LLP fka RBZ, LLP | 09/30/15 · Retainer - 2015 October  O | Rajyan - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,763,121.22 |
| | | | | | 10/31/15 · Retainer - 2015 November | | | | | | |
| Deposit | 01/19/2016 | 1204 | | Amarjit Sahani | Repo personal charges on company credit card (Ref 1225jcs) | Rajyan - CA | | 1025 · Community Bank - | | 453.66 | -3,762,667.56 |
| | | | | | [225] | | | OP/xs4721 | | | |
| Bill | 01/25/2016 | 60125 | | American Express | Accr Id 2004 · Statement Date: 01/25/16 · Amarjit S Sahani | Rajyan - CA | | 2000 · Accounts Payable | 196.14 | | -3,762,863.70 |
| Deposit | 02/19/2016 | 1209 | | Amarjit Sahani | Repo personal charges on company credit card [325] | Rajyan - CA | | 1025 · Community Bank - | | 196.14 | -3,762,667.56 |
| | | | | | | | | OP/xs4721 | | | |
| Bill | 02/23/2016 | 0223 | | Wells Fargo Card Services | Amazon/Overstock | Rajyan - CA | | 2000 · Accounts Payable | 211.25 | | -3,762,878.81 |
| General Journal | 02/29/2016 | 16-31 | O | | JE 31 Reclass Shareholder Insurance Premium on VN Premont (2016-17) | Rajyan - CA | | 1320 · Prepaid Insurance | 2,310.00 | | -3,765,188.81 |
| Bill | 02/29/2016 | 4941 | | Armanino, LLP fka RBZ, LLP | Client 9004 · Accounting Services for Period Ending: 02/29/16 · Retainer - 2016 February | Rajyan - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,766,188.81 |

**Amarjit Sahani**
**Loan Payable to Rajysan**

| Type | Date | Num | Adj | Name | Memo | Class | Clr | Split | Debit | Credit | Balance |
|------|------|-----|-----|------|------|-------|-----|-------|-------|--------|---------|
| **2521 · Loan from Shareholder Amarjit#2** | | | | | | | | | | | |
| Deposit | 03/17/2016 | 1211 | | Amarjit Sahani | Repayment of Personal Charges on Company CC | Rajysan - CA | | 1025 · Community Bank - OP(xxf721) | | 211.25 | -3,765,977.56 |
| Deposit | 03/18/2016 | 899 | | Rajinder Sahani | -MULTIPLE- | Rajysan - CA | | 1025 · Community Bank - OP(xxf721) | | 250,000.00 | -3,515,977.56 |
| Bill | 03/23/2016 | 333 | | Wells Fargo Card Services | Q Market/Amazon | Rajysan - CA | | 2000 · Accounts Payable | 415.90 | | -3,516,393.46 |
| Bill | 03/25/2016 | 201582 | | Los Angeles County Tax Collector | ID...068  2015 Property Tax Installment #2  7647 Densmore Ave | Rajysan - CA | | 2000 · Accounts Payable | 7,955.84 | | -3,524,349.30 |
| Deposit | 03/28/2016 | 781 | | Amarjit Sahani | Property Tax Repayment (Trans dated 3/25/2016) | Rajysan - CA | | 1025 · Community Bank - OP(xxf721) | | 7,955.84 | -3,516,393.46 |
| Check | 04/01/2016 | ACH DR | | Internal Revenue Service | IRS Form 1040 20122013 Tax Payment (Amarjit & Rajinder Sahani) | Rajysan - CA | | 1025 · Community Bank - OP(xxf721) | 2,753.00 | | -3,519,146.46 |
| Bill | 04/01/2016 | 291004 | | Armanino, LLP fka RBZ, LLP | Client #...004  Accounting Services for Period Ending: | Rajysan - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,520,146.46 |
| Bill | 04/06/2016 | 3406 | | Citi Cards #3514  Amarjit S  Sahani | 03/31/16  Retainer - 2016 March  OID  Acct ending in #3514  Balance as of 04/06/16 | Rajysan - CA | | 2000 · Accounts Payable | 369.06 | | -3,520,515.52 |
| Deposit | 04/20/2016 | 1198 | | Amarjit Sahani | Repayment of Personal Charges on Company CC | Rajysan - CA | | 1025 · Community Bank - OP(xxf721) | | 784.96 | -3,519,730.56 |
| Bill | 04/25/2016 | 3425 | | Wells Fargo Card Services | Coakley Tech | Rajysan - CA | | 2000 · Accounts Payable | 62.44 | | -3,519,793.00 |
| Bill | 04/30/2016 | 510 | | Armanino, LLP fka RBZ, LLP | Client #...004  Accounting Services for Period Ending:  04/30/16  Retainer - 2016 April | Rajysan - CA | | 2000 · Accounts Payable | 1,000.00 | | -3,520,793.00 |
| Check | 05/02/2016 | ACH DR | | Internal Revenue Service | IRS Form 1040 20122013 Tax Payment (Amarjit & Rajinder Sahani) | Rajysan - CA | | 1025 · Community Bank - OP(xxf721) | 2,753.00 | | -3,523,546.00 |
| Bill | 05/31/2016 | 781 | | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysan - CA | | 2000 · Accounts Payable | 7,181.25 | | -3,530,727.25 |
| Check | 06/01/2016 | ACH DR | | Internal Revenue Service | IRS Form 1040 20122013 Tax Payment (Amarjit & Rajinder Sahani) | Rajysan - CA | | 1025 · Community Bank - OP(xxf721) | 2,753.00 | | -3,533,480.25 |
| Deposit | 06/06/2016 | 1379 | | Amarjit Sahani | Shareholder Loan# ...596 ($100K) | Rajysan - CA | | 1025 · Community Bank - OP(xxf721) | | 100,000.00 | -3,433,480.25 |
| Deposit | 06/10/2016 | 1381 | | Rajinder Sahani | Loan From Shareholder 6/10/2016 (Chk# 1381) | Rajysan - CA | | 1025 · Community Bank - OP(xxf721) | | 100,000.00 | -3,333,480.25 |
| Deposit | 06/23/2016 | 4623 | | Rajinder Sahani | Loan from Shareholder 6/23/2016 | Rajysan - CA | | 1025 · Community Bank - OP(xxf721) | | 50,000.00 | -3,283,480.25 |
| Deposit | 07/12/2016 | 98 | | -MULTIPLE- | -MULTIPLE- | Rajysan - CA | | 1025 · Community Bank - OP(xxf721) | | 50,000.00 | -3,233,480.25 |
| Deposit | 07/28/2016 | 1411 | | -MULTIPLE- | Loan From Shareholder A Sahani & R Sahani (Check# 1411) | Rajysan - CA | | 1025 · Community Bank - OP(xxf721) | | 550,000.00 | -2,683,480.25 |
| Bill | 07/31/2016 | 3146 | | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysan - CA | | 2000 · Accounts Payable | 2,000.00 | | -2,685,480.25 |
| Deposit | 08/12/2016 | 1421 | | Amarjit Sahani | Loan from Shareholder (Chk# 1421) | Rajysan - CA | | 1025 · Community Bank - OP(xxf721) | | 500,000.00 | -2,185,480.25 |
| Deposit | 09/28/2016 | 0232 | | Amarjit Sahani | Shareholder Loan to Cover Lender Purchase AHW LLC | Rajysan - CA | | 1025 · Community Bank - OP(xxf721) | | 8,900.00 | -2,176,580.25 |
| Bill | 10/01/2016 | 3735 | | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysan - CA | | 2000 · Accounts Payable | 5,754.50 | | -2,182,334.75 |
| Bill | 11/01/2016 | 3409 | | Armanino, LLP fka RBZ, LLP | -MULTIPLE- | Rajysan - CA | | 2000 · Accounts Payable | 2,400.00 | | -2,184,734.75 |
| Credit | 12/28/2016 | 44 R | | Altman USA Corporation (AUC) | reverse deposit | Rajysan - CA | | 2000 · Accounts Payable | | 190,440.00 | -1,994,294.75 |

Exhibit "5"

**Amarjit Sahani**
**Shareholder Distributions**

| Type | Date | Num | Name | Memo | Class | Split | Amount |
|------|------|-----|------|------|-------|-------|--------|
| **3031 · Shareholder Distribution (Amarj** | | | | | | | |
| Check | 10/14/2013 | 7780 | Franchise Tax Board (CA) | -0613 | Rajysan - CA | 1010 · PNC Bank 7255 | 34,519.33 |

Exhibit "6"

**Amarjit Sahani**
**Unsupported Payments**

| Date | QB Vendor Name | Type | Num | Account | Amount |
|------|----------------|------|-----|---------|--------|
| 08/01/2013 | Amarjit Sahani | Check | 7142 | 1010 · PNC Bank 7255 | -1,200.00 |
| 08/29/2013 | Amarjit Sahani | Check | 7419 | 1010 · PNC Bank 7255 | -1,250.00 |
| 09/25/2013 | Amarjit Sahani | Check | 7617 | 1010 · PNC Bank 7255 | -1,250.00 |
| 10/31/2013 | Amarjit Sahani | Check | 8089 | 1015 · PNC Bank 4138 | -1,250.00 |
| 12/02/2013 | Amarjit Sahani | Check | 8299 | 1015 · PNC Bank 4138 | -1,250.00 |
| 01/02/2014 | Amarjit Sahani | Check | 8616 | 1015 · PNC Bank 4138 | -1,250.00 |
| 02/04/2014 | Amarjit Sahani | Check | 9146 | 1021 · California Bank&Trust -OP#1801 | -1,250.00 |
| 02/28/2014 | Amarjit Sahani | Check | 9328 | 1021 · California Bank&Trust -OP#1801 | -1,250.00 |
| 03/07/2014 | Amarjit Sahani | Bill Pmt -Check | 9475 | 1021 · California Bank&Trust -OP#1801 | -1,176.58 |
| 05/19/2014 | Amarjit Sahani | Bill Pmt -Check | 10196 | 1021 · California Bank&Trust -OP#1801 | 0.00 |
| 05/19/2014 | Amarjit Sahani | Bill Pmt -Check | 10197 | 1021 · California Bank&Trust -OP#1801 | -1,200.00 |
| 06/20/2014 | Amarjit Sahani | Bill Pmt -Check | 10439 | 1021 · California Bank&Trust -OP#1801 | -512.30 |
| 11/21/2014 | Amarjit Sahani | Bill Pmt -Check | 21310 | 1024 · California Bank&Trust-OP#5981 | -255.83 |
| 01/14/2015 | Amarjit Sahani | Credit Card Charge | | 2067 · California Bank & Turst -x4801 | -186.25 |
| | | | | | -16,425.67 |

# Exhibit "7"

**Rajinder Sahani**
**Unsupported Payments**

| Date | QB Vendor Name | Type | Num | Account | Amount |
|------|----------------|------|-----|---------|--------|
| 11/01/2013 | Rajinder Sahani | Check | 8175 | 1015 · PNC Bank 4138 | -49.31 |
| 12/13/2013 | Rajinder Sahani | Bill Pmt -Check | 8434 | 1015 · PNC Bank 4138 | -2,494.00 |
| 04/04/2014 | Rajinder Sahani | Bill Pmt -Check | 9723 | 1021 · California Bank&Trust -OP#1801 | -583.00 |
| 07/03/2014 | Rajinder Sahani | Bill Pmt -Check | 20025 | 1024 · California Bank&Trust-OP#5981 | -11,866.14 |
| 04/17/2015 | Rajinder Sahani | Bill Pmt -Check | 31104 | 1025 · Community Bank - OPxx4721 | -10,000.00 |
| | | | | | (24,992.45) |

Exhibit "8"


# AJYSAN, INC.

February 5, 2013

Mr. Mitch Imielinski, President.
Red-D-Arc Welderrentals, Inc.
Airgas Inc.
685 Lee Industrial Boulevard
Austell, Georgia 30168.

Ref: LOI for Purchase of Tier 3 Generators.

Dear Mitch,

In keeping with our discussions to date, this document serves as a Letter of Intent for Red-D-Arc Inc. (RDA the "Buyer") to purchase and for Rajysan Inc., a California corporation (Rajysan the "Seller") to sell a combination of SDG65, SDG100, SDG125 and SDG150, Tier 3 based MMD PowerPro Generators.

This Letter of Intent is being given for the purpose of furthering the good faith discussions between parties so that a final definitive written agreement outlining all of the terms of the transaction herein can be negotiated and executed by the parties.

The following are the proposed terms under which Rajysan is willing to commit to sell the generators.

1. Rajysan will sell and RDA will purchase Six Hundred (600) in each of the fiscal years, 2013, 2014 and 2015 for a total of 1800 units. As on February 4, 2013, RDA has already confirmed its orders for 2013 fiscal year in quantities of 95 and 505 units for a total of 600 units.

2. For the balance 1200 units, RDA will determine the product mix of the Generators from a combination of SDG65, SDG100, SDG125 and SDG150. All of the Generators shall be Tier 3 based. Isuzu engines are preferred. Other models may be added to the mix by mutual consent.

3. The unit purchase price for each model for fiscal year 2013 shall be as follows;
   a. SDG65 with trailer.   US$30,600/-.
   b. SDG125 with trailer.  US$49,400/-.
   c. SDG150 with trailer.  US$58,300/-.

  

Corporate Office: 7700 Densmore Avenue, Van Nuys, California 91406. U.S.A.



# RAJYSAN, INC.

4. The prices quoted shall be fixed for the fiscal year 2013. For purchases in 2014 & 2015 the unit purchase price for each model shall be discussed and agreed upon before the orders are confirmed.

5. Our preferred payment terms are an Irrevocable Letter of Credit (L/C) with payment At Sight, to be issued for the benefit of Rajysan Inc or any of its assignees. If other payment terms are sought by either RDA or Rajysan, they will be discussed at time of acceptance of order.

We look forward to working with you to bring this transaction to a successful conclusion. We hope that this is just the beginning of a long and productive relationship.

Please acknowledge your willingness to move forward with this transaction by executing a copy of this letter.

Sincerely,

RAJYSAN, INC.

BY: _____
Gurmeet Sahani, President.

Agreed to and accepted as of
February 8, 2013

Red-D-Arc Inc, SUBSIDIARY OF
AIRGAS, INC.

BY: _____
Mitch Imielinski, President.







Corporate Office: 7700 Densmore Avenue, Van Nuys, California 91406. U.S.A.

Exhibit "9"

# CONTINUING GUARANTEE

**THIS CONTINUING GUARANTEE** (this "Guarantee") is executed by AMARJIT SAHANI, an individual (the "Guarantor") residing at 5352 Tampa Avenue, Tarzana, CA 91356, in favor of GEMCAP LENDING I, LLC (the "Lender"), with a principal place of business at 24955 Pacific Coast Highway, Suite A202, Malibu, CA 90265, with respect to Indebtedness (defined herein) of RAJYSAN, INCORPORATED, a California corporation (the "Borrower").

1.    **Continuing Guarantee.**  For valuable consideration, Guarantor hereby unconditionally guarantees and promises to promptly pay to Lender, at the address indicated above or at such other address as Lender may direct, in lawful money of the United States, all Indebtedness of Borrower to Lender when due, whether at stated maturity, upon acceleration or otherwise, and at all times thereafter.  The liability of Guarantor under this Guarantee is not limited as to the principal amount of the Indebtedness guaranteed and includes, without limitation, liability for all interest, fees, indemnities and other costs and expenses relating to or arising out of the Indebtedness.  In giving this Guarantee, Guarantor hereby acknowledges that this Guarantee is a guaranty of payment (and not of collection), and that the liability of Guarantor under this Guarantee is present, absolute, unconditional, continuing, primary, direct and independent of the obligations of Borrower to Lender.  Lender shall not be required to pursue any other remedies including, without limitation, its remedies against Borrower under any Loan Documents evidencing Indebtedness of Borrower, before pursuing Lender's rights and remedies against Guarantor under this Guarantee.

2.    **Definitions**.

(a)    "Indebtedness" shall mean:  (a) any and all debts, duties, obligations and liabilities of Borrower to Lender, now or hereafter existing, whether voluntary or involuntary and however arising, whether direct or indirect or acquired by Lender by assignment, succession, or otherwise, whether due or not due, absolute or contingent, liquidated or unliquidated, determined or undetermined, held or to be held by Lender for its own account or as agent for another or others, whether Borrower may be liable individually or jointly with others, whether recovery upon such debts, liabilities, and obligations may be or hereafter become barred by any statute of limitations, and whether such debts, liabilities, and obligations may be or hereafter become otherwise unenforceable and regardless of whether recovery thereon is discharged in any bankruptcy, insolvency or other proceeding, including without limitation, any of the same that arise from or in connection with Lender's acquisition of a security interest or other interest in any property of Borrower; and (b) any and all attorneys' fees, court costs, and collection charges incurred in endeavoring to collect or enforce any of the foregoing against Borrower, Guarantor, or any other person liable thereon (whether or not suit be brought) and any other expense of, for or incidental to collection thereof.  Guarantor hereby acknowledges and agrees that acceptance by Lender of this Guarantee shall not constitute a commitment of any kind by Lender to permit Borrower to incur Indebtedness to Lender.

(c)    "Loan Documents" shall mean loan agreements between Borrower and Lender and promissory notes from Borrower in favor of Lender evidencing or relating to any of the Indebtedness, and deeds of trust, mortgages, security agreements, other agreements, documents, and instruments executed by Borrower in connection with such loan agreements and promissory notes, as such loan agreements, promissory notes, security agreements, other agreements, documents and instruments are now in effect and as hereafter amended, restated, renewed or superseded.

3.    **Rights of Lender.**  Guarantor hereby consents and agrees that, without notice to or by Guarantor and without affecting or impairing in any way the obligations or liability of Guarantor under this Guarantee, Lender may, from time to time before or after revocation of this Guarantee, do any one or more of the following in Lender's sole and absolute discretion: (a) renew, compromise, extend, accelerate, or otherwise change the time for payment or accept partial payments of, compromise or settle, renew, discharge the performance of, refuse to enforce or release all or any parties to, any or all of the Indebtedness, or otherwise change the terms of the

1

Indebtedness or any part thereof, including increase or decrease of the rate of interest thereon; (b) grant any other indulgence to Borrower or any other person in respect of any or all of the Indebtedness or any other matter; (c) accept, release, waive, surrender, enforce, exchange, modify, impair, or extend the time for the performance, discharge, or payment of, any and all property of any kind securing any or all of the Indebtedness, or any and all property of any kind securing Guarantor's obligations under this Guarantee or securing any other guaranty of any or all of the Indebtedness or on which Lender at any time may have a lien, or refuse to enforce its rights or make any compromise or settlement or agreement therefore in respect of any or all of such property; (d) substitute or add, or take any action or omit to take any action that results in the release of, any one or more endorsers or guarantor of all or part of the Indebtedness, including without limitation one or more parties to this Guarantee, regardless of any destruction or impairment of any right of contribution or other right of Guarantor; (e) amend, alter or change in any respect whatsoever any term or provision of the Loan Documents relating to any or all of the Indebtedness, including the rate of interest thereon; (f) apply to the Indebtedness, any sums received from Borrower, any other guarantor, endorser, or cosigner, or from the disposition of any collateral or security to any indebtedness whatsoever owing from such person or secured by such collateral or security, in such manner and order as Lender determines in its sole discretion, and regardless of whether such indebtedness is part of the Indebtedness, is secured, or is due and payable; and (g) apply any sums received from Guarantor or from the disposition of any collateral or security securing the obligations of Guarantor, to any of the Indebtedness in such manner and order as Lender determines in its sole discretion, regardless of whether or not such Indebtedness is secured or is due and payable.  Guarantor consents and agrees that Lender shall be under no obligation to marshal any assets in favor of Guarantor, or against or in payment of any or all of the Indebtedness.  Guarantor further consents and agrees that Lender shall have no duties or responsibilities whatsoever with respect to any property securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee.  Without limiting the generality of the foregoing, Lender shall have no obligation to monitor, verify audit, examine, or obtain or maintain any insurance with respect to, any property securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee.

**4.** <u>**Guarantee to be Absolute**</u>.  Guarantor agrees that until the Indebtedness has been indefeasibly paid in full and any commitments of Lender or facilities provided by Lender with respect to the Indebtedness have been terminated, Guarantor shall not be released by or because of the taking, or failure to take, any action that might in any manner or to any extent vary the risks of Guarantor under this Guarantee or that, but for this paragraph, might discharge or otherwise reduce, limit, or modify Guarantor's obligations under this Guarantee.  Guarantor waives and surrenders any defense to any liability under this Guarantee based upon any such action, including but not limited to any action of Lender described in the immediately preceding paragraph of this Guarantee. It is the express intent of Guarantor that Guarantor's obligations under this Guarantee are and shall be absolute and unconditional.  In the event any payment with respect to any or all of the Indebtedness by any person is repaid or returned by Lender because of any claim that such payment constituted a preferential transfer or fraudulent conveyance or for any other reason whatsoever, the liability of Guarantor under this Guarantee shall not be discharged or reduced by reason of such payment and Guarantor shall be and remain fully liable therefor.  Lender shall have full authority in its sole discretion to compromise or settle any such claim, and any amounts received by Lender that are paid, repaid or returned as a part of such compromise or settlement, and the foregoing shall not discharge or reduce the liability of Guarantor under this Guarantee and Guarantor shall be and remain fully liable therefor.

**5.** <u>**Waiver of Subrogation**</u>.  Until the Indebtedness has been paid in full and any commitments of Bank or facilities provided by Lender with respect to the Indebtedness have been terminated, Guarantor waives any right of subrogation, reimbursement, indemnification, and contribution (contractual, statutory, or otherwise) including, without limitation, any claim or right of subrogation under the Bankruptcy Code (Title 11, United States Code) or any successor statute, arising from the existence or performance of this Guarantee, and Guarantor waives any right to enforce any remedy which Lender now has or may hereafter have against Borrower, and waives any benefit of, and any right to participate in, any security now or hereafter held by Lender.

**6.** <u>**Waivers**</u>.  Guarantor hereby waives:  (a) all presentments, demands for performance, notices of nonperformance, protests, notices of protest, notices of dishonor, notices of intent to accelerate, notices of

2

acceleration, notices of any suit or any other action against Borrower or any other person, any other notices to any party liable on any Loan Document (including Guarantor), notices of acceptance of this Guarantee, and notices of the existence, creation, or incurring of new or additional Indebtedness, and all other notices and demands to which Guarantor might be entitled, including without limitation, all of the following:  (i) the amount of the Indebtedness from time to time outstanding; (ii) any foreclosure sale or other disposition of any property which secures any or all of the Indebtedness or which secures the obligations of any other guarantor of any or all of the Indebtedness; (iii) any adverse change in Borrower's financial position; (iv) any other fact that might increase Guarantor's risk; (v) any default, partial payment or non-payment of all or any part of the Indebtedness; (vi) the occurrence of any of the other Events of Default (as hereinafter defined); and (vii) any and all agreements and arrangements between Lender and Borrower and any changes, modifications, or extensions thereof, and any revocation, modification or release of any guaranty of any or all of the Indebtedness by any person; (b) any right to require Lender to institute suit against, or to exhaust its rights and remedies against, Borrower or any other person, or to proceed against any property of any kind that secures all or any part of the Indebtedness, or to exercise any right of offset or other right with respect to any reserves, credits or deposit accounts held by or maintained with Lender or any indebtedness of Lender to Borrower, or to exercise any other right or power, or pursue any other remedy Lender may have; (c) any defense arising by reason of any disability or other defense of Borrower or any other guarantor or any endorser, co-maker or other person, or by reason of the cessation from any cause whatsoever of any liability of Borrower or any other guarantor or any endorser, co-maker or other person, with respect to all or any part of the Indebtedness, or by reason of any act or omission of Lender or others that directly or indirectly results in the discharge or release of Borrower or any other guarantor or any other person or any Indebtedness or any security therefore, whether by operation of law or otherwise; (d) all rights of subrogation, reimbursement, and indemnity whatsoever, and all rights of recourse to or with respect to any assets or property of Borrower or any collateral or security for any or all of the Indebtedness; (e) any defense arising by reason of any failure of Lender to obtain, perfect, maintain or keep in force any security interest in, or lien or encumbrance upon, any property of Borrower or any other person; (f) any defense based upon failure of Lender to give Guarantor notice of any sale or other disposition of any property securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee, or any defects in any such notice that may be given, or failure of Lender to comply with any provision of applicable law in enforcing any security interest in or lien upon any property securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee, including, but not limited to, any failure by Lender to dispose of any property securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee in a commercially reasonable manner; and (g) any defense based upon arising out of any bankruptcy, insolvency, reorganization, arrangement, readjustment of debt, liquidation or dissolution proceeding commenced by or against Borrower or any other guarantor or any endorser, co-maker or other person, including without limitation any discharge of, or bar against collecting, any of the Indebtedness (including without limitation any interest thereon), in or as a result of any such proceeding.

**7.     Waiver of Other Rights and Defenses.**

(a)     Guarantor waives any rights and defenses that are or may become available to Guarantor by reason of Sections 2787 to 2855, inclusive, and Sections 2899 and 3433 of the California Civil Code.

(b)     Guarantor waives all rights and defenses that Guarantor may have because any of the Indebtedness is secured by real property.  This means, among other things: (i) Lender may collect from Guarantor without first foreclosing on any real or personal property collateral pledged by Borrower; and (ii) if Lender forecloses on any real property collateral pledged by Borrower: (1) the amount of the Indebtedness may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price; and (2) Lender may collect from Guarantor even if Lender, by foreclosing on the real property collateral, has destroyed any right Guarantor may have to collect from Borrower.  This is an unconditional and irrevocable waiver of any rights and defenses Guarantor may have because any of the Indebtedness is secured by real property.  These rights and defenses include, but are not limited to, any rights or defenses based upon Sections 580a, 580b, 580c, 580d, or 726 of the California Code of Civil Procedure.

3

(c)     Guarantor waives any right or defense it may have at law or equity, including California Code of Civil Procedure Section 580a, to a fair market value hearing or action to determine a deficiency judgment after a foreclosure.

(d)     Guarantor agrees to withhold the exercise of any and all subrogation and reimbursement rights against Borrower, against any other person, and against any collateral or security for the Indebtedness, including any such rights pursuant to Sections 2847 and 2848 of the California Civil Code, until the Indebtedness has been indefeasibly paid and satisfied in full, all obligations owed to Lender under the Loan Documents have been fully performed, and Lender has released, transferred or disposed of all of its right, title and interest in such collateral or security.

**8.      Acceleration.**     The obligations of the Guarantor under this Guarantee to pay any or all of the Indebtedness shall, at the option of Lender, immediately become due and payable, without notice, and without regard to the expressed maturity of any of the Indebtedness, in the event: (a) a breach by Borrower of any term, covenant, condition, representation or warranty in any of the Loan Documents, or any statement, report, or certificate made or delivered to Lender by Borrower or Guarantor, or any of their respective officers, partners, employees, or agents, is incorrect, false, untrue, or misleading when given in any material respect; or (b) Borrower or Guarantor shall fail to pay when due all or any part of the Indebtedness; or (c) Guarantor shall fail to pay or perform when due any indebtedness or obligation of Guarantor to Lender, whether under this Guarantee or any other instrument, document, or agreement heretofore or hereafter entered into; or (d) any event shall occur which results in the acceleration of the maturity of any indebtedness of Borrower or Guarantor to others; or (e) Borrower or Guarantor shall fail promptly to perform or comply with any term or condition of any agreement with any third party which does or may result in a material adverse effect on the business of Borrower or Guarantor; or (f) there shall be made or exist any levy, assessment, attachment, seizure, lien, or encumbrance for any cause or reason whatsoever upon all or any part of the property of Borrower or Guarantor; or (g) there shall occur the liquidation, dissolution, termination of existence, insolvency, or business failure of Borrower or Guarantor, or the appointment of a receiver, trustee or custodian for Borrower, Guarantor or all or any part of the property of either of them, or the assignment for the benefit of creditors by Borrower or Guarantor, or the commencement of any proceeding by or against Borrower or Guarantor under any reorganization, insolvency, arrangement, readjustment of debt, dissolution or liquidation law or statute of any jurisdiction, now or hereafter in effect; or (h) Borrower or Guarantor shall be deceased or declared incompetent by any court or a guardian or conserver shall be appointed for either of them or for the property of either of them, or (i) Borrower or Guarantor shall conceal, remove or permit to be concealed or removed any part of its property, with intent to hinder, delay or defraud its creditors, or make or suffer any transfer of any of its property which may be fraudulent under any bankruptcy, fraudulent conveyance or similar law, or shall make any transfer of its property to or for the benefit of any creditor at a time when other creditors similarly situated have not been paid; or (j) Guarantor shall revoke this Guarantee.  All of the foregoing is hereinafter referred to as "Events of Default".

**9.      Right to Attachment Remedy.**     Guarantor agrees that, notwithstanding the existence of any property securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee, Lender shall have all of the rights of a creditor of Guarantor, including without limitation the right to obtain a temporary protective order and writ of attachment against Guarantor with respect to any sums due under this Guarantee. Guarantor further agrees that in the event any property secures the obligations of Guarantor under this Guarantee, to the extent that Lender, in its sole and absolute discretion, determines prior to the disposition of such property that the amount to be realized by Lender therefrom may be less than the indebtedness of Guarantor under this Guarantee, Lender shall have all the rights of an unsecured creditor against Guarantor, including without limitation the right of Lender, prior to the disposition of said property, to obtain a temporary protective order and writ of attachment against Guarantor.  Guarantor waives the benefit of Section 483.010(b) of the California Code of Civil Procedure and of any and all other statutes and rules of law now or hereafter in effect requiring Lender to first resort to or exhaust all such collateral before seeking or obtaining any attachment remedy against Guarantor. Lender shall have no liability to Guarantor as a result thereof, whether or not the actual deficiency realized by Lender is less than the anticipated deficiency on the basis, which Lender obtains a temporary protective order or writ of attachment.

4

10.    **Subordination.**  Any and all rights of Guarantor under any and all debts, liabilities and obligations owing from Borrower to Guarantor, including any security for and guaranties of any such obligations, whether now existing or hereafter arising, are hereby subordinated in right of payment to the prior payment in full of all of the Indebtedness.  No payment in respect of any such subordinated obligations shall at any time be made to or accepted by Guarantor if at any time such payment any Indebtedness is outstanding.  Borrower and any assignee, trustee in bankruptcy, receiver, or any other person having custody or control over any or all of Borrower's property are hereby authorized and directed to pay to Lender the entire balance of the Indebtedness before making any payments whatsoever to Guarantor, whether as a creditor, shareholder, or otherwise; and insofar as may be necessary for that purpose, Guarantor hereby assigns and transfers to Lender all rights to any and all debts, liabilities and obligations owing from Borrower to Guarantor, including any security for any guaranties of any such obligations, whether now existing or hereafter arising, including without limitation any payments, dividends or distributions out of the business or assets of Borrower.  Any amounts received by Guarantor in violation of the foregoing provisions shall be received and held in trust for the benefit of Lender and shall forthwith be paid over to Lender to be applied to the Indebtedness in such order and sequence as Lender shall in its sole discretion determine.  Guarantor hereby expressly waives any right to set-off or assert against Lender any counterclaim that Guarantor may have against Borrower.

11.    **Revocation.**    This is a continuing guaranty relating to all of the Indebtedness, including Indebtedness arising under successive transactions that from time to time continue the Indebtedness or renew it after it has been satisfied.  The obligations of Guarantor under this Guarantee may be terminated only as to future transactions and only by giving written notice thereof to Lender in accordance with Paragraph 22 herein.  No such revocation shall be effective until the third business day following the date of actual receipt thereof by Lender. Notwithstanding such revocation, this Guarantee and all consents, waivers and other provision hereof shall continue in full force and effect as to any and all Indebtedness that is outstanding on the effective date of revocation and all extensions, renewals and modifications of said Indebtedness including without limitation amendments, extensions, renewals and modifications that are evidenced by new or additional instruments, documents or agreements executed after revocation.

12.    **Independent Liability.**    Guarantor hereby agrees that one or more successive or concurrent actions may be brought hereon against Guarantor, in the same action in which Borrower may be sued or in separate actions, as often as deemed advisable by Lender.    The liability of Guarantor under this Guarantee is exclusive and independent of any other guaranty of any or all of the Indebtedness whether executed by Guarantor or by any other guarantor.  The liability of Guarantor under this Guarantee shall not be affected, revoked, impaired, or reduced by any one or more of the following: (a) the fact that the Indebtedness exceeds the maximum amount of Guarantor's liability, if any, specified herein or elsewhere (and no agreement specifying a maximum amount of Guarantor's liability shall be enforceable unless set forth in a writing signed by Lender or set forth in this Guarantee); or (b) any direction as to the application of payment by Borrower or by any other party; or (c) any other continuing or restrictive guaranty or undertaking or any limitation on the liability of any other guarantor (whether under this Guarantee or under any other guaranty agreement); or (d) any payment on or reduction of any other guaranty or undertaking; or (e) any revocation, amendment, modification or release of any such other guaranty or undertaking; or (f) any dissolution or termination of, or increase, decrease, or change in membership or stock ownership of Guarantor.  Guarantor hereby expressly represents that it was not induced to give this Guarantee by the fact that there are or may be other guarantors either under this Guarantee or otherwise, and Guarantor agrees that any release of any one or more of such other guarantors shall not release Guarantor from its obligations under this Guarantee either in full or to any lesser extent.  If Guarantor is a married person, Guarantor hereby expressly agrees that recourse may be had against his or her separate property for all of his or her obligations under this Guarantee.

13.    **Remedies Cumulative; No Waiver.**    Lender shall have the right to seek recourse against Guarantor to the full extent provided for herein or in any other instrument or agreement evidencing obligations of Guarantor to Lender.   No election in one form of action or proceeding, or against any party, or on any obligation, shall constitute a waiver of Lender's right to proceed in any other form of action or proceeding or against any other party.  The failure of Lender to enforce any of the provisions of this Guarantee at any time or for any period of

5

time shall not be construed to be a waiver of any such provision or the right thereafter to enforce the same.  All remedies under this Guarantee shall be cumulative and shall be in addition to all rights, powers and remedies given to Lender by law or under other instrument or agreement.

14.    **Financial Condition of Borrower.**  Guarantor is fully aware of the financial condition of Borrower and is executing and delivering this Guarantee at Borrower's request and based solely upon its own independent investigation of all matters pertinent hereto and is not relying in any manner upon any representation or statement of Lender with respect thereto.  Guarantor represents and warrants that it is in a position to obtain, and Guarantor hereby assumes full responsibility for obtaining, any additional information concerning Borrower's financial condition and any other matter pertinent hereto as Guarantor may desire, and Guarantor is not relying upon or expecting Lender to furnish to him any information now or hereafter in Lender's possession concerning the same or any other matter.  By executing this Guarantee, Guarantor knowingly accepts the full range of risks encompassed within a contract of continuing guaranty, which risks Guarantor acknowledges include without limitation the possibility that Borrower will incur additional Indebtedness for which Guarantor will be liable under this Guarantee after Borrower's financial condition or ability to pay such Indebtedness has deteriorated and/or after bankruptcy or insolvency proceedings have been commenced by or against Borrower.

15.    **Reports and Financial Statements of Guarantor.**  Guarantor shall, at its sole cost and expense, at any time and from time to time, prepare or cause to be prepared, and provide to Lender upon Lender's request:  (a) such financial statements and reports concerning Guarantor for such periods of time as Lender may designate (which financial statements shall, if requested by Lender, be audited by certified public accountants acceptable to Lender); (b) any other information concerning Guarantor's business, financial condition or affairs as Lender may request; and (c) copies of any and all foreign, federal, state and local tax returns and reports of or relating to Guarantor as Lender may from time to time request.  Guarantor hereby intentionally and knowingly waives any and all rights and privileges it may have not to divulge or deliver said tax returns, reports and other information that are requested by Lender under this Guarantee or in any litigation in which Lender may be involved relating directly or indirectly to Borrower or to Guarantor.  Guarantor further agrees immediately to give written notice to Lender of any adverse change in Guarantor's financial condition and of any condition or event that constitutes any Events of Default under this Guarantee.

16.    **Representations and Warranties.**  Guarantor hereby represents and warrants that: (a) it is in Guarantor's direct interest to assist Borrower in procuring credit, because Borrower (i) is fully or partially owned by Guarantor, (ii) is an affiliate of Guarantor, furnishes goods or services to Guarantor, (iii) purchases or acquires goods or services from Guarantor, and/or (iv) otherwise has a direct or indirect corporate or business relationship with Guarantor; (b) this Guarantee has been duly and validly authorized, executed and delivered and constitutes the binding obligation of Guarantor, enforceable in accordance with its terms; and (c) the execution and delivery of this Guarantee does not violate or constitute a default under any order, judgment, decree, instrument or agreement to which Guarantor is a party or by which its property is affected or bound.

17.    **Integration.**    . This Guarantee is the entire and only agreement between Guarantor and Lender with respect to the guaranty of the Indebtedness of Borrower by Guarantor, and all representations, warranties, agreements, or undertakings heretofore or contemporaneously made, which are not set forth herein, are superseded hereby.

18.    **Amendment.**  The terms and provisions hereof may not be waived, altered, modified, or amended except in a writing executed by Guarantor and a duly authorized officer of Lender.

19.    **Costs.**  Whether or not suit be instituted, Guarantor agrees to reimburse Lender on demand for all attorneys' fees and all other costs and expenses incurred by Lender in enforcing this Guarantee, or arising out of or relating in any way to this Guarantee, or in enforcing any of the Indebtedness against Borrower, Guarantor, or any other person, or in connection with any property of any kind securing all or any part of the Indebtedness. Without limiting the generality of the foregoing, and in addition thereto, Guarantor shall reimburse Lender on demand for all attorneys' fees and costs Lender incurs in any way relating to Guarantor, Borrower or the

6

Indebtedness, in order to: (i) obtain legal advice; (ii) enforce or seek to enforce any of its rights; (iii) commence, intervene in, respond to, or defend any action or proceeding; (iv) file, prosecute or defend any claim or cause of action in any action or proceeding (including without limitation any probate claim, bankruptcy claim, third-party claim, secured creditor claim, reclamation complaint, and complaint for relief from any stay under the Bankruptcy Code (Title 11, United States Code) or otherwise); (v) protect, obtain possession of, sell, lease, dispose of or otherwise enforce any security interest in or lien on any property of any kind securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee; or (vi) represent Lender in any litigation with respect to Borrower's or Guarantor's affairs. In the event either Lender or Guarantor files any lawsuit against the other predicated on a breach of this Guarantee, the prevailing party in such action shall be entitled to recover its attorneys' fees and costs of suit from the non-prevailing party.

20.    **Successors and Assigns.**    All rights, benefits and privileges under this Guarantee shall inure to the benefit of and be enforceable by Lender and its successors and assigns and shall be binding upon Guarantor and its heirs, executors, administrators, personal representatives, successors and permitted assigns, provided that none of the obligations of Guarantor under this Guarantee shall be assigned without the prior written consent of Lender. Neither the death of Guarantor nor notice thereof to Lender shall terminate this Guarantee as to its estate, and notwithstanding the death of Guarantor or notice thereof to Lender, this Guarantee shall continue in full force and effect with respect to all Indebtedness, including without limitation, Indebtedness incurred or created after the death of Guarantor and notice thereof to Lender.

21.    **Notices.**    Any notice that a party shall be required or shall desire to give to the other under this Guarantee shall be in writing and either (a) delivered by registered or certified mail, (b) delivered by hand, or (c) delivered by national overnight courier service with next business day delivery, and shall be deemed to have been duly given or made (i) three (3) business days after deposit in the United States Mail, registered or certified mail, return receipt requested, with proper postage prepaid, (ii) one (1) business day after deposit with a national overnight courier with next business day delivery with all charges prepaid, or (iii) when hand-delivered. All notices, requests and demands are to be given or made to the respective parties at the following addresses (or to such other addresses as either party may designate by notice in accordance with the provisions of this paragraph):

|  |  |
|---|---|
| If to Guarantor: | Amarjit Sahani<br>5352 Tampa Avenue<br>Tarzana, CA 91356 |
| With a copy to: | Alpert, Barr & Grant<br>6345 Balboa Boulevard<br>Suite 300<br>Encino, CA 91316<br>Attention: Adam D.H. Grant |
| If to Lender: | GemCap Lending I, LLC<br>24955 Pacific Coast Highway<br>Suite A202<br>Malibu, CA 90265<br>Attention: Richard Ellis |
| With a copy to: | Cohen Tauber Spievack & Wagner P.C.<br>420 Lexington Avenue<br>Suite 2400<br>New York, NY 10170<br>Attention: Robert A. Boghosian |

22.    **Construction; Severability; Headings.**    If more than one person has executed this Guarantee or such other person has executed a separate guaranty document in favor of Lender in respect of the Indebtedness, the

7

term "Guarantor" as used herein and in such other guaranty document shall be deemed to refer to all and any one or more of such persons and their obligations under this Guarantee or under such other guaranty document shall be joint and several.  Without limiting the generality of the foregoing, if more than one person has executed this Guarantee or such other person has executed a separate guaranty document in favor of Lender, this Guarantee and such other guaranty document shall in all respects be interpreted as though each person signing this Guarantee or such other guaranty document had signed a separate guaranty document, and reference herein to "other guarantors" or words of similar effect shall include without limitation other persons signing this Guarantee or such other guaranty document.  As used in this Guarantee, the term "property" is used in its most comprehensive sense and shall mean all property of every kind and nature whatsoever, including without limitation real property, personal property, mixed property, tangible property and intangible property.  Words used herein in the masculine gender shall include the neuter and feminine gender, words used herein in the neuter gender shall include the masculine and feminine gender, words used herein in the singular shall include the plural and words used in the plural shall include the singular, wherever the context so reasonably requires.  If any provisions of this Guarantee or the application thereof to any party or circumstance are held invalid, void, inoperative or unenforceable, the remainder of this Guarantee and the application of such provision to other parties or circumstances shall not be affected thereby, the provisions of this Guarantee being severable in any such instance.  The headings in this Guarantee are inserted for convenience only and shall not be considered for the purpose of determining the meaning or of any provision hereof.

**23.    APPLICABLE LAW.  THIS GUARANTEE SHALL BE GOVERNED BY AND CONSTRUED AND INTERPRETED IN ACCORDANCE WITH THE LAWS OF THE STATE OF CALIFORNIA, THE LAWS OF WHICH THE GUARANTOR HEREBY EXPRESSLY ELECTS TO APPLY TO THIS GUARANTEE, WITHOUT GIVING EFFECT TO PROVISIONS FOR CHOICE OF LAW THEREUNDER.  THE GUARANTOR AGREES THAT ANY ACTION OR PROCEEDING BROUGHT TO ENFORCE OR ARISING OUT OF THIS GUARANTEE SHALL BE COMMENCED IN ACCORDANCE WITH THE PROVISIONS OF THIS GUARANTEE.**

**24.    WAIVER OF JURY TRIAL.  TO THE EXTENT PERMITTED BY APPLICABLE LAW, GUARANTOR HEREBY WAIVES ANY AND ALL RIGHTS THAT THE GUARANTOR MAY NOW OR HEREAFTER HAVE UNDER THE LAWS OF THE UNITED STATES OF AMERICA OR ANY STATE TO A TRIAL BY JURY OF ANY AND ALL ISSUES ARISING EITHER DIRECTLY OR INDIRECTLY IN ANY ACTION OR PROCEEDING BETWEEN GUARANTOR, LENDER OR THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, OUT OF OR IN ANY WAY CONNECTED WITH THIS GUARANTEE.  IT IS INTENDED THAT SAID WAIVER SHALL APPLY TO ANY AND ALL DEFENSES, RIGHTS, AND/OR COUNTERCLAIMS IN ANY ACTION OR PROCEEDINGS BETWEEN GUARANTOR AND LENDER.  GUARANTOR WAIVES ALL RIGHTS TO INTERPOSE ANY CLAIMS, DEDUCTIONS, SETOFFS OR COUNTERCLAIMS OF ANY KIND, NATURE OR DESCRIPTION IN ANY ACTION OR PROCEEDING INSTITUTED BY LENDER WITH RESPECT TO THIS GUARANTEE OR ANY MATTER ARISING HEREFROM OR RELATING HERETO, EXCEPT COMPULSORY COUNTERCLAIMS.**

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

8

{00287159.DOC; 2}

25.    CONSENT TO JURISDICTION.—GUARANTOR HEREBY (a) IRREVOCABLY SUBMITS AND
CONSENTS TO THE EXCLUSIVE JURISDICTION OF THE STATE AND FEDERAL COURTS
LOCATED IN THE STATE OF CALIFORNIA, LOS ANGELES COUNTY WITH RESPECT TO ANY
SUIT, ACTION OR PROCEEDING ARISING OUT OF THIS GUARANTEE OR ANY MATTER
ARISING HEREFROM OR RELATING HERETO, AND (b) WAIVES ANY OBJECTION IT MAY
NOW OR HEREAFTER HAVE BASED ON VENUE OR FORUM NON CONVENIENS WITH
RESPECT THERETO.    IN ANY SUCH ACTION OR PROCEEDING, GUARANTOR WAIVES
PERSONAL SERVICE OF THE SUMMONS AND COMPLAINT OR OTHER PROCESS AND PAPERS
THEREIN AND AGREES THAT THE SERVICE THEREOF MAY BE MADE BY CERTIFIED MAIL,
RETURN RECEIPT REQUESTED, DIRECTED TO GUARANTOR AT ITS ADDRESS SET FORTH
HEREIN OR OTHER ADDRESS OF WHICH LENDER HAS RECEIVED NOTICE AS PROVIDED IN
THIS GUARANTEE. NOTWITHSTANDING THE FOREGOING, GUARANTOR CONSENTS TO THE
COMMENCEMENT BY LENDER OF ANY SUIT, ACTION OR PROCEEDING IN ANY OTHER
JURISDICTION IN WHICH BORROWER, GUARANTOR OR ANY PORTION OF THE LENDER'S
COLLATERAL IS LOCATED TO ENFORCE LENDER'S RIGHTS, AND GUARANTOR WAIVES
ANY OBJECTIONS WHICH IT MAY NOW OR HEREAFTER HAVE BASED ON VENUE AND/OR
FORUM NON CONVENIENS OF ANY SUCH SUIT, ACTION OR PROCEEDING.

IN WITNESS WHEREOF, the undersigned has executed this Guarantee on April 14, 2016.

GUARANTOR:

AMARJIT SAHANI

SSN: [redacted]121

STATE OF _____ )
                     ) ss.
COUNTY OF _____ )

On the ___ day of _____ 2016 before me, _____, a    Notary
Public in and for said State, personally appeared Amarjit Sahani, personally known to me (or proved to me on the
basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and
acknowledged to me that he/she executed the same as his/her free and voluntary act.

WITNESS my hand and official seal.

Signature _____        * See attached California
Notary Public in and for said County and State        All-purpose acknowledgment
                                                        (HS)

{00287159.DOC; 2}

9

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

**CIVIL CODE § 1189**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )

County of _Ventura_ )

On _4-14-2016_ before me, _Harold H Savin, Notary Public_,

$\quad$ Date $\qquad$ Here Insert Name and Title of the Officer

personally appeared _Amarjit Sahani_

$\qquad$ Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

> HAROLD H. SAVIN
> Commission # 2002103
> Notary Public - California
> Ventura County
> My Comm. Expires Jan 22, 2017

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Harold H Savin_

$\qquad$ Signature of Notary Public

Place Notary Seal Above

**— OPTIONAL —**

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _Continuing Guarantee_

Document Date: _—_ $\qquad$ Number of Pages: _—_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual ☐ Attorney in Fact
☐ Trustee ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

**Exhibit "9"**
**Page 57**

# CONTINUING GUARANTEE

**THIS CONTINUING GUARANTEE** (this "Guarantee") is executed by GURPREET SAHANI, an individual (the "Guarantor") residing at 3825 Gleneagles Drive, Tarzana, CA 91356, in favor of GEMCAP LENDING I, LLC (the "Lender"), with a principal place of business at 24955 Pacific Coast Highway, Suite A202, Malibu, CA 90265, with respect to Indebtedness (defined herein) of RAJYSAN, INCORPORATED, a California corporation (the "Borrower").

1.    **Continuing Guarantee.**    For valuable consideration, Guarantor hereby unconditionally guarantees and promises to promptly pay to Lender, at the address indicated above or at such other address as Lender may direct, in lawful money of the United States, all Indebtedness of Borrower to Lender when due, whether at stated maturity, upon acceleration or otherwise, and at all times thereafter.    The liability of Guarantor under this Guarantee is not limited as to the principal amount of the Indebtedness guaranteed and includes, without limitation, liability for all interest, fees, indemnities and other costs and expenses relating to or arising out of the Indebtedness.    In giving this Guarantee, Guarantor hereby acknowledges that this Guarantee is a guaranty of payment (and not of collection), and that the liability of Guarantor under this Guarantee is present, absolute, unconditional, continuing, primary, direct and independent of the obligations of Borrower to Lender.    Lender shall not be required to pursue any other remedies including, without limitation, its remedies against Borrower under any Loan Documents evidencing Indebtedness of Borrower, before pursuing Lender's rights and remedies against Guarantor under this Guarantee.

2.    **Definitions**.

(a)    "Indebtedness" shall mean:  (a) any and all debts, duties, obligations and liabilities of Borrower to Lender, now or hereafter existing, whether voluntary or involuntary and however arising, whether direct or indirect or acquired by Lender by assignment, succession, or otherwise, whether due or not due, absolute or contingent, liquidated or unliquidated, determined or undetermined, held or to be held by Lender for its own account or as agent for another or others, whether Borrower may be liable individually or jointly with others, whether recovery upon such debts, liabilities, and obligations may be or hereafter become barred by any statute of limitations, and whether such debts, liabilities, and obligations may be or hereafter become otherwise unenforceable and regardless of whether recovery thereon is discharged in any bankruptcy, insolvency or other proceeding, including without limitation, any of the same that arise from or in connection with Lender's acquisition of a security interest or other interest in any property of Borrower; and (b) any and all attorneys' fees, court costs, and collection charges incurred in endeavoring to collect or enforce any of the foregoing against Borrower, Guarantor, or any other person liable thereon (whether or not suit be brought) and any other expense of, for or incidental to collection thereof.    Guarantor hereby acknowledges and agrees that acceptance by Lender of this Guarantee shall not constitute a commitment of any kind by Lender to permit Borrower to incur Indebtedness to Lender.

(c)    "Loan Documents" shall mean loan agreements between Borrower and Lender and promissory notes from Borrower in favor of Lender evidencing or relating to any of the Indebtedness, and deeds of trust, mortgages, security agreements, other agreements, documents, and instruments executed by Borrower in connection with such loan agreements and promissory notes, as such loan agreements, promissory notes, security agreements, other agreements, documents and instruments are now in effect and as hereafter amended, restated, renewed or superseded.

3.    **Rights of Lender.**    Guarantor hereby consents and agrees that, without notice to or by Guarantor and without affecting or impairing in any way the obligations or liability of Guarantor under this Guarantee, Lender may, from time to time before or after revocation of this Guarantee, do any one or more of the following in Lender's sole and absolute discretion: (a) renew, compromise, extend, accelerate, or otherwise change the time for payment or accept partial payments of, compromise or settle, renew, discharge the performance of, refuse to enforce or release all or any parties to, any or all of the Indebtedness, or otherwise change the terms of the

1

Indebtedness or any part thereof, including increase or decrease of the rate of interest thereon; (b) grant any other indulgence to Borrower or any other person in respect of any or all of the Indebtedness or any other matter; (c) accept, release, waive, surrender, enforce, exchange, modify, impair, or extend the time for the performance, discharge, or payment of, any and all property of any kind securing any or all of the Indebtedness, or any and all property of any kind securing Guarantor's obligations under this Guarantee or securing any other guaranty of any or all of the Indebtedness or on which Lender at any time may have a lien, or refuse to enforce its rights or make any compromise or settlement or agreement therefore in respect of any or all of such property; (d) substitute or add, or take any action or omit to take any action that results in the release of, any one or more endorsers or guarantor of all or part of the Indebtedness, including without limitation one or more parties to this Guarantee, regardless of any destruction or impairment of any right of contribution or other right of Guarantor; (e) amend, alter or change in any respect whatsoever any term or provision of the Loan Documents relating to any or all of the Indebtedness, including the rate of interest thereon; (f) apply to the Indebtedness, any sums received from Borrower, any other guarantor, endorser, or cosigner, or from the disposition of any collateral or security to any indebtedness whatsoever owing from such person or secured by such collateral or security, in such manner and order as Lender determines in its sole discretion, and regardless of whether such indebtedness is part of the Indebtedness, is secured, or is due and payable; and (g) apply any sums received from Guarantor or from the disposition of any collateral or security securing the obligations of Guarantor, to any of the Indebtedness in such manner and order as Lender determines in its sole discretion, regardless of whether or not such Indebtedness is secured or is due and payable.  Guarantor consents and agrees that Lender shall be under no obligation to marshal any assets in favor of Guarantor, or against or in payment of any or all of the Indebtedness.  Guarantor further consents and agrees that Lender shall have no duties or responsibilities whatsoever with respect to any property securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee. Without limiting the generality of the foregoing, Lender shall have no obligation to monitor, verify audit, examine, or obtain or maintain any insurance with respect to, any property securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee.

4.    **Guarantee to be Absolute**.  Guarantor agrees that until the Indebtedness has been indefeasibly paid in full and any commitments of Lender or facilities provided by Lender with respect to the Indebtedness have been terminated, Guarantor shall not be released by or because of the taking, or failure to take, any action that might in any manner or to any extent vary the risks of Guarantor under this Guarantee or that, but for this paragraph, might discharge or otherwise reduce, limit, or modify Guarantor's obligations under this Guarantee.  Guarantor waives and surrenders any defense to any liability under this Guarantee based upon any such action, including but not limited to any action of Lender described in the immediately preceding paragraph of this Guarantee. It is the express intent of Guarantor that Guarantor's obligations under this Guarantee are and shall be absolute and unconditional.  In the event any payment with respect to any or all of the Indebtedness by any person is repaid or returned by Lender because of any claim that such payment constituted a preferential transfer or fraudulent conveyance or for any other reason whatsoever, the liability of Guarantor under this Guarantee shall not be discharged or reduced by reason of such payment and Guarantor shall be and remain fully liable therefor.  Lender shall have full authority in its sole discretion to compromise or settle any such claim, and any amounts received by Lender that are paid, repaid or returned as a part of such compromise or settlement, and the foregoing shall not discharge or reduce the liability of Guarantor under this Guarantee and Guarantor shall be and remain fully liable therefor.

5.    **Waiver of Subrogation**.  Until the Indebtedness has been paid in full and any commitments of Bank or facilities provided by Lender with respect to the Indebtedness have been terminated, Guarantor waives any right of subrogation, reimbursement, indemnification, and contribution (contractual, statutory, or otherwise) including, without limitation, any claim or right of subrogation under the Bankruptcy Code (Title 11, United States Code) or any successor statute, arising from the existence or performance of this Guarantee, and Guarantor waives any right to enforce any remedy which Lender now has or may hereafter have against Borrower, and waives any benefit of, and any right to participate in, any security now or hereafter held by Lender.

6.    **Waivers**.  Guarantor hereby waives: (a) all presentments, demands for performance, notices of nonperformance, protests, notices of protest, notices of dishonor, notices of intent to accelerate, notices of

acceleration, notices of any suit or any other action against Borrower or any other person, any other notices to any party liable on any Loan Document (including Guarantor), notices of acceptance of this Guarantee, and notices of the existence, creation, or incurring of new or additional Indebtedness, and all other notices and demands to which Guarantor might be entitled, including without limitation, all of the following:  (i) the amount of the Indebtedness from time to time outstanding; (ii) any foreclosure sale or other disposition of any property which secures any or all of the Indebtedness or which secures the obligations of any other guarantor of any or all of the Indebtedness; (iii) any adverse change in Borrower's financial position; (iv) any other fact that might increase Guarantor's risk; (v) any default, partial payment or non-payment of all or any part of the Indebtedness; (vi) the occurrence of any of the other Events of Default (as hereinafter defined); and (vii) any and all agreements and arrangements between Lender and Borrower and any changes, modifications, or extensions thereof, and any revocation, modification or release of any guaranty of any or all of the Indebtedness by any person; (b) any right to require Lender to institute suit against, or to exhaust its rights and remedies against, Borrower or any other person, or to proceed against any property of any kind that secures all or any part of the Indebtedness, or to exercise any right of offset or other right with respect to any reserves, credits or deposit accounts held by or maintained with Lender or any indebtedness of Lender to Borrower, or to exercise any other right or power, or pursue any other remedy Lender may have; (c) any defense arising by reason of any disability or other defense of Borrower or any other guarantor or any endorser, co-maker or other person, or by reason of the cessation from any cause whatsoever of any liability of Borrower or any other guarantor or any endorser, co-maker or other person, with respect to all or any part of the Indebtedness, or by reason of any act or omission of Lender or others that directly or indirectly results in the discharge or release of Borrower or any other guarantor or any other person or any Indebtedness or any security therefore, whether by operation of law or otherwise; (d) all rights of subrogation, reimbursement, and indemnity whatsoever, and all rights of recourse to or with respect to any assets or property of Borrower or any collateral or security for any or all of the Indebtedness; (e) any defense arising by reason of any failure of Lender to obtain, perfect, maintain or keep in force any security interest in, or lien or encumbrance upon, any property of Borrower or any other person; (f) any defense based upon failure of Lender to give Guarantor notice of any sale or other disposition of any property securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee, or any defects in any such notice that may be given, or failure of Lender to comply with any provision of applicable law in enforcing any security interest in or lien upon any property securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee, including, but not limited to, any failure by Lender to dispose of any property securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee in a commercially reasonable manner; and (g) any defense based upon arising out of any bankruptcy, insolvency, reorganization, arrangement, readjustment of debt, liquidation or dissolution proceeding commenced by or against Borrower or any other guarantor or any endorser, co-maker or other person, including without limitation any discharge of, or bar against collecting, any of the Indebtedness (including without limitation any interest thereon), in or as a result of any such proceeding.

**7.**      **Waiver of Other Rights and Defenses.**

(a)      Guarantor waives any rights and defenses that are or may become available to Guarantor by reason of Sections 2787 to 2855, inclusive, and Sections 2899 and 3433 of the California Civil Code.

(b)      Guarantor waives all rights and defenses that Guarantor may have because any of the Indebtedness is secured by real property.  This means, among other things: (i) Lender may collect from Guarantor without first foreclosing on any real or personal property collateral pledged by Borrower; and (ii) if Lender forecloses on any real property collateral pledged by Borrower: (1) the amount of the Indebtedness may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price; and (2) Lender may collect from Guarantor even if Lender, by foreclosing on the real property collateral, has destroyed any right Guarantor may have to collect from Borrower.  This is an unconditional and irrevocable waiver of any rights and defenses Guarantor may have because any of the Indebtedness is secured by real property.  These rights and defenses include, but are not limited to, any rights or defenses based upon Sections 580a, 580b, 580c, 580d, or 726 of the California Code of Civil Procedure.

3

(c)     Guarantor waives any right or defense it may have at law or equity, including California Code of Civil Procedure Section 580a, to a fair market value hearing or action to determine a deficiency judgment after a foreclosure.

(d)     Guarantor agrees to withhold the exercise of any and all subrogation and reimbursement rights against Borrower, against any other person, and against any collateral or security for the Indebtedness, including any such rights pursuant to Sections 2847 and 2848 of the California Civil Code, until the Indebtedness has been indefeasibly paid and satisfied in full, all obligations owed to Lender under the Loan Documents have been fully performed, and Lender has released, transferred or disposed of all of its right, title and interest in such collateral or security.

**8.     Acceleration.**     The obligations of the Guarantor under this Guarantee to pay any or all of the Indebtedness shall, at the option of Lender, immediately become due and payable, without notice, and without regard to the expressed maturity of any of the Indebtedness, in the event: (a) a breach by Borrower of any term, covenant, condition, representation or warranty in any of the Loan Documents, or any statement, report, or certificate made or delivered to Lender by Borrower or Guarantor, or any of their respective officers, partners, employees, or agents, is incorrect, false, untrue, or misleading when given in any material respect; or (b) Borrower or Guarantor shall fail to pay when due all or any part of the Indebtedness; or (c) Guarantor shall fail to pay or perform when due any indebtedness or obligation of Guarantor to Lender, whether under this Guarantee or any other instrument, document, or agreement heretofore or hereafter entered into; or (d) any event shall occur which results in the acceleration of the maturity of any indebtedness of Borrower or Guarantor to others; or (e) Borrower or Guarantor shall fail promptly to perform or comply with any term or condition of any agreement with any third party which does or may result in a material adverse effect on the business of Borrower or Guarantor; or (f) there shall be made or exist any levy, assessment, attachment, seizure, lien, or encumbrance for any cause or reason whatsoever upon all or any part of the property of Borrower or Guarantor; or (g) there shall occur the liquidation, dissolution, termination of existence, insolvency, or business failure of Borrower or Guarantor, or the appointment of a receiver, trustee or custodian for Borrower, Guarantor or all or any part of the property of either of them, or the assignment for the benefit of creditors by Borrower or Guarantor, or the commencement of any proceeding by or against Borrower or Guarantor under any reorganization, insolvency, arrangement, readjustment of debt, dissolution or liquidation law or statute of any jurisdiction, now or hereafter in effect; or (h) Borrower or Guarantor shall be deceased or declared incompetent by any court or a guardian or conserver shall be appointed for either of them or for the property of either of them, or (i) Borrower or Guarantor shall conceal, remove or permit to be concealed or removed any part of its property, with intent to hinder, delay or defraud its creditors, or make or suffer any transfer of any of its property which may be fraudulent under any bankruptcy, fraudulent conveyance or similar law, or shall make any transfer of its property to or for the benefit of any creditor at a time when other creditors similarly situated have not been paid; or (j) Guarantor shall revoke this Guarantee.  All of the foregoing is hereinafter referred to as "Events of Default".

**9.     Right to Attachment Remedy.**     Guarantor agrees that, notwithstanding the existence of any property securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee, Lender shall have all of the rights of a creditor of Guarantor, including without limitation the right to obtain a temporary protective order and writ of attachment against Guarantor with respect to any sums due under this Guarantee. Guarantor further agrees that in the event any property secures the obligations of Guarantor under this Guarantee, to the extent that Lender, in its sole and absolute discretion, determines prior to the disposition of such property that the amount to be realized by Lender therefrom may be less than the indebtedness of Guarantor under this Guarantee, Lender shall have all the rights of an unsecured creditor against Guarantor, including without limitation the right of Lender, prior to the disposition of said property, to obtain a temporary protective order and writ of attachment against Guarantor.  Guarantor waives the benefit of Section 483.010(b) of the California Code of Civil Procedure and of any and all other statutes and rules of law now or hereafter in effect requiring Lender to first resort to or exhaust all such collateral before seeking or obtaining any attachment remedy against Guarantor. Lender shall have no liability to Guarantor as a result thereof, whether or not the actual deficiency realized by Lender is less than the anticipated deficiency on the basis, which Lender obtains a temporary protective order or writ of attachment.

10.     **Subordination.**  Any and all rights of Guarantor under any and all debts, liabilities and obligations owing from Borrower to Guarantor, including any security for and guaranties of any such obligations, whether now existing or hereafter arising, are hereby subordinated in right of payment to the prior payment in full of all of the Indebtedness.  No payment in respect of any such subordinated obligations shall at any time be made to or accepted by Guarantor if at any time such payment any Indebtedness is outstanding.  Borrower and any assignee, trustee in bankruptcy, receiver, or any other person having custody or control over any or all of Borrower's property are hereby authorized and directed to pay to Lender the entire balance of the Indebtedness before making any payments whatsoever to Guarantor, whether as a creditor, shareholder, or otherwise; and insofar as may be necessary for that purpose, Guarantor hereby assigns and transfers to Lender all rights to any and all debts, liabilities and obligations owing from Borrower to Guarantor, including any security for any guaranties of any such obligations, whether now existing or hereafter arising, including without limitation any payments, dividends or distributions out of the business or assets of Borrower.  Any amounts received by Guarantor in violation of the foregoing provisions shall be received and held in trust for the benefit of Lender and shall forthwith be paid over to Lender to be applied to the Indebtedness in such order and sequence as Lender shall in its sole discretion determine.  Guarantor hereby expressly waives any right to set-off or assert against Lender any counterclaim that Guarantor may have against Borrower.

11.     **Revocation.**  This is a continuing guaranty relating to all of the Indebtedness, including Indebtedness arising under successive transactions that from time to time continue the Indebtedness or renew it after it has been satisfied.  The obligations of Guarantor under this Guarantee may be terminated only as to future transactions and only by giving written notice thereof to Lender in accordance with Paragraph 22 herein.  No such revocation shall be effective until the third business day following the date of actual receipt thereof by Lender. Notwithstanding such revocation, this Guarantee and all consents, waivers and other provision hereof shall continue in full force and effect as to any and all Indebtedness that is outstanding on the effective date of revocation and all extensions, renewals and modifications of said Indebtedness including without limitation amendments, extensions, renewals and modifications that are evidenced by new or additional instruments, documents or agreements executed after revocation.

12.     **Independent Liability.**  Guarantor hereby agrees that one or more successive or concurrent actions may be brought hereon against Guarantor, in the same action in which Borrower may be sued or in separate actions, as often as deemed advisable by Lender.   The liability of Guarantor under this Guarantee is exclusive and independent of any other guaranty of any or all of the Indebtedness whether executed by Guarantor or by any other guarantor.  The liability of Guarantor under this Guarantee shall not be affected, revoked, impaired, or reduced by any one or more of the following: (a) the fact that the Indebtedness exceeds the maximum amount of Guarantor's liability, if any, specified herein or elsewhere (and no agreement specifying a maximum amount of Guarantor's liability shall be enforceable unless set forth in a writing signed by Lender or set forth in this Guarantee); or (b) any direction as to the application of payment by Borrower or by any other party; or (c) any other continuing or restrictive guaranty or undertaking or any limitation on the liability of any other guarantor (whether under this Guarantee or under any other guaranty agreement); or (d) any payment on or reduction of any other guaranty or undertaking; or (e) any revocation, amendment, modification or release of any such other guaranty or undertaking; or (f) any dissolution or termination of, or increase, decrease, or change in membership or stock ownership of Guarantor.  Guarantor hereby expressly represents that it was not induced to give this Guarantee by the fact that there are or may be other guarantors either under this Guarantee or otherwise, and Guarantor agrees that any release of any one or more of such other guarantors shall not release Guarantor from its obligations under this Guarantee either in full or to any lesser extent.  If Guarantor is a married person, Guarantor hereby expressly agrees that recourse may be had against his or her separate property for all of his or her obligations under this Guarantee.

13.     **Remedies Cumulative; No Waiver.**  Lender shall have the right to seek recourse against Guarantor to the full extent provided for herein or in any other instrument or agreement evidencing obligations of Guarantor to Lender.   No election in one form of action or proceeding, or against any party, or on any obligation, shall constitute a waiver of Lender's right to proceed in any other form of action or proceeding or against any other party.  The failure of Lender to enforce any of the provisions of this Guarantee at any time or for any period of

5

time shall not be construed to be a waiver of any such provision or the right thereafter to enforce the same.  All remedies under this Guarantee shall be cumulative and shall be in addition to all rights, powers and remedies given to Lender by law or under other instrument or agreement.

**14.**  **Financial Condition of Borrower.**  Guarantor is fully aware of the financial condition of Borrower and is executing and delivering this Guarantee at Borrower's request and based solely upon its own independent investigation of all matters pertinent hereto and is not relying in any manner upon any representation or statement of Lender with respect thereto.  Guarantor represents and warrants that it is in a position to obtain, and Guarantor hereby assumes full responsibility for obtaining, any additional information concerning Borrower's financial condition and any other matter pertinent hereto as Guarantor may desire, and Guarantor is not relying upon or expecting Lender to furnish to him any information now or hereafter in Lender's possession concerning the same or any other matter.  By executing this Guarantee, Guarantor knowingly accepts the full range of risks encompassed within a contract of continuing guaranty, which risks Guarantor acknowledges include without limitation the possibility that Borrower will incur additional Indebtedness for which Guarantor will be liable under this Guarantee after Borrower's financial condition or ability to pay such Indebtedness has deteriorated and/or after bankruptcy or insolvency proceedings have been commenced by or against Borrower.

**15.**  **Reports and Financial Statements of Guarantor.**  Guarantor shall, at its sole cost and expense, at any time and from time to time, prepare or cause to be prepared, and provide to Lender upon Lender's request:  (a) such financial statements and reports concerning Guarantor for such periods of time as Lender may designate (which financial statements shall, if requested by Lender, be audited by certified public accountants acceptable to Lender); (b) any other information concerning Guarantor's business, financial condition or affairs as Lender may request; and (c) copies of any and all foreign, federal, state and local tax returns and reports of or relating to Guarantor as Lender may from time to time request.  Guarantor hereby intentionally and knowingly waives any and all rights and privileges it may have not to divulge or deliver said tax returns, reports and other information that are requested by Lender under this Guarantee or in any litigation in which Lender may be involved relating directly or indirectly to Borrower or to Guarantor.  Guarantor further agrees immediately to give written notice to Lender of any adverse change in Guarantor's financial condition and of any condition or event that constitutes any Events of Default under this Guarantee.

**16.**  **Representations and Warranties.**  Guarantor hereby represents and warrants that: (a) it is in Guarantor's direct interest to assist Borrower in procuring credit, because Borrower (i) is fully or partially owned by Guarantor, (ii) is an affiliate of Guarantor, furnishes goods or services to Guarantor, (iii) purchases or acquires goods or services from Guarantor, and/or (iv) otherwise has a direct or indirect corporate or business relationship with Guarantor; (b) this Guarantee has been duly and validly authorized, executed and delivered and constitutes the binding obligation of Guarantor, enforceable in accordance with its terms; and (c) the execution and delivery of this Guarantee does not violate or constitute a default under any order, judgment, decree, instrument or agreement to which Guarantor is a party or by which its property is affected or bound.

**17.**  **Integration.**  . This Guarantee is the entire and only agreement between Guarantor and Lender with respect to the guaranty of the Indebtedness of Borrower by Guarantor, and all representations, warranties, agreements, or undertakings heretofore or contemporaneously made, which are not set forth herein, are superseded hereby.

**18.**  **Amendment.**  The terms and provisions hereof may not be waived, altered, modified, or amended except in a writing executed by Guarantor and a duly authorized officer of Lender.

**19.**  **Costs.**  Whether or not suit be instituted, Guarantor agrees to reimburse Lender on demand for all attorneys' fees and all other costs and expenses incurred by Lender in enforcing this Guarantee, or arising out of or relating in any way to this Guarantee, or in enforcing any of the Indebtedness against Borrower, Guarantor, or any other person, or in connection with any property of any kind securing all or any part of the Indebtedness.  Without limiting the generality of the foregoing, and in addition thereto, Guarantor shall reimburse Lender on demand for all attorneys' fees and costs Lender incurs in any way relating to Guarantor, Borrower or the

6

Indebtedness, in order to: (i) obtain legal advice; (ii) enforce or seek to enforce any of its rights; (iii) commence, intervene in, respond to, or defend any action or proceeding; (iv) file, prosecute or defend any claim or cause of action in any action or proceeding (including without limitation any probate claim, bankruptcy claim, third-party claim, secured creditor claim, reclamation complaint, and complaint for relief from any stay under the Bankruptcy Code (Title 11, United States Code) or otherwise); (v) protect, obtain possession of, sell, lease, dispose of or otherwise enforce any security interest in or lien on any property of any kind securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee; or (vi) represent Lender in any litigation with respect to Borrower's or Guarantor's affairs. In the event either Lender or Guarantor files any lawsuit against the other predicated on a breach of this Guarantee, the prevailing party in such action shall be entitled to recover its attorneys' fees and costs of suit from the non-prevailing party.

20.    **Successors and Assigns.**  All rights, benefits and privileges under this Guarantee shall inure to the benefit of and be enforceable by Lender and its successors and assigns and shall be binding upon Guarantor and its heirs, executors, administrators, personal representatives, successors and permitted assigns, provided that none of the obligations of Guarantor under this Guarantee shall be assigned without the prior written consent of Lender. Neither the death of Guarantor nor notice thereof to Lender shall terminate this Guarantee as to its estate, and notwithstanding the death of Guarantor or notice thereof to Lender, this Guarantee shall continue in full force and effect with respect to all Indebtedness, including without limitation, Indebtedness incurred or created after the death of Guarantor and notice thereof to Lender.

21.    **Notices.**  Any notice that a party shall be required or shall desire to give to the other under this Guarantee shall be in writing and either (a) delivered by registered or certified mail, (b) delivered by hand, or (c) delivered by national overnight courier service with next business day delivery, and shall be deemed to have been duly given or made (i) three (3) business days after deposit in the United States Mail, registered or certified mail, return receipt requested, with proper postage prepaid, (ii) one (1) business day after deposit with a national overnight courier with next business day delivery with all charges prepaid, or (iii) when hand-delivered. All notices, requests and demands are to be given or made to the respective parties at the following addresses (or to such other addresses as either party may designate by notice in accordance with the provisions of this paragraph):

| | |
|---|---|
| If to Guarantor: | Gurpreet Sahani<br>3825 Gleneagles Drive<br>Tarzana, CA 91356 |
| With a copy to: | Alpert, Barr & Grant<br>6345 Balboa Boulevard<br>Suite 300<br>Encino, CA 91316<br>Attention: Adam D.H. Grant |
| If to Lender: | GemCap Lending I, LLC<br>24955 Pacific Coast Highway<br>Suite A202<br>Malibu, CA 90265<br>Attention: Richard Ellis |
| With a copy to: | Cohen Tauber Spievack & Wagner P.C.<br>420 Lexington Avenue<br>Suite 2400<br>New York, NY 10170<br>Attention: Robert A. Boghosian |

22.    **Construction; Severability; Headings.**  If more than one person has executed this Guarantee or such other person has executed a separate guaranty document in favor of Lender in respect of the Indebtedness, the

7

term "Guarantor" as used herein and in such other guaranty document shall be deemed to refer to all and any one or more of such persons and their obligations under this Guarantee or under such other guaranty document shall be joint and several. Without limiting the generality of the foregoing, if more than one person has executed this Guarantee or such other person has executed a separate guaranty document in favor of Lender, this Guarantee and such other guaranty document shall in all respects be interpreted as though each person signing this Guarantee or such other guaranty document had signed a separate guaranty document, and reference herein to "other guarantors" or words of similar effect shall include without limitation other persons signing this Guarantee or such other guaranty document. As used in this Guarantee, the term "property" is used in its most comprehensive sense and shall mean all property of every kind and nature whatsoever, including without limitation real property, personal property, mixed property, tangible property and intangible property. Words used herein in the masculine gender shall include the neuter and feminine gender, words used herein in the neuter gender shall include the masculine and feminine gender, words used herein in the singular shall include the plural and words used in the plural shall include the singular, wherever the context so reasonably requires. If any provisions of this Guarantee or the application thereof to any party or circumstance are held invalid, void, inoperative or unenforceable, the remainder of this Guarantee and the application of such provision to other parties or circumstances shall not be affected thereby, the provisions of this Guarantee being severable in any such instance. The headings in this Guarantee are inserted for convenience only and shall not be considered for the purpose of determining the meaning or of any provision hereof.

**23.    APPLICABLE LAW.    THIS GUARANTEE SHALL BE GOVERNED BY AND CONSTRUED AND INTERPRETED IN ACCORDANCE WITH THE LAWS OF THE STATE OF CALIFORNIA, THE LAWS OF WHICH THE GUARANTOR HEREBY EXPRESSLY ELECTS TO APPLY TO THIS GUARANTEE, WITHOUT GIVING EFFECT TO PROVISIONS FOR CHOICE OF LAW THEREUNDER. THE GUARANTOR AGREES THAT ANY ACTION OR PROCEEDING BROUGHT TO ENFORCE OR ARISING OUT OF THIS GUARANTEE SHALL BE COMMENCED IN ACCORDANCE WITH THE PROVISIONS OF THIS GUARANTEE.**

**24.    WAIVER OF JURY TRIAL.    TO THE EXTENT PERMITTED BY APPLICABLE LAW, GUARANTOR HEREBY WAIVES ANY AND ALL RIGHTS THAT THE GUARANTOR MAY NOW OR HEREAFTER HAVE UNDER THE LAWS OF THE UNITED STATES OF AMERICA OR ANY STATE TO A TRIAL BY JURY OF ANY AND ALL ISSUES ARISING EITHER DIRECTLY OR INDIRECTLY IN ANY ACTION OR PROCEEDING BETWEEN GUARANTOR, LENDER OR THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, OUT OF OR IN ANY WAY CONNECTED WITH THIS GUARANTEE. IT IS INTENDED THAT SAID WAIVER SHALL APPLY TO ANY AND ALL DEFENSES, RIGHTS, AND/OR COUNTERCLAIMS IN ANY ACTION OR PROCEEDINGS BETWEEN GUARANTOR AND LENDER. GUARANTOR WAIVES ALL RIGHTS TO INTERPOSE ANY CLAIMS, DEDUCTIONS, SETOFFS OR COUNTERCLAIMS OF ANY KIND, NATURE OR DESCRIPTION IN ANY ACTION OR PROCEEDING INSTITUTED BY LENDER WITH RESPECT TO THIS GUARANTEE OR ANY MATTER ARISING HEREFROM OR RELATING HERETO, EXCEPT COMPULSORY COUNTERCLAIMS.**

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

8

{00287143.DOC; 3}

25. **CONSENT TO JURISDICTION. GUARANTOR HEREBY (a) IRREVOCABLY SUBMITS AND CONSENTS TO THE EXCLUSIVE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF CALIFORNIA, LOS ANGELES COUNTY WITH RESPECT TO ANY SUIT, ACTION OR PROCEEDING ARISING OUT OF THIS GUARANTEE OR ANY MATTER ARISING HEREFROM OR RELATING HERETO, AND (b) WAIVES ANY OBJECTION IT MAY NOW OR HEREAFTER HAVE BASED ON VENUE OR FORUM NON CONVENIENS WITH RESPECT THERETO.   IN ANY SUCH ACTION OR PROCEEDING, GUARANTOR WAIVES PERSONAL SERVICE OF THE SUMMONS AND COMPLAINT OR OTHER PROCESS AND PAPERS THEREIN AND AGREES THAT THE SERVICE THEREOF MAY BE MADE BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, DIRECTED TO GUARANTOR AT ITS ADDRESS SET FORTH HEREIN OR OTHER ADDRESS OF WHICH LENDER HAS RECEIVED NOTICE AS PROVIDED IN THIS GUARANTEE. NOTWITHSTANDING THE FOREGOING, GUARANTOR CONSENTS TO THE COMMENCEMENT BY LENDER OF ANY SUIT, ACTION OR PROCEEDING IN ANY OTHER JURISDICTION IN WHICH BORROWER, GUARANTOR OR ANY PORTION OF THE LENDER'S COLLATERAL IS LOCATED TO ENFORCE LENDER'S RIGHTS, AND GUARANTOR WAIVES ANY OBJECTIONS WHICH IT MAY NOW OR HEREAFTER HAVE BASED ON VENUE AND/OR FORUM NON CONVENIENS OF ANY SUCH SUIT, ACTION OR PROCEEDING.**

IN WITNESS WHEREOF, the undersigned has executed this Guarantee on April 14, 2016.

**GUARANTOR:**

GURPREET SAHANI

SSN: ████4286

STATE OF _____ )
                       ) ss.
COUNTY OF _____ )

On the ___ day of _____ 2016 before me, _____, a   Notary Public in and for said State, personally appeared Gurpreet Sahani, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same as his/her free and voluntary act.

WITNESS my hand and official seal.

Signature _____
Notary Public in and for said County and State

* See attached California
All-purpose Acknowledgment
(HS)

9

{00287143.DOC; 3}

**Exhibit "9"
Page 66**

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**   CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California )
County of Ventura )

On 4-14-2016 before me, HAROLD H SAVIN, NOTARY PUBLIC,
        Date                          Here Insert Name and Title of the Officer

personally appeared GURPREET SAHANI
                          Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

HAROLD H. SAVIN
Commission # 2002103
Notary Public - California
Ventura County
My Comm. Expires Jan 22, 2017

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
        Signature of Notary Public

*Place Notary Seal Above*

─ **OPTIONAL** ─

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: CONTINUING GUARANTEE
Document Date: _____ Number of Pages: _____
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual  ☐ Attorney in Fact
☐ Trustee  ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual  ☐ Attorney in Fact
☐ Trustee  ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2015 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827) Item #5907

Exhibit "9"
Page 67

# CONTINUING GUARANTEE

**THIS CONTINUING GUARANTEE** (this "Guarantee") is executed by RAJINDER SAHANI, an individual (the "Guarantor") residing at 5352 Tampa Avenue, Tarzana, CA 91356, in favor of GEMCAP LENDING I, LLC (the "Lender"), with a principal place of business at 24955 Pacific Coast Highway, Suite A202, Malibu, CA 90265, with respect to Indebtedness (defined herein) of RAJYSAN, INCORPORATED, a California corporation (the "Borrower").

1.     **Continuing Guarantee.**  For valuable consideration, Guarantor hereby unconditionally guarantees and promises to promptly pay to Lender, at the address indicated above or at such other address as Lender may direct, in lawful money of the United States, all Indebtedness of Borrower to Lender when due, whether at stated maturity, upon acceleration or otherwise, and at all times thereafter.   The liability of Guarantor under this Guarantee is not limited as to the principal amount of the Indebtedness guaranteed and includes, without limitation, liability for all interest, fees, indemnities and other costs and expenses relating to or arising out of the Indebtedness.   In giving this Guarantee, Guarantor hereby acknowledges that this Guarantee is a guaranty of payment (and not of collection), and that the liability of Guarantor under this Guarantee is present, absolute, unconditional, continuing, primary, direct and independent of the obligations of Borrower to Lender.   Lender shall not be required to pursue any other remedies including, without limitation, its remedies against Borrower under any Loan Documents evidencing Indebtedness of Borrower, before pursuing Lender's rights and remedies against Guarantor under this Guarantee.

2.     **Definitions**.

        (a)     "Indebtedness" shall mean:  (a) any and all debts, duties, obligations and liabilities of Borrower to Lender, now or hereafter existing, whether voluntary or involuntary and however arising, whether direct or indirect or acquired by Lender by assignment, succession, or otherwise, whether due or not due, absolute or contingent, liquidated or unliquidated, determined or undetermined, held or to be held by Lender for its own account or as agent for another or others, whether Borrower may be liable individually or jointly with others, whether recovery upon such debts, liabilities, and obligations may be or hereafter become barred by any statute of limitations, and whether such debts, liabilities, and obligations may be or hereafter become otherwise unenforceable and regardless of whether recovery thereon is discharged in any bankruptcy, insolvency or other proceeding, including without limitation, any of the same that arise from or in connection with Lender's acquisition of a security interest or other interest in any property of Borrower; and (b) any and all attorneys' fees, court costs, and collection charges incurred in endeavoring to collect or enforce any of the foregoing against Borrower, Guarantor, or any other person liable thereon (whether or not suit be brought) and any other expense of, for or incidental to collection thereof.  Guarantor hereby acknowledges and agrees that acceptance by Lender of this Guarantee shall not constitute a commitment of any kind by Lender to permit Borrower to incur Indebtedness to Lender.

        (c)     "Loan Documents" shall mean loan agreements between Borrower and Lender and promissory notes from Borrower in favor of Lender evidencing or relating to any of the Indebtedness, and deeds of trust, mortgages, security agreements, other agreements, documents, and instruments executed by Borrower in connection with such loan agreements and promissory notes, as such loan agreements, promissory notes, security agreements, other agreements, documents and instruments are now in effect and as hereafter amended, restated, renewed or superseded.

3.     **Rights of Lender.**  Guarantor hereby consents and agrees that, without notice to or by Guarantor and without affecting or impairing in any way the obligations or liability of Guarantor under this Guarantee, Lender may, from time to time before or after revocation of this Guarantee, do any one or more of the following in Lender's sole and absolute discretion: (a) renew, compromise, extend, accelerate, or otherwise change the time for payment or accept partial payments of, compromise or settle, renew, discharge the performance of, refuse to enforce or release all or any parties to, any or all of the Indebtedness, or otherwise change the terms of the

1

Indebtedness or any part thereof, including increase or decrease of the rate of interest thereon; (b) grant any other indulgence to Borrower or any other person in respect of any or all of the Indebtedness or any other matter; (c) accept, release, waive, surrender, enforce, exchange, modify, impair, or extend the time for the performance, discharge, or payment of, any and all property of any kind securing any or all of the Indebtedness, or any and all property of any kind securing Guarantor's obligations under this Guarantee or securing any other guaranty of any or all of the Indebtedness or on which Lender at any time may have a lien, or refuse to enforce its rights or make any compromise or settlement or agreement therefore in respect of any or all of such property; (d) substitute or add, or take any action or omit to take any action that results in the release of, any one or more endorsers or guarantor of all or part of the Indebtedness, including without limitation one or more parties to this Guarantee, regardless of any destruction or impairment of any right of contribution or other right of Guarantor; (e) amend, alter or change in any respect whatsoever any term or provision of the Loan Documents relating to any or all of the Indebtedness, including the rate of interest thereon; (f) apply to the Indebtedness, any sums received from Borrower, any other guarantor, endorser, or cosigner, or from the disposition of any collateral or security to any indebtedness whatsoever owing from such person or secured by such collateral or security, in such manner and order as Lender determines in its sole discretion, and regardless of whether such indebtedness is part of the Indebtedness, is secured, or is due and payable; and (g) apply any sums received from Guarantor or from the disposition of any collateral or security securing the obligations of Guarantor, to any of the Indebtedness in such manner and order as Lender determines in its sole discretion, regardless of whether or not such Indebtedness is secured or is due and payable.  Guarantor consents and agrees that Lender shall be under no obligation to marshal any assets in favor of Guarantor, or against or in payment of any or all of the Indebtedness.  Guarantor further consents and agrees that Lender shall have no duties or responsibilities whatsoever with respect to any property securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee.  Without limiting the generality of the foregoing, Lender shall have no obligation to monitor, verify audit, examine, or obtain or maintain any insurance with respect to, any property securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee.

4.      **Guarantee to be Absolute**.  Guarantor agrees that until the Indebtedness has been indefeasibly paid in full and any commitments of Lender or facilities provided by Lender with respect to the Indebtedness have been terminated, Guarantor shall not be released by or because of the taking, or failure to take, any action that might in any manner or to any extent vary the risks of Guarantor under this Guarantee or that, but for this paragraph, might discharge or otherwise reduce, limit, or modify Guarantor's obligations under this Guarantee.  Guarantor waives and surrenders any defense to any liability under this Guarantee based upon any such action, including but not limited to any action of Lender described in the immediately preceding paragraph of this Guarantee. It is the express intent of Guarantor that Guarantor's obligations under this Guarantee are and shall be absolute and unconditional.  In the event any payment with respect to any or all of the Indebtedness by any person is repaid or returned by Lender because of any claim that such payment constituted a preferential transfer or fraudulent conveyance or for any other reason whatsoever, the liability of Guarantor under this Guarantee shall not be discharged or reduced by reason of such payment and Guarantor shall be and remain fully liable therefor.  Lender shall have full authority in its sole discretion to compromise or settle any such claim, and any amounts received by Lender that are paid, repaid or returned as a part of such compromise or settlement, and the foregoing shall not discharge or reduce the liability of Guarantor under this Guarantee and Guarantor shall be and remain fully liable therefor.

5.      **Waiver of Subrogation**.  Until the Indebtedness has been paid in full and any commitments of Bank or facilities provided by Lender with respect to the Indebtedness have been terminated, Guarantor waives any right of subrogation, reimbursement, indemnification, and contribution (contractual, statutory, or otherwise) including, without limitation, any claim or right of subrogation under the Bankruptcy Code (Title 11, United States Code) or any successor statute, arising from the existence or performance of this Guarantee, and Guarantor waives any right to enforce any remedy which Lender now has or may hereafter have against Borrower, and waives any benefit of, and any right to participate in, any security now or hereafter held by Lender.

6.      **Waivers**.  Guarantor hereby waives:  (a) all presentments, demands for performance, notices of nonperformance, protests, notices of protest, notices of dishonor, notices of intent to accelerate, notices of

acceleration, notices of any suit or any other action against Borrower or any other person, any other notices to any party liable on any Loan Document (including Guarantor), notices of acceptance of this Guarantee, and notices of the existence, creation, or incurring of new or additional Indebtedness, and all other notices and demands to which Guarantor might be entitled, including without limitation, all of the following:  (i) the amount of the Indebtedness from time to time outstanding; (ii) any foreclosure sale or other disposition of any property which secures any or all of the Indebtedness or which secures the obligations of any other guarantor of any or all of the Indebtedness; (iii) any adverse change in Borrower's financial position; (iv) any other fact that might increase Guarantor's risk; (v) any default, partial payment or non-payment of all or any part of the Indebtedness; (vi) the occurrence of any of the other Events of Default (as hereinafter defined); and (vii) any and all agreements and arrangements between Lender and Borrower and any changes, modifications, or extensions thereof, and any revocation, modification or release of any guaranty of any or all of the Indebtedness by any person; (b) any right to require Lender to institute suit against, or to exhaust its rights and remedies against, Borrower or any other person, or to proceed against any property of any kind that secures all or any part of the Indebtedness, or to exercise any right of offset or other right with respect to any reserves, credits or deposit accounts held by or maintained with Lender or any indebtedness of Lender to Borrower, or to exercise any other right or power, or pursue any other remedy Lender may have; (c) any defense arising by reason of any disability or other defense of Borrower or any other guarantor or any endorser, co-maker or other person, or by reason of the cessation from any cause whatsoever of any liability of Borrower or any other guarantor or any endorser, co-maker or other person, with respect to all or any part of the Indebtedness, or by reason of any act or omission of Lender or others that directly or indirectly results in the discharge or release of Borrower or any other guarantor or any other person or any Indebtedness or any security therefore, whether by operation of law or otherwise; (d) all rights of subrogation, reimbursement, and indemnity whatsoever, and all rights of recourse to or with respect to any assets or property of Borrower or any collateral or security for any or all of the Indebtedness; (e) any defense arising by reason of any failure of Lender to obtain, perfect, maintain or keep in force any security interest in, or lien or encumbrance upon, any property of Borrower or any other person; (f) any defense based upon failure of Lender to give Guarantor notice of any sale or other disposition of any property securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee, or any defects in any such notice that may be given, or failure of Lender to comply with any provision of applicable law in enforcing any security interest in or lien upon any property securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee, including, but not limited to, any failure by Lender to dispose of any property securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee in a commercially reasonable manner; and (g) any defense based upon arising out of any bankruptcy, insolvency, reorganization, arrangement, readjustment of debt, liquidation or dissolution proceeding commenced by or against Borrower or any other guarantor or any endorser, co-maker or other person, including without limitation any discharge of, or bar against collecting, any of the Indebtedness (including without limitation any interest thereon), in or as a result of any such proceeding.

**7.**      **Waiver of Other Rights and Defenses.**

(a)      Guarantor waives any rights and defenses that are or may become available to Guarantor by reason of Sections 2787 to 2855, inclusive, and Sections 2899 and 3433 of the California Civil Code.

(b)      Guarantor waives all rights and defenses that Guarantor may have because any of the Indebtedness is secured by real property.  This means, among other things: (i) Lender may collect from Guarantor without first foreclosing on any real or personal property collateral pledged by Borrower; and (ii) if Lender forecloses on any real property collateral pledged by Borrower: (1) the amount of the Indebtedness may be reduced only by the price for which that collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price; and (2) Lender may collect from Guarantor even if Lender, by foreclosing on the real property collateral, has destroyed any right Guarantor may have to collect from Borrower.  This is an unconditional and irrevocable waiver of any rights and defenses Guarantor may have because any of the Indebtedness is secured by real property.  These rights and defenses include, but are not limited to, any rights or defenses based upon Sections 580a, 580b, 580c, 580d, or 726 of the California Code of Civil Procedure.

3

(c)     Guarantor waives any right or defense it may have at law or equity, including California Code of Civil Procedure Section 580a, to a fair market value hearing or action to determine a deficiency judgment after a foreclosure.

(d)     Guarantor agrees to withhold the exercise of any and all subrogation and reimbursement rights against Borrower, against any other person, and against any collateral or security for the Indebtedness, including any such rights pursuant to Sections 2847 and 2848 of the California Civil Code, until the Indebtedness has been indefeasibly paid and satisfied in full, all obligations owed to Lender under the Loan Documents have been fully performed, and Lender has released, transferred or disposed of all of its right, title and interest in such collateral or security.

**8.     Acceleration.**   The obligations of the Guarantor under this Guarantee to pay any or all of the Indebtedness shall, at the option of Lender, immediately become due and payable, without notice, and without regard to the expressed maturity of any of the Indebtedness, in the event: (a) a breach by Borrower of any term, covenant, condition, representation or warranty in any of the Loan Documents, or any statement, report, or certificate made or delivered to Lender by Borrower or Guarantor, or any of their respective officers, partners, employees, or agents, is incorrect, false, untrue, or misleading when given in any material respect; or (b) Borrower or Guarantor shall fail to pay when due all or any part of the Indebtedness; or (c) Guarantor shall fail to pay or perform when due any indebtedness or obligation of Guarantor to Lender, whether under this Guarantee or any other instrument, document, or agreement heretofore or hereafter entered into; or (d) any event shall occur which results in the acceleration of the maturity of any indebtedness of Borrower or Guarantor to others; or (e) Borrower or Guarantor shall fail promptly to perform or comply with any term or condition of any agreement with any third party which does or may result in a material adverse effect on the business of Borrower or Guarantor; or (f) there shall be made or exist any levy, assessment, attachment, seizure, lien, or encumbrance for any cause or reason whatsoever upon all or any part of the property of Borrower or Guarantor; or (g) there shall occur the liquidation, dissolution, termination of existence, insolvency, or business failure of Borrower or Guarantor, or the appointment of a receiver, trustee or custodian for Borrower, Guarantor or all or any part of the property of either of them, or the assignment for the benefit of creditors by Borrower or Guarantor, or the commencement of any proceeding by or against Borrower or Guarantor under any reorganization, insolvency, arrangement, readjustment of debt, dissolution or liquidation law or statute of any jurisdiction, now or hereafter in effect; or (h) Borrower or Guarantor shall be deceased or declared incompetent by any court or a guardian or conserver shall be appointed for either of them or for the property of either of them, or (i) Borrower or Guarantor shall conceal, remove or permit to be concealed or removed any part of its property, with intent to hinder, delay or defraud its creditors, or make or suffer any transfer of any of its property which may be fraudulent under any bankruptcy, fraudulent conveyance or similar law, or shall make any transfer of its property to or for the benefit of any creditor at a time when other creditors similarly situated have not been paid; or (j) Guarantor shall revoke this Guarantee.  All of the foregoing is hereinafter referred to as "Events of Default".

**9.     Right to Attachment Remedy.**   Guarantor agrees that, notwithstanding the existence of any property securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee, Lender shall have all of the rights of a creditor of Guarantor, including without limitation the right to obtain a temporary protective order and writ of attachment against Guarantor with respect to any sums due under this Guarantee. Guarantor further agrees that in the event any property secures the obligations of Guarantor under this Guarantee, to the extent that Lender, in its sole and absolute discretion, determines prior to the disposition of such property that the amount to be realized by Lender therefrom may be less than the indebtedness of Guarantor under this Guarantee, Lender shall have all the rights of an unsecured creditor against Guarantor, including without limitation the right of Lender, prior to the disposition of said property, to obtain a temporary protective order and writ of attachment against Guarantor.  Guarantor waives the benefit of Section 483.010(b) of the California Code of Civil Procedure and of any and all other statutes and rules of law now or hereafter in effect requiring Lender to first resort to or exhaust all such collateral before seeking or obtaining any attachment remedy against Guarantor. Lender shall have no liability to Guarantor as a result thereof, whether or not the actual deficiency realized by Lender is less than the anticipated deficiency on the basis, which Lender obtains a temporary protective order or writ of attachment.

4

10.     **Subordination.**  Any and all rights of Guarantor under any and all debts, liabilities and obligations owing from Borrower to Guarantor, including any security for and guaranties of any such obligations, whether now existing or hereafter arising, are hereby subordinated in right of payment to the prior payment in full of all of the Indebtedness.  No payment in respect of any such subordinated obligations shall at any time be made to or accepted by Guarantor if at any time such payment any Indebtedness is outstanding.  Borrower and any assignee, trustee in bankruptcy, receiver, or any other person having custody or control over any or all of Borrower's property are hereby authorized and directed to pay to Lender the entire balance of the Indebtedness before making any payments whatsoever to Guarantor, whether as a creditor, shareholder, or otherwise; and insofar as may be necessary for that purpose, Guarantor hereby assigns and transfers to Lender all rights to any and all debts, liabilities and obligations owing from Borrower to Guarantor, including any security for any guaranties of any such obligations, whether now existing or hereafter arising, including without limitation any payments, dividends or distributions out of the business or assets of Borrower.  Any amounts received by Guarantor in violation of the foregoing provisions shall be received and held in trust for the benefit of Lender and shall forthwith be paid over to Lender to be applied to the Indebtedness in such order and sequence as Lender shall in its sole discretion determine.  Guarantor hereby expressly waives any right to set-off or assert against Lender any counterclaim that Guarantor may have against Borrower.

11.     **Revocation.**   This is a continuing guaranty relating to all of the Indebtedness, including Indebtedness arising under successive transactions that from time to time continue the Indebtedness or renew it after it has been satisfied.  The obligations of Guarantor under this Guarantee may be terminated only as to future transactions and only by giving written notice thereof to Lender in accordance with Paragraph 22 herein.  No such revocation shall be effective until the third business day following the date of actual receipt thereof by Lender.  Notwithstanding such revocation, this Guarantee and all consents, waivers and other provision hereof shall continue in full force and effect as to any and all Indebtedness that is outstanding on the effective date of revocation and all extensions, renewals and modifications of said Indebtedness including without limitation amendments, extensions, renewals and modifications that are evidenced by new or additional instruments, documents or agreements executed after revocation.

12.     **Independent Liability.**  Guarantor hereby agrees that one or more successive or concurrent actions may be brought hereon against Guarantor, in the same action in which Borrower may be sued or in separate actions, as often as deemed advisable by Lender.   The liability of Guarantor under this Guarantee is exclusive and independent of any other guaranty of any or all of the Indebtedness whether executed by Guarantor or by any other guarantor.   The liability of Guarantor under this Guarantee shall not be affected, revoked, impaired, or reduced by any one or more of the following:  (a) the fact that the Indebtedness exceeds the maximum amount of Guarantor's liability, if any, specified herein or elsewhere (and no agreement specifying a maximum amount of Guarantor's liability shall be enforceable unless set forth in a writing signed by Lender or set forth in this Guarantee); or (b) any direction as to the application of payment by Borrower or by any other party; or (c) any other continuing or restrictive guaranty or undertaking or any limitation on the liability of any other guarantor (whether under this Guarantee or under any other guaranty agreement); or (d) any payment on or reduction of any other guaranty or undertaking; or (e) any revocation, amendment, modification or release of any such other guaranty or undertaking; or (f) any dissolution or termination of, or increase, decrease, or change in membership or stock ownership of Guarantor.  Guarantor hereby expressly represents that it was not induced to give this Guarantee by the fact that there are or may be other guarantors either under this Guarantee or otherwise, and Guarantor agrees that any release of any one or more of such other guarantors shall not release Guarantor from its obligations under this Guarantee either in full or to any lesser extent.  If Guarantor is a married person, Guarantor hereby expressly agrees that recourse may be had against his or her separate property for all of his or her obligations under this Guarantee.

13.     **Remedies Cumulative; No Waiver.**  Lender shall have the right to seek recourse against Guarantor to the full extent provided for herein or in any other instrument or agreement evidencing obligations of Guarantor to Lender.   No election in one form of action or proceeding, or against any party, or on any obligation, shall constitute a waiver of Lender's right to proceed in any other form of action or proceeding or against any other party.   The failure of Lender to enforce any of the provisions of this Guarantee at any time or for any period of

5

time shall not be construed to be a waiver of any such provision or the right thereafter to enforce the same.  All remedies under this Guarantee shall be cumulative and shall be in addition to all rights, powers and remedies given to Lender by law or under other instrument or agreement.

14.    **Financial Condition of Borrower.**  Guarantor is fully aware of the financial condition of Borrower and is executing and delivering this Guarantee at Borrower's request and based solely upon its own independent investigation of all matters pertinent hereto and is not relying in any manner upon any representation or statement of Lender with respect thereto.  Guarantor represents and warrants that it is in a position to obtain, and Guarantor hereby assumes full responsibility for obtaining, any additional information concerning Borrower's financial condition and any other matter pertinent hereto as Guarantor may desire, and Guarantor is not relying upon or expecting Lender to furnish to him any information now or hereafter in Lender's possession concerning the same or any other matter.  By executing this Guarantee, Guarantor knowingly accepts the full range of risks encompassed within a contract of continuing guaranty, which risks Guarantor acknowledges include without limitation the possibility that Borrower will incur additional Indebtedness for which Guarantor will be liable under this Guarantee after Borrower's financial condition or ability to pay such Indebtedness has deteriorated and/or after bankruptcy or insolvency proceedings have been commenced by or against Borrower.

15.    **Reports and Financial Statements of Guarantor.**  Guarantor shall, at its sole cost and expense, at any time and from time to time, prepare or cause to be prepared, and provide to Lender upon Lender's request:  (a) such financial statements and reports concerning Guarantor for such periods of time as Lender may designate (which financial statements shall, if requested by Lender, be audited by certified public accountants acceptable to Lender); (b) any other information concerning Guarantor's business, financial condition or affairs as Lender may request; and (c) copies of any and all foreign, federal, state and local tax returns and reports of or relating to Guarantor as Lender may from time to time request.  Guarantor hereby intentionally and knowingly waives any and all rights and privileges it may have not to divulge or deliver said tax returns, reports and other information that are requested by Lender under this Guarantee or in any litigation in which Lender may be involved relating directly or indirectly to Borrower or to Guarantor.  Guarantor further agrees immediately to give written notice to Lender of any adverse change in Guarantor's financial condition and of any condition or event that constitutes any Events of Default under this Guarantee.

16.    **Representations and Warranties.**  Guarantor hereby represents and warrants that: (a) it is in Guarantor's direct interest to assist Borrower in procuring credit, because Borrower (i) is fully or partially owned by Guarantor, (ii) is an affiliate of Guarantor, furnishes goods or services to Guarantor, (iii) purchases or acquires goods or services from Guarantor, and/or (iv) otherwise has a direct or indirect corporate or business relationship with Guarantor; (b) this Guarantee has been duly and validly authorized, executed and delivered and constitutes the binding obligation of Guarantor, enforceable in accordance with its terms; and (c) the execution and delivery of this Guarantee does not violate or constitute a default under any order, judgment, decree, instrument or agreement to which Guarantor is a party or by which its property is affected or bound.

17.    **Integration.**    . This Guarantee is the entire and only agreement between Guarantor and Lender with respect to the guaranty of the Indebtedness of Borrower by Guarantor, and all representations, warranties, agreements, or undertakings heretofore or contemporaneously made, which are not set forth herein, are superseded hereby.

18.    **Amendment.**  The terms and provisions hereof may not be waived, altered, modified, or amended except in a writing executed by Guarantor and a duly authorized officer of Lender.

19.    **Costs.**  Whether or not suit be instituted, Guarantor agrees to reimburse Lender on demand for all attorneys' fees and all other costs and expenses incurred by Lender in enforcing this Guarantee, or arising out of or relating in any way to this Guarantee, or in enforcing any of the Indebtedness against Borrower, Guarantor, or any other person, or in connection with any property of any kind securing all or any part of the Indebtedness. Without limiting the generality of the foregoing, and in addition thereto, Guarantor shall reimburse Lender on demand for all attorneys' fees and costs Lender incurs in any way relating to Guarantor, Borrower or the

6

Indebtedness, in order to:  (i) obtain legal advice; (ii) enforce or seek to enforce any of its rights; (iii) commence, intervene in, respond to, or defend any action or proceeding; (iv) file, prosecute or defend any claim or cause of action in any action or proceeding (including without limitation any probate claim, bankruptcy claim, third-party claim, secured creditor claim, reclamation complaint, and complaint for relief from any stay under the Bankruptcy Code (Title 11, United States Code) or otherwise); (v) protect, obtain possession of, sell, lease, dispose of or otherwise enforce any security interest in or lien on any property of any kind securing any or all of the Indebtedness or any property securing Guarantor's obligations under this Guarantee; or (vi) represent Lender in any litigation with respect to Borrower's or Guarantor's affairs.  In the event either Lender or Guarantor files any lawsuit against the other predicated on a breach of this Guarantee, the prevailing party in such action shall be entitled to recover its attorneys' fees and costs of suit from the non-prevailing party.

20.    **Successors and Assigns.**    All rights, benefits and privileges under this Guarantee shall inure to the benefit of and be enforceable by Lender and its successors and assigns and shall be binding upon Guarantor and its heirs, executors, administrators, personal representatives, successors and permitted assigns, provided that none of the obligations of Guarantor under this Guarantee shall be assigned without the prior written consent of Lender. Neither the death of Guarantor nor notice thereof to Lender shall terminate this Guarantee as to its estate, and notwithstanding the death of Guarantor or notice thereof to Lender, this Guarantee shall continue in full force and effect with respect to all Indebtedness, including without limitation, Indebtedness incurred or created after the death of Guarantor and notice thereof to Lender.

21.    **Notices.**    Any notice that a party shall be required or shall desire to give to the other under this Guarantee shall be in writing and either (a) delivered by registered or certified mail, (b) delivered by hand, or (c) delivered by national overnight courier service with next business day delivery, and shall be deemed to have been duly given or made (i) three (3) business days after deposit in the United States Mail, registered or certified mail, return receipt requested, with proper postage prepaid, (ii) one (1) business day after deposit with a national overnight courier with next business day delivery with all charges prepaid, or (iii) when hand-delivered.   All notices, requests and demands are to be given or made to the respective parties at the following addresses (or to such other addresses as either party may designate by notice in accordance with the provisions of this paragraph):

|  |  |
|---|---|
| If to Guarantor: | Rajinder Sahani<br>5352 Tampa Avenue<br>Tarzana, CA 91356 |
| With a copy to: | Alpert, Barr & Grant<br>6345 Balboa Boulevard<br>Suite 300<br>Encino, CA 91316<br>Attention: Adam D.H. Grant |
| If to Lender: | GemCap Lending I, LLC<br>24955 Pacific Coast Highway<br>Suite A202<br>Malibu, CA 90265<br>Attention: Richard Ellis |
| With a copy to: | Cohen Tauber Spievack & Wagner P.C.<br>420 Lexington Avenue<br>Suite 2400<br>New York, NY 10170<br>Attention: Robert A. Boghosian |

22.    **Construction; Severability; Headings.**    If more than one person has executed this Guarantee or such other person has executed a separate guaranty document in favor of Lender in respect of the Indebtedness, the

7

term "Guarantor" as used herein and in such other guaranty document shall be deemed to refer to all and any one or more of such persons and their obligations under this Guarantee or under such other guaranty document shall be joint and several. Without limiting the generality of the foregoing, if more than one person has executed this Guarantee or such other person has executed a separate guaranty document in favor of Lender, this Guarantee and such other guaranty document shall in all respects be interpreted as though each person signing this Guarantee or such other guaranty document had signed a separate guaranty document, and reference herein to "other guarantors" or words of similar effect shall include without limitation other persons signing this Guarantee or such other guaranty document. As used in this Guarantee, the term "property" is used in its most comprehensive sense and shall mean all property of every kind and nature whatsoever, including without limitation real property, personal property, mixed property, tangible property and intangible property. Words used herein in the masculine gender shall include the neuter and feminine gender, words used herein in the neuter gender shall include the masculine and feminine gender, words used herein in the singular shall include the plural and words used in the plural shall include the singular, wherever the context so reasonably requires. If any provisions of this Guarantee or the application thereof to any party or circumstance are held invalid, void, inoperative or unenforceable, the remainder of this Guarantee and the application of such provision to other parties or circumstances shall not be affected thereby, the provisions of this Guarantee being severable in any such instance. The headings in this Guarantee are inserted for convenience only and shall not be considered for the purpose of determining the meaning or of any provision hereof.

**23.    APPLICABLE LAW.  THIS GUARANTEE SHALL BE GOVERNED BY AND CONSTRUED AND INTERPRETED IN ACCORDANCE WITH THE LAWS OF THE STATE OF CALIFORNIA, THE LAWS OF WHICH THE GUARANTOR HEREBY EXPRESSLY ELECTS TO APPLY TO THIS GUARANTEE, WITHOUT GIVING EFFECT TO PROVISIONS FOR CHOICE OF LAW THEREUNDER. THE GUARANTOR AGREES THAT ANY ACTION OR PROCEEDING BROUGHT TO ENFORCE OR ARISING OUT OF THIS GUARANTEE SHALL BE COMMENCED IN ACCORDANCE WITH THE PROVISIONS OF THIS GUARANTEE.**

**24.    WAIVER OF JURY TRIAL.  TO THE EXTENT PERMITTED BY APPLICABLE LAW, GUARANTOR HEREBY WAIVES ANY AND ALL RIGHTS THAT THE GUARANTOR MAY NOW OR HEREAFTER HAVE UNDER THE LAWS OF THE UNITED STATES OF AMERICA OR ANY STATE TO A TRIAL BY JURY OF ANY AND ALL ISSUES ARISING EITHER DIRECTLY OR INDIRECTLY IN ANY ACTION OR PROCEEDING BETWEEN GUARANTOR, LENDER OR THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, OUT OF OR IN ANY WAY CONNECTED WITH THIS GUARANTEE. IT IS INTENDED THAT SAID WAIVER SHALL APPLY TO ANY AND ALL DEFENSES, RIGHTS, AND/OR COUNTERCLAIMS IN ANY ACTION OR PROCEEDINGS BETWEEN GUARANTOR AND LENDER. GUARANTOR WAIVES ALL RIGHTS TO INTERPOSE ANY CLAIMS, DEDUCTIONS, SETOFFS OR COUNTERCLAIMS OF ANY KIND, NATURE OR DESCRIPTION IN ANY ACTION OR PROCEEDING INSTITUTED BY LENDER WITH RESPECT TO THIS GUARANTEE OR ANY MATTER ARISING HEREFROM OR RELATING HERETO, EXCEPT COMPULSORY COUNTERCLAIMS.**

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

8

25.    <u>CONSENT TO JURISDICTION</u>. GUARANTOR HEREBY (a) IRREVOCABLY SUBMITS AND CONSENTS TO THE EXCLUSIVE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF CALIFORNIA, LOS ANGELES COUNTY WITH RESPECT TO ANY SUIT, ACTION OR PROCEEDING ARISING OUT OF THIS GUARANTEE OR ANY MATTER ARISING HEREFROM OR RELATING HERETO, AND (b) WAIVES ANY OBJECTION IT MAY NOW OR HEREAFTER HAVE BASED ON VENUE OR FORUM NON CONVENIENS WITH RESPECT THERETO.    IN ANY SUCH ACTION OR PROCEEDING, GUARANTOR WAIVES PERSONAL SERVICE OF THE SUMMONS AND COMPLAINT OR OTHER PROCESS AND PAPERS THEREIN AND AGREES THAT THE SERVICE THEREOF MAY BE MADE BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, DIRECTED TO GUARANTOR AT ITS ADDRESS SET FORTH HEREIN OR OTHER ADDRESS OF WHICH LENDER HAS RECEIVED NOTICE AS PROVIDED IN THIS GUARANTEE. NOTWITHSTANDING THE FOREGOING, GUARANTOR CONSENTS TO THE COMMENCEMENT BY LENDER OF ANY SUIT, ACTION OR PROCEEDING IN ANY OTHER JURISDICTION IN WHICH BORROWER, GUARANTOR OR ANY PORTION OF THE LENDER'S COLLATERAL IS LOCATED TO ENFORCE LENDER'S RIGHTS, AND GUARANTOR WAIVES ANY OBJECTIONS WHICH IT MAY NOW OR HEREAFTER HAVE BASED ON VENUE AND/OR FORUM NON CONVENIENS OF ANY SUCH SUIT, ACTION OR PROCEEDING.

IN WITNESS WHEREOF, the undersigned has executed this Guarantee on April 14, 2016.

GUARANTOR:

RAJINDER SAHANI

SSN: ████613

WITNESS:

Witness Name (print): BALBIR SINGH BHASIN

{00287160.DOC;2}

9

Exhibit "10"

DBA MMD Equipment
**Payments to GemCap per QuickBooks**

| Type | Num | Date | Account | Amount | 1 year from Petition Date |
|------|-----|------|---------|--------|---------------------------|
| Check | WIRE-032316 | 03/23/2016 | 1025 · Community Bank - OPxx4721 | (22,500 00) | |
| Check | WIRE | 04/19/2016 | 1025 · Community Bank - OPxx4721 | (187,997 15) | |
| Check | WIRE | 04/21/2016 | 1025 · Community Bank - OPxx4721 | (29,679 24) | |
| Check | WIRE | 04/27/2016 | 1025 · Community Bank - OPxx4721 | (104,675 10) | |
| Check | WIRE | 04/29/2016 | 1025 · Community Bank - OPxx4721 | (159,551 06) | |
| Check | WIRE | 05/04/2016 | 1025 · Community Bank - OPxx4721 | (267,406 07) | |
| Check | WIRE | 05/06/2016 | 1025 · Community Bank - OPxx4721 | (63,297 11) | |
| Check | ACH DR | 05/09/2016 | 1025 · Community Bank - OPxx4721 | (50,391 60) | |
| Check | WIRE | 05/10/2016 | 1025 · Community Bank - OPxx4721 | (187,466 61) | |
| Check | WIRE | 05/16/2016 | 1025 · Community Bank - OPxx4721 | (83,693 59) | |
| Check | WIRE | 05/17/2016 | 1025 · Community Bank - OPxx4721 | (78,643 00) | |
| Check | WIRE | 05/19/2016 | 1025 · Community Bank - OPxx4721 | (5,250 00) | |
| Check | WIRE | 05/24/2016 | 1025 · Community Bank - OPxx4721 | (482,165 33) | |
| Check | WIRE | 05/25/2016 | 1025 · Community Bank - OPxx4721 | (500,177 70) | |
| Check | WIRE | 06/03/2016 | 1025 · Community Bank - OPxx4721 | (44,268 11) | |
| Check | WIRE | 06/03/2016 | 1025 · Community Bank - OPxx4721 | (143,186 23) | |
| Check | WIRE | 06/08/2016 | 1025 · Community Bank - OPxx4721 | (45,337 13) | |
| Check | ACH DR | 06/08/2016 | 1025 · Community Bank - OPxx4721 | (98,621 55) | |
| Check | WIRE | 06/10/2016 | 1025 · Community Bank - OPxx4721 | (280,358 94) | |
| Check | WIRE | 06/13/2016 | 1025 · Community Bank - OPxx4721 | (196,621 74) | |
| Check | WIRE | 06/17/2016 | 1025 · Community Bank - OPxx4721 | (186,872 51) | |
| Check | WIRE | 06/20/2016 | 1025 · Community Bank - OPxx4721 | (84,105 30) | |
| Check | WIRE | 06/28/2016 | 1025 · Community Bank - OPxx4721 | (204,326 92) | |
| Check | WIRE | 06/30/2016 | 1025 · Community Bank - OPxx4721 | (197,811 35) | |
| Check | WIRE | 07/05/2016 | 1025 · Community Bank - OPxx4721 | (138,105 46) | |
| Check | ACH DR | 07/07/2016 | 1025 · Community Bank - OPxx4721 | (91,648 21) | |
| Check | TRANSFER | 07/11/2016 | 1031 · GemCap - Customer A/R Payment | (1,038 19) | |
| Check | WIRE | 07/15/2016 | 1025 · Community Bank - OPxx4721 | (275,939 89) | |
| Check | TRANSFER | 07/18/2016 | 1031 · GemCap - Customer A/R Payment | (1,706 49) | |
| Check | TRANSFER | 07/20/2016 | 1031 · GemCap - Customer A/R Payment | (49,039 18) | |
| Check | TRANSFER | 07/21/2016 | 1031 · GemCap - Customer A/R Payment | (967 40) | |
| Check | TRANSFER | 07/21/2016 | 1031 · GemCap - Customer A/R Payment | (9,655 91) | |
| Check | TRANSFER | 07/22/2016 | 1031 · GemCap - Customer A/R Payment | (436 64) | |
| Check | TRANSFER | 07/22/2016 | 1031 · GemCap - Customer A/R Payment | (8,014 19) | |
| Check | TRANSFER | 07/25/2016 | 1031 · GemCap - Customer A/R Payment | (4,647 93) | |
| Check | TRANSFER | 07/26/2016 | 1031 · GemCap - Customer A/R Payment | (2,607 18) | |
| Check | TRANSFER | 07/28/2016 | 1031 · GemCap - Customer A/R Payment | (37,436 93) | (37,436 93) |
| Check | TRANSFER | 07/29/2016 | 1031 · GemCap - Customer A/R Payment | (2,851 52) | (2,851 52) |
| Check | TRANSFER | 07/29/2016 | 1031 · GemCap - Customer A/R Payment | (2,917 84) | (2,917 84) |
| Check | TRANSFER | 08/01/2016 | 1031 · GemCap - Customer A/R Payment | (87,194 60) | (87,194 60) |
| Check | WIRE | 08/01/2016 | 1025 · Community Bank - OPxx4721 | (319,977 59) | (319,977 59) |
| Check | TRANSFER | 08/02/2016 | 1031 · GemCap - Customer A/R Payment | (490 79) | (490 79) |
| Check | TRANSFER | 08/03/2016 | 1031 · GemCap - Customer A/R Payment | (8,031 81) | (8,031 81) |
| Check | TRANSFER | 08/04/2016 | 1031 · GemCap - Customer A/R Payment | (1,166 70) | (1,166 70) |
| Check | WIRE | 08/04/2016 | 1025 · Community Bank - OPxx4721 | (68,996 97) | (68,996 97) |
| Check | TRANSFER | 08/05/2016 | 1031 · GemCap - Customer A/R Payment | (574 99) | (574 99) |
| Check | TRANSFER | 08/05/2016 | 1031 · GemCap - Customer A/R Payment | (16,161 97) | (16,161 97) |
| Check | TRANSFER | 08/05/2016 | 1031 · GemCap - Customer A/R Payment | (18,495 00) | (18,495 00) |
| Check | TRANSFER | 08/08/2016 | 1031 · GemCap - Customer A/R Payment | (2,241 62) | (2,241 62) |
| Check | TRANSFER | 08/08/2016 | 1031 · GemCap - Customer A/R Payment | (53,151 33) | (53,151 33) |
| Check | TRANSFER | 08/09/2016 | 1031 · GemCap - Customer A/R Payment | (1,173 95) | (1,173 95) |
| Check | WIRE | 08/09/2016 | 1025 · Community Bank - OPxx4721 | (23,584 96) | (23,584 96) |
| Check | ACH DR | 08/09/2016 | 1025 · Community Bank - OPxx4721 | (97,108 85) | (97,108 85) |
| Check | TRANSFER | 08/10/2016 | 1031 · GemCap - Customer A/R Payment | (177,956 48) | (177,956 48) |
| Check | TRANSFER | 08/11/2016 | 1031 · GemCap - Customer A/R Payment | (3,613 46) | (3,613 46) |
| Check | TRANSFER | 08/12/2016 | 1031 · GemCap - Customer A/R Payment | (255 93) | (255 93) |
| Check | TRANSFER | 08/12/2016 | 1031 · GemCap - Customer A/R Payment | (709 61) | (709 61) |
| Check | TRANSFER | 08/12/2016 | 1031 · GemCap - Customer A/R Payment | (20,082 34) | (20,082 34) |
| Check | TRANSFER | 08/15/2016 | 1031 · GemCap - Customer A/R Payment | (22,341 34) | (22,341 34) |
| Check | WIRE | 08/15/2016 | 1025 · Community Bank - OPxx4721 | (500,000 00) | (500,000 00) |
| Check | TRANSFER | 08/16/2016 | 1031 · GemCap - Customer A/R Payment | (35 50) | (35 50) |
| Check | TRANSFER | 08/16/2016 | 1031 · GemCap - Customer A/R Payment | (161,342 47) | (161,342 47) |
| Check | TRANSFER | 08/17/2016 | 1031 · GemCap - Customer A/R Payment | (357,253 39) | (357,253 39) |
| Check | TRANSFER | 08/18/2016 | 1031 · GemCap - Customer A/R Payment | (225 05) | (225 05) |
| Check | TRANSFER | 08/22/2016 | 1031 · GemCap - Customer A/R Payment | (2,573 15) | (2,573 15) |

Exhibit "10"
Page 77

| Type | Num | Date | Account | Amount | 1 year from Petition Date |
|------|-----|------|---------|--------|---------------------------|
| Check | TRANSFER | 08/22/2016 1031 · GemCap - Customer A/R Payment | | (5,059 94) | (5,059 94) |
| Check | TRANSFER | 08/22/2016 1031 · GemCap - Customer A/R Payment | | (35,955 30) | (35,955 30) |
| Check | TRANSFER | 08/22/2016 1031 · GemCap - Customer A/R Payment | | (46,800 00) | (46,800 00) |
| Check | WIRE | 08/22/2016 1025 · Community Bank - OPxx4721 | | (54,273 06) | (54,273 06) |
| Check | TRANSFER | 08/23/2016 1031 · GemCap - Customer A/R Payment | | (63 28) | (63 28) |
| Check | TRANSFER | 08/24/2016 1031 · GemCap - Customer A/R Payment | | (11,934 81) | (11,934 81) |
| Check | TRANSFER | 08/25/2016 1031 · GemCap - Customer A/R Payment | | (963 96) | (963 96) |
| Check | TRANSFER | 08/25/2016 1031 · GemCap - Customer A/R Payment | | (58,663 86) | (58,663 86) |
| Check | TRANSFER | 08/26/2016 1031 · GemCap - Customer A/R Payment | | (3,358 83) | (3,358 83) |
| Check | TRANSFER | 08/26/2016 1031 · GemCap - Customer A/R Payment | | (4,141 05) | (4,141 05) |
| Check | TRANSFER | 08/26/2016 1031 · GemCap - Customer A/R Payment | | (37,800 00) | (37,800 00) |
| Check | WIRE | 08/26/2016 1025 · Community Bank - OPxx4721 | | (296,420 75) | (296,420 75) |
| Check | TRANSFER | 08/29/2016 1031 · GemCap - Customer A/R Payment | | (102 59) | (102 59) |
| Check | TRANSFER | 08/29/2016 1031 · GemCap - Customer A/R Payment | | (274,965 32) | (274,965 32) |
| Check | TRANSFER | 08/31/2016 1031 · GemCap - Customer A/R Payment | | (1,339 84) | (1,339 84) |
| Check | WIRE | 08/31/2016 1025 · Community Bank - OPxx4721 | | (61,478 52) | (61,478 52) |
| Check | TRANSFER | 08/31/2016 1031 · GemCap - Customer A/R Payment | | (117,873 70) | (117,873 70) |
| Check | TRANSFER | 09/01/2016 1031 · GemCap - Customer A/R Payment | | (851 87) | (851 87) |
| Check | TRANSFER | 09/02/2016 1031 · GemCap - Customer A/R Payment | | (764 34) | (764 34) |
| Check | TRANSFER | 09/02/2016 1031 · GemCap - Customer A/R Payment | | (7,370 81) | (7,370 81) |
| Check | TRANSFER | 09/02/2016 1031 · GemCap - Customer A/R Payment | | (78,750 00) | (78,750 00) |
| Check | TRANSFER | 09/06/2016 1031 · GemCap - Customer A/R Payment | | (201,384 17) | (201,384 17) |
| Check | TRANSFER | 09/07/2016 1031 · GemCap - Customer A/R Payment | | (297 18) | (297 18) |
| Check | ACH DR | 09/07/2016 1025 · Community Bank - OPxx4721 | | (96,629 41) | (96,629 41) |
| Check | TRANSFER | 09/08/2016 1031 · GemCap - Customer A/R Payment | | (75 27) | (75 27) |
| Check | ACH DR | 09/08/2016 1025 · Community Bank - OPxx4721 | | (5,250 00) | (5,250 00) |
| Check | TRANSFER | 09/09/2016 1031 · GemCap - Customer A/R Payment | | (388 23) | (388 23) |
| Check | TRANSFER | 09/09/2016 1031 · GemCap - Customer A/R Payment | | (1,153 24) | (1,153 24) |
| Check | WIRE | 09/09/2016 1025 · Community Bank - OPxx4721 | | (11,671 84) | (11,671 84) |
| Check | TRANSFER | 09/12/2016 1031 · GemCap - Customer A/R Payment | | (2,209 75) | (2,209 75) |
| Check | TRANSFER | 09/12/2016 1031 · GemCap - Customer A/R Payment | | (372,921 02) | (372,921 02) |
| Check | TRANSFER | 09/13/2016 1031 · GemCap - Customer A/R Payment | | (3,078 85) | (3,078 85) |
| Check | WIRE | 09/13/2016 1025 · Community Bank - OPxx4721 | | (158,471 01) | (158,471 01) |
| Check | TRANSFER | 09/14/2016 1031 · GemCap - Customer A/R Payment | | (1,181 52) | (1,181 52) |
| Check | TRANSFER | 09/15/2016 1031 · GemCap - Customer A/R Payment | | (204,536 18) | (204,536 18) |
| Check | TRANSFER | 09/16/2016 1031 · GemCap - Customer A/R Payment | | (1,386 12) | (1,386 12) |
| Check | TRANSFER | 09/16/2016 1031 · GemCap - Customer A/R Payment | | (17,107 38) | (17,107 38) |
| Check | TRANSFER | 09/19/2016 1031 · GemCap - Customer A/R Payment | | (105 71) | (105 71) |
| Check | TRANSFER | 09/19/2016 1031 · GemCap - Customer A/R Payment | | (2,902 49) | (2,902 49) |
| Check | TRANSFER | 09/19/2016 1031 · GemCap - Customer A/R Payment | | (6,043 75) | (6,043 75) |
| Check | TRANSFER | 09/19/2016 1031 · GemCap - Customer A/R Payment | | (19,254 00) | (19,254 00) |
| Check | TRANSFER | 09/20/2016 1031 · GemCap - Customer A/R Payment | | (84,453 11) | (84,453 11) |
| Check | WIRE | 09/20/2016 1025 · Community Bank - OPxx4721 | | (288,410 60) | (288,410 60) |
| Check | TRANSFER | 09/21/2016 1031 · GemCap - Customer A/R Payment | | (50,890 59) | (50,890 59) |
| Check | TRANSFER | 09/21/2016 1031 · GemCap - Customer A/R Payment | | (66,104 14) | (66,104 14) |
| Check | TRANSFER | 09/22/2016 1031 · GemCap - Customer A/R Payment | | (20,573 92) | (20,573 92) |
| Check | WIRE | 09/22/2016 1025 · Community Bank - OPxx4721 | | (58,559 68) | (58,559 68) |
| Check | TRANSFER | 09/22/2016 1031 · GemCap - Customer A/R Payment | | (80,216 90) | (80,216 90) |
| Check | TRANSFER | 09/23/2016 1031 · GemCap - Customer A/R Payment | | (3,244 85) | (3,244 85) |
| Check | TRANSFER | 09/23/2016 1031 · GemCap - Customer A/R Payment | | (25,899 79) | (25,899 79) |
| Check | TRANSFER | 09/26/2016 1031 · GemCap - Customer A/R Payment | | (407 49) | (407 49) |
| Check | TRANSFER | 09/27/2016 1031 · GemCap - Customer A/R Payment | | (373 94) | (373 94) |
| Check | TRANSFER | 09/27/2016 1031 · GemCap - Customer A/R Payment | | (66,328 54) | (66,328 54) |
| Check | TRANSFER | 09/27/2016 1031 · GemCap - Customer A/R Payment | | (120,824 23) | (120,824 23) |
| Check | WIRE | 09/28/2016 1025 · Community Bank - OPxx4721 | | (26,578 36) | (26,578 36) |
| Check | TRANSFER | 09/29/2016 1031 · GemCap - Customer A/R Payment | | (12,971 75) | (12,971 75) |
| Check | TRANSFER | 09/30/2016 1031 · GemCap - Customer A/R Payment | | (96 61) | (96 61) |
| Check | TRANSFER | 09/30/2016 1031 · GemCap - Customer A/R Payment | | (688 67) | (688 67) |
| Check | TRANSFER | 09/30/2016 1031 · GemCap - Customer A/R Payment | | (5,861 73) | (5,861 73) |
| Check | WIRE | 09/30/2016 1025 · Community Bank - OPxx4721 | | (107,321 46) | (107,321 46) |
| Check | TRANSFER | 10/04/2016 1031 · GemCap - Customer A/R Payment | | (43,140 52) | (43,140 52) |
| Check | WIRE | 10/04/2016 1025 · Community Bank - OPxx4721 | | (112,542 74) | (112,542 74) |
| Check | TRANSFER | 10/05/2016 1031 · GemCap - Customer A/R Payment | | (215,702 56) | (215,702 56) |
| Check | TRANSFER | 10/06/2016 1031 · GemCap - Customer A/R Payment | | (670 38) | (670 38) |
| Check | TRANSFER | 10/06/2016 1031 · GemCap - Customer A/R Payment | | (2,344 08) | (2,344 08) |
| Check | TRANSFER | 10/07/2016 1031 · GemCap - Customer A/R Payment | | (395 47) | (395 47) |
| Check | TRANSFER | 10/07/2016 1031 · GemCap - Customer A/R Payment | | (19,701 22) | (19,701 22) |
| Check | ACH DR | 10/07/2016 1025 · Community Bank - OPxx4721 | | (98,974 35) | (98,974 35) |
| Check | TRANSFER | 10/11/2016 1031 · GemCap - Customer A/R Payment | | (12,377 21) | (12,377 21) |

| Type | Num | Date | Account | Amount | 1 year from Petition Date |
|------|-----|------|---------|--------|---------------------------|
| Check | TRANSFER | 10/11/2016 1031 · GemCap - Customer A/R Payment | (69,095 81) | (69,095 81) |
| Check | TRANSFER | 10/12/2016 1031 · GemCap - Customer A/R Payment | (22,203 97) | (22,203 97) |
| Check | TRANSFER | 10/12/2016 1031 · GemCap - Customer A/R Payment | (35,031 52) | (35,031 52) |
| Check | WIRE | 10/12/2016 1025 · Community Bank - OPxx4721 | (107,940 90) | (107,940 90) |
| Check | TRANSFER | 10/13/2016 1031 · GemCap - Customer A/R Payment | (21,603 44) | (21,603 44) |
| Check | TRANSFER | 10/14/2016 1031 · GemCap - Customer A/R Payment | (783 16) | (783 16) |
| Check | TRANSFER | 10/14/2016 1031 · GemCap - Customer A/R Payment | (8,082 14) | (8,082 14) |
| Check | TRANSFER | 10/17/2016 1031 · GemCap - Customer A/R Payment | (266 20) | (266 20) |
| Check | TRANSFER | 10/17/2016 1031 · GemCap - Customer A/R Payment | (28,579 44) | (28,579 44) |
| Check | WIRE | 10/17/2016 1025 · Community Bank - OPxx4721 | (105,599 20) | (105,599 20) |
| Check | TRANSFER | 10/18/2016 1031 · GemCap - Customer A/R Payment | (44 03) | (44 03) |
| Check | TRANSFER | 10/18/2016 1031 · GemCap - Customer A/R Payment | (1,828 67) | (1,828 67) |
| Check | TRANSFER | 10/19/2016 1031 · GemCap - Customer A/R Payment | (147 99) | (147 99) |
| Check | TRANSFER | 10/20/2016 1031 · GemCap - Customer A/R Payment | (53,348 96) | (53,348 96) |
| Check | WIRE | 10/20/2016 1025 · Community Bank - OPxx4721 | (332,621 27) | (332,621 27) |
| Check | TRANSFER | 10/21/2016 1031 · GemCap - Customer A/R Payment | (9,516 39) | (9,516 39) |
| Check | TRANSFER | 10/24/2016 1031 · GemCap - Customer A/R Payment | (33 14) | (33 14) |
| Check | TRANSFER | 10/24/2016 1031 · GemCap - Customer A/R Payment | (13,956 05) | (13,956 05) |
| Check | TRANSFER | 10/24/2016 1031 · GemCap - Customer A/R Payment | (34,777 57) | (34,777 57) |
| Check | TRANSFER | 10/25/2016 1031 · GemCap - Customer A/R Payment | (180,542 50) | (180,542 50) |
| Check | TRANSFER | 10/26/2016 1031 · GemCap - Customer A/R Payment | (995 91) | (995 91) |
| Check | TRANSFER | 10/26/2016 1031 · GemCap - Customer A/R Payment | (135,136 30) | (135,136 30) |
| Check | TRANSFER | 10/28/2016 1031 · GemCap - Customer A/R Payment | (30 84) | (30 84) |
| Check | TRANSFER | 10/28/2016 1031 · GemCap - Customer A/R Payment | (1,833 51) | (1,833 51) |
| Check | TRANSFER | 10/28/2016 1031 · GemCap - Customer A/R Payment | (2,094 28) | (2,094 28) |
| Check | TRANSFER | 10/28/2016 1031 · GemCap - Customer A/R Payment | (22,274 21) | (22,274 21) |
| Check | WIRE | 10/28/2016 1025 · Community Bank - OPxx4721 | (130,502 58) | (130,502 58) |
| Check | TRANSFER | 10/31/2016 1031 · GemCap - Customer A/R Payment | (88,525 93) | (88,525 93) |
| Check | TRANSFER | 11/01/2016 1031 · GemCap - Customer A/R Payment | (710 29) | (710 29) |
| Check | TRANSFER | 11/02/2016 1031 · GemCap - Customer A/R Payment | (23,388 59) | (23,388 59) |
| Check | TRANSFER | 11/03/2016 1031 · GemCap - Customer A/R Payment | (8,167 31) | (8,167 31) |
| Check | WIRE | 11/04/2016 1025 · Community Bank - OPxx4721 | (6,918 30) | (6,918 30) |
| Check | TRANSFER | 11/04/2016 1031 · GemCap - Customer A/R Payment | (347,472 84) | (347,472 84) |
| Check | TRANSFER | 11/07/2016 1031 · GemCap - Customer A/R Payment | (349 54) | (349 54) |
| Check | ACH DR | 11/07/2016 1025 · Community Bank - OPxx4721 | (105,730 54) | (105,730 54) |
| Check | TRANSFER | 11/07/2016 1031 · GemCap - Customer A/R Payment | (349,870 38) | (349,870 38) |
| Check | TRANSFER | 11/08/2016 1031 · GemCap - Customer A/R Payment | (56,071 20) | (56,071 20) |
| Check | TRANSFER | 11/09/2016 1031 · GemCap - Customer A/R Payment | (106,377 91) | (106,377 91) |
| Check | TRANSFER | 11/14/2016 1031 · GemCap - Customer A/R Payment | (579 71) | (579 71) |
| Check | TRANSFER | 11/14/2016 1031 · GemCap - Customer A/R Payment | (3,519 68) | (3,519 68) |
| Check | WIRE | 11/14/2016 1025 · Community Bank - OPxx4721 | (39,750 19) | (39,750 19) |
| Check | TRANSFER | 11/14/2016 1031 · GemCap - Customer A/R Payment | (103,545 00) | (103,545 00) |
| Check | TRANSFER | 11/15/2016 1031 · GemCap - Customer A/R Payment | (420 41) | (420 41) |
| Check | TRANSFER | 11/15/2016 1031 · GemCap - Customer A/R Payment | (114,135 83) | (114,135 83) |
| Check | TRANSFER | 11/16/2016 1031 · GemCap - Customer A/R Payment | (1,707 27) | (1,707 27) |
| Check | TRANSFER | 11/17/2016 1031 · GemCap - Customer A/R Payment | (569 18) | (569 18) |
| Check | TRANSFER | 11/18/2016 1031 · GemCap - Customer A/R Payment | (1,236 23) | (1,236 23) |
| Check | WIRE-773802 | 11/18/2016 1025 · Community Bank - OPxx4721 | (7,696 74) | (7,696 74) |
| Check | TRANSFER | 11/18/2016 1031 · GemCap - Customer A/R Payment | (9,067 44) | (9,067 44) |
| Check | TRANSFER | 11/21/2016 1031 · GemCap - Customer A/R Payment | (172 50) | (172 50) |
| Check | TRANSFER | 11/21/2016 1031 · GemCap - Customer A/R Payment | (872 05) | (872 05) |
| Check | TRANSFER | 11/21/2016 1031 · GemCap - Customer A/R Payment | (9,331 00) | (9,331 00) |
| Check | TRANSFER | 11/21/2016 1031 · GemCap - Customer A/R Payment | (118,170 00) | (118,170 00) |
| Check | TRANSFER | 11/22/2016 1031 · GemCap - Customer A/R Payment | (110,135 30) | (110,135 30) |
| Check | TRANSFER | 11/22/2016 1031 · GemCap - Customer A/R Payment | (175,578 10) | (175,578 10) |
| Check | TRANSFER | 11/23/2016 1031 · GemCap - Customer A/R Payment | (82,915 17) | (82,915 17) |
| Check | TRANSFER | 11/25/2016 1031 · GemCap - Customer A/R Payment | (217,416 51) | (217,416 51) |
| Check | TRANSFER | 11/28/2016 1031 · GemCap - Customer A/R Payment | (21,819 54) | (21,819 54) |
| Check | WIRE-777284 | 11/28/2016 1025 · Community Bank - OPxx4721 | (21,994 47) | (21,994 47) |
| Check | TRANSFER | 11/29/2016 1031 · GemCap - Customer A/R Payment | (157,290 00) | (157,290 00) |
| Check | TRANSFER | 11/30/2016 1031 · GemCap - Customer A/R Payment | (1,163 69) | (1,163 69) |
| Check | TRANSFER | 12/01/2016 1031 · GemCap - Customer A/R Payment | (183 39) | (183 39) |
| Check | TRANSFER | 12/01/2016 1031 · GemCap - Customer A/R Payment | (973 43) | (973 43) |
| Check | TRANSFER | 12/02/2016 1031 · GemCap - Customer A/R Payment | (34,323 52) | (34,323 52) |
| Check | TRANSFER | 12/05/2016 1031 · GemCap - Customer A/R Payment | (60,566 54) | (60,566 54) |
| Check | TRANSFER | 12/05/2016 1031 · GemCap - Customer A/R Payment | (69,842 48) | (69,842 48) |
| Check | TRANSFER | 12/05/2016 1031 · GemCap - Customer A/R Payment | (104,048 94) | (104,048 94) |
| Check | TRANSFER | 12/06/2016 1031 · GemCap - Customer A/R Payment | (41,700 84) | (41,700 84) |
| Check | TRANSFER | 12/06/2016 1031 · GemCap - Customer A/R Payment | (104,004 87) | (104,004 87) |

| Type | Num | Date | Account | Amount | 1 year from Petition Date |
|------|-----|------|---------|--------|---------------------------|
| Check | TRANSFER | 12/07/2016 1031 · Customer A/R Payment | | (28,490 47) | (28,490 47) |
| Check | ACH DR | 12/07/2016 1025 · Community Bank - OPxx4721 | | (98,926 94) | (98,926 94) |
| Check | TRANSFER | 12/08/2016 1031 · GemCap - Customer A/R Payment | | (30 83) | (30 83) |
| Check | TRANSFER | 12/08/2016 1031 · GemCap - Customer A/R Payment | | (7,500 00) | (7,500 00) |
| Check | WIRE-782873 | 12/08/2016 1025 · Community Bank - OPxx4721 | | (11,496 99) | (11,496 99) |
| Check | TRANSFER | 12/08/2016 1031 · GemCap - Customer A/R Payment | | (29,180 00) | (29,180 00) |
| Check | TRANSFER | 12/09/2016 1031 · GemCap - Customer A/R Payment | | (1,301 31) | (1,301 31) |
| Check | TRANSFER | 12/12/2016 1031 · GemCap - Customer A/R Payment | | (153 84) | (153 84) |
| Check | TRANSFER | 12/12/2016 1031 · GemCap - Customer A/R Payment | | (6,347 03) | (6,347 03) |
| Check | TRANSFER | 12/12/2016 1031 · GemCap - Customer A/R Payment | | (39,642 21) | (39,642 21) |
| Check | TRANSFER | 12/13/2016 1031 · GemCap - Customer A/R Payment | | (37,455 02) | (37,455 02) |
| Check | TRANSFER | 12/14/2016 1031 · GemCap - Customer A/R Payment | | (25,632 68) | (25,632 68) |
| Check | TRANSFER | 12/14/2016 1031 · GemCap - Customer A/R Payment | | (118,644 35) | (118,644 35) |
| Check | TRANSFER | 12/15/2016 1031 · GemCap - Customer A/R Payment | | (22,393 00) | (22,393 00) |
| Check | TRANSFER | 12/16/2016 1031 · GemCap - Customer A/R Payment | | (2,163 15) | (2,163 15) |
| Check | TRANSFER | 12/16/2016 1031 · GemCap - Customer A/R Payment | | (3,387 69) | (3,387 69) |
| Check | TRANSFER | 12/16/2016 1031 · GemCap - Customer A/R Payment | | (10,742 08) | (10,742 08) |
| Check | TRANSFER | 12/19/2016 1031 · GemCap - Customer A/R Payment | | (6,370 00) | (6,370 00) |
| Check | WIRE-787640 | 12/19/2016 1025 · Community Bank - OPxx4721 | | (42,500 16) | (42,500 16) |
| Check | TRANSFER | 12/19/2016 1031 · GemCap - Customer A/R Payment | | (60,827 26) | (60,827 26) |
| Check | TRANSFER | 12/20/2016 1031 · GemCap - Customer A/R Payment | | (85,712 68) | (85,712 68) |
| Check | TRANSFER | 12/21/2016 1031 · GemCap - Customer A/R Payment | | (28,549 23) | (28,549 23) |
| Check | TRANSFER | 12/22/2016 1031 · GemCap - Customer A/R Payment | | (27,405 00) | (27,405 00) |
| Check | TRANSFER | 12/22/2016 1031 · GemCap - Customer A/R Payment | | (50,172 15) | (50,172 15) |
| Check | WIRE-789529 | 12/22/2016 1025 · Community Bank - OPxx4721 | | (195,840 00) | (195,840 00) |
| Check | TRANSFER | 12/23/2016 1031 · GemCap - Customer A/R Payment | | (5,398 22) | (5,398 22) |
| Check | TRANSFER | 12/23/2016 1031 · GemCap - Customer A/R Payment | | (20,805 56) | (20,805 56) |
| Check | TRANSFER | 12/27/2016 1031 · GemCap - Customer A/R Payment | | (111 46) | (111 46) |
| Check | TRANSFER | 12/27/2016 1031 · GemCap - Customer A/R Payment | | (10,328 80) | (10,328 80) |
| Check | TRANSFER | 12/28/2016 1031 · GemCap - Customer A/R Payment | | (98,388 78) | (98,388 78) |
| Check | TRANSFER | 12/29/2016 1031 · GemCap - Customer A/R Payment | | (60 08) | (60 08) |
| Check | TRANSFER | 12/29/2016 1031 · GemCap - Customer A/R Payment | | (18,435 00) | (18,435 00) |
| Check | TRANSFER | 12/30/2016 1031 · GemCap - Customer A/R Payment | | (402 01) | (402 01) |
| Check | TRANSFER | 12/30/2016 1031 · GemCap - Customer A/R Payment | | (96,316 80) | (96,316 80) |
| Check | WIRE-793972 | 01/03/2017 1025 · Community Bank - OPxx4721 | | (28,834 66) | (28,834 66) |
| Check | TRANSFER | 01/03/2017 1031 · GemCap - Customer A/R Payment | | (313,650 00) | (313,650 00) |
| Check | TRANSFER | 01/04/2017 1031 · GemCap - Customer A/R Payment | | (3,424 33) | (3,424 33) |
| Check | TRANSFER | 01/05/2017 1031 · GemCap - Customer A/R Payment | | (49,135 31) | (49,135 31) |
| Check | TRANSFER | 01/06/2017 1031 · GemCap - Customer A/R Payment | | (671 89) | (671 89) |
| Check | TRANSFER | 01/06/2017 1031 · GemCap - Customer A/R Payment | | (12,419 77) | (12,419 77) |
| Check | TRANSFER | 01/06/2017 1031 · GemCap - Customer A/R Payment | | (17,161 76) | (17,161 76) |
| Check | TRANSFER | 01/09/2017 1031 · GemCap - Customer A/R Payment | | (296 60) | (296 60) |
| Check | TRANSFER | 01/09/2017 1031 · GemCap - Customer A/R Payment | | (709 76) | (709 76) |
| Check | TRANSFER | 01/09/2017 1031 · GemCap - Customer A/R Payment | | (110,512 09) | (110,512 09) |
| Check | TRANSFER | 01/09/2017 1031 · GemCap - Customer A/R Payment | | (203,272 75) | (203,272 75) |
| Check | TRANSFER | 01/10/2017 1031 · GemCap - Customer A/R Payment | | (17,200 00) | (17,200 00) |
| Check | TRANSFER | 01/10/2017 1031 · GemCap - Customer A/R Payment | | (80,902 49) | (80,902 49) |
| Check | ACH DR | 01/10/2017 1025 · Community Bank - OPxx4721 | | (95,448 49) | (95,448 49) |
| Check | TRANSFER | 01/10/2017 1031 · GemCap - Customer A/R Payment | | (124,613 34) | (124,613 34) |
| Check | TRANSFER | 01/11/2017 1031 · GemCap - Customer A/R Payment | | (18,498 99) | (18,498 99) |
| Check | TRANSFER | 01/11/2017 1031 · GemCap - Customer A/R Payment | | (28,596 40) | (28,596 40) |
| Check | TRANSFER | 01/12/2017 1031 · GemCap - Customer A/R Payment | | (76,926 53) | (76,926 53) |
| Check | TRANSFER | 01/12/2017 1031 · GemCap - Customer A/R Payment | | (162,522 38) | (162,522 38) |
| Check | TRANSFER | 01/13/2017 1031 · GemCap - Customer A/R Payment | | (100,420 35) | (100,420 35) |
| Check | WIRE-799792 | 01/17/2017 1025 · Community Bank - OPxx4721 | | (10,444 47) | (10,444 47) |
| Check | TRANSFER | 01/17/2017 1031 · GemCap - Customer A/R Payment | | (56,114 36) | (56,114 36) |
| Check | TRANSFER | 01/18/2017 1031 · GemCap - Customer A/R Payment | | (275,760 75) | (275,760 75) |
| Check | TRANSFER | 01/20/2017 1031 · GemCap - Customer A/R Payment | | (113 96) | (113 96) |
| Check | TRANSFER | 01/20/2017 1031 · GemCap - Customer A/R Payment | | (632 21) | (632 21) |
| Check | TRANSFER | 01/20/2017 1031 · GemCap - Customer A/R Payment | | (9,399 68) | (9,399 68) |
| Check | TRANSFER | 01/23/2017 1031 · GemCap - Customer A/R Payment | | (42 23) | (42 23) |
| Check | TRANSFER | 01/23/2017 1031 · GemCap - Customer A/R Payment | | (32,577 46) | (32,577 46) |
| Check | TRANSFER | 01/24/2017 1031 · GemCap - Customer A/R Payment | | (222,011 97) | (222,011 97) |
| Check | WIRE-803763 | 01/25/2017 1025 · Community Bank - OPxx4721 | | (26,850 44) | (26,850 44) |
| Check | TRANSFER | 01/25/2017 1031 · GemCap - Customer A/R Payment | | (127,256 81) | (127,256 81) |
| Check | TRANSFER | 01/25/2017 1031 · GemCap - Customer A/R Payment | | (171,461 40) | (171,461 40) |
| Check | TRANSFER | 01/26/2017 1031 · GemCap - Customer A/R Payment | | (477 69) | (477 69) |
| Check | TRANSFER | 01/27/2017 1031 · GemCap - Customer A/R Payment | | (492 76) | (492 76) |
| Check | TRANSFER | 01/27/2017 1031 · GemCap - Customer A/R Payment | | (1,928 76) | (1,928 76) |

| Type | Num | Date | Account | Amount | 1 year from Petition Date |
|------|-----|------|---------|--------|---------------------------|
| Check | TRANSFER | 01/27/2017 1031 · GemCap - Customer A/R Payment | | (23,131 16) | (23,131 16) |
| Check | TRANSFER | 01/30/2017 1031 · GemCap - Customer A/R Payment | | (22,595 83) | (22,595 83) |
| Check | TRANSFER | 01/31/2017 1031 · GemCap - Customer A/R Payment | | (23,088 86) | (23,088 86) |
| Check | TRANSFER | 02/01/2017 1031 · GemCap - Customer A/R Payment | | (48,016 08) | (48,016 08) |
| Check | TRANSFER | 02/01/2017 1031 · GemCap - Customer A/R Payment | | (90,314 85) | (90,314 85) |
| Check | TRANSFER | 02/02/2017 1031 · GemCap - Customer A/R Payment | | (3,340 58) | (3,340 58) |
| Check | TRANSFER | 02/03/2017 1031 · GemCap - Customer A/R Payment | | (4,638 04) | (4,638 04) |
| Check | TRANSFER | 02/03/2017 1031 · GemCap - Customer A/R Payment | | (8,070 10) | (8,070 10) |
| Check | TRANSFER | 02/06/2017 1031 · GemCap - Customer A/R Payment | | (1,183 73) | (1,183 73) |
| Check | TRANSFER | 02/06/2017 1031 · GemCap - Customer A/R Payment | | (89,718 76) | (89,718 76) |
| Check | TRANSFER | 02/06/2017 1031 · GemCap - Customer A/R Payment | | (106,196 35) | (106,196 35) |
| Check | TRANSFER | 02/07/2017 1031 · GemCap - Customer A/R Payment | | (2,207 45) | (2,207 45) |
| Check | WIRE-810184 | 02/07/2017 1025 · Community Bank - OPxx4721 | | (11,929 39) | (11,929 39) |
| Check | TRANSFER | 02/07/2017 1031 · GemCap - Customer A/R Payment | | (27,605 95) | (27,605 95) |
| Bill Pmt -Check | ACH DR | 02/08/2017 1025 · Community Bank - OPxx4721 | | (83,889 73) | (83,889 73) |
| Check | TRANSFER | 02/08/2017 1031 · GemCap - Customer A/R Payment | | (26,671 48) | (26,671 48) |
| Check | TRANSFER | 02/08/2017 1031 · GemCap - Customer A/R Payment | | (41,861 31) | (41,861 31) |
| Check | TRANSFER | 02/09/2017 1031 · GemCap - Customer A/R Payment | | (46 27) | (46 27) |
| Check | TRANSFER | 02/10/2017 1031 · GemCap - Customer A/R Payment | | (550 39) | (550 39) |
| Check | TRANSFER | 02/10/2017 1031 · GemCap - Customer A/R Payment | | (37,068 30) | (37,068 30) |
| Check | TRANSFER | 02/13/2017 1031 · GemCap - Customer A/R Payment | | (1,062 01) | (1,062 01) |
| Check | TRANSFER | 02/13/2017 1031 · GemCap - Customer A/R Payment | | (3,754 28) | (3,754 28) |
| Check | TRANSFER | 02/14/2017 1031 · GemCap - Customer A/R Payment | | (128,635 92) | (128,635 92) |
| Check | TRANSFER | 02/15/2017 1031 · GemCap - Customer A/R Payment | | (1,017,361 76) | (1,017,361 76) |
| Check | TRANSFER | 02/17/2017 1031 · GemCap - Customer A/R Payment | | (762 95) | (762 95) |
| Check | TRANSFER | 02/17/2017 1031 · GemCap - Customer A/R Payment | | (973 69) | (973 69) |
| Check | TRANSFER | 02/17/2017 1031 · GemCap - Customer A/R Payment | | (53,188 00) | (53,188 00) |
| Check | TRANSFER | 02/21/2017 1031 · GemCap - Customer A/R Payment | | (135,094 97) | (135,094 97) |
| Check | TRANSFER | 02/22/2017 1031 · GemCap - Customer A/R Payment | | (39,377 83) | (39,377 83) |
| Check | TRANSFER | 02/23/2017 1031 · GemCap - Customer A/R Payment | | (120 73) | (120 73) |
| Check | WIRE-817470 | 02/23/2017 1025 · Community Bank - OPxx4721 | | (49,617 18) | (49,617 18) |
| Check | TRANSFER | 02/23/2017 1031 · GemCap - Customer A/R Payment | | (90,817 18) | (90,817 18) |
| Check | TRANSFER | 02/24/2017 1031 · GemCap - Customer A/R Payment | | (2,766 67) | (2,766 67) |
| Check | TRANSFER | 02/24/2017 1031 · GemCap - Customer A/R Payment | | (190,709 83) | (190,709 83) |
| Check | TRANSFER | 02/27/2017 1031 · GemCap - Customer A/R Payment | | (3,085 65) | (3,085 65) |
| Check | TRANSFER | 02/27/2017 1031 · GemCap - Customer A/R Payment | | (5,820 33) | (5,820 33) |
| Check | TRANSFER | 02/27/2017 1031 · GemCap - Customer A/R Payment | | (44,482 12) | (44,482 12) |
| Check | TRANSFER | 02/28/2017 1031 · GemCap - Customer A/R Payment | | (2,996 57) | (2,996 57) |
| Check | TRANSFER | 02/28/2017 1031 · GemCap - Customer A/R Payment | | (28,772 08) | (28,772 08) |
| Check | TRANSFER | 02/28/2017 1031 · GemCap - Customer A/R Payment | | (47,954 50) | (47,954 50) |
| Check | WIRE-820592 | 03/01/2017 1025 · Community Bank - OPxx4721 | | (39,007 68) | (39,007 68) |
| Check | TRANSFER | 03/02/2017 1031 · GemCap - Customer A/R Payment | | (27,766 25) | (27,766 25) |
| Check | TRANSFER | 03/02/2017 1031 · GemCap - Customer A/R Payment | | (83,556 73) | (83,556 73) |
| Check | TRANSFER | 03/03/2017 1031 · GemCap - Customer A/R Payment | | (7,311 63) | (7,311 63) |
| Check | TRANSFER | 03/03/2017 1031 · GemCap - Customer A/R Payment | | (25,665 43) | (25,665 43) |
| Check | TRANSFER | 03/06/2017 1031 · GemCap - Customer A/R Payment | | (649 32) | (649 32) |
| Check | TRANSFER | 03/06/2017 1031 · GemCap - Customer A/R Payment | | (2,035 04) | (2,035 04) |
| Check | TRANSFER | 03/06/2017 1031 · GemCap - Customer A/R Payment | | (8,727 29) | (8,727 29) |
| Bill Pmt -Check | ACH DR | 03/07/2017 1025 · Community Bank - OPxx4721 | | (67,975 36) | (67,975 36) |
| Check | TRANSFER | 03/07/2017 1031 · GemCap - Customer A/R Payment | | (114,584 72) | (114,584 72) |
| Check | TRANSFER | 03/08/2017 1031 · GemCap - Customer A/R Payment | | (51,132 35) | (51,132 35) |
| Check | TRANSFER | 03/09/2017 1031 · GemCap - Customer A/R Payment | | (125 96) | (125 96) |
| Check | TRANSFER | 03/10/2017 1031 · GemCap - Customer A/R Payment | | (99,600 00) | (99,600 00) |
| Check | TRANSFER | 03/10/2017 1031 · GemCap - Customer A/R Payment | | (129,796 35) | (129,796 35) |
| Check | TRANSFER | 03/13/2017 1031 · GemCap - Customer A/R Payment | | (1,005 71) | (1,005 71) |
| Check | TRANSFER | 03/13/2017 1031 · GemCap - Customer A/R Payment | | (39,845 88) | (39,845 88) |
| Check | TRANSFER | 03/13/2017 1031 · GemCap - Customer A/R Payment | | (48,165 00) | (48,165 00) |
| Check | TRANSFER | 03/13/2017 1031 · GemCap - Customer A/R Payment | | (98,166 92) | (98,166 92) |
| Check | TRANSFER | 03/14/2017 1031 · GemCap - Customer A/R Payment | | (1,026 29) | (1,026 29) |
| Check | TRANSFER | 03/15/2017 1031 · GemCap - Customer A/R Payment | | (3,786 46) | (3,786 46) |
| Check | TRANSFER | 03/15/2017 1031 · GemCap - Customer A/R Payment | | (117,141 08) | (117,141 08) |
| Check | TRANSFER | 03/16/2017 1031 · GemCap - Customer A/R Payment | | (35 96) | (35 96) |
| Check | WIRE-827946 | 03/16/2017 1025 · Community Bank - OPxx4721 | | (6,307 81) | (6,307 81) |
| Check | TRANSFER | 03/17/2017 1031 · GemCap - Customer A/R Payment | | (1,213 36) | (1,213 36) |
| Check | TRANSFER | 03/17/2017 1031 · GemCap - Customer A/R Payment | | (4,521 33) | (4,521 33) |
| Check | TRANSFER | 03/20/2017 1031 · GemCap - Customer A/R Payment | | (642 47) | (642 47) |
| Check | TRANSFER | 03/20/2017 1031 · GemCap - Customer A/R Payment | | (3,409 52) | (3,409 52) |
| Check | TRANSFER | 03/20/2017 1031 · GemCap - Customer A/R Payment | | (42,080 75) | (42,080 75) |
| Check | TRANSFER | 03/21/2017 1031 · GemCap - Customer A/R Payment | | (2,090 18) | (2,090 18) |

| Type | Num | Date | Account | Amount | 1 year from Petition Date |
|------|-----|------|---------|--------|---------------------------|
| Check | TRANSFER | 03/22/2017 | 1031 · GemCap - Customer A/R Payment | (18,772 02) | (18,772 02) |
| Check | TRANSFER | 03/22/2017 | 1031 · GemCap - Customer A/R Payment | (27,003 20) | (27,003 20) |
| Check | TRANSFER | 03/22/2017 | 1031 · GemCap - Customer A/R Payment | (110,390 00) | (110,390 00) |
| Check | TRANSFER | 03/23/2017 | 1031 · GemCap - Customer A/R Payment | (16,562 00) | (16,562 00) |
| Check | TRANSFER | 03/23/2017 | 1031 · GemCap - Customer A/R Payment | (28,846 64) | (28,846 64) |
| Check | TRANSFER | 03/24/2017 | 1031 · GemCap - Customer A/R Payment | (11,237 89) | (11,237 89) |
| Check | TRANSFER | 03/24/2017 | 1031 · GemCap - Customer A/R Payment | (29,180 00) | (29,180 00) |
| Check | TRANSFER | 03/27/2017 | 1031 · GemCap - Customer A/R Payment | (65 27) | (65 27) |
| Check | WIRE-832330 | 03/27/2017 | 1025 · Community Bank - OPxx4721 | (16,335 81) | (16,335 81) |
| Check | TRANSFER | 03/27/2017 | 1031 · GemCap - Customer A/R Payment | (22,598 13) | (22,598 13) |
| Check | TRANSFER | 03/27/2017 | 1031 · GemCap - Customer A/R Payment | (118,306 65) | (118,306 65) |
| Check | TRANSFER | 03/28/2017 | 1031 · GemCap - Customer A/R Payment | (19,060 00) | (19,060 00) |
| Check | TRANSFER | 03/28/2017 | 1031 · GemCap - Customer A/R Payment | (49,906 85) | (49,906 85) |
| Check | TRANSFER | 03/29/2017 | 1031 · GemCap - Customer A/R Payment | (918 31) | (918 31) |
| Check | TRANSFER | 03/29/2017 | 1031 · GemCap - Customer A/R Payment | (17,248 00) | (17,248 00) |
| Check | TRANSFER | 03/30/2017 | 1031 · GemCap - Customer A/R Payment | (4,155 82) | (4,155 82) |
| Check | TRANSFER | 03/31/2017 | 1031 · GemCap - Customer A/R Payment | (1,160 43) | (1,160 43) |
| Check | TRANSFER | 03/31/2017 | 1031 · GemCap - Customer A/R Payment | (132,542 49) | (132,542 49) |
| Check | TRANSFER | 03/31/2017 | 1031 · GemCap - Customer A/R Payment | (152,682 90) | (152,682 90) |
| Check | TRANSFER | 04/03/2017 | 1031 · GemCap - Customer A/R Payment | (140,600 82) | (140,600 82) |
| Check | WIRE-836094 | 04/04/2017 | 1025 · Community Bank - OPxx4721 | (45,818 01) | (45,818 01) |
| Check | TRANSFER | 04/04/2017 | 1031 · GemCap - Customer A/R Payment | (277,740 99) | (277,740 99) |
| Check | TRANSFER | 04/05/2017 | 1031 · GemCap - Customer A/R Payment | (2,929 29) | (2,929 29) |
| Check | TRANSFER | 04/06/2017 | 1031 · GemCap - Customer A/R Payment | (17,970 82) | (17,970 82) |
| Bill Pmt -Check | ACH DR | 04/07/2017 | 1025 · Community Bank - OPxx4721 | (60,617 16) | (60,617 16) |
| Check | TRANSFER | 04/07/2017 | 1031 · GemCap - Customer A/R Payment | (354 98) | (354 98) |
| Check | TRANSFER | 04/07/2017 | 1031 · GemCap - Customer A/R Payment | (1,268 48) | (1,268 48) |
| Check | TRANSFER | 04/07/2017 | 1031 · GemCap - Customer A/R Payment | (2,841 50) | (2,841 50) |
| Check | TRANSFER | 04/07/2017 | 1031 · GemCap - Customer A/R Payment | (96,148 01) | (96,148 01) |
| Check | TRANSFER | 04/10/2017 | 1031 · GemCap - Customer A/R Payment | (534 32) | (534 32) |
| Check | TRANSFER | 04/10/2017 | 1031 · GemCap - Customer A/R Payment | (726 56) | (726 56) |
| Check | TRANSFER | 04/10/2017 | 1031 · GemCap - Customer A/R Payment | (18,179 00) | (18,179 00) |
| Check | TRANSFER | 04/10/2017 | 1031 · GemCap - Customer A/R Payment | (18,223 10) | (18,223 10) |
| Check | TRANSFER | 04/11/2017 | 1031 · GemCap - Customer A/R Payment | (8,882 53) | (8,882 53) |
| Check | TRANSFER | 04/11/2017 | 1031 · GemCap - Customer A/R Payment | (35,872 54) | (35,872 54) |
| Check | TRANSFER | 04/11/2017 | 1031 · GemCap - Customer A/R Payment | (41,045 42) | (41,045 42) |
| Check | WIRE-841230 | 04/13/2017 | 1025 · Community Bank - OPxx4721 | (47,105 11) | (47,105 11) |
| Check | TRANSFER | 04/14/2017 | 1031 · GemCap - Customer A/R Payment | (21,095 12) | (21,095 12) |
| Check | TRANSFER | 04/14/2017 | 1031 · GemCap - Customer A/R Payment | (46,071 62) | (46,071 62) |
| Check | TRANSFER | 04/17/2017 | 1031 · GemCap - Customer A/R Payment | (666 29) | (666 29) |
| Check | TRANSFER | 04/17/2017 | 1031 · GemCap - Customer A/R Payment | (16,515 26) | (16,515 26) |
| Check | TRANSFER | 04/17/2017 | 1031 · GemCap - Customer A/R Payment | (67,246 08) | (67,246 08) |
| Check | TRANSFER | 04/18/2017 | 1031 · GemCap - Customer A/R Payment | (55,696 13) | (55,696 13) |
| Check | TRANSFER | 04/19/2017 | 1031 · GemCap - Customer A/R Payment | (50,241 87) | (50,241 87) |
| Check | TRANSFER | 04/21/2017 | 1031 · GemCap - Customer A/R Payment | (19,254 00) | (19,254 00) |
| Check | TRANSFER | 04/21/2017 | 1031 · GemCap - Customer A/R Payment | (24,232 67) | (24,232 67) |
| Check | TRANSFER | 04/24/2017 | 1031 · GemCap - Customer A/R Payment | (139 08) | (139 08) |
| Check | WIRE-845413 | 04/24/2017 | 1025 · Community Bank - OPxx4721 | (5,861 43) | (5,861 43) |
| Check | TRANSFER | 04/24/2017 | 1031 · GemCap - Customer A/R Payment | (33,785 52) | (33,785 52) |
| Check | TRANSFER | 04/25/2017 | 1031 · GemCap - Customer A/R Payment | (1,230 00) | (1,230 00) |
| Check | TRANSFER | 04/25/2017 | 1031 · GemCap - Customer A/R Payment | (26,235 63) | (26,235 63) |
| Check | TRANSFER | 04/26/2017 | 1031 · GemCap - Customer A/R Payment | (3,869 32) | (3,869 32) |
| Check | TRANSFER | 04/27/2017 | 1031 · GemCap - Customer A/R Payment | (137,712 56) | (137,712 56) |
| Check | TRANSFER | 04/28/2017 | 1031 · GemCap - Customer A/R Payment | (172 65) | (172 65) |
| Check | TRANSFER | 04/28/2017 | 1031 · GemCap - Customer A/R Payment | (3,448 13) | (3,448 13) |
| Check | TRANSFER | 04/28/2017 | 1031 · GemCap - Customer A/R Payment | (33,950 00) | (33,950 00) |
| Check | TRANSFER | 05/01/2017 | 1031 · GemCap - Customer A/R Payment | (6,267 56) | (6,267 56) |
| Check | TRANSFER | 05/02/2017 | 1031 · GemCap - Customer A/R Payment | (74,309 67) | (74,309 67) |
| Check | TRANSFER | 05/03/2017 | 1031 · GemCap - Customer A/R Payment | (124,330 40) | (124,330 40) |
| Check | TRANSFER | 05/04/2017 | 1031 · GemCap - Customer A/R Payment | (38 22) | (38 22) |
| Check | TRANSFER | 05/05/2017 | 1031 · GemCap - Customer A/R Payment | (948 84) | (948 84) |
| Check | WIRE-852028 | 05/05/2017 | 1025 · Community Bank - OPxx4721 | (5,371 37) | (5,371 37) |
| Check | TRANSFER | 05/05/2017 | 1031 · GemCap - Customer A/R Payment | (33,562 00) | (33,562 00) |
| Check | TRANSFER | 05/05/2017 | 1031 · GemCap - Customer A/R Payment | (100,372 03) | (100,372 03) |
| Check | TRANSFER | 05/08/2017 | 1031 · GemCap - Customer A/R Payment | (539 23) | (539 23) |
| Check | TRANSFER | 05/08/2017 | 1031 · GemCap - Customer A/R Payment | (1,212 95) | (1,212 95) |
| Check | TRANSFER | 05/08/2017 | 1031 · GemCap - Customer A/R Payment | (21,098 12) | (21,098 12) |
| Check | TRANSFER | 05/08/2017 | 1031 · GemCap - Customer A/R Payment | (69,143 25) | (69,143 25) |
| Check | TRANSFER | 05/09/2017 | 1031 · GemCap - Customer A/R Payment | (8,237 14) | (8,237 14) |

Exhibit "10"
Page 82

| Type | Num | Date | Account | Amount | 1 year from Petition Date |
|------|-----|------|---------|--------|---------------------------|
| Check | TRANSFER | 05/10/2017 | 1031 · GemCap - Customer A/R Payment | (150 00) | (150 00) |
| Check | TRANSFER | 05/10/2017 | 1031 · GemCap - Customer A/R Payment | (850 35) | (850 35) |
| Check | WIRE-854395 | 05/10/2017 | 1025 · Community Bank - OPxx4721 | (9,804 12) | (9,804 12) |
| Check | TRANSFER | 05/11/2017 | 1031 · GemCap - Customer A/R Payment | (116 06) | (116 06) |
| Check | TRANSFER | 05/12/2017 | 1031 · GemCap - Customer A/R Payment | (92 14) | (92 14) |
| Check | TRANSFER | 05/12/2017 | 1031 · GemCap - Customer A/R Payment | (1,715 45) | (1,715 45) |
| Check | TRANSFER | 05/12/2017 | 1031 · GemCap - Customer A/R Payment | (16,730 00) | (16,730 00) |
| Check | TRANSFER | 05/15/2017 | 1031 · GemCap - Customer A/R Payment | (43,110 20) | (43,110 20) |
| Check | TRANSFER | 05/15/2017 | 1031 · GemCap - Customer A/R Payment | (55,513 63) | (55,513 63) |
| Check | TRANSFER | 05/15/2017 | 1031 · GemCap - Customer A/R Payment | (104,000 00) | (104,000 00) |
| Check | TRANSFER | 05/16/2017 | 1031 · GemCap - Customer A/R Payment | (259,127 53) | (259,127 53) |
| Check | TRANSFER | 05/17/2017 | 1031 · GemCap - Customer A/R Payment | (566 45) | (566 45) |
| Check | TRANSFER | 05/18/2017 | 1031 · GemCap - Customer A/R Payment | (236,198 06) | (236,198 06) |
| Check | TRANSFER | 05/19/2017 | 1031 · GemCap - Customer A/R Payment | (416 99) | (416 99) |
| Check | TRANSFER | 05/19/2017 | 1031 · GemCap - Customer A/R Payment | (106,000 00) | (106,000 00) |
| Check | TRANSFER | 05/22/2017 | 1031 · GemCap - Customer A/R Payment | (201 86) | (201 86) |
| Check | TRANSFER | 05/22/2017 | 1031 · GemCap - Customer A/R Payment | (878 04) | (878 04) |
| Check | WIRE-859767 | 05/22/2017 | 1025 · Community Bank - OPxx4721 | (15,289 54) | (15,289 54) |
| Check | TRANSFER | 05/22/2017 | 1031 · GemCap - Customer A/R Payment | (47,095 46) | (47,095 46) |
| Check | TRANSFER | 05/23/2017 | 1031 · GemCap - Customer A/R Payment | (40,296 12) | (40,296 12) |
| Check | TRANSFER | 05/24/2017 | 1031 · GemCap - Customer A/R Payment | (18,353 50) | (18,353 50) |
| Check | TRANSFER | 05/25/2017 | 1031 · GemCap - Customer A/R Payment | (2,868 44) | (2,868 44) |
| Check | TRANSFER | 05/26/2017 | 1031 · GemCap - Customer A/R Payment | (1,102 33) | (1,102 33) |
| Check | TRANSFER | 05/26/2017 | 1031 · GemCap - Customer A/R Payment | (145,364 33) | (145,364 33) |
| Check | TRANSFER | 05/30/2017 | 1031 · GemCap - Customer A/R Payment | (224 98) | (224 98) |
| Check | WIRE-872220 | 05/30/2017 | 1025 · Community Bank - OPxx4721 | (11,022 76) | (11,022 76) |
| Check | TRANSFER | 05/30/2017 | 1031 · GemCap - Customer A/R Payment | (37,942 07) | (37,942 07) |
| Check | TRANSFER | 05/31/2017 | 1031 · GemCap - Customer A/R Payment | (19,243 56) | (19,243 56) |
| Check | TRANSFER | 05/31/2017 | 1031 · GemCap - Customer A/R Payment | (36,103 87) | (36,103 87) |
| Check | TRANSFER | 06/01/2017 | 1031 · GemCap - Customer A/R Payment | (34,000 00) | (34,000 00) |
| Check | TRANSFER | 06/02/2017 | 1031 · GemCap - Customer A/R Payment | (10,142 10) | (10,142 10) |
| Check | TRANSFER | 06/02/2017 | 1031 · GemCap - Customer A/R Payment | (35,280 00) | (35,280 00) |
| Check | TRANSFER | 06/02/2017 | 1031 · GemCap - Customer A/R Payment | (36,260 00) | (36,260 00) |
| Check | TRANSFER | 06/02/2017 | 1031 · GemCap - Customer A/R Payment | (91,000 00) | (91,000 00) |
| Check | TRANSFER | 06/05/2017 | 1031 · GemCap - Customer A/R Payment | (5,557 32) | (5,557 32) |
| Check | TRANSFER | 06/06/2017 | 1031 · GemCap - Customer A/R Payment | (25,410 10) | (25,410 10) |
| Check | TRANSFER | 06/06/2017 | 1031 · GemCap - Customer A/R Payment | (59,200 00) | (59,200 00) |
| Bill Pmt -Check | ACH DR | 06/07/2017 | 1028 · Bank Of The West - OPxx3465 | (51,399 63) | (51,399 63) |
| Check | TRANSFER | 06/07/2017 | 1031 · GemCap - Customer A/R Payment | (365 30) | (365 30) |
| Check | TRANSFER | 06/07/2017 | 1031 · GemCap - Customer A/R Payment | (1,795 12) | (1,795 12) |
| Check | TRANSFER | 06/08/2017 | 1031 · GemCap - Customer A/R Payment | (243 14) | (243 14) |
| Check | WIRE-887767 | 06/08/2017 | 1025 · Community Bank - OPxx4721 | (22,197 05) | (22,197 05) |
| Check | TRANSFER | 06/09/2017 | 1031 · GemCap - Customer A/R Payment | (1,113 23) | (1,113 23) |
| Check | TRANSFER | 06/09/2017 | 1031 · GemCap - Customer A/R Payment | (66,632 43) | (66,632 43) |
| | | | | -25,370,376.78 | -21,082,166.57 |

Exhibit "10"
Page 83

1

**VERIFICATION**

2

3    I have read the foregoing verified complaint, which includes claims for: (1) declaratory relief
adjudicating that 5352 Tampa Avenue, Tarzana, California 91356-3023 is property of the
4    bankruptcy estate; and (2) quiet title, and know its contents.

5    ☐    I am a party to this action. The matters stated in the foregoing document are true of my own
knowledge except as to those matters which are stated on information and belief, and to those
6    matters I believe them to be true.

7    ☒    I am ☐ an officer ☐ a partner ☒ the Chair of The Official Committee of Unsecured
Creditors ("Committee"), a party to this action, and am authorized to make this verification
8    for and on its behalf, and I make this verification for that reason.

9

10        ☒    I am informed and believe, and on that ground allege, that the matters stated in the
foregoing document are true based on investigations by the Committee and/or the
11        Committee's agents.

12        ☐    The matters stated in the foregoing document are true of my own knowledge except
as to those matters which are stated on information and belief, and as to those matters
13        I believe them to be true.

14   ☐    I am one of the attorneys for _____, a party to this action. Such party is
absent from the county of aforesaid where such attorneys have their offices, and I make this
15    verification for and on behalf of that party for that reason. I am informed and believe and on
that ground allege that the matters stated in the foregoing document are true.
16

17        I declare under applicable laws of penalty of perjury that the foregoing is true and correct.
Executed on October 23, 2019, at Vancouver, Washington.
18

19

20                                    _____ 10/23/19
                                    SHAD SCHAFER, Chair of The Official Committee of
21                                    Unsecured Creditors

22

23

24

25

26

27

28

THIRD AMENDED AND VERIFIED COMPLAINT
4814-7198-1993, v. 1/1539-001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **THIRD AMENDED AND VERIFIED COMPLAINT FOR: (1) AVOIDANCE, RECOVERY, AND PRESERVATION OF PREFERENTIAL TRANSFERS; (2) AVOIDANCE, RECOVERY, AND PRESERVATION OF INTENTIONAL FRAUDULENT TRANSFERS; (3) AVOIDANCE, RECOVERY, AND PRESERVATION OF CONSTRUCTIVE FRAUDULENT TRANSFERS; (4) MISAPPROPRIATION OF TRADE SECRETS; (5) AVOIDANCE, RECOVERY, AND PRESERVATION OF TRILATERAL PREFERENTIAL TRANSFERS; (6) CIVIL LIABILITY UNDER PENAL CODE § 496; (7) DECLARATORY RELIEF; (8) QUIET TITLE; AND (9) UNJUST ENRICHMENT; VERIFICATION; AND ADVERSARY PROCEEDING COVER SHEET** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 23, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **October 23, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 23, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Via Personal Delivery
PRESIDING JUDGE'S COPY
Bankruptcy Judge Deborah J. Saltzman
United States Bankruptcy Court, Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634 / Courtroom 1639
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 23, 2019 | Chanel Mendoza | */s/ Chanel Mendoza* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  CON'T

- INTERESTED PARTY AND DEFENDANT: Jacquelyn H Choi     jchoi@raineslaw.com, bclark@raineslaw.com
- INTERESTED PARTY: Jeremy Faith     Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;
  Victoria@MarguliesFaithlaw.com;Noreen@MarguliesFaithlaw.com;Dana@marguliesfaithl
- ATTORNEYS FOR PLAINTIFF: Chad V Haes     chaes@marshackhays.com,
  8649808420@filings.docketbird.com
- ATTORNEYS FOR PLAINTIFF: D Edward Hays     ehays@marshackhays.com,
  8649808420@filings.docketbird.com
- ATTORNEYS FOR DEFENDANTS GURPREET SAHANI AS TRUSTEE OF THE GREEN ACRES TRUST
  DATED MAY 10, 2017, AMARJIT SAHANI, GURPREET SAHANI, RAJINDER SAHANI, SHAHEEN SAHANI,
  AND INTERESTED PARTY: Lewis R Landau     Lew@Landaunet.com
- U.S. TRUSTEE: United States Trustee (ND)     ustpregion16.nd.ecf@usdoj.gov
- INTERESTED PARTY: Timothy J Yoo     tjy@lnbyb.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>THE OFFICIAL COMMITTEE OF UNSECURED<br>CREDITORS of the bankruptcy estate of Rajysan, Inc., dba<br>MMD Equipment, a California Corporation | DEFENDANTS<br>GURPREET SAHANI; GURPREET SAHANI AS<br>TRUSTEE; RAJINDER SAHANI; AMARJIT SAHANI;<br>and SHAHEEN SAHANI |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Marshack Hays LLP<br>870 Roosevelt, Irvine, CA 92620<br>Telephone: (949) 333-7777 / Facsimile: (949) 333-7778 | ATTORNEYS (If Known)<br>Lewis R. Landau, Attorney-at-Law<br>22287 Mulholland Hwy., #318, Calabasas, CA 91302<br>Voice & Fax: (888) 822-4340 |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Third Amended and Verified Complaint for: (1) Avoidance, Recovery, and Preservation of Preferential Transfers;
(2) Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers; (3) Avoidance, Recovery, and
Preservation of Constructive Fraudulent Transfers; (4) Misappropriation of Trade Secrets; (5) Avoidance, Recovery,
and Preservation of Trilateral Preferential Transfers; (6) Civil Liability Under Penal Code § 496; (7) Declaratory Relief;
(8) Quiet Title; and (9) Unjust Enrichment

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property y - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/ Revocation of Discharge**
☐ 41-Objection/re vocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
    actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 -Dischargeability- §523(a)(5 ), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 6 5 -Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 -Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 -Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91 -Declaratory judgment

**FRBP 7001(10) Deter mi nation of Remove d Act ion**
☐ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☒ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☒ Demand $ 21,000,000 |
| Other Relief Sought | |


American LegalNet, Inc.
www.FormsWorkFlow.com

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| NAME OF DEBTOR<br>RAJYSAN, INC. dba MMD EQUIPMENT | BANKRUPTCY CASE NO.<br>9:17-bk-11363-DS | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Santa Barbara | NAME OF JUDGE<br>Honorable Deborah Saltzman |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Chad V. Haes | | |
| DATE<br>October 23, 2019 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Chad V. Haes | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR PROTECTIVE ORDER
PURSUANT TO 11 U.S.C. § 107(C) AND FRBP 9037 TO RESTRICT ACCESS TO FILED
DOCUMENTS CONTAINING PERSONAL DATA IDENTIFIERS** will be served or was served (a) on the
judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**June 24, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- INTERESTED PARTY AND DEFENDANT: Jacquelyn H Choi      jchoi@raineslaw.com, bclark@raineslaw.com
- INTERESTED PARTY: Jeremy Faith      Jeremy@MarguliesFaithlaw.com;
  Helen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Noreen@MarguliesFaithlaw.com;Angela@Marg
  uliesFaithlaw.com;
- Barbara R Gross      barbara@bgross.law, luz@bgross.law
- ATTORNEYS FOR PLAINTIFF: Chad V Haes      chaes@marshackhays.com,
  chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;kfrederick@ecf.court
  drive.com
- ATTORNEYS FOR PLAINTIFF: D Edward ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
  drive.com
- ATTORNEYS FOR DEFENDANTS GURPREET SAHANI AS TRUSTEE OF THE GREEN ACRES TRUST
  DATED MAY 10, 2017, AMARJIT SAHANI, GURPREET SAHANI, RAJINDER SAHANI, SHAHEEN SAHANI,
  AND INTERESTED PARTY: Lewis R Landau      Lew@Landaunet.com
- ATTORNEYS FOR PLAINTIFF: Tinho Mang      tmang@marshackhays.com,
  tmang@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- INTERESTED PARTY: Najah J Shariff      najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- U.S. TRUSTEE: United States Trustee (ND)      ustpregion16.nd.ecf@usdoj.gov
- INTERESTED PARTY: Timothy J Yoo      tjy@lnbyb.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **June 24, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 24. 2020**, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| June 24, 2020 | Chanel Mendoza | */s/ Chanel Mendoza* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
4841-3978-8399, v. 1/1539-001

**F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:  CON'T

PRESIDING JUDGE'S COPY
Bankruptcy Judge Deborah J. Saltzman
United States Bankruptcy Court, Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634 / Courtroom 1639
Los Angeles, CA 90012

Office of The United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
4841-3978-8399, v. 1/1539-001

**F 9013-3.1.PROOF.SERVICE**